Jeanette E. McPherson, Esq., NV Bar No. 5423
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Telephone: 702.262.6899
Facsimile: 702.597.5503
Email: JMcPherson@FoxRothschild.com
Attorneys for Shelley D. Krohn, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor(s). | Case No. S-23-13265-ABL<br><br>Chapter 7<br><br>Adversary No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | **STANDARD DISCOVERY PLAN**<br><br>**<u>Scheduling Conference</u>**:<br>Date of Hearing: February 11, 2025<br>Time of Hearing: 10:00 a.m. |

Shelley D. Krohn (the "<u>Trustee</u>" or "<u>Plaintiff</u>"), by and through her counsel, Jeanette E. McPherson, Esq. of Fox Rothschild LLP, hereby proposes[1] the following discovery plan:

**1. Discovery Plan.**

☐ **Request for waiver of requirement to prepare and file a formal discovery plan.**

The parties certify that all discovery can be completed informally, without the need of court intervention and in conformance of the Standard Discovery Plan, and that the matter will be ready for trial within 120 days **<u>or</u>**

☒ **A Discovery Plan is needed or useful in this case.** Check One:

☐ The parties agree to the standard discovery plan and scheduling order.

[1] Defendant, Glenn H. Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022 has not filed a response to the complaint and the Trustee has obtain an entry of default. Further, Defendant Brian Sciara's counsel has failed to respond to the Trustee's proposed discovery plan and Form35 and is therefore submitting it without this defendant's response.

☒ The parties jointly propose to the court the attached discovery plan and scheduling order. (Use Official Form 35 to the Federal Rules of Civil Procedure.)

☐ The parties cannot agree on a discovery plan and scheduling order. The attached sets forth the Plaintiff's suggested Discovery Plan and related deadlines. (Use Official Form 35 or the Federal Rules of Civil Procedure.)

**2. Nature of the Case.** A brief description of the nature of this proceeding is as follows. The Trustee filed an Amended Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11 U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5) Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4) (the "Complaint") which sets for the following claims against the defendants Brian Sciara ("Debtor") and Glenn H. Truitt, Trustee Of the B.S.A.P. Irrevocable Trust dated September 16, 2022 ("Trust") ("Defendants"). The Complaint sets forth the following claims: a) that the transfer of assets to the Trust by the Debtor is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) and may be recovered pursuant to 11 U.S.C. § 550; (b) that the transfer of assets to the Trust by the Debtor is avoidable pursuant to 11 U.S.C. § 544 and applicable Nevada law, NRS 112.180(1)(a), 112.210, and 166.170(1)(a), and may be recovered pursuant to 11 U.S.C. § 550; (c) that the transfer of assets to the Trust by the Debtor is avoidable pursuant to 11 U.S.C. § 548(e) and may be recovered pursuant to 11 U.S.C. § 550; (d) the transfer of assets to the Trust by the Debtor is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and may be recovered pursuant to 11 U.S.C. § 550; (e) that the transfer of assets to the Trust by the Debtor is avoidable pursuant to 11 U.S.C. § 544 and applicable Nevada law, NRS 112.180(1)(b), NRS 112.190, 112.210, and 166.170(1)(a), and may be recovered pursuant to 11 U.S.C. § 550; (f) that the Debtor may not claim an exemption in the property pursuant to 11 U.S.C. § 522(q) and (p); (g) for unjust enrichment, and (h) for denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A), and (i) for denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(4).

**3. Jury Trials. Check One:**

☒ A demand for a jury trial has not been made.

☐ A timely demand for a jury trial has been made by the Defendant.

☐ It is expressly understood by the undersigned parties they have demanded a jury trial pursuant to Fed. R. Civ. P. 38(b), and in conformity with LR 9015, and have consented to a jury trial pursuant to 28 U.S.C. § 157(e).

**4. Additional Pleadings.** Are there any counterclaims, cross claims or amendments to the pleadings expected to be filed?

☐ Yes

☒ No

**5. Settlement Conference.**

☐ A settlement conference is not requested at this time.

☒ The parties request a settlement conference.

**6. Trial.**

The case should be ready for trial by **November 1, 2025,** and should last approximately **one** day.

7. The parties hereto consent to this court entering final judgment. The dates and deadlines set forth in discovery plan and complimenting Form 35 Report may be amended, subject to approval by the Court.

Date: February 10, 2025.

FOX ROTHSCHILD LLP

/s/ Jeanette E. McPherson

Jeanette E. McPherson, Esq.
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adversary No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | **FORM 35. REPORT OF PARTIES' PLANNING MEETING** |

1. **Pursuant to Fed.R.Civ.P. 26(f)**, a telephonic meeting was held on January 20, 2025 and was attended by counsel for Plaintiff, Shelley D. Krohn, Trustee and counsel for Defendant, Brian Sciara.

**2. Pre-Discovery Disclosures.** The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) and Federal Rule of Bankruptcy Procedure 7026 by **February 21, 2025.**

**3. Discovery Plan. Plaintiff proposes to the court the following discovery plan:**

**Discovery will be needed on the following subjects:** Without limitation, the nature of the property, the transfer of the property, and the value of the property transferred.

All discovery commenced in time to be completed by **July 1, 2025.**

Maximum of **40** interrogatories by each party to any other party. Responses due **30** days after service.

Maximum of **40** requests for admission by each party to any other party. Responses due **30** days after service.

Maximum of **10** depositions by plaintiff(s) and **10** by defendant(s).
Each deposition is limited to maximum of **8 hours** unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:
from plaintiff(s) by **May 1, 2025**
from defendant(s) by **May 1, 2025**

Rebuttal experts from either party by **June 4, 2025**. FRCP 26(2)(C).

Supplementations under Rule 26(e) due **June 4, 2025.**

**4. Other Items.**

The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference **one week before trial.**

Plaintiff(s) should be allowed until **April 1, 2025** to join additional parties and to amend the pleadings.

Defendant(s) should be allowed until **April 1, 2025** to join additional parties and to amend the pleadings.

All potentially dispositive motions should be filed by **June 15, 2025**.

Settlement cannot be evaluated prior to **May 1, 2025**.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:
from plaintiff(s) by **30 days** before trial.
from defendant(s) by **30 days** before trial.

Parties should have **14 days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by **September 15, 2025** and at this time is expected to take approximately **1 day**.

Date: February 8, 2025.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Attorneys for Shelley D. Krohn, Chapter 7 Trustee