UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| IN RE: | Case No. 23-13265-abl |
| | Chapter 7 |
| BRIAN SEBASTIAN SCIARA, | |
| Debtor. | |
| | Adv. No. 24-01121-abl |
| SHELLEY D. KROHN, Trustee, | |
| Plaintiff, | |
| v. | |
| BRIAN SEBASTIAN SCIARA, et al., | 300 Las Vegas Blvd. S. Las Vegas, NV 89101 |
| Defendants. | Tuesday, October 21, 2025 11:29 a.m. |

TRANSCRIPT OF DOC# 36 PLAINTIFF'S MOTION TO COMPEL AND TO CONTINUE DISCOVERY AND RELATED DEADLINES, APPLICATION FILED BY JEANETTE E. MCPHERSON ON BEHALF OF SHELLEY D. KROHN
BEFORE THE HONORABLE AUGUST B. LANDIS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator: Maribel Rowa, ECR

Transcription Company: Access Transcripts, LLC
10110 Youngwood Lane
Fishers, IN 46048
(855) 873-2223
www.accesstranscripts.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

TELEPHONIC APPEARANCES (Continued):

For the Plaintiff: Fox Rothschild LLP
By: JEANETTE MCPHERSON, ESQ.
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
(702) 262-6899

For the Defendant: Mortenson & Rafie, LLP
By: PETER B. MORTENSON, ESQ.
10781 W. Twain Avenue
Las Vegas, NV 89135
(702) 363-4190

(Proceedings commence at 11:29 a.m.)

THE COURT: Item number seven then on my TEN o'clock calendar is in the case of Krohn versus Sciara and others, Adversary Number 24-01121. That arises in the Chapter 7 bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number 23-13265. What I have here is a motion to compel and to continue discovery and related deadlines, ECF Number 36 in Krohn v. Sciara. We'll start with appearances first for Plaintiff Krohn.

MS. MCPHERSON: Good morning, Your Honor. Jeanette McPherson on behalf of the plaintiff, Shelley Krohn, trustee.

THE COURT: Good morning, Ms. McPherson.

How about on the defense side of the V for Defendant Sciara?

MR. MORTENSON: Good morning, Your Honor. Peter Morton on behalf of the Defendant Brian Sciara.

THE COURT: Any other appearances? Going once, twice. All right, hearing none.

So what I have here is the motion to compel at ECF Number 36 on behalf of the plaintiff, Trustee Krohn. So that's your client, Ms. McPherson. What should I know about this motion?

MS. MCPHERSON: Your Honor, I'll try to be brief. Essentially, the plaintiff issued written discovery to the defendant, Sciara, including requests for admissions,

interrogatories, and request for production of documents. The responses were due on June 23rd of 2025. We received the responses to the requests for admissions timely, although they were subsequently amended without authorization. We did not receive responses to the interrogatories or the requests for production of documents.

There were several discussions regarding extensions to respond, and those were provided. And then deadlines weren't met, and then additional extensions were given. Ultimately the responses just weren't provided, and they were -- they took -- (indiscernible) again asked without the responses, and they were promised and they weren't forthcoming. So on September 11th, this motion was filed. Responses were provided on September 23rd.

The reasons for the late responses were that the debtors have personal problems and he was relying on others to respond. You know, I think it's unfortunate that this motion has -- had to be filed to get the responses, and I think it's questionable why, you know, they could be not provided once the motion was filed. So it's unclear how personal reasons played a part in this.

And then with regard to needing responses from other people, I think you can see from the examples in the reply that responses really -- we don't consider these real responses, nor was there a reliance on or waiting on documents. You can see

from the examples, the debtor hasn't provided or hasn't identified assets at the time, transfer was made. Liabilities at the time, transfers were made.

You know, we asked for bank statements for the period of August 1st of 2022 through the date of the petition, which covers, right, a prepetition period. And, you know, the response was, please see the financial disclosures and other records filed by my attorney in the bankruptcy case. So I don't think there was a need to wait for documents here.

