UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (LAS VEGAS)

| | |
|---|---|
| IN RE: | Case No. 23-13265-abl |
| | Chapter 7 |
| BRIAN SEBASTIAN SCIARA, | |
| Debtor. | |
| . . . . . . . . . . . . . . . . | |
| | Adv. No. 24-01121-abl |
| SHELLEY D. KROHN, Trustee, | |
| Plaintiff, | |
| v. | |
| BRIAN SEBASTIAN SCIARA, et al., | 300 Las Vegas Blvd. S. Las Vegas, NV 89101 |
| Defendants. | Monday, November 10, 2025 |
| . . . . . . . . . . . . . . . . | 3:10 p.m. |

TRANSCRIPT OF DOC# 36 ORAL RULING RE: PLAINTIFF'S MOTION TO COMPEL AND TO CONTINUE DISCOVERY AND RELATED DEADLINES, APPLICATION FILED BY JEANETTE E. MCPHERSON ON BEHALF OF SHELLEY D. KROHN
BEFORE THE HONORABLE AUGUST B. LANDIS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator: Maribel Rowa, ECR

Transcription Company: Access Transcripts, LLC
10110 Youngwood Lane
Fishers, IN 46048
(855) 873-2223
www.accesstranscripts.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES (Continued):

For the Plaintiff: Fox Rothschild LLP
By: JEANETTE MCPHERSON, ESQ.
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
(702) 262-6899

For the Defendant: Mortenson & Rafie, LLP
By: PETER B. MORTENSON, ESQ.
10781 W. Twain Avenue
Las Vegas, NV 89135
(702) 363-4190

(Proceedings commence at 3:10 p.m.)

THE COURT: It's the date and time for the Court's oral ruling on plaintiff's motion to compel and to continue discovery and related deadlines filed in the adversary proceeding of Krohn v. Sciara and others, Adversary Number 24-01121. That adversary proceeding arises in the Chapter 7 bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number 23-13265. We'll start with appearances first for the plaintiff/trustee.

MS. MCPHERSON: Good afternoon, Your Honor. Jeanette McPherson of Fox Rothschild on behalf of the trustee, Shelley Krohn, plaintiff.

THE COURT: All right, good afternoon, Ms. McPherson.

How about for Defendant Sciara?

MR. MORTENSON: Yes, Your Honor. Peter Mortenson on behalf of Defendant Sciara.

THE COURT: All right. Any other appearances in connection with the Court's oral ruling as it relates to this motion to compel? Going once. Don't be shy if you're out there. Going twice. Hearing none, good enough. We'll dig right in.

As I indicated, this is the date and time for the Court's oral ruling on plaintiff's motion to compel and continue discovery and related deadlines. The motion that was filed as to which today's oral ruling relates was filed in the

adversary proceeding of Shelley D. Krohn, Trustee, plaintiff v. Brian Sebastian Sciara and Glenn H. Truitt, trustee of B.S.A.P. Irrevocable Trust Dated September 16, 2022, defendants. That's Adversary Number 24-01121. That adversary proceeding arises in the Chapter 7 bankruptcy case filed by Brian Sebastian Sciara, debtor, Chapter 7 Number 23-13265.

Appearances have been noted on the record. The issue before the Court, as best I can distill it, is this: Whether, under Federal Rule of Civil Procedure 37(a), applicable in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7037, the Court should issue an order compelling Debtor/Defendant Brian Sebastian Sciara -- and when I say Mr. Sciara today, that's who I'm talking about -- to respond further to interrogatories and requests for production of documents propounded to him by Plaintiff/Trustee Shelley D. Krohn -- and when I say Ms. Krohn today, that's who I'm talking about -- directing Mr. Sciara and/or his counsel to pay Ms. Krohn's reasonable expenses incurred in filing the pending motion to compel and also whether the Court should extend discovery and dispositive motion deadlines in this adversary proceeding.

In order to understand the Court's resolution of those -- the issue, as I just summarized it, it's necessary to consider the record that I looked at in resolving -- or in preparing for today's oral ruling. In preparation for this

oral ruling, the Court has reviewed the docket in this adversary proceeding, Number 24-01121. The Court takes judicial notice of the papers comprising the docket in that adversary proceeding. I do that pursuant to and to the extent permitted by Federal Rules of Evidence 201(b) and (c). In particular, the Court reviewed, and this is without limitation, the following papers and the exhibits that are appended to them.

I looked at Ms. Krohn's complaint for avoidance of transfer under 11 U.S.C. Section 548 and 550, avoidance of transfer under Sections 544 and 550, denial of exemption, unjust enrichment, and denial of discharge under 11 U.S.C. Sections 727(a)(2)(A) and (a)(4), as amended to date. And when I say the complaint, I'm talking about the complaint as amended. The complaint was originally filed on October 2nd, 2024, ECF 1. It was amended on October 25th, 2024, ECF 6.

I looked at Mr. Sciara's answer to the complaint filed November 19, 2024, ECF 10. I noted the clerk's entry of default against the other defendant, Glenn H. Truitt, trustee of the B.S.A.P. Irrevocable Trust Dated September 15th, 2022. The clerk's entry of default was docketed on February 3rd of 2025, ECF 13.