And so, Your Honor, with that, you know, we're concerned again that this motion had to be filed and that there is a lack -- there has been a lack of compliance with the rules. The estate has had to undertake this -- these efforts to get any kind of responses, incur fees, and there's been delay in this proceeding. And, of course, that's why we've asked for our fees incurred in connection with this motion, which, you know, we would have to produce and then an extension of the discovery deadline and related deadlines.

That's it, Your Honor. Thank you.

THE COURT: All right. So, Mr. Mortenson, I've read the papers in opposition at ECF Number 41, as well as the reply at ECF 42. What say you on behalf of Defendant Sierra?

MR. MORTENSON: Your Honor, I would say that most of what Ms. McPherson says is accurate. On behalf of my client, I would simply state that he's been going through a really

difficult divorce, being in the home that they're going after, trying to deny his homestead exemption, deny his discharge. He doesn't have funds to pay any of the attorneys, including me. I have attempted everything I could to get the responses from my end, and I've always tried to be forthright with Ms. McPherson about those things.

The answers, there were a lot of documents and answers that were provided that I think are responsive. Looking back at a time frame and asking somebody, you know, were you solvent, you know, what assets did you have, it simply has been very difficult, evidently, for him to provide that information to us so we can provide it to Jeanette and to the trustee.

In the end, he has -- we're obviously -- never have been, and we wouldn't be in opposition to extending any of the deadlines. We've always agreed to any extension, recognizing the difficulties we're going through.

His deposition has been set for December 4th. Their -- I don't know what their position is, but I think that it's probably a good exercise for them to go forward and depose him in person and get his responses, get some of those responses that way. I am not going to attempt to, you know, present anything that's other than forthright with the Court. So that's -- I guess that's our position, Your Honor. Thank you.

THE COURT: Of course.

Rebuttal, Ms. McPherson?

MS. MCPHERSON: Well, Your Honor, you know, I would like to say Mr. Morton's always been -- Mortenson's always been very courteous and polite. And, you know, there's no concern with regard to his personal conduct.

Our concern really is that this debtor is not cooperating. And, you know, this is a motion to compel. This isn't a motion regarding the, you know, the substance of his responses at this point. But there is a concern that there is an ongoing desire to delay and increase the expense in this matter. And so for those reasons, Your Honor, we've chosen to move forward with this motion and continue on with the requests that are set forth in the motion --

THE COURT: All right.

MS. MCPHERSON: -- including the requests for attorneys' fees and requests for a extended discovery deadline, along with the related deadlines that go with that.

THE COURT: Good enough. Matter's submitted. Records closed.

The Court -- I need to take a little bit closer look at the facts, and I will issue an oral ruling. I'll do that subject to Ms. Rowa telling me this works.

November 10th at three o'clock, Ms. Rowa?

THE CLERK: November 10th, we have our motion

calendar, Your Honor.

THE COURT: At three o'clock in the afternoon?

THE CLERK: Oh, I thought you said ten o'clock. Three o'clock, yeah, that works.

THE COURT: Okay, good enough.

Matter's submitted. Records closed. The Court will issue its oral ruling on this motion to compel as it -- after I've had the opportunity -- as I indicated, to look a little bit more closely at the facts here, I will issue my oral ruling on this motion to compel. I'll do that on November 10th, 2025 at three o'clock p.m. unless that causes questions, issues, or concerns for you, Ms. McPherson.

MS. MCPHERSON: None. Thank you, Your Honor.

THE COURT: Mr. Mortenson.

MR. MORTENSON: That's fine, Your Honor. Thank you.

THE COURT: All right. Very well. Continued for an oral ruling on November 10th at three o'clock p.m. Thank you for your appearance this morning, Counsel. It's helpful to the Court.

(Proceedings concluded at 11:39 a.m.)

* * * * *

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Alicia J. Jarrett

______________________________

ALICIA JARRETT, AAERT NO. 428     DATE: November 14, 2025

ACCESS TRANSCRIPTS, LLC