I looked at the parties -- at the standard discovery plan that was docketed on February 10th, 2025, ECF 15.

I looked at the order scheduling settlement and

status conferences in this adversary proceeding, setting settlement for April 24th, 2025, at 9:30, with a follow-up status on May 13th, 2025, at 10 a.m. That order was docketed on February 11th, 2025, ECF 17.

I looked at the parties' stipulation continuing the scheduling and status conference hearings. I'll call that the first stipulation. It continues the settlement conference to June 12th, 2025 and the status conference to June 24th, 2025. The first stipulation was docketed on April 10th, 2025, ECF 19.

I looked at my order approving the first stipulation, followed the next day -- filed the next day, I should say -- April 11th, 2025, ECF Number 20.

I read the stipulation of the parties continuing the scheduling and status conference hearings as amended. I'll call that the second stipulation. It continued the settlement conference to July 30th, 2025 and the status conference to August 12th, 2025. The stipulation as originally filed was on -- filed on June 4th of 2025, ECF 22. It was amended that same day, June 4th -- I said 20, try again. The second stipulation was filed originally on June 4th, 2025, at ECF Number 22. It was amended that same day, June 4th of 2025, at ECF 23. So if you want to see the second stipulation as originally filed, look on the docket on June 4th of 2025 at ECF 22 and as amended that same day at ECF 23.

I looked at the Court's own order approving the

second stipulation. That was docketed the very next day, June 5th, 2025, ECF 24.

I read the notices of deposition of Defendant Brian Sciara and related notices of continuance of the deposition from an original date of June 27th, 2025 at 10 a.m. to September 12th of 2025, at 10 a.m. The notices are various: June 10th, 2025, ECF 27; June 25th, 2025, ECF 28; July 21st, 2025, ECF 29; and July 30th, 2025, ECF 30.

I looked at the stipulation to amend the discovery plan to extend discovery and to set dispositive motion deadline. I'll call that the disclosure plan stipulation, extending the deadline for completion of discovery to November 17th of 2025 and fixing the dispositive motion filing deadline for November 3rd of 2025. That stipulation filed on August 8th of 2025, ECF 31.

I looked at my order approving that disclosure plan stipulation. That was -- that order was docketed on August 12th, 2025, ECF 32.

I looked then at the second notice of continued deposition of Defendant Brian Sciara. That was -- deposition was set for October 24th of 2025, September 10, 2025 filing date, ECF Number 35.

I read Ms. Krohn's motion to compel and to continue discovery and related deadlines. I'll call that the motion to compel. And that's the matter that pends before me here. It's

filed on September 11th, 2025, ECF 36.

The motion to compel was accompanied by the declaration of Jeanette E. McPherson in support of that motion to compel. Ms. McPherson's declaration filed the same day, September 11th, 2025, ECF 37.

I read Mr. Sciara's opposition to the motion to compel. It wasn't accompanied by any admissible evidence or even a declaration or affidavit or anything from Mr. Sciara. When I say the opposition, that's what I'm talking about. It's filed on September 29th, 2025, ECF 41.

I read Ms. Krohn's reply in support of the motion to compel filed on October 14, 2025, ECF 42.

The Court has also considered the arguments of counsel for the parties presented at the October 21st, 2025 hearing on this contested motion to compel. On the record before it, as I just summarized it, the Court enters the following as its findings of fact and conclusions of law.

We'll start with findings of fact. The facts that underpin today's oral ruling are comprised of the entire record as I just summarized it on the record this afternoon. The following non-inclusive set of facts are particularly relevant to the Court's analysis of this contested motion to compel.

On October 2nd of 2024, Ms. Krohn commenced this adversary proceeding by filing and thereafter amending the complaint, ECF Numbers 1 and 6. Mr. Sciara filed his answer to

the complaint on November 19th of 2024, ECF Number 10. On February 10th of 2025, Ms. Krohn filed a standard discovery plan proposing a discovery deadline of July 1st of 2025.

On May 23rd of 2025, Ms. Krohn emailed a request for production of documents to counsel for Mr. Sciara. Responses to the request for production of documents were due for Mr. Sciara by June 23rd of 2025 under the controlling provisions of the Federal Rules of Civil Procedure, as applicable in this adversary proceeding. I also note that on May 23rd of 2025, Ms. Krohn emailed interrogatories to counsel for Mr. Sciara. Responses to the interrogatories were also due from Mr. Sciara on June 23rd, 2025.

Last but not least, on May 23, 2025, Ms. Krohn emailed requests for admissions to counsel for Mr. Sciara. Responses to the request for admissions were due on June 23rd of 2025. Out of those three pieces of discovery requests from Ms. Krohn to Mr. Sciara, only one was timely responded to, and that's the motion -- or excuse me, the request for admissions.

On June 23rd, 2025, counsel for Mr. Sciara emailed Mr. Sciara's responses to plaintiff's request for admissions to counsel for Ms. Krohn. The -- three days later, on June 26th, 2025, and without filing a motion seeking approval from this Court to do so, counsel for Mr. Sciara emailed amended responses to plaintiff's request for admissions to counsel for Ms. Krohn. The reason for doing it that way is simple. If

there's an untimely response to requests for admissions under the controlling provisions of the Federal Rule of Civil Procedure, as applicable in this adversary proceeding, the failure to timely respond means that the requests for admissions are deemed admitted. And so there was a response to the request for admissions on June 23rd, modified and amended on June 26th without court approval, but there was no timely response either to the request for production of documents or the interrogatories.

On August 8th of 2025, a stipulation to amend the discovery planned to extend the discovery deadline and set dispositive motion deadlines, ECF 31, was filed. That extended the discovery deadline to Monday, November 17th, 2025, and it set the deadline for filing dispositive motions for Monday, November 3rd, 2025. And as I indicated previously, the Court entered its order approving that stipulation on August 12th of 2025, ECF 32.

There isn't any question that the parties met and conferred as it relates to the interrogatories and requests for production of documents. The information is detailed in the reply, as well as in the motion. There was an email dated June 23rd, 2025, from Kevin Chan at counsel for Mr. Sciara's office requesting an extension to respond to Wednesday, June 25th, 2025. It's attached to the motion as Exhibit 4. There's an email dated June 24th, 2025, from Ms. McPherson setting forth

an agreement to provide discovery responses by June 25th, 2025. That's attached to the motion as Exhibit 5. There's an email dated the next day, June 25th, 2025, from Ms. McPherson setting forth a further agreement to provide responses to the interrogatories and requests for production of documents, this time by June 27th, 2025. That's attached to the motion as Exhibit 6.

So, at this point in time, there's no question that counsel for Ms. Krohn, on the one hand, and counsel for Mr. Sciara, on the other, are working diligently to try to get a time and a specific date by which Mr. Sciara might actually provide responses to the interrogatories and requests for production of documents.

That communication continued. There's an email dated July 3rd, 2025, from Ms. McPherson requesting responses to the interrogatories and requests for production of documents on or before July 8th, 2025, Motion Exhibit 7. Mr. Mortenson, counsel at -- counsel for Mr. Sciara, penned a letter dated July 15th, 2025, requesting that responses to the interrogatories and requests for production of documents be set out at least three weeks, Exhibit Number 8. Now be mindful here, this letter is written July 15th of 2025. The responses were due initially on June 23rd of 2025, so there's a week in June and two weeks in July have already elapsed, and there's a request for three more weeks for Mr. Sciara to respond to the

interrogatories and requests for production of documents when you look at Mr. Mortenson's letter, Exhibit 8 to the motion.

Ms. McPherson responded promptly via email, also on July 15th, 2025, agreeing to the requested extension. You can see that by reference to the motion Exhibit 9. So again, counsel for the parties working diligently to try to find a date by which the response -- Mr. Sciara would respond to the request for production of documents and the interrogatories through July 15th -- as of July 15th of 2025.

Fast forward to August 29th of 2025, there's an email from Ms. McPherson that states since the responses hadn't been provided to the interrogatories and requests for production of documents, the motion to compel would be filed. It's attached to the motion as Exhibit Number 10. There's an email dated August 29th, 2025, from Mr. Mortenson, counsel for Mr. Sciara, providing that responses would be sent to counsel for Ms. Krohn by Tuesday, September 2nd, 2025, Motion Exhibit 11.

On September 11th, 2025, having not received the responses to the request for production of documents or interrogatories, that's when the trustee filed the pending motion. The motion was filed simply because plaintiff had not received responses to the interrogatories or requests for production of documents despite continuing dialogue and multiple extensions having previously been requested, statements that they would be provided, they simply weren't.

It wasn't until September 23rd of 2025, which is well after the motion that pends before me here, was filed -- again, when you look at the timeline, the motion to compel here was filed September 11, 2025, ECF 36. Almost two full weeks later, at that point, Mr. Sciara provided some responses to interrogatories and requests for production of documents, which the trustee suggests are less than complete in terms of their scope.

Those are the facts as it relates to this motion to compel, and again, it's a contested motion to compel. The parties aren't surprised by anything that I've said on the record here today, but on the facts as I just summarized them, I'll now move forward to the findings of fact and conclusions of law in connection with today's oral ruling. We'll start with jurisdiction, venue, and core proceedings.

Court has jurisdiction over Mr. Sciara's Chapter 7 bankruptcy case, Number 23-12365. That's true under 28 U.S.C. Section 1334(a), 157(a), and Local Rule 1001(b)(1). The Court has jurisdiction over this adversary proceeding in which the motion to compel pends, Adversary Number 24-01121. That jurisdiction over that adversary proceeding exists under 28 U.S.C. Section 1334(b), 157(a), and Local Rule 1001(b)(1).

Venue of Mr. Sciara's Chapter 7 bankruptcy case is appropriate here in Nevada, 28 U.S.C. Section 1408(1). Venue of this adversary proceeding is appropriate in the District of

Nevada, as well. That's true under 28 U.S.C. Section 1409(a).

The Court is satisfied here that the contested motion to compel that I'm asked to resolve through today's oral ruling is indeed a core proceeding. Under 28 U.S.C. Section 157(b)(3), "The bankruptcy judge shall determine on the judge's own motion, or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law."

Pursuant to Local Rule 9014.2(c), "The court may sua sponte determine and enter an order on whether a proceeding is a core proceeding not subject to entry of final orders or judgment by the bankruptcy court unless the district court withdraws the reference first."

So as required by 28 U.S.C. Section 157(b)(3), contemplated by Local Rule 9014.2(c), and on its own motion, the Court determines and holds that the issues raised by this contested motion to compel present both statutorily and constitutionally core proceedings. See Marshall v. Stern (In re Marshall), 600 F.3d 1037, 1055-6 (9th Cir. 2010), where the circuit noted, "We agree with Pierce Marshall that our case law presents a two-step approach. A bankruptcy judge may only determine a claim that meets Congress's definition of a core

proceeding and arises under or arises in Title 11." Affirmed under the name Stern v. Marshall, 564 U.S. 462 (2011). See also and generally 28 U.S.C. Sections 157(b)(1), (b)(2), and (c)(1).

Specifically, and for avoidance of any doubt, the Court concludes first that the issues that are raised by this contested motion to compel, joined by the opposition, and that are the subject of the reply are all statutorily core proceedings under 28 U.S.C. Sections 157(b)(2)(A) and (O). The Court separately, and second, concludes and finds that the issues raised by this motion to compel joined by the opposition and that are the subject of the reply are constitutionally core proceedings because they arise in Mr. Sciara's Chapter 7 bankruptcy case. See Certain Underwriters at Lloyds v. GACN, Inc. (In re GACN, Inc.), 555 B.R. 684, 692-93 (9th Cir. B.A.P. 2016), as to which a subsequent appeal to the 9th Circuit was dismissed, 2017 WL 4513499. Dismissal of the appeal to the Ninth Circuit occurred on May 10th of 2017.

The Bankruptcy Appellate Panel in the GACN, Inc. case noted that the terms "arising under Title 11" and "arising in a case under Title 11" are terms of art which the courts have defined. A proceeding arises under Title 11 if it presents claims for relief created or controlled by Title 11. In contrast, the claims for relief in a proceeding arising in a Title 11 case are not explicitly created or controlled by Title

11, but such claims nonetheless would have no existence outside of a bankruptcy case. Citing Wilshire Courtyard v. California Franchise Tax Board (In re Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir. 2013).

Here, as I indicated, this disputed motion to compel, contested motion to compel, arises in the bankruptcy case of Mr. Sciara. When you look at the definition of "arising in," you will see that a motion to compel like this one is not explicitly created or controlled by Title 11. Instead, it's created and controlled by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, which incorporate into adversary proceedings like this the Federal Rules of Civil Procedure, at least as it relates to this discovery dispute.

The disputed claim of the trustee for sanctions, effectively, in connection with this contested motion to compel would not have any existence outside of a bankruptcy case because in the absence of Mr. Sciara's Chapter 7 bankruptcy case, Ms. Krohn never would have been appointed and would not be responsible for the administration of Mr. Sciara's bankruptcy case. So this contested motion to compel is a matter that arises in Mr. Sciara's Chapter 7 bankruptcy case and the adversary proceeding in which the motion was fought.

With respect to the remaining conclusions of law, the Court turns next to the rules and legal standards that govern

motions to compel like this one. In particular, Federal Rule of Bankruptcy Procedure 7037 reads like this. It's titled, Failure to Make Disclosures or to Cooperate in Discovery; Sanctions, and it reads in its entirety, quote:

"Federal Rule of Civil Procedure 37 applies in an adversary proceeding," closed quote. So plainly, under the language of Federal Rule of Bankruptcy Procedure 7037, Civil Rule 37 applies in the adversary proceeding as between Ms. Krohn, on the one hand, and Mr. Sciara, on the other.

Turning then to Federal Rule of Civil Procedure 37, it is titled, Failure to Make Disclosures or to Cooperate in Discovery; Sanctions. Section (a) is titled Motion for an Order Compelling Discovery or Disclosure. Paragraph (1) says, "In general. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movement has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

And for clarity and avoidance of doubt, this is a motion that relates to a party failing to make discovery. That's the issue, and it's Mr. Sciara's failure to respond completely and fully to the -- Ms. Krohn's request for production of documents and interrogatories that's the predicate for the motion. So this is a discovery motion as

opposed to a motion as it relates to disclosures.

Paragraph (2), the Appropriate Court. "A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a non-party must be made in the court where the discovery is or will be taken."

Here, it's a dispute between the parties, Ms. Krohn, as trustee/plaintiff on the one hand, and Mr. Sciara, as the debtor/defendant on the other. As a result, the motion had to be filed in this court because that's where this adversary is proceed -- pending, and that is the situation here. The motion is properly before me.

Third, Specific Motions, and if you go to Subparagraph (B), To Compel a Discovery Response is the title. It says, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31" -- not relevant here -- "(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)" -- not relevant here -- "(iii) a party fails to answer an interrogatory submitted under Rule 33" -- exactly the situation here -- and "(iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34," again the situation here.

Now, the Court's mindful that the responses, some

responses at least, were submitted by Mr. Sciara to the trustee, but only after the motion that's pending before me here was filed, save and except for -- to the responses to the request for admissions that I referenced previously. This motion relates to Mr. Sciara's failure to answer interrogatories submitted under Rule 33 or produce documents under Rule 34. Federal Rule of Civil Procedure 37(a)(4) reads Evasive or Incomplete Disclosure, Answer, or Response.

> "For purposes of this Subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Importantly here is Paragraph 5, Federal Rule of Civil Procedure 37(a)(5) is titled Payment of Expenses; Protective Orders. Subsection (A) -- Subparagraph (A), I should say -- reads "If the Motion is Granted (or Disclosure or Discovery is Provided After Filing)." It reads this way: "If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must" -- the Court must, I don't have discretion -- "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

So that's the rule that's at issue in connection with this contested motion to compel.

As the parties know, a motion to compel discovery is an enforcement mechanism. It's used when someone fails to comply with discovery requests. In a state court context, Okada v. Eighth Judicial District Court, in and for Clark County, 134 Nev. 6, 12; 408 P.3d 566, 571 (Nev. 2018). External citations are contained, but I'm not going to discuss them here.

Discovery is limited to any non-privileged relevant matter. Federal Rule of Civil Procedure 26(b)(1). In addition, Federal Rule of Civil Procedure 26(b)(1) provides that for information to be discoverable, it must be proportional to the needs of the case.

The party filing a motion to seeking to compel discovery must comply with the meet and confer requirements under Federal Rule of Civil Procedure 37. See Federal Rule of Civil Procedure 37(a)(1).

Under Rule 37(a)(1), the party bringing the motion to compel, here it's Ms. Krohn as the trustee/plaintiff, must

include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Colvin v. AHP Realty, 2020 WL 5517655 at *1 (D. Nev. Sep. 11, 2020), quoting Federal Rule of Civil Procedure 37(a)(1).

Generally, a failure to comply with Federal Rule of Civil Procedure 37 results in a denial of a discovery motion. Liguori v. Hansen, 2012 WL 760747 at *11 (D. Nev. Mar. 6, 2012).

Under Federal Rule of Civil Procedure 33, 34, and 36, a party served with request for admissions, interrogatories, and/or request for production of documents has 30 days after service to respond in writing. Federal Rule of Civil Procedure 33(b)(2) and Federal Rule of Civil Procedure 34(b)(2)(A).

A party opposing discovery bears the burden of showing that the discovery at dispute is, among other things, not relevant, is overly broad, or is unduly burdensome. Caballero v. Bodega Latina Corporation, 2017 WL 3174931 at *3 (D. Nev. Jul. 25, 2017).

To meet that burden, the party opposing discovery -- here, Mr. Sciara -- must specifically detail the reasons why each request is irrelevant. V5 Technologies v. Switch Limited, 334 F.R.D. 306, 310 (D. Nev. 2019), affirmed under the name V5 Technologies LLC v. Switch Limited, 2020 WL 1042515 (D. Nev.

Mar. 3, 2020).

So how to analyze this contested motion to compel under the controlling legal standards? I'll start with the question of whether or not the plaintiff, Ms. Krohn, satisfied the meet and confer requirements under Federal Rule of Civil Procedure 37. In accordance with Federal Rule of Civil Procedure 37, the party filing a motion to compel discovery must include in that motion a certification that the movant has, in good faith, conferred or attempted to confer.

Federal Rules of Civil Procedure 37(a)(1), courts in the Ninth Circuit have construed this as requiring two prongs to be satisfied. First, the actual certification requirement must be met; and second, the moving party must actually confer or attempt to confer in good faith. Liguori v. Hansen, 2012 WL 760747 at *10 (D. Nev. Mar. 6, 2012).

While the certification document itself does not seem to be in dispute here, the Court will note that the certification requirement is met when counsel for the moving party provides a certification, quote, "which accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." Liguori v. Hansen at *10, quoting Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D. Nev. 1996).

Here, plaintiff has satisfied the first analytical

prong under Federal Rule of Civil Procedure 37 via the declaration of Jeanette E. McPherson in support of the motion to compel, ECF 37. And that declaration details the specific dates and attempts made to resolve the discovery dispute that underpins this motion to compel. And again, it's specific -- the motion to compel is specific to Mr. Sciara's failure to timely file answers to interrogatories and requests for admission. That's it and that's all -- or, excuse me, this motion is specifically directed only and -- solely and exclusively to the interrogatories and the request for production of documents. That's what's at issue here.

The second analytical prong under Federal Rule of Civil Procedure 37, conferment in good faith, is satisfied when the moving party either actually confers or attempts to confer in good faith with the non-moving party. Liguori v. Hansen at *10.

To satisfy that requirement, the moving party must move beyond cursory statements and must adequately set forth in the motion essential facts sufficient to enable the Court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment requirement between the parties. Liguori v. Hansen again, 2012 WL 760747 at *10 (D. Nev. Mar. 6, 2012), quoting the Shuffle Master case, 170 F.R.D. 171 (D. Nev. 1996).

The court in Liguori observed that a good faith

attempt requires a genuine attempt to resolve the discovery dispute through non-judicial means. And the court in Shuffle Master further detailed good faith is honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. Shuffle Master Inc. v. Progressive Games Inc., 170 F.R.D. 166, 171 (D. Nev. 1996), referencing Black's Law Dictionary at 624, 5th edition, all the way back to 1979.

The act of conferment itself can be satisfied in several ways, such as through an in-person meeting or via a telephonic conference. Email works as well. See Foley versus -- I've always wondered how to say this name, A-R-O-S-T-E-G-U-I, Arostegui, perhaps, 2019 WL 4723756 at *3 (D. Nev. Sep. 25, 2019); reconsideration denied 2020 WL 5653672 (D. Nev. Sep. 23, 2020).

The district court in the Foley case noted this requirement is satisfied via an in-person meeting, telephonic conference, or video conference. See also Pajarillo v. Countrywide Home Loans, 2009 WL 10659167 at *1 (D. Nev. Aug. 6, 2009), where the court noted the parties must confer or attempt to confer in person or via telephone conference by way of example.

Plaintiff's certification document here, the declaration of Ms. McPherson in support of the motion to

compel, ECF Number 34, demonstrates genuine attempts to resolve the discovery dispute herein by non-judicial means. There isn't any real argument to the contrary from the opposition to the motion to compel. So the Court concludes that Ms. Krohn has shown by a preponderance of the evidence that she satisfied the meet and confer requirements under Federal Rule of Civil Procedure 37 prior to filing the pending motion to compel.

Next, the Court finds that plaintiff's discovery requests are not overly broad or unduly burdensome. In accordance with Federal Rule of Civil Procedure 26, discoverable information is limited to any non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case. Federal Rule of Civil Procedure 26(b)(1). See also Caballero v. Bodega Latina Corporation, 2017 WL 3174931 at *1 (D. Nev. Jul. 26, 2017).

Mr. Sciara, as the party opposing the discovery here, bears the burden of showing that the discovery in dispute is not relevant, is overbroad, or is unduly burdensome. Again, the Caballero case, 2017 WL 3174931 at *3.

To satisfy that burden, Mr. Sciara, as the opposing party, has to specifically detail the reasons why each request is irrelevant. V5 Technologies v. Switch Limited, 334 F.R.D. 306, 310 (D. Nev. 2019); Again, affirmed under the name V5 Technologies LLC v. Switch Limited, 2020 WL 1042515.

To determine whether a discovery is proportional to

the needs of the case, the Court's required to examine the information requested here in the interrogatories and in the request for production of documents in light of six factors: First, the importance of the issues at stake in the action; second, the amount in controversy; third, the parties' relative access to relevant information; fourth, the party's resources; fifth, the importance of the discovery in resolving the issues; and sixth, whether the burden or expense of the proposed discovery outweighs its likely benefit. Caballero v. Bodega Latina Corporation, 2017 WL 3174931 at *2. There, the district court was citing Federal Rules of Civil Procedure 26(b)(1).

So walking quickly through those factors, here, the interrogatories and requests for production are important to the issues that are at stake in this action. And again, the matters that are pending before me here are substantive ones. Avoidance of transfers under Section 548 and 550 is a fraudulent conveyance and a recovery of it for the benefit of the estate. Avoidance of a transfer under Section 544, the trustee's strong arm powers and recovery for the benefit of the estate under Section 550. Importantly to Mr. Sciara, denial of an exemption request, unjust enrichment, and then denial of discharge. I can't think of anything more significant and more important in terms of the bankruptcy case that's pending before me that underpins this adversary proceeding than the denial or grant of a bankruptcy discharge. And here, the discharge is

challenged under Section 727(a)(2)(A) and (a)(4). So, when I look at the importance of the issues at stake in the action that are the subject of the discovery requests, that's a significant issue. And the discovery sought here is plainly proportional to those issues.

Second is the amount in controversy. It's not so much the amount in controversy, although the transfers are significant transfers, as much as it is the, in this Court's view, the discharge objections. There's a lot of money at -- there is a fair amount of money at stake in the action. There is a question as to whether or not the debtor ought to receive a discharge. That amount in controversy and that significant issue is enough to lend significance to the need of the trustee in this voluntary bankruptcy case to suss out the actual facts in determining whether the amount in controversy can or ought to be recovered and whether or not the debtor is entitled to a discharge. Second factor shows that the discovery sought by the trustee through the interrogatories and request for production of documents is proportional to the needs of the case.

Third, the party's relative access to relevant information. Well, Mr. Sciara would say, and has said, that some of the information that was sought by the trustee was hard to get or it was -- he was having other challenges and couldn't get the information. But the fact of the matter is relative

access to the information sought by the trustee is directly in Mr. Sciara's control. The trustee, as administering the Chapter 7 bankruptcy estate, requires Mr. Sciara to cooperate in providing that information, and it is relevant not only to the administration of the bankruptcy estate generally but in specifics as it relates to this adversary proceeding to the resolution of the issues I've identified previously. Mr. Sciara's access to the relevant information is far greater than that the trustee had available. This isn't a situation where the trustee could simply go and subpoena a bank for -- a bank statement, for example. Mr. Sciara has access to the information that the trustee needs. That's a factor that weighs in favor of finding the trustee's discovery requests in the form of interrogatories and requests for production of documents is proportional to the needs of the case.

Next is the parties' resources. Well, the -- Mr. Sciara is a Chapter 7 bankrupt debtor, but the Chapter 7 trustee is responsible for administering a difficult and potentially at least modest bankruptcy estate. Neither party has a strong arm as it relates to resources in this case. The fourth factor is either neutral in the calculus or weighs at least slightly in favor of a finding that the trustee's discovery requests are proportional to the needs of this case, this adversary proceeding.

Fifth, the importance of the discovery in resolving

these issues. If Mr. Sciara would provide the trustee with the requested discovery, it would go a long ways towards the trustee's ability to determine whether to pursue some, all, or none of the causes of action that are detailed in the complaint as amended. The fifth factor shows that the trustee's selected discovery requests in the form of interrogatories and requests for production of documents is important to the trustee's ability to analyze and dispose of the issues that are raised through the complaint. The fifth factor weighs in favor of a finding that the trustee's discovery requests here are proportional to the needs of the case.

And last, whether the burden or expense of the proposed discovery outweighs its benefit, I'm simply going to say it does not. The trustee's discovery responses generally are not only proportional to the needs of the case, but there has been no showing on this record that the discovery requests are in any way irrelevant, overly broad, or unduly burdensome. Mr. Sciara has made no showing in that regard. The sixth factor weighs in favor of a finding that the trustee's discovery, which is the subject of this dispute, is proportional to the needs of the case.

When the totality of the circumstances in this adversary proceeding are considered with no single fact or factor controlling the calculus, the Court finds that the preponderance of the evidence established both that Ms. Krohn's

pending discovery requests in the form of requests for production of documents and interrogatories satisfy the proportionality requirement under Federal Rule of Civil Procedure 26 and that responding to those discovery requests does not subject Mr. Sciara to any undue burden. There really isn't any issue as to whether or not Mr. Sciara is in a position to provide the discovery responses. What's really at issue in connection with this case is he simply is delayed and has delayed in connection with the providing of responses to the trustee's request for production of documents and interrogatories. I've considered his reasons why it was hard for him to timely respond to the requests for production and interrogatories, but given the magnitude of the issues that are the subject of this adversary proceeding, I find that they ring hollow. I also find that there was a long time passed as the trustee tried to give additional time to Mr. Sciara to allow him to get the discovery responses to the trustee, and he simply failed to do so. It wasn't until after multiple extensions had been granted by the trustee to provide discovery responses, multiple promises that those discovery responses in the form of interrogatory answers and requests for production of documents would be provided and then weren't, and then there was a heads up that the motion was going to be filed.

You know, really, in this particular circumstance, and when you look at all of the facts of this case,

Mr. Sciara's arguments that, you know, it was hard for him to file or to prepare the required responses is short of the mark by a lot. It simply doesn't hold water from the Court's perspective in the context of a motion to compel. The Court therefore finds that the trustee has carried her burden of demonstrating that the motion to compel ought to and should be and will be sustained, and so the Court will grant Ms. Krohn's motion to compel. Mr. Sciara shall serve supplemental and complete responses to Ms. Krohn's interrogatories, as well as complete responses to Ms. Krohn's request for production of documents. He will do so on or before November 20th of 2025.

The motion to compel also seeks an award in connection with the reasonable expenses incurred in filing this motion. In determining whether or not to grant the trustee's request to be awarded reasonable expenses that were incurred in filing this motion, the Court turns again to the rule, Federal Rule of Civil Procedure 37(a)(5), Payment of Expenses and Protective Orders, Subparagraph (A), If the Motion is Granted, and it is, or Discovery is Provided After Filing, and it was. "If the motion is granted" -- and it was -- "or the disclosure or request of discovery is provided after the motion was filed" -- and it was -- "the court must" -- and that word has meaning, takes away the Court's discretion in this context, except for as the rule provides subsequently, "the court must, after giving an opportunity to be heard" -- and I've heard the

parties' arguments before today's oral ruling -- "require the party or deponent whose conduct necessitated the information" -- that's Mr. Sciara -- "the party or attorney advising that conduct" -- which is counsel for Mr. Sciara -- "or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the Court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." That is not the situation here. Ms. Krohn filed the motion after attempting in good faith to obtain the disclosure or discovery without court action. The record on that is legion.

Second, "the opposing party's nondisclosure response or objection was substantially justified." I find that there's been no showing by way of admissible evidence that the failure to provide responses to the interrogatories or request for production of documents was substantially justified. The opposition isn't even supported by a declaration from Mr. Sciara saying why he was unable to provide the required responses to the interrogatories and requests for production. It just simply says that, in counsel's view, it was hard for Mr. Sciara to respond. That is not enough to demonstrate that Mr. Sciara's nondisclosure response or objection was substantially justified. It simply isn't enough on this record to establish that.

Or third, "other circumstances make an award of expenses unjust." They don't. This is a simple case. This is a situation where, after multiple efforts by the trustee to obtain discovery responses, cooperative efforts by the trustee to extend the deadline on repeated occasions, efforts by the trustee to get responses before filing the motion to compel. The fact of the matter is that when you look at all of the facts of the case, as I've summarized them, the circumstances that are present here do not make an award of expenses unjust. To the contrary, an award of expenses is appropriate when there's this sort of dilatory conduct in connection with response to straightforward, important discovery requests from a trustee to a debtor/defendant in an adversary proceeding with issues that are pending before the Court like this one.

So I've considered the last sentence of Federal Rule of Civil Procedure 37(a)(5)(A). I'm mindful that the Court must not order the payment of reasonable expenses incurred by Ms. Krohn in making this motion, but I find that none of the circumstances that preclude or would prohibit such an award are present here. Ms. Krohn plainly did, before filing the motion to compel, attempt in good faith to obtain the disclosure -- or the discovery, I should say -- the interrogatory answers and requests for production of documents without court action. That's apparent from a simple review of the record. There isn't any evidence to suggest or support the argument that

Mr. Sciara's failure to respond to the interrogatories or requests for production of documents was substantially justified, nor are there circumstances here on this record that would suggest or demonstrate that an award of expenses in favor of Ms. Krohn would be unjust. This is a situation where the "must" language in Federal Rule of Civil Procedure 37(a)(5) really gives the Court a very straightforward directive. I must, after giving an opportunity to be heard, require Mr. Sciara, as the party whose conduct necessitated this motion, to pay the movant's reasonable expenses in connection with the motion, including attorneys' fees, and Mr. Sciara's counsel's also exposed to that sort of a liability.

When I've looked at all of the facts of this case carefully, and I have, under Federal Rule of Civil Procedure 7037(a)(5)(A), applicable here under Bankruptcy Rule 7037, Mr. Sciara and his counsel should be jointly and severally responsible for payment of Ms. Krohn's reasonable expenses incurred in filing this motion, including attorneys' fees. That's what the rule requires. The Court must grant them under the facts that are present here.

As a result, counsel for Ms. Krohn will file an itemized statement of attorneys' fees and expenses with the court on or before November 20th of 2025. Counsel for Mr. Sciara shall have through and including November 28th of 2025 to file any opposition or responsive papers. Counsel for

Ms. Krohn shall file any reply by December 5th of 2025, and the Court will hold a continued hearing as to the amount of reasonable expenses to be awarded to Ms. Krohn. I will do that on Monday, December 8th, 2025 at 9:30 a.m.

Is that a workable date and time? If you can confirm that December 8th, 2025 at 930 a.m. is a workable date and time, Ms. Rowa, I'd appreciate it. December 8th, 2025 at 9:30 a.m.

THE CLERK: At what time, Your Honor?

THE COURT: 9:30.

THE CLERK: Yes, that works.

THE COURT: All right. The discovery deadline in this case is also extended through and including January 16th, 2026, and the deadline for filing dispositive motions in this case is extended through and including Thursday, January 16th, 2026 as well.

The ruling as announced by the Court on the record here today will constitute the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, applicable in this adversary proceeding by operation of Federal Rule of Bankruptcy Procedure 7052.

That makes you the prevailing party, Ms. McPherson. Can you prepare an order that's consistent with what I've stated on the record here today, incorporates my findings and conclusions, and provides for the continued hearing on December

8th at 930 with the deadlines that I've stated on the record here today?

MS. MCPHERSON: Yes, I will. Thank you, Your Honor.

THE COURT: All right. Do you have the dates and everything else? Is there anything that you need me to clarify?

MS. MCPHERSON: I believe I have all the dates. Thank you.

THE COURT: All right. Very well. I'll look for the order then in the ordinary course, run it by counsel for Mr. Sciara, get it to me, and I'll get it on the docket as quickly as I can, and we'll circle back to the question of how much is a reasonable amount for expenses incurred in filing this motion on December 8th, 2025 at 9:30. Discovery deadline and deadline for dispositive motions continued till January 16th, 2026.

What did I manage to overlook on my three o'clock calendar this afternoon then, Ms. Rowa?

THE CLERK: Nothing, your honor.

THE COURT: All right. Seeing nothing further, we'll stand adjourned. Stay safe, stay healthy, Counsel. Have a good afternoon.

THE CLERK: Off record.

MS. MCPHERSON: Thank you.

(Proceedings concluded at 4:03 p.m.)

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Alicia J. Jarrett

______________________________

ALICIA JARRETT, AAERT NO. 428 DATE: November 14, 2025

ACCESS TRANSCRIPTS, LLC