**MWCN**
Peter B. Mortenson, Esq.
Nevada Bar No. 05725
**MORTENSON & RAFIE, LLP**
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph: 702-363-4190
Fx: 702-363-4107
Email: manager@nvlaw.us
*Attorney for Brian Sebastian Sciara*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.:   BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | Adv. Case No.: 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE, | **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT BRIAN SEBASTIAN SCIARA** |
| Plaintiff, | |
| v. | **HEARING REQUESTED** |
| BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022, | Time: OST Pending
Date: OST Pending |
| Defendants. | |

Peter B. Mortenson, Esq. ("Mortenson") of the law firm of MORTENSON AND

RAFIE. LLP, as attorney of record for Defendant BRIAN SEBASTIAN SCIARA

("Defendant") hereby submits his MOTION TO WITHDRAW AS COUNSEL OF RECORD

FOR DEFENDANT BRIAN SEBASTIAN SCIARA (the "Motion") pursuant to LR IA11-6(b)

due to: (i) a breakdown in communications on fundamental issues of the case; (ii) the fact that

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

Defendant has failed and neglected to provide adequate responses to written discovery propounded by Counsel for Plaintiff in this matter despite several requests and warnings from Mortenson; and (iii) this Court's order making Mortenson jointly and severally liable with Defendant to pay attorney's fees and expenses pursuant to Plaintiff's Motion to Compel discovery, which has resulted in a conflict of interest between Mortenson and Plaintiff.

## STATEMENT OF FACTS

A. Plaintiff's Failure to Provide Discovery

Plaintiff has propounded to Defendant written discovery in the form of Requests for Production of Documents and Interrogatories. Despite several requests and appropriate warnings from Mortenson to Defendant, Defendant has failed and neglected to provide adequate responses to Plaintiff's written discovery (See the attached Declaration of Peter B. Mortenson, Esq. as **Exhibit "1."**). As a result, Plaintiff filed a Motion to Compel Discovery.

B. The October 21, 2025 Hearing

On October 21, 2025, this Court heard Plaintiff's Motion to Compel Discovery against Defendant. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit "2"** (the "October Transcript"). As counsel for Defendant, Mortenson truthfully stated to the Court that "I have attempted everything I could to get the responses from my end, and I've always tried to be forthright with Ms. McPherson about those things." (See the October Transcript at lines 4-6 on the sixth page.) As counsel for Plaintiff, Ms. McPherson stated at the same hearing that "Well, your honor, . . . , I would like to say that Mr. Mortenson's always been very courteous and polite. And, . . . there's no concern with regard to his personal conduct. (See the October Transcript at lines 3-6 on the seventh page.) At the end of that

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

1 hearing, the Court stated that it would issue its oral ruling on the Motion to Compel on

2 November 10, 2025 (See the October Transcript at lines 6-12 on the eighth page.)

3    C. <u>The November 2025 Hearing</u>

4    At the next hearing on November 10, 2025, the Court ordered Defendant to supplement

5 his responses to the Request for Production of Documents and the Interrogatories propounded

6 by Plaintiff no later than November 20, 2025, and Mortenson has no control over the

7 documents or the ability to make the Defendant comply with the Court's order in the specified

8 time frame, namely this week on Thursday, November 20, 2025. The situation is exacerbated

9 by the fact that the Court ordered that Mortenson is jointly and severally liable for the

10 attorney's fees and costs requested by the Plaintiff without a specific finding that Mr.

11 Mortenson has been involved in any misconduct or has been a cause for any delay or

12 incompleteness in providing discovery to Plaintiff. A true and correct copy of the transcript of

13 the November 20, 2025, hearing is attached hereto as **Exhibit "3"** (the "November

14 Transcript"). The Judge ruled as follows:

15        So, I've considered the last sentence of Federal Rule of Civil Procedure
         37(a)(5)(A). I'm mindful that the Court must not order the payment of reasonable
16        expenses incurred by Ms. Krohn in making this motion, but I find that none of the
         circumstances that preclude or would prohibit such an award are present here. Ms.
17        Krohn, did, before filing the motion to compel, attempt in good faith to obtain the
         disclosure – or the discovery, I should say – the interrogatory answers and requests for
18        production of documents without court action. That's apparent from a simple review of
         the record. There isn't any evidence to suggest or support the argument that Mr.
19        Sciara's failure to respond to the interrogatories or requests for production of documents
         was substantially justified, nor are there circumstances here on this record that would
20        suggest or demonstrate that an award of expenses in favor of Ms. Krohn would be
         unjust. This is a situation where the "must" language in Federal Rule of Civil Procedure
21        37(a)(5)(A) really gives the Court a very straightforward directive. I must, after giving
         an opportunity to be heard, require Mr. Sciara, as the party whose conduct necessitated
22        this motion, to pay the movant's reasonable expenses in connection with the motion,
         including attorneys' fees and Mr. Sciara's counsel's also exposed to that sort of a
23        liability.

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

When I've looked at all the facts of this case carefully, and I have, under Federal Rule of Civil Procedure 7037(a)(5)(A), applicable here under Bankruptcy Rule 7037, Mr. Sciara and his counsel should be jointly and severally responsible for payment of Ms. Krohn's reasonable expenses incurred in filing this motion, including attorney's fees. That's what the rule requires. The Court must grant them under the facts that are present here.

As a result, counsel for Ms. Krohn will file an itemized statement of attorney's fees and expenses with the court on or before November 20th of 2025. Counsel for Mr. Sciara shall have through and including November 28th of 2025 to file any opposition or responsive papers. Counsel for Ms. Krohn shall file any reply by December 5th of 2025, and the Court will hold a continued hearing as to the amount of reasonable expenses to be awarded to Ms. Krohn. I will do that on Monday, December 8th, at 9:30 a.m. . . . .

All right. The discovery deadline in this case is also extended through and including January 16th, 2026 . . . .

D.  <u>The Resultant Conflict of Interest Necessitating the Withdrawal of Counsel Immediately</u>

The Order making Mortenson jointly and severally liable for the failures of Defendant has created an inherent conflict between Defendant and Mr. Mortenson, requiring that Mortenson and his law firm, Mortenson and Rafie, LLP, withdraw immediately to avoid any further orders which would expose them to liability or tarnish their hard-earned reputation in the legal community. There is further and significant concern that Mortenson could be held responsible for Defendant's failure to supplement the responses to the Interrogatories and Requests for Production of Documents by November 20, 2025. Mortenson has explained the urgency and importance of the supplementations to the responses as ordered by the Court, to date, November 19, 2025, Mortenson has not received any indication that the supplements will be done by November 20, 2025. Mr. Mortenson has no control over the information or documents yet is under the chilling effect of the Court's order that he might be held severally liable with Mr. Sciara for any further failures. This is simply untenable and not remediable at

this point. The breakdown and trust needed in the attorney/client relationship is profound and complete at this point.

## **BASIS FOR THE MOTION**

1. Nevada Supreme Court Rule 46(2) states in part:

   The attorney in an action of special proceeding may be changed at any time before a judgment or final determination as follows:
   1) Upon consent of attorney, approved by the client.
   2) Upon the order of the court of judge thereof on the application of the attorney of client.

2. Additionally, Nevada Rules of Professional Conduct 1.16 provides, in pertinent part:

   ***

   b) Except as stated in paragraph (3), a lawyer may withdraw from representing a client if:
   
   (1)    Withdrawal can be accomplished without material adverse effect on the interests of the client;

   ***

   (5)    The client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
   (6)    The representation will result in an unreasonable financial burden on the lawyer or has been rendered reasonably difficult by the client; or
   (7)    other good cause for withdrawal exists.

   In this case, the actions and inactions of Defendant which Mortenson cannot control despite repeated requests and appropriate warnings, coupled with the recent order of this Court that Mortenson is jointly and severally liable for attorney's fees and expenses arising from the Plaintiff's Motion to Compel Discovery, make it impossible and inappropriate for Mortenson or his law firm to continue representing the Defendant.

//

//

//

//

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

## **CONCLUSION**

For the reasons set forth herein, the instant Motion to withdraw as Counsel of Record should be granted.

DATED this  19  day of November.

MORTENSON & RAFIE, LLP

*/s/ Peter B. Mortenson*

_____

Peter B. Mortenson, Esq.
Nevada Bar No. 05725
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph:  (702) 363-4190
Fax: (702) 363-4107
E-mail: manager@nvlaw.us
*Attorney for Brian Sebastian Sciara*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of MORTENSON & RAFIE, LLP and that on this  19  day of November 2025, I caused the above and foregoing document *Motion to Withdraw as Counsel for Defendant Brian Sebastian Sciara* to be served as follows:

[ X ]   Pursuant to EDCR 8.05(a), EDCR 8.05(f), NRCP 5(b)(2)(D) and Administrative   Order 14-2 captioned "In the Administrative Matter of Mandatory Electronic Service in the Eighth Judicial District Court," by mandatory electronic service through the Eighth Judicial District Court's electronic filing system.

[  ]    By placing same to be deposited for mailing in the United States Mail, enclosed in a sealed envelope upon which first class postage prepaid in Las Vegas, Nevada.

[  ]    Pursuant to EDCR 7.26, to be sent via facsimile, by duly executed consent for service by electronic means.

[  ]    By hand delivery to the attorney listed below:

[  ]    To the address, email address, and/or facsimile number listed below:

Jeanette E. McPherson, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Ste. 700
Las Vegas, NV 89135

*/s/ Kevin Chan*
_____
An employee of MORTENSON & RAFIE, LLP

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

# EXHIBIT 1

Peter B. Mortenson, Esq.
Nevada Bar No. 05725
**MORTENSON & RAFIE, LLP**
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph: 702-363-4190
Fx: 702-363-4107
Email: manager@nvlaw.us
*Attorney for Brian Sebastian Sciara*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.:   BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | Adv. Case No.: 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE, | **DECLARATION OF PETER B. MORTENSEN, ESQ., IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT BRIAN SEBASTIAN SCIARA** |
| Plaintiff, | |
| v. | |
| BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022, | Time: OST Pending<br>Date: OST Pending |
| Defendants. | |

I, PETER B. MORTENSEN, ESQ., hereby declare under the penalty of perjury as follows:

1. I am an attorney duly licensed to practice in the State of Nevada with the law firm of MORTENSON & RAFIE, LLP, counsel for Defendant BRIAN SEBASTIAN SCIARA ("Defendant").

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

2. I make this Declaration in support of the *Motion to Withdraw as Counsel of Record for Defendant Brian Sebastian Sciara* (the "Motion"), and this Declaration is based on my personal knowledge.

3. Plaintiff has propounded to Defendant written discovery in the form of a Request for Production of Documents and Interrogatories. Despite numerous requests and appropriate warnings from me, Defendant has failed and neglected to provide adequate responses. I have no control over Defendant, nor do I have access to the requested documents or information to formulate answers.

4. On October 21, 2025, this Court heard the Plaintiff's Motion to Compel Discovery against Defendant. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit "1"** (the "October Transcript"). As counsel for Defendant, I truthfully stated to the Court that "I have attempted everything I could to get the responses from my end, and I've always tried to be forthright with Ms. McPherson about those things." (See the October Transcript at lines 4-6 on the sixth page.) As counsel for Plaintiff, Ms. McPherson stated at the same hearing that "Well, your honor, . . . , I would like to say that Mr. Mortenson's always been very courteous and polite. And . . . there's no concern with regard to his personal conduct. (See, the October Transcript at lines 3-6 on the seventh page.) At the end of that hearing, the Court stated that it would issue its oral ruling on the Motion to Compel on November 10, 2025. (See, the October Transcript at lines 6-12 on the eighth page.)

5. At the next hearing on November 10, 2025, the Court ordered the Defendant to supplement his responses to the Request for Production of Documents and the Interrogatories propounded by Plaintiff no later than November 20, 2025, and I have no

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

control over the documents or the ability to make Defendant comply with the Court's order in the specified time frame, namely this week on Thursday, November 20, 2025. The situation is exacerbated by the fact that the Court ordered that I am jointly and severally liable for the attorney's fees and costs requested by Plaintiff without a specific finding that I have been involved in any misconduct or has been a cause for any delay or incompleteness in providing discovery to Plaintiff. A true and correct copy of the transcript of the November 20, 2025, hearing is attached hereto as **Exhibit "2"** (the "November Transcript). The Judge ruled as follows:

So, I've considered the last sentence of Federal Rule of Civil Procedure 37(a)(5)(A). I'm mindful that the Court must not order the payment of reasonable expenses incurred by Ms. Krohn in making this motion, but I find that none of the circumstances that preclude or would prohibit such an award are present here. Ms. Krohn, did, before filing the motion to compel, attempt in good faith to obtain the disclosure – or the discovery, I should say – the interrogatory answers and requests for production of documents without court action. That's apparent from a simple review of the record. There isn't any evidence to suggest or support the argument that Mr. Sciara's failure to respond to the interrogatories or requests for production of documents was substantially justified, nor are there circumstances here on this record that would suggest or demonstrate that an award of expenses in favor of Ms. Krohn would be unjust. This is a situation where the "must" language in Federal Rule of Civil Procedure 37(a)(5)(A) really gives the Court a very straightforward directive. I must, after giving an opportunity to be heard, require Mr. Sciara, as the party whose conduct necessitated this motion, to pay the movant's reasonable expenses in connection with the motion, including attorneys' fees and Mr. Sciara's counsel's also exposed to that sort of a liability.

When I've looked at all the facts of this case carefully, and I have, under Federal Rule of Civil Procedure 7037(a)(5)(A), applicable here under Bankruptcy Rule 7037, Mr. Sciara and his counsel should be jointly and severally responsible for payment of Ms. Krohn's reasonable expenses incurred in filing this motion, including attorney's fees. That's what the rule requires. The Court must grant them under the facts that are present here.

As a result, counsel for Ms. Krohn will file an itemized statement of attorney's fees and expenses with the court on or before November 20th of 2025. Counsel for Mr. Sciara shall have through and including November 28th of 2025 to file any opposition or responsive papers. Counsel for Ms. Krohn shall file any reply by December 5th of 2025, and the Court will hold a continued hearing as to the amount of reasonable

expenses to be awarded to Ms. Krohn. I will do that on Monday, December 8th, at 9:30 a.m. . . . .

All right.  The discovery deadline in this case is also extended through and including January 16th, 2026 . . . .

6.  The Order making me jointly and severally liable for the failures of Defendant has created an inherent conflict between Defendant and me, requiring that I and my law firm, Mortenson and Rafie, LLP, withdraw immediately to avoid any further orders that would expose me and the law firm to liability or tarnish our hard-earned reputation in the legal community.  There is further and significant concern that I could be held responsible for Defendant's failure to supplement the responses to the Interrogatories and Requests for Production of Documents by November 20, 2025. I have explained the urgency and importance of the supplementations to the responses as ordered by the Court, to date, November 19, 2025, I have not received any indication that the supplements will be done by November 20, 2025. I have no control over the information or documents yet I am under the chilling effect of the Court's order that he might be held severally liable with Mr. Sciara for any further failures. This is simply untenable and not remediable at this point. The breakdown and trust needed in the attorney/client relationship is profound and complete at this point.

7.  For all these reasons, an expedited hearing is not only justified but necessary to prevent prejudice and ensure proper administration of the case and further abuse of the bankruptcy process.

//

//

//

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this  19  day of November.

*/s/ Peter B. Mortenson*

_____

PETER B. MORTENSON, ESQ.

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of MORTENSON & RAFIE, LLP and that on this  19  day of November 2025, I caused the above and foregoing document *Declaration of Peter B. Mortenson, Esq. in Support of Motion to Withdraw as Counsel of Record for Defendant Brian Sebastian Sciara* to be served as follows:

[ X ]   Pursuant to EDCR 8.05(a), EDCR 8.05(f), NRCP 5(b)(2)(D) and Administrative   Order 14-2 captioned "In the Administrative Matter of Mandatory Electronic Service in the Eighth Judicial District Court," by mandatory electronic service through the Eighth Judicial District Court's electronic filing system.

[   ]   By placing same to be deposited for mailing in the United States Mail, enclosed in a sealed envelope upon which first class postage prepaid in Las Vegas, Nevada.

[   ]   Pursuant to EDCR 7.26, to be sent via facsimile, by duly executed consent for service by electronic means.

[   ]   By hand delivery to the attorney listed below:

[   ]   To the address, email address, and/or facsimile number listed below:

Jeanette E. McPherson, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Ste. 700
Las Vegas, NV 89135

*/s/ Kevin Chan*
_____
An employee of MORTENSON & RAFIE, LLP

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

# EXHIBIT 1

```
                    UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA (LAS VEGAS)

                                        .
IN RE:                                  .  Case No. 23-13265-abl
                                        .  Chapter 7
BRIAN SEBASTIAN SCIARA,                 .
                                        .
                                        .
                 Debtor.                .
                                        .
. . . . . . . . . . . . . . . .         .
                                        .  Adv. No. 24-01121-abl
SHELLEY D. KROHN, Trustee,              .
                                        .
                 Plaintiff,             .
                                        .
v.                                      .
                                        .
BRIAN SEBASTIAN SCIARA,                 .  300 Las Vegas Blvd. S.
et al.,                                 .  Las Vegas, NV 89101
                                        .
                 Defendants.            .  Tuesday, October 21, 2025
. . . . . . . . . . . . . . . .         .  11:29 a.m.
```

      TRANSCRIPT OF DOC# 36 PLAINTIFF'S MOTION TO COMPEL AND TO
CONTINUE DISCOVERY AND RELATED DEADLINES, APPLICATION FILED BY
      JEANETTE E. MCPHERSON ON BEHALF OF SHELLEY D. KROHN
                BEFORE THE HONORABLE AUGUST B. LANDIS
                UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator:          Maribel Rowa, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com

      Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

TELEPHONIC APPEARANCES (Continued):

```
For the Plaintiff:        Fox Rothschild LLP
                          By:  JEANETTE MCPHERSON, ESQ.
                          1980 Festival Plaza Drive, Suite 700
                          Las Vegas, NV 89135
                          (702) 262-6899

For the Defendant:        Mortenson & Rafie, LLP
                          By:  PETER B. MORTENSON, ESQ.
                          10781 W. Twain Avenue
                          Las Vegas, NV 89135
                          (702) 363-4190
```

3

```
 1        (Proceedings commence at 11:29 a.m.)

 2            THE COURT:  Item number seven then on my TEN o'clock

 3   calendar is in the case of Krohn versus Sciara and others,

 4   Adversary Number 24-01121.  That arises in the Chapter 7

 5   bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number

 6   23-13265.  What I have here is a motion to compel and to

 7   continue discovery and related deadlines, ECF Number 36 in

 8   Krohn v. Sciara.  We'll start with appearances first for

 9   Plaintiff Krohn.

10            MS. MCPHERSON:  Good morning, Your Honor.  Jeanette

11   McPherson on behalf of the plaintiff, Shelley Krohn, trustee.

12            THE COURT:  Good morning, Ms. McPherson.

13            How about on the defense side of the V for Defendant

14   Sciara?

15            MR. MORTENSON:  Good morning, Your Honor.  Peter

16   Morton on behalf of the Defendant Brian Sciara.

17            THE COURT:  Any other appearances?  Going once,

18   twice.  All right, hearing none.

19            So what I have here is the motion to compel at ECF

20   Number 36 on behalf of the plaintiff, Trustee Krohn.  So that's

21   your client, Ms. McPherson.  What should I know about this

22   motion?

23            MS. MCPHERSON:  Your Honor, I'll try to be brief.

24   Essentially, the plaintiff issued written discovery to the

25   defendant, Sciara, including requests for admissions,
```

4

1   interrogatories, and request for production of documents.  The

2   responses were due on June 23rd of 2025.  We received the

3   responses to the requests for admissions timely, although they

4   were subsequently amended without authorization.  We did not

5   receive responses to the interrogatories or the requests for

6   production of documents.

7           There were several discussions regarding extensions

8   to respond, and those were provided.  And then deadlines

9   weren't met, and then additional extensions were given.

10  Ultimately the responses just weren't provided, and they

11  were -- they took -- (indiscernible) again asked without the

12  responses, and they were promised and they weren't forthcoming.

13  So on September 11th, this motion was filed.  Responses were

14  provided on September 23rd.

15          The reasons for the late responses were that the

16  debtors have personal problems and he was relying on others to

17  respond.  You know, I think it's unfortunate that this motion

18  has -- had to be filed to get the responses, and I think it's

19  questionable why, you know, they could be not provided once the

20  motion was filed.  So it's unclear how personal reasons played

21  a part in this.

22          And then with regard to needing responses from other

23  people, I think you can see from the examples in the reply that

24  responses really -- we don't consider these real responses, nor

25  was there a reliance on or waiting on documents.  You can see

 1  from the examples, the debtor hasn't provided or hasn't

 2  identified assets at the time, transfer was made.  Liabilities

 3  at the time, transfers were made.

 4          You know, we asked for bank statements for the period

 5  of August 1st of 2022 through the date of the petition, which

 6  covers, right, a prepetition period.  And, you know, the

 7  response was, please see the financial disclosures and other

 8  records filed by my attorney in the bankruptcy case.  So I

 9  don't think there was a need to wait for documents here.

10          And so, Your Honor, with that, you know, we're

11  concerned again that this motion had to be filed and that there

12  is a lack -- there has been a lack of compliance with the

13  rules.  The estate has had to undertake this -- these efforts

14  to get any kind of responses, incur fees, and there's been

15  delay in this proceeding.  And, of course, that's why we've

16  asked for our fees incurred in connection with this motion,

17  which, you know, we would have to produce and then an extension

18  of the discovery deadline and related deadlines.

19          That's it, Your Honor.  Thank you.

20          THE COURT:  All right.  So, Mr. Mortenson, I've read

21  the papers in opposition at ECF Number 41, as well as the reply

22  at ECF 42.  What say you on behalf of Defendant Sierra?

23          MR. MORTENSON:  Your Honor, I would say that most of

24  what Ms. McPherson says is accurate.  On behalf of my client, I

25  would simply state that he's been going through a really

6

1  difficult divorce, being in the home that they're going after,

2  trying to deny his homestead exemption, deny his discharge.  He

3  doesn't have funds to pay any of the attorneys, including me.

4  I have attempted everything I could to get the responses from

5  my end, and I've always tried to be forthright with

6  Ms. McPherson about those things.

7           The answers, there were a lot of documents and

8  answers that were provided that I think are responsive.

9  Looking back at a time frame and asking somebody, you know,

10 were you solvent, you know, what assets did you have, it simply

11 has been very difficult, evidently, for him to provide that

12 information to us so we can provide it to Jeanette and to the

13 trustee.

14          In the end, he has -- we're obviously -- never have

15 been, and we wouldn't be in opposition to extending any of the

16 deadlines.  We've always agreed to any extension, recognizing

17 the difficulties we're going through.

18          His deposition has been set for December 4th.

19 Their -- I don't know what their position is, but I think that

20 it's probably a good exercise for them to go forward and depose

21 him in person and get his responses, get some of those

22 responses that way.  I am not going to attempt to, you know,

23 present anything that's other than forthright with the Court.

24 So that's -- I guess that's our position, Your Honor.  Thank

25 you.

7

1            THE COURT:  Of course.

2            Rebuttal, Ms. McPherson?

3            MS. MCPHERSON:  Well, Your Honor, you know, I would

4    like to say Mr. Morton's always been -- Mortenson's always been

5    very courteous and polite.  And, you know, there's no concern

6    with regard to his personal conduct.

7            Our concern really is that this debtor is not

8    cooperating.  And, you know, this is a motion to compel.  This

9    isn't a motion regarding the, you know, the substance of his

10   responses at this point.  But there is a concern that there is

11   an ongoing desire to delay and increase the expense in this

12   matter.  And so for those reasons, Your Honor, we've chosen to

13   move forward with this motion and continue on with the requests

14   that are set forth in the motion --

15           THE COURT:  All right.

16           MS. MCPHERSON:  -- including the requests for

17   attorneys' fees and requests for a extended discovery deadline,

18   along with the related deadlines that go with that.

19           THE COURT:  Good enough.  Matter's submitted.

20   Records closed.

21           The Court -- I need to take a little bit closer look

22   at the facts, and I will issue an oral ruling.  I'll do that

23   subject to Ms. Rowa telling me this works.

24           November 10th at three o'clock, Ms. Rowa?

25           THE CLERK:  November 10th, we have our motion

1  calendar, Your Honor.

2            THE COURT:  At three o'clock in the afternoon?

3            THE CLERK:  Oh, I thought you said ten o'clock.

4  Three o'clock, yeah, that works.

5            THE COURT:  Okay, good enough.

6            Matter's submitted.  Records closed.  The Court will

7  issue its oral ruling on this motion to compel as it -- after

8  I've had the opportunity -- as I indicated, to look a little

9  bit more closely at the facts here, I will issue my oral ruling

10  on this motion to compel.  I'll do that on November 10th, 2025

11  at three o'clock p.m. unless that causes questions, issues, or

12  concerns for you, Ms. McPherson.

13            MS. MCPHERSON:  None.  Thank you, Your Honor.

14            THE COURT:  Mr. Mortenson.

15            MR. MORTENSON:  That's fine, Your Honor.  Thank you.

16            THE COURT:  All right.  Very well.  Continued for an

17  oral ruling on November 10th at three o'clock p.m.  Thank you

18  for your appearance this morning, Counsel.  It's helpful to the

19  Court.

20        (Proceedings concluded at 11:39 a.m.)

21                            *  *  *  *  *

22

23

24

25

1 **C E R T I F I C A T I O N**

2

3          I, Alicia Jarrett, court-approved transcriber, hereby

4 certify that the foregoing is a correct transcript from the

5 official electronic sound recording of the proceedings in the

6 above-entitled matter.

7

8

9

10 _____

11 ALICIA JARRETT, AAERT NO. 428     DATE: November 14, 2025

12 ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

```
                    UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF NEVADA (LAS VEGAS)

                                        .
IN RE:                                  .  Case No. 23-13265-abl
                                        .  Chapter 7
BRIAN SEBASTIAN SCIARA,                 .
                                        .
                                        .
                Debtor.                 .
                                        .
. . . . . . . . . . . . . . . .         .
                                        .  Adv. No. 24-01121-abl
SHELLEY D. KROHN, Trustee,              .
                                        .
                Plaintiff,              .
                                        .
v.                                      .
                                        .
BRIAN SEBASTIAN SCIARA,                 .  300 Las Vegas Blvd. S.
et al.,                                 .  Las Vegas, NV 89101
                                        .
                Defendants.             .  Monday, November 10, 2025
. . . . . . . . . . . . . . .           .  3:10 p.m.
```

     TRANSCRIPT OF DOC# 36 ORAL RULING RE: PLAINTIFF'S MOTION TO
       COMPEL AND TO CONTINUE DISCOVERY AND RELATED DEADLINES,
       APPLICATION FILED BY JEANETTE E. MCPHERSON ON BEHALF OF
                          SHELLEY D. KROHN
               BEFORE THE HONORABLE AUGUST B. LANDIS
               UNITED STATES BANKRUPTCY COURT JUDGE




APPEARANCES CONTINUED.

Audio Operator:          Maribel Rowa, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

APPEARANCES (Continued):


For the Plaintiff:       Fox Rothschild LLP
                         By:  JEANETTE MCPHERSON, ESQ.
                         1980 Festival Plaza Drive, Suite 700
                         Las Vegas, NV 89135
                         (702) 262-6899

For the Defendant:       Mortenson & Rafie, LLP
                         By:  PETER B. MORTENSON, ESQ.
                         10781 W. Twain Avenue
                         Las Vegas, NV 89135
                         (702) 363-4190

1          (Proceedings commence at 3:10 p.m.)

2              THE COURT:  It's the date and time for the Court's

3     oral ruling on plaintiff's motion to compel and to continue

4     discovery and related deadlines filed in the adversary

5     proceeding of Krohn v. Sciara and others, Adversary Number

6     24-01121.  That adversary proceeding arises in the Chapter 7

7     bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number 23-

8     13265.  We'll start with appearances first for the

9     plaintiff/trustee.

10             MS. MCPHERSON:  Good afternoon, Your Honor.  Jeanette

11    McPherson of Fox Rothschild on behalf of the trustee, Shelley

12    Krohn, plaintiff.

13             THE COURT:  All right, good afternoon, Ms. McPherson.

14             How about for Defendant Sciara?

15             MR. MORTENSON:  Yes, Your Honor.  Peter Mortenson on

16    behalf of Defendant Sciara.

17             THE COURT:  All right.  Any other appearances in

18    connection with the Court's oral ruling as it relates to this

19    motion to compel?  Going once.  Don't be shy if you're out

20    there.  Going twice.  Hearing none, good enough.  We'll dig

21    right in.

22             As I indicated, this is the date and time for the

23    Court's oral ruling on plaintiff's motion to compel and

24    continue discovery and related deadlines.  The motion that was

25    filed as to which today's oral ruling relates was filed in the

4

1  adversary proceeding of Shelley D. Krohn, Trustee, plaintiff v.

2  Brian Sebastian Sciara and Glenn H. Truitt, trustee of B.S.A.P.

3  Irrevocable Trust Dated September 16, 2022, defendants.  That's

4  Adversary Number 24-01121.  That adversary proceeding arises in

5  the Chapter 7 bankruptcy case filed by Brian Sebastian Sciara,

6  debtor, Chapter 7 Number 23-13265.

7          Appearances have been noted on the record.  The issue

8  before the Court, as best I can distill it, is this:  Whether,

9  under Federal Rule of Civil Procedure 37(a), applicable in this

10  adversary proceeding under Federal Rule of Bankruptcy Procedure

11  7037, the Court should issue an order compelling

12  Debtor/Defendant Brian Sebastian Sciara -- and when I say

13  Mr. Sciara today, that's who I'm talking about -- to respond

14  further to interrogatories and requests for production of

15  documents propounded to him by Plaintiff/Trustee Shelley D.

16  Krohn -- and when I say Ms. Krohn today, that's who I'm talking

17  about -- directing Mr. Sciara and/or his counsel to pay

18  Ms. Krohn's reasonable expenses incurred in filing the pending

19  motion to compel and also whether the Court should extend

20  discovery and dispositive motion deadlines in this adversary

21  proceeding.

22          In order to understand the Court's resolution of

23  those -- the issue, as I just summarized it, it's necessary to

24  consider the record that I looked at in resolving -- or in

25  preparing for today's oral ruling.  In preparation for this

5

1    oral ruling, the Court has reviewed the docket in this

2    adversary proceeding, Number 24-01121.  The Court takes

3    judicial notice of the papers comprising the docket in that

4    adversary proceeding.  I do that pursuant to and to the extent

5    permitted by Federal Rules of Evidence 201(b) and (c).  In

6    particular, the Court reviewed, and this is without limitation,

7    the following papers and the exhibits that are appended to

8    them.

9          I looked at Ms. Krohn's complaint for avoidance of

10    transfer under 11 U.S.C. Section 548 and 550, avoidance of

11    transfer under Sections 544 and 550, denial of exemption,

12    unjust enrichment, and denial of discharge under 11 U.S.C.

13    Sections 727(a)(2)(A) and (a)(4), as amended to date.  And when

14    I say the complaint, I'm talking about the complaint as

15    amended.  The complaint was originally filed on October 2nd,

16    2024, ECF 1.  It was amended on October 25th, 2024, ECF 6.

17          I looked at Mr. Sciara's answer to the complaint

18    filed November 19, 2024, ECF 10.  I noted the clerk's entry of

19    default against the other defendant, Glenn H.  Truitt, trustee

20    of the B.S.A.P. Irrevocable Trust Dated September 15th, 2022.

21    The clerk's entry of default was docketed on February 3rd of

22    2025, ECF 13.

23          I looked at the parties -- at the standard discovery

24    plan that was docketed on February 10th, 2025, ECF 15.

25          I looked at the order scheduling settlement and

6

1   status conferences in this adversary proceeding, setting

2   settlement for April 24th, 2025, at 9:30, with a follow-up

3   status on May 13th, 2025, at 10 a.m.  That order was docketed

4   on February 11th, 2025, ECF 17.

5           I looked at the parties' stipulation continuing the

6   scheduling and status conference hearings.  I'll call that the

7   first stipulation.  It continues the settlement conference to

8   June 12th, 2025 and the status conference to June 24th, 2025.

9   The first stipulation was docketed on April 10th, 2025, ECF 19.

10          I looked at my order approving the first stipulation,

11  followed the next day -- filed the next day, I should say --

12  April 11th, 2025, ECF Number 20.

13          I read the stipulation of the parties continuing the

14  scheduling and status conference hearings as amended.  I'll

15  call that the second stipulation.  It continued the settlement

16  conference to July 30th, 2025 and the status conference to

17  August 12th, 2025.  The stipulation as originally filed was on

18  -- filed on June 4th of 2025, ECF 22.  It was amended that same

19  day, June 4th -- I said 20, try again.  The second stipulation

20  was filed originally on June 4th, 2025, at ECF Number 22.  It

21  was amended that same day, June 4th of 2025, at ECF 23.  So if

22  you want to see the second stipulation as originally filed,

23  look on the docket on June 4th of 2025 at ECF 22 and as amended

24  that same day at ECF 23.

25          I looked at the Court's own order approving the

1 second stipulation.  That was docketed the very next day, June

2 5th, 2025, ECF 24.

3          I read the notices of deposition of Defendant Brian

4 Sciara and related notices of continuance of the deposition

5 from an original date of June 27th, 2025 at 10 a.m. to

6 September 12th of 2025, at 10 a.m.  The notices are various:

7 June 10th, 2025, ECF 27; June 25th, 2025, ECF 28; July 21st,

8 2025, ECF 29; and July 30th, 2025, ECF 30.

9          I looked at the stipulation to amend the discovery

10 plan to extend discovery and to set dispositive motion

11 deadline.  I'll call that the disclosure plan stipulation,

12 extending the deadline for completion of discovery to November

13 17th of 2025 and fixing the dispositive motion filing deadline

14 for November 3rd of 2025.  That stipulation filed on August 8th

15 of 2025, ECF 31.

16          I looked at my order approving that disclosure plan

17 stipulation.  That was -- that order was docketed on August

18 12th, 2025, ECF 32.

19          I looked then at the second notice of continued

20 deposition of Defendant Brian Sciara.  That was -- deposition

21 was set for October 24th of 2025, September 10, 2025 filing

22 date, ECF Number 35.

23          I read Ms. Krohn's motion to compel and to continue

24 discovery and related deadlines.  I'll call that the motion to

25 compel.  And that's the matter that pends before me here.  It's

1  filed on September 11th, 2025, ECF 36.

2            The motion to compel was accompanied by the

3  declaration of Jeanette E. McPherson in support of that motion

4  to compel.  Ms. McPherson's declaration filed the same day,

5  September 11th, 2025, ECF 37.

6            I read Mr. Sciara's opposition to the motion to

7  compel.  It wasn't accompanied by any admissible evidence or

8  even a declaration or affidavit or anything from Mr. Sciara.

9  When I say the opposition, that's what I'm talking about.  It's

10  filed on September 29th, 2025, ECF 41.

11            I read Ms. Krohn's reply in support of the motion to

12  compel filed on October 14, 2025, ECF 42.

13            The Court has also considered the arguments of

14  counsel for the parties presented at the October 21st, 2025

15  hearing on this contested motion to compel.  On the record

16  before it, as I just summarized it, the Court enters the

17  following as its findings of fact and conclusions of law.

18            We'll start with findings of fact.  The facts that

19  underpin today's oral ruling are comprised of the entire record

20  as I just summarized it on the record this afternoon.  The

21  following non-inclusive set of facts are particularly relevant

22  to the Court's analysis of this contested motion to compel.

23            On October 2nd of 2024, Ms. Krohn commenced this

24  adversary proceeding by filing and thereafter amending the

25  complaint, ECF Numbers 1 and 6.  Mr. Sciara filed his answer to

1  the complaint on November 19th of 2024, ECF Number 10.  On

2  February 10th of 2025, Ms. Krohn filed a standard discovery

3  plan proposing a discovery deadline of July 1st of 2025.

4          On May 23rd of 2025, Ms. Krohn emailed a request for

5  production of documents to counsel for Mr. Sciara.  Responses

6  to the request for production of documents were due for Mr.

7  Sciara by June 23rd of 2025 under the controlling provisions of

8  the Federal Rules of Civil Procedure, as applicable in this

9  adversary proceeding.  I also note that on May 23rd of 2025,

10  Ms. Krohn emailed interrogatories to counsel for Mr. Sciara.

11  Responses to the interrogatories were also due from Mr. Sciara

12  on June 23rd, 2025.

13          Last but not least, on May 23, 2025, Ms. Krohn

14  emailed requests for admissions to counsel for Mr. Sciara.

15  Responses to the request for admissions were due on June 23rd

16  of 2025.  Out of those three pieces of discovery requests from

17  Ms. Krohn to Mr. Sciara, only one was timely responded to, and

18  that's the motion -- or excuse me, the request for admissions.

19          On June 23rd, 2025, counsel for Mr. Sciara emailed

20  Mr. Sciara's responses to plaintiff's request for admissions to

21  counsel for Ms. Krohn.  The -- three days later, on June 26th,

22  2025, and without filing a motion seeking approval from this

23  Court to do so, counsel for Mr. Sciara emailed amended

24  responses to plaintiff's request for admissions to counsel for

25  Ms. Krohn.  The reason for doing it that way is simple.  If

1   there's an untimely response to requests for admissions under

2   the controlling provisions of the Federal Rule of Civil

3   Procedure, as applicable in this adversary proceeding, the

4   failure to timely respond means that the requests for

5   admissions are deemed admitted.  And so there was a response to

6   the request for admissions on June 23rd, modified and amended

7   on June 26th without court approval, but there was no timely

8   response either to the request for production of documents or

9   the interrogatories.

10          On August 8th of 2025, a stipulation to amend the

11  discovery planned to extend the discovery deadline and set

12  dispositive motion deadlines, ECF 31, was filed.  That extended

13  the discovery deadline to Monday, November 17th, 2025, and it

14  set the deadline for filing dispositive motions for Monday,

15  November 3rd, 2025.  And as I indicated previously, the Court

16  entered its order approving that stipulation on August 12th of

17  2025, ECF 32.

18          There isn't any question that the parties met and

19  conferred as it relates to the interrogatories and requests for

20  production of documents.  The information is detailed in the

21  reply, as well as in the motion.  There was an email dated June

22  23rd, 2025, from Kevin Chan at counsel for Mr. Sciara's office

23  requesting an extension to respond to Wednesday, June 25th,

24  2025.  It's attached to the motion as Exhibit 4.  There's an

25  email dated June 24th, 2025, from Ms. McPherson setting forth

1  an agreement to provide discovery responses by June 25th, 2025.

2  That's attached to the motion as Exhibit 5.  There's an email

3  dated the next day, June 25th, 2025, from Ms. McPherson setting

4  forth a further agreement to provide responses to the

5  interrogatories and requests for production of documents, this

6  time by June 27th, 2025.  That's attached to the motion as

7  Exhibit 6.

8           So, at this point in time, there's no question that

9  counsel for Ms. Krohn, on the one hand, and counsel for

10  Mr. Sciara, on the other, are working diligently to try to get

11  a time and a specific date by which Mr. Sciara might actually

12  provide responses to the interrogatories and requests for

13  production of documents.

14           That communication continued.  There's an email dated

15  July 3rd, 2025, from Ms. McPherson requesting responses to the

16  interrogatories and requests for production of documents on or

17  before July 8th, 2025, Motion Exhibit 7.  Mr. Mortenson,

18  counsel at -- counsel for Mr. Sciara, penned a letter dated

19  July 15th, 2025, requesting that responses to the

20  interrogatories and requests for production of documents be set

21  out at least three weeks, Exhibit Number 8.  Now be mindful

22  here, this letter is written July 15th of 2025.  The responses

23  were due initially on June 23rd of 2025, so there's a week in

24  June and two weeks in July have already elapsed, and there's a

25  request for three more weeks for Mr. Sciara to respond to the

1   interrogatories and requests for production of documents when

2   you look at Mr. Mortenson's letter, Exhibit 8 to the motion.

3           Ms. McPherson responded promptly via email, also on

4   July 15th, 2025, agreeing to the requested extension.  You can

5   see that by reference to the motion Exhibit 9.  So again,

6   counsel for the parties working diligently to try to find a

7   date by which the response -- Mr. Sciara would respond to the

8   request for production of documents and the interrogatories

9   through July 15th -- as of July 15th of 2025.

10          Fast forward to August 29th of 2025, there's an email

11  from Ms. McPherson that states since the responses hadn't been

12  provided to the interrogatories and requests for production of

13  documents, the motion to compel would be filed.  It's attached

14  to the motion as Exhibit Number 10.  There's an email dated

15  August 29th, 2025, from Mr. Mortenson, counsel for Mr. Sciara,

16  providing that responses would be sent to counsel for Ms. Krohn

17  by Tuesday, September 2nd, 2025, Motion Exhibit 11.

18          On September 11th, 2025, having not received the

19  responses to the request for production of documents or

20  interrogatories, that's when the trustee filed the pending

21  motion.  The motion was filed simply because plaintiff had not

22  received responses to the interrogatories or requests for

23  production of documents despite continuing dialogue and

24  multiple extensions having previously been requested,

25  statements that they would be provided, they simply weren't.

1          It wasn't until September 23rd of 2025, which is well

2     after the motion that pends before me here, was filed -- again,

3     when you look at the timeline, the motion to compel here was

4     filed September 11, 2025, ECF 36.  Almost two full weeks later,

5     at that point, Mr. Sciara provided some responses to

6     interrogatories and requests for production of documents, which

7     the trustee suggests are less than complete in terms of their

8     scope.

9          Those are the facts as it relates to this motion to

10    compel, and again, it's a contested motion to compel.  The

11    parties aren't surprised by anything that I've said on the

12    record here today, but on the facts as I just summarized them,

13    I'll now move forward to the findings of fact and conclusions

14    of law in connection with today's oral ruling.  We'll start

15    with jurisdiction, venue, and core proceedings.

16         Court has jurisdiction over Mr. Sciara's Chapter 7

17    bankruptcy case, Number 23-12365.  That's true under 28 U.S.C.

18    Section 1334(a), 157(a), and Local Rule 1001(b)(1).   The

19    Court has jurisdiction over this adversary proceeding in which

20    the motion to compel pends, Adversary Number 24-01121.  That

21    jurisdiction over that adversary proceeding exists under 28

22    U.S.C. Section 1334(b), 157(a), and Local Rule 1001(b)(1).

23         Venue of Mr. Sciara's Chapter 7 bankruptcy case is

24    appropriate here in Nevada, 28 U.S.C. Section 1408(1).  Venue

25    of this adversary proceeding is appropriate in the District of

14

1   Nevada, as well.  That's true under 28 U.S.C. Section 1409(a).

2           The Court is satisfied here that the contested motion

3   to compel that I'm asked to resolve through today's oral ruling

4   is indeed a core proceeding.  Under 28 U.S.C. Section

5   157(b)(3), "The bankruptcy judge shall determine on the judge's

6   own motion, or on timely motion of a party, whether a

7   proceeding is a core proceeding under this subsection or is a

8   proceeding that is otherwise related to a case under Title 11.

9   A determination that a proceeding is not a core proceeding

10  shall not be made solely on the basis that its resolution may

11  be affected by state law."

12          Pursuant to Local Rule 9014.2(c), "The court may sua

13  sponte determine and enter an order on whether a proceeding is

14  a core proceeding not subject to entry of final orders or

15  judgment by the bankruptcy court unless the district court

16  withdraws the reference first."

17          So as required by 28 U.S.C. Section 157(b)(3),

18  contemplated by Local Rule 9014.2(c), and on its own motion,

19  the Court determines and holds that the issues raised by this

20  contested motion to compel present both statutorily and

21  constitutionally core proceedings.  See Marshall v. Stern (In

22  re Marshall), 600 F.3d 1037, 1055-6 (9th Cir. 2010), where the

23  circuit noted, "We agree with Pierce Marshall that our case law

24  presents a two-step approach.  A bankruptcy judge may only

25  determine a claim that meets Congress's definition of a core

1  proceeding and arises under or arises in Title 11."  Affirmed

2  under the name Stern v. Marshall, 564 U.S. 462 (2011).  See

3  also and generally 28 U.S.C. Sections 157(b)(1), (b)(2), and

4  (c)(1).

5         Specifically, and for avoidance of any doubt, the

6  Court concludes first that the issues that are raised by this

7  contested motion to compel, joined by the opposition, and that

8  are the subject of the reply are all statutorily core

9  proceedings under 28 U.S.C. Sections 157(b)(2)(A) and (O).  The

10  Court separately, and second, concludes and finds that the

11  issues raised by this motion to compel joined by the opposition

12  and that are the subject of the reply are constitutionally core

13  proceedings because they arise in Mr. Sciara's Chapter 7

14  bankruptcy case.  See Certain Underwriters at Lloyds v. GACN,

15  Inc. (In re GACN, Inc.), 555 B.R. 684, 692-93 (9th Cir. B.A.P.

16  2016), as to which a subsequent appeal to the 9th Circuit was

17  dismissed, 2017 WL 4513499.  Dismissal of the appeal to the

18  Ninth Circuit occurred on May 10th of 2017.

19         The Bankruptcy Appellate Panel in the GACN, Inc. case

20  noted that the terms "arising under Title 11" and "arising in a

21  case under Title 11" are terms of art which the courts have

22  defined.  A proceeding arises under Title 11 if it presents

23  claims for relief created or controlled by Title 11.  In

24  contrast, the claims for relief in a proceeding arising in a

25  Title 11 case are not explicitly created or controlled by Title

1  11, but such claims nonetheless would have no existence outside

2  of a bankruptcy case.  Citing Wilshire Courtyard v. California

3  Franchise Tax Board (In re Wilshire Courtyard), 729 F.3d 1279,

4  1285 (9th Cir. 2013).

5         Here, as I indicated, this disputed motion to compel,

6  contested motion to compel, arises in the bankruptcy case of

7  Mr. Sciara.  When you look at the definition of "arising in,"

8  you will see that a motion to compel like this one is not

9  explicitly created or controlled by Title 11.  Instead, it's

10 created and controlled by the Federal Rules of Civil Procedure

11 and the Federal Rules of Bankruptcy Procedure, which

12 incorporate into adversary proceedings like this the Federal

13 Rules of Civil Procedure, at least as it relates to this

14 discovery dispute.

15        The disputed claim of the trustee for sanctions,

16 effectively, in connection with this contested motion to compel

17 would not have any existence outside of a bankruptcy case

18 because in the absence of Mr. Sciara's Chapter 7 bankruptcy

19 case, Ms. Krohn never would have been appointed and would not

20 be responsible for the administration of Mr. Sciara's

21 bankruptcy case.  So this contested motion to compel is a

22 matter that arises in Mr. Sciara's Chapter 7 bankruptcy case

23 and the adversary proceeding in which the motion was fought.

24        With respect to the remaining conclusions of law, the

25 Court turns next to the rules and legal standards that govern

1   motions to compel like this one.  In particular, Federal Rule

2   of Bankruptcy Procedure 7037 reads like this.  It's titled,

3   Failure to Make Disclosures or to Cooperate in Discovery;

4   Sanctions, and it reads in its entirety, quote:

5          "Federal Rule of Civil Procedure 37 applies in an

6   adversary proceeding," closed quote.  So plainly, under the

7   language of Federal Rule of Bankruptcy Procedure 7037, Civil

8   Rule 37 applies in the adversary proceeding as between

9   Ms. Krohn, on the one hand, and Mr. Sciara, on the other.

10          Turning then to Federal Rule of Civil Procedure 37,

11   it is titled, Failure to Make Disclosures or to Cooperate in

12   Discovery; Sanctions.  Section (a) is titled Motion for an

13   Order Compelling Discovery or Disclosure.  Paragraph (1) says,

14   "In general.  On notice to other parties and all affected

15   persons, a party may move for an order compelling disclosure or

16   discovery.  The motion must include a certification that the

17   movement has, in good faith, conferred or attempted to confer

18   with the person or party failing to make disclosure or

19   discovery in an effort to obtain it without court action."

20          And for clarity and avoidance of doubt, this is a

21   motion that relates to a party failing to make discovery.

22   That's the issue, and it's Mr. Sciara's failure to respond

23   completely and fully to the -- Ms. Krohn's request for

24   production of documents and interrogatories that's the

25   predicate for the motion.  So this is a discovery motion as

1    opposed to a motion as it relates to disclosures.

2          Paragraph (2), the Appropriate Court.  "A motion for

3    an order to a party must be made in the court where the action

4    is pending.  A motion for an order to a non-party must be made

5    in the court where the discovery is or will be taken."

6          Here, it's a dispute between the parties, Ms. Krohn,

7    as trustee/plaintiff on the one hand, and Mr. Sciara, as the

8    debtor/defendant on the other.  As a result, the motion had to

9    be filed in this court because that's where this adversary is

10   proceed -- pending, and that is the situation here.  The motion

11   is properly before me.

12         Third, Specific Motions, and if you go to

13   Subparagraph (B), To Compel a Discovery Response is the title.

14   It says, "A party seeking discovery may move for an order

15   compelling an answer, designation, production, or inspection.

16   This motion may be made if: (i) a deponent fails to answer a

17   question asked under Rule 30 or 31" -- not relevant here --

18   "(ii) a corporation or other entity fails to make a designation

19   under Rule 30(b)(6) or 31(a)(4)" -- not relevant here -- "(iii)

20   a party fails to answer an interrogatory submitted under Rule

21   33" -- exactly the situation here -- and "(iv) a party fails to

22   produce documents or fails to respond that inspection will be

23   permitted -- or fails to permit inspection -- as requested

24   under Rule 34," again the situation here.

25         Now, the Court's mindful that the responses, some

1   responses at least, were submitted by Mr. Sciara to the

2   trustee, but only after the motion that's pending before me

3   here was filed, save and except for -- to the responses to the

4   request for admissions that I referenced previously.  This

5   motion relates to Mr. Sciara's failure to answer

6   interrogatories submitted under Rule 33 or produce documents

7   under Rule 34.  Federal Rule of Civil Procedure 37(a)(4) reads

8   Evasive or Incomplete Disclosure, Answer, or Response.

9           "For purposes of this Subdivision (a), an evasive or

10          incomplete disclosure, answer, or response must be

11          treated as a failure to disclose, answer, or

12          respond."

13          Importantly here is Paragraph 5, Federal Rule of

14   Civil Procedure 37(a)(5) is titled Payment of Expenses;

15   Protective Orders.  Subsection (A) -- Subparagraph (A), I

16   should say -- reads "If the Motion is Granted (or Disclosure or

17   Discovery is Provided After Filing)."  It reads this way:  "If

18   the motion is granted -- or if the disclosure or requested

19   discovery is provided after the motion was filed -- the court

20   must" -- the Court must, I don't have discretion -- "after

21   giving an opportunity to be heard, require the party or

22   deponent whose conduct necessitated the motion, the party or

23   attorney advising that conduct, or both, to pay the movant's

24   reasonable expenses incurred in making the motion, including

25   attorneys' fees.  But the court must not order this payment if:

20

1    (i) the movant filed the motion before attempting in good faith

2    to obtain the disclosure or discovery without court action;

3    (ii) the opposing party's nondisclosure, response, or objection

4    was substantially justified; or (iii) other circumstances make

5    an award of expenses unjust."

6            So that's the rule that's at issue in connection with

7    this contested motion to compel.

8            As the parties know, a motion to compel discovery is

9    an enforcement mechanism.  It's used when someone fails to

10   comply with discovery requests.  In a state court context,

11   Okada v. Eighth Judicial District Court, in and for Clark

12   County, 134 Nev. 6, 12; 408 P.3d 566, 571 (Nev. 2018).

13   External citations are contained, but I'm not going to discuss

14   them here.

15           Discovery is limited to any non-privileged relevant

16   matter.  Federal Rule of Civil Procedure 26(b)(1).  In

17   addition, Federal Rule of Civil Procedure 26(b)(1) provides

18   that for information to be discoverable, it must be

19   proportional to the needs of the case.

20           The party filing a motion to seeking to compel

21   discovery must comply with the meet and confer requirements

22   under Federal Rule of Civil Procedure 37.  See Federal Rule of

23   Civil Procedure 37(a)(1).

24           Under Rule 37(a)(1), the party bringing the motion to

25   compel, here it's Ms. Krohn as the trustee/plaintiff, must

1  include a certification that the movant has in good faith

2  conferred or attempted to confer with the person or party

3  failing to make disclosure or discovery in an effort to obtain

4  it without court action.  Colvin v. AHP Realty, 2020 WL 5517655

5  at *1 (D. Nev. Sep. 11, 2020), quoting Federal Rule of Civil

6  Procedure 37(a)(1).

7        Generally, a failure to comply with Federal Rule of

8  Civil Procedure 37 results in a denial of a discovery motion.

9  Liguori v. Hansen, 2012 WL 760747 at *11 (D. Nev. Mar. 6,

10  2012).

11        Under Federal Rule of Civil Procedure 33, 34, and 36,

12  a party served with request for admissions, interrogatories,

13  and/or request for production of documents has 30 days after

14  service to respond in writing.  Federal Rule of Civil Procedure

15  33(b)(2) and Federal Rule of Civil Procedure 34(b)(2)(A).

16        A party opposing discovery bears the burden of

17  showing that the discovery at dispute is, among other things,

18  not relevant, is overly broad, or is unduly burdensome.

19  Caballero v. Bodega Latina Corporation, 2017 WL 3174931 at *3

20  (D. Nev. Jul. 25, 2017).

21        To meet that burden, the party opposing discovery --

22  here, Mr. Sciara -- must specifically detail the reasons why

23  each request is irrelevant.  V5 Technologies v. Switch Limited,

24  334 F.R.D. 306, 310 (D. Nev. 2019), affirmed under the name V5

25  Technologies LLC v. Switch Limited, 2020 WL 1042515 (D. Nev.

1    Mar. 3, 2020).

2            So how to analyze this contested motion to compel

3    under the controlling legal standards?  I'll start with the

4    question of whether or not the plaintiff, Ms. Krohn, satisfied

5    the meet and confer requirements under Federal Rule of Civil

6    Procedure 37.  In accordance with Federal Rule of Civil

7    Procedure 37, the party filing a motion to compel discovery

8    must include in that motion a certification that the movant

9    has, in good faith, conferred or attempted to confer.

10            Federal Rules of Civil Procedure 37(a)(1), courts in

11    the Ninth Circuit have construed this as requiring two prongs

12    to be satisfied.  First, the actual certification requirement

13    must be met; and second, the moving party must actually confer

14    or attempt to confer in good faith.  Liguori v. Hansen, 2012 WL

15    760747 at *10 (D. Nev. Mar. 6, 2012).

16            While the certification document itself does not seem

17    to be in dispute here, the Court will note that the

18    certification requirement is met when counsel for the moving

19    party provides a certification, quote, "which accurately and

20    specifically conveys to the court who, where, how, and when the

21    respective parties attempted to personally resolve the

22    discovery dispute."  Liguori v. Hansen at *10, quoting Shuffle

23    Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D.

24    Nev. 1996).

25            Here, plaintiff has satisfied the first analytical

1   prong under Federal Rule of Civil Procedure 37 via the

2   declaration of Jeanette E. McPherson in support of the motion

3   to compel, ECF 37.  And that declaration details the specific

4   dates and attempts made to resolve the discovery dispute that

5   underpins this motion to compel.  And again, it's specific --

6   the motion to compel is specific to Mr. Sciara's failure to

7   timely file answers to interrogatories and requests for

8   admission.  That's it and that's all -- or, excuse me, this

9   motion is specifically directed only and -- solely and

10  exclusively to the interrogatories and the request for

11  production of documents.  That's what's at issue here.

12          The second analytical prong under Federal Rule of

13  Civil Procedure 37, conferment in good faith, is satisfied when

14  the moving party either actually confers or attempts to confer

15  in good faith with the non-moving party.  Liguori v. Hansen at

16  *10.

17          To satisfy that requirement, the moving party must

18  move beyond cursory statements and must adequately set forth in

19  the motion essential facts sufficient to enable the Court to

20  pass a preliminary judgment on the adequacy and sincerity of

21  the good faith conferment requirement between the parties.

22  Liguori v. Hansen again, 2012 WL 760747 at *10 (D. Nev. Mar. 6,

23  2012), quoting the Shuffle Master case, 170 F.R.D. 171 (D. Nev.

24  1996).

25          The court in Liguori observed that a good faith

24

1  attempt requires a genuine attempt to resolve the discovery

2  dispute through non-judicial means.  And the court in Shuffle

3  Master further detailed good faith is honesty in one's purpose

4  to meaningfully discuss the discovery dispute, freedom from

5  intention to defraud or abuse the discovery process, and

6  faithfulness to one's obligation to secure information without

7  court action.  Shuffle Master Inc. v. Progressive Games Inc.,

8  170 F.R.D. 166, 171 (D. Nev. 1996), referencing Black's Law

9  Dictionary at 624, 5th edition, all the way back to 1979.

10          The act of conferment itself can be satisfied in

11  several ways, such as through an in-person meeting or via a

12  telephonic conference.  Email works as well.  See Foley

13  versus -- I've always wondered how to say this name, A-R-O-S-T-

14  E-G-U-I, Arostegui, perhaps, 2019 WL 4723756 at *3 (D. Nev.

15  Sep. 25, 2019); reconsideration denied 2020 WL 5653672 (D. Nev.

16  Sep. 23, 2020).

17          The district court in the Foley case noted this

18  requirement is satisfied via an in-person meeting, telephonic

19  conference, or video conference.  See also Pajarillo v.

20  Countrywide Home Loans, 2009 WL 10659167 at *1 (D. Nev. Aug. 6,

21  2009), where the court noted the parties must confer or attempt

22  to confer in person or via telephone conference by way of

23  example.

24          Plaintiff's certification document here, the

25  declaration of Ms. McPherson in support of the motion to

1    compel, ECF Number 34, demonstrates genuine attempts to resolve

2    the discovery dispute herein by non-judicial means.  There

3    isn't any real argument to the contrary from the opposition to

4    the motion to compel.  So the Court concludes that Ms. Krohn

5    has shown by a preponderance of the evidence that she satisfied

6    the meet and confer requirements under Federal Rule of Civil

7    Procedure 37 prior to filing the pending motion to compel.

8              Next, the Court finds that plaintiff's discovery

9    requests are not overly broad or unduly burdensome.  In

10   accordance with Federal Rule of Civil Procedure 26,

11   discoverable information is limited to any non-privileged

12   information that is relevant to any party's claim or defense

13   and is proportional to the needs of the case.  Federal Rule of

14   Civil Procedure 26(b)(1).  See also Caballero v. Bodega Latina

15   Corporation, 2017 WL 3174931 at *1 (D. Nev. Jul. 26, 2017).

16             Mr. Sciara, as the party opposing the discovery here,

17   bears the burden of showing that the discovery in dispute is

18   not relevant, is overbroad, or is unduly burdensome.  Again,

19   the Caballero case, 2017 WL 3174931 at *3.

20             To satisfy that burden, Mr. Sciara, as the opposing

21   party, has to specifically detail the reasons why each request

22   is irrelevant.  V5 Technologies v. Switch Limited, 334 F.R.D.

23   306, 310 (D. Nev. 2019); Again, affirmed under the name V5

24   Technologies LLC v. Switch Limited, 2020 WL 1042515.

25             To determine whether a discovery is proportional to

1    the needs of the case, the Court's required to examine the

2    information requested here in the interrogatories and in the

3    request for production of documents in light of six factors:

4    First, the importance of the issues at stake in the action;

5    second, the amount in controversy; third, the parties' relative

6    access to relevant information; fourth, the party's resources;

7    fifth, the importance of the discovery in resolving the issues;

8    and sixth, whether the burden or expense of the proposed

9    discovery outweighs its likely benefit.  Caballero v. Bodega

10   Latina Corporation, 2017 WL 3174931 at *2.  There, the district

11   court was citing Federal Rules of Civil Procedure 26(b)(1).

12           So walking quickly through those factors, here, the

13   interrogatories and requests for production are important to

14   the issues that are at stake in this action.  And again, the

15   matters that are pending before me here are substantive ones.

16   Avoidance of transfers under Section 548 and 550 is a

17   fraudulent conveyance and a recovery of it for the benefit of

18   the estate.  Avoidance of a transfer under Section 544, the

19   trustee's strong arm powers and recovery for the benefit of the

20   estate under Section 550.  Importantly to Mr. Sciara, denial of

21   an exemption request, unjust enrichment, and then denial of

22   discharge.  I can't think of anything more significant and more

23   important in terms of the bankruptcy case that's pending before

24   me that underpins this adversary proceeding than the denial or

25   grant of a bankruptcy discharge.  And here, the discharge is

1  challenged under Section 727(a)(2)(A) and (a)(4).  So, when I

2  look at the importance of the issues at stake in the action

3  that are the subject of the discovery requests, that's a

4  significant issue.  And the discovery sought here is plainly

5  proportional to those issues.

6          Second is the amount in controversy.  It's not so

7  much the amount in controversy, although the transfers are

8  significant transfers, as much as it is the, in this Court's

9  view, the discharge objections.  There's a lot of money at --

10 there is a fair amount of money at stake in the action.  There

11 is a question as to whether or not the debtor ought to receive

12 a discharge.  That amount in controversy and that significant

13 issue is enough to lend significance to the need of the trustee

14 in this voluntary bankruptcy case to suss out the actual facts

15 in determining whether the amount in controversy can or ought

16 to be recovered and whether or not the debtor is entitled to a

17 discharge.  Second factor shows that the discovery sought by

18 the trustee through the interrogatories and request for

19 production of documents is proportional to the needs of the

20 case.

21          Third, the party's relative access to relevant

22 information.  Well, Mr. Sciara would say, and has said, that

23 some of the information that was sought by the trustee was hard

24 to get or it was -- he was having other challenges and couldn't

25 get the information.  But the fact of the matter is relative

1    access to the information sought by the trustee is directly in

2    Mr. Sciara's control.  The trustee, as administering the

3    Chapter 7 bankruptcy estate, requires Mr. Sciara to cooperate

4    in providing that information, and it is relevant not only to

5    the administration of the bankruptcy estate generally but in

6    specifics as it relates to this adversary proceeding to the

7    resolution of the issues I've identified previously.

8    Mr. Sciara's access to the relevant information is far greater

9    than that the trustee had available.  This isn't a situation

10   where the trustee could simply go and subpoena a bank for -- a

11   bank statement, for example.  Mr. Sciara has access to the

12   information that the trustee needs.  That's a factor that

13   weighs in favor of finding the trustee's discovery requests in

14   the form of interrogatories and requests for production of

15   documents is proportional to the needs of the case.

16          Next is the parties' resources.  Well, the --

17   Mr. Sciara is a Chapter 7 bankrupt debtor, but the Chapter 7

18   trustee is responsible for administering a difficult and

19   potentially at least modest bankruptcy estate.  Neither party

20   has a strong arm as it relates to resources in this case.  The

21   fourth factor is either neutral in the calculus or weighs at

22   least slightly in favor of a finding that the trustee's

23   discovery requests are proportional to the needs of this case,

24   this adversary proceeding.

25          Fifth, the importance of the discovery in resolving

1    these issues.  If Mr. Sciara would provide the trustee with the

2    requested discovery, it would go a long ways towards the

3    trustee's ability to determine whether to pursue some, all, or

4    none of the causes of action that are detailed in the complaint

5    as amended.  The fifth factor shows that the trustee's selected

6    discovery requests in the form of interrogatories and requests

7    for production of documents is important to the trustee's

8    ability to analyze and dispose of the issues that are raised

9    through the complaint.  The fifth factor weighs in favor of a

10   finding that the trustee's discovery requests here are

11   proportional to the needs of the case.

12          And last, whether the burden or expense of the

13   proposed discovery outweighs its benefit, I'm simply going to

14   say it does not.  The trustee's discovery responses generally

15   are not only proportional to the needs of the case, but there

16   has been no showing on this record that the discovery requests

17   are in any way irrelevant, overly broad, or unduly burdensome.

18   Mr. Sciara has made no showing in that regard.  The sixth

19   factor weighs in favor of a finding that the trustee's

20   discovery, which is the subject of this dispute, is

21   proportional to the needs of the case.

22          When the totality of the circumstances in this

23   adversary proceeding are considered with no single fact or

24   factor controlling the calculus, the Court finds that the

25   preponderance of the evidence established both that Ms. Krohn's

30

 1   pending discovery requests in the form of requests for
 2   production of documents and interrogatories satisfy the
 3   proportionality requirement under Federal Rule of Civil
 4   Procedure 26 and that responding to those discovery requests
 5   does not subject Mr. Sciara to any undue burden.  There really
 6   isn't any issue as to whether or not Mr. Sciara is in a
 7   position to provide the discovery responses.  What's really at
 8   issue in connection with this case is he simply is delayed and
 9   has delayed in connection with the providing of responses to
10   the trustee's request for production of documents and
11   interrogatories.  I've considered his reasons why it was hard
12   for him to timely respond to the requests for production and
13   interrogatories, but given the magnitude of the issues that are
14   the subject of this adversary proceeding, I find that they ring
15   hollow.  I also find that there was a long time passed as the
16   trustee tried to give additional time to Mr. Sciara to allow
17   him to get the discovery responses to the trustee, and he
18   simply failed to do so.  It wasn't until after multiple
19   extensions had been granted by the trustee to provide discovery
20   responses, multiple promises that those discovery responses in
21   the form of interrogatory answers and requests for production
22   of documents would be provided and then weren't, and then there
23   was a heads up that the motion was going to be filed.
24          You know, really, in this particular circumstance,
25   and when you look at all of the facts of this case,

1  Mr. Sciara's arguments that, you know, it was hard for him to

2  file or to prepare the required responses is short of the mark

3  by a lot.  It simply doesn't hold water from the Court's

4  perspective in the context of a motion to compel.  The Court

5  therefore finds that the trustee has carried her burden of

6  demonstrating that the motion to compel ought to and should be

7  and will be sustained, and so the Court will grant Ms. Krohn's

8  motion to compel.  Mr. Sciara shall serve supplemental and

9  complete responses to Ms. Krohn's interrogatories, as well as

10 complete responses to Ms. Krohn's request for production of

11 documents.  He will do so on or before November 20th of 2025.

12         The motion to compel also seeks an award in

13 connection with the reasonable expenses incurred in filing this

14 motion.  In determining whether or not to grant the trustee's

15 request to be awarded reasonable expenses that were incurred in

16 filing this motion, the Court turns again to the rule, Federal

17 Rule of Civil Procedure 37(a)(5), Payment of Expenses and

18 Protective Orders, Subparagraph (A), If the Motion is Granted,

19 and it is, or Discovery is Provided After Filing, and it was.

20 "If the motion is granted" -- and it was -- "or the disclosure

21 or request of discovery is provided after the motion was filed"

22 -- and it was -- "the court must" -- and that word has meaning,

23 takes away the Court's discretion in this context, except for

24 as the rule provides subsequently, "the court must, after

25 giving an opportunity to be heard" -- and I've heard the

32

1    parties' arguments before today's oral ruling -- "require the

2    party or deponent whose conduct necessitated the information"

3    -- that's Mr. Sciara -- "the party or attorney advising that

4    conduct" -- which is counsel for Mr. Sciara -- "or both to pay

5    the movant's reasonable expenses incurred in making the motion,

6    including attorneys' fees.  But the Court must not order this

7    payment if:  (i) the movant filed the motion before attempting

8    in good faith to obtain the disclosure or discovery without

9    court action."  That is not the situation here.  Ms. Krohn

10   filed the motion after attempting in good faith to obtain the

11   disclosure or discovery without court action.  The record on

12   that is legion.

13            Second, "the opposing party's nondisclosure response

14   or objection was substantially justified."  I find that there's

15   been no showing by way of admissible evidence that the failure

16   to provide responses to the interrogatories or request for

17   production of documents was substantially justified.  The

18   opposition isn't even supported by a declaration from Mr.

19   Sciara saying why he was unable to provide the required

20   responses to the interrogatories and requests for production.

21   It just simply says that, in counsel's view, it was hard for

22   Mr. Sciara to respond.  That is not enough to demonstrate that

23   Mr. Sciara's nondisclosure response or objection was

24   substantially justified.  It simply isn't enough on this record

25   to establish that.

1          Or third, "other circumstances make an award of

2    expenses unjust." They don't.  This is a simple case.  This is

3    a situation where, after multiple efforts by the trustee to

4    obtain discovery responses, cooperative efforts by the trustee

5    to extend the deadline on repeated occasions, efforts by the

6    trustee to get responses before filing the motion to compel.

7    The fact of the matter is that when you look at all of the

8    facts of the case, as I've summarized them, the circumstances

9    that are present here do not make an award of expenses unjust.

10   To the contrary, an award of expenses is appropriate when

11   there's this sort of dilatory conduct in connection with

12   response to straightforward, important discovery requests from

13   a trustee to a debtor/defendant in an adversary proceeding with

14   issues that are pending before the Court like this one.

15          So I've considered the last sentence of Federal Rule

16   of Civil Procedure 37(a)(5)(A).  I'm mindful that the Court

17   must not order the payment of reasonable expenses incurred by

18   Ms. Krohn in making this motion, but I find that none of the

19   circumstances that preclude or would prohibit such an award are

20   present here.  Ms. Krohn plainly did, before filing the motion

21   to compel, attempt in good faith to obtain the disclosure -- or

22   the discovery, I should say -- the interrogatory answers and

23   requests for production of documents without court action.

24   That's apparent from a simple review of the record.  There

25   isn't any evidence to suggest or support the argument that

34

1   Mr. Sciara's failure to respond to the interrogatories or

2   requests for production of documents was substantially

3   justified, nor are there circumstances here on this record that

4   would suggest or demonstrate that an award of expenses in favor

5   of Ms. Krohn would be unjust.  This is a situation where the

6   "must" language in Federal Rule of Civil Procedure 37(a)(5)

7   really gives the Court a very straightforward directive.  I

8   must, after giving an opportunity to be heard, require

9   Mr. Sciara, as the party whose conduct necessitated this

10  motion, to pay the movant's reasonable expenses in connection

11  with the motion, including attorneys' fees, and Mr. Sciara's

12  counsel's also exposed to that sort of a liability.

13        When I've looked at all of the facts of this case

14  carefully, and I have, under Federal Rule of Civil Procedure

15  7037(a)(5)(A), applicable here under Bankruptcy Rule 7037,

16  Mr. Sciara and his counsel should be jointly and severally

17  responsible for payment of Ms. Krohn's reasonable expenses

18  incurred in filing this motion, including attorneys' fees.

19  That's what the rule requires.  The Court must grant them under

20  the facts that are present here.

21        As a result, counsel for Ms. Krohn will file an

22  itemized statement of attorneys' fees and expenses with the

23  court on or before November 20th of 2025.  Counsel for

24  Mr. Sciara shall have through and including November 28th of

25  2025 to file any opposition or responsive papers.  Counsel for

35

1    Ms. Krohn shall file any reply by December 5th of 2025, and the

2    Court will hold a continued hearing as to the amount of

3    reasonable expenses to be awarded to Ms. Krohn.  I will do that

4    on Monday, December 8th, 2025 at 9:30 a.m.

5            Is that a workable date and time?  If you can confirm

6    that December 8th, 2025 at 930 a.m.  is a workable date and

7    time, Ms. Rowa, I'd appreciate it.  December 8th, 2025 at 9:30

8    a.m.

9            THE CLERK:  At what time, Your Honor?

10            THE COURT:  9:30.

11            THE CLERK:  Yes, that works.

12            THE COURT:  All right.  The discovery deadline in

13    this case is also extended through and including January 16th,

14    2026, and the deadline for filing dispositive motions in this

15    case is extended through and including Thursday, January 16th,

16    2026 as well.

17            The ruling as announced by the Court on the record

18    here today will constitute the Court's findings of fact and

19    conclusions of law under Federal Rule of Civil Procedure 52,

20    applicable in this adversary proceeding by operation of Federal

21    Rule of Bankruptcy Procedure 7052.

22            That makes you the prevailing party, Ms. McPherson.

23    Can you prepare an order that's consistent with what I've

24    stated on the record here today, incorporates my findings and

25    conclusions, and provides for the continued hearing on December

36

1  8th at 930 with the deadlines that I've stated on the record

2  here today?

3          MS. MCPHERSON:  Yes, I will.  Thank you, Your Honor.

4          THE COURT:  All right.  Do you have the dates and

5  everything else?  Is there anything that you need me to

6  clarify?

7          MS. MCPHERSON:  I believe I have all the dates.

8  Thank you.

9          THE COURT:  All right.  Very well.  I'll look for the

10  order then in the ordinary course, run it by counsel for

11  Mr. Sciara, get it to me, and I'll get it on the docket as

12  quickly as I can, and we'll circle back to the question of how

13  much is a reasonable amount for expenses incurred in filing

14  this motion on December 8th, 2025 at 9:30.  Discovery deadline

15  and deadline for dispositive motions continued till January

16  16th, 2026.

17          What did I manage to overlook on my three o'clock

18  calendar this afternoon then, Ms. Rowa?

19          THE CLERK:  Nothing, your honor.

20          THE COURT:  All right.  Seeing nothing further, we'll

21  stand adjourned.  Stay safe, stay healthy, Counsel.  Have a

22  good afternoon.

23          THE CLERK:  Off record.

24          MS. MCPHERSON:  Thank you.

25      (Proceedings concluded at 4:03 p.m.)

<u>**C E R T I F I C A T I O N**</u>

    I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428    DATE: November 14, 2025

ACCESS TRANSCRIPTS, LLC

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (LAS VEGAS)

| | | |
|---|---|---|
| IN RE: | . | Case No. 23-13265-abl |
| | . | Chapter 7 |
| BRIAN SEBASTIAN SCIARA, | . | |
| | . | |
| | . | |
| Debtor. | . | |
| | . | |
| . . . . . . . . . . . . . . . | . | |
| | . | Adv. No. 24-01121-abl |
| SHELLEY D. KROHN, Trustee, | . | |
| | . | |
| Plaintiff, | . | |
| | . | |
| v. | . | |
| | . | |
| BRIAN SEBASTIAN SCIARA, | . | 300 Las Vegas Blvd. S. |
| et al., | . | Las Vegas, NV 89101 |
| | . | |
| Defendants. | . | Tuesday, October 21, 2025 |
| . . . . . . . . . . . . . . . | . | 11:29 a.m. |

TRANSCRIPT OF DOC# 36 PLAINTIFF'S MOTION TO COMPEL AND TO
CONTINUE DISCOVERY AND RELATED DEADLINES, APPLICATION FILED BY
JEANETTE E. MCPHERSON ON BEHALF OF SHELLEY D. KROHN
BEFORE THE HONORABLE AUGUST B. LANDIS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator:          Maribel Rowa, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com

    Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

```
TELEPHONIC APPEARANCES (Continued):


For the Plaintiff:         Fox Rothschild LLP
                           By:  JEANETTE MCPHERSON, ESQ.
                           1980 Festival Plaza Drive, Suite 700
                           Las Vegas, NV 89135
                           (702) 262-6899

For the Defendant:         Mortenson & Rafie, LLP
                           By:  PETER B. MORTENSON, ESQ.
                           10781 W. Twain Avenue
                           Las Vegas, NV 89135
                           (702) 363-4190
```

3

1          (Proceedings commence at 11:29 a.m.)

2              THE COURT:  Item number seven then on my TEN o'clock

3    calendar is in the case of Krohn versus Sciara and others,

4    Adversary Number 24-01121.  That arises in the Chapter 7

5    bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number

6    23-13265.  What I have here is a motion to compel and to

7    continue discovery and related deadlines, ECF Number 36 in

8    Krohn v. Sciara.  We'll start with appearances first for

9    Plaintiff Krohn.

10             MS. MCPHERSON:  Good morning, Your Honor.  Jeanette

11   McPherson on behalf of the plaintiff, Shelley Krohn, trustee.

12             THE COURT:  Good morning, Ms. McPherson.

13             How about on the defense side of the V for Defendant

14   Sciara?

15             MR. MORTENSON:  Good morning, Your Honor.  Peter

16   Morton on behalf of the Defendant Brian Sciara.

17             THE COURT:  Any other appearances?  Going once,

18   twice.  All right, hearing none.

19             So what I have here is the motion to compel at ECF

20   Number 36 on behalf of the plaintiff, Trustee Krohn.  So that's

21   your client, Ms. McPherson.  What should I know about this

22   motion?

23             MS. MCPHERSON:  Your Honor, I'll try to be brief.

24   Essentially, the plaintiff issued written discovery to the

25   defendant, Sciara, including requests for admissions,

1  interrogatories, and request for production of documents.  The

2  responses were due on June 23rd of 2025.  We received the

3  responses to the requests for admissions timely, although they

4  were subsequently amended without authorization.  We did not

5  receive responses to the interrogatories or the requests for

6  production of documents.

7          There were several discussions regarding extensions

8  to respond, and those were provided.  And then deadlines

9  weren't met, and then additional extensions were given.

10  Ultimately the responses just weren't provided, and they

11  were -- they took -- (indiscernible) again asked without the

12  responses, and they were promised and they weren't forthcoming.

13  So on September 11th, this motion was filed.  Responses were

14  provided on September 23rd.

15          The reasons for the late responses were that the

16  debtors have personal problems and he was relying on others to

17  respond.  You know, I think it's unfortunate that this motion

18  has -- had to be filed to get the responses, and I think it's

19  questionable why, you know, they could be not provided once the

20  motion was filed.  So it's unclear how personal reasons played

21  a part in this.

22          And then with regard to needing responses from other

23  people, I think you can see from the examples in the reply that

24  responses really -- we don't consider these real responses, nor

25  was there a reliance on or waiting on documents.  You can see

1  from the examples, the debtor hasn't provided or hasn't

2  identified assets at the time, transfer was made.  Liabilities

3  at the time, transfers were made.

4          You know, we asked for bank statements for the period

5  of August 1st of 2022 through the date of the petition, which

6  covers, right, a prepetition period.  And, you know, the

7  response was, please see the financial disclosures and other

8  records filed by my attorney in the bankruptcy case.  So I

9  don't think there was a need to wait for documents here.

10          And so, Your Honor, with that, you know, we're

11  concerned again that this motion had to be filed and that there

12  is a lack -- there has been a lack of compliance with the

13  rules.  The estate has had to undertake this -- these efforts

14  to get any kind of responses, incur fees, and there's been

15  delay in this proceeding.  And, of course, that's why we've

16  asked for our fees incurred in connection with this motion,

17  which, you know, we would have to produce and then an extension

18  of the discovery deadline and related deadlines.

19          That's it, Your Honor.  Thank you.

20          THE COURT:  All right.  So, Mr. Mortenson, I've read

21  the papers in opposition at ECF Number 41, as well as the reply

22  at ECF 42.  What say you on behalf of Defendant Sierra?

23          MR. MORTENSON:  Your Honor, I would say that most of

24  what Ms. McPherson says is accurate.  On behalf of my client, I

25  would simply state that he's been going through a really

6

1   difficult divorce, being in the home that they're going after,

2   trying to deny his homestead exemption, deny his discharge.  He

3   doesn't have funds to pay any of the attorneys, including me.

4   I have attempted everything I could to get the responses from

5   my end, and I've always tried to be forthright with

6   Ms. McPherson about those things.

7            The answers, there were a lot of documents and

8   answers that were provided that I think are responsive.

9   Looking back at a time frame and asking somebody, you know,

10  were you solvent, you know, what assets did you have, it simply

11  has been very difficult, evidently, for him to provide that

12  information to us so we can provide it to Jeanette and to the

13  trustee.

14           In the end, he has -- we're obviously -- never have

15  been, and we wouldn't be in opposition to extending any of the

16  deadlines.  We've always agreed to any extension, recognizing

17  the difficulties we're going through.

18           His deposition has been set for December 4th.

19  Their -- I don't know what their position is, but I think that

20  it's probably a good exercise for them to go forward and depose

21  him in person and get his responses, get some of those

22  responses that way.  I am not going to attempt to, you know,

23  present anything that's other than forthright with the Court.

24  So that's -- I guess that's our position, Your Honor.  Thank

25  you.

7

```
 1            THE COURT:  Of course.

 2            Rebuttal, Ms. McPherson?

 3            MS. MCPHERSON:  Well, Your Honor, you know, I would

 4  like to say Mr. Morton's always been -- Mortenson's always been

 5  very courteous and polite.  And, you know, there's no concern

 6  with regard to his personal conduct.

 7            Our concern really is that this debtor is not

 8  cooperating.  And, you know, this is a motion to compel.  This

 9  isn't a motion regarding the, you know, the substance of his

10  responses at this point.  But there is a concern that there is

11  an ongoing desire to delay and increase the expense in this

12  matter.  And so for those reasons, Your Honor, we've chosen to

13  move forward with this motion and continue on with the requests

14  that are set forth in the motion --

15            THE COURT:  All right.

16            MS. MCPHERSON:  -- including the requests for

17  attorneys' fees and requests for a extended discovery deadline,

18  along with the related deadlines that go with that.

19            THE COURT:  Good enough.  Matter's submitted.

20  Records closed.

21            The Court -- I need to take a little bit closer look

22  at the facts, and I will issue an oral ruling.  I'll do that

23  subject to Ms. Rowa telling me this works.

24            November 10th at three o'clock, Ms. Rowa?

25            THE CLERK:  November 10th, we have our motion
```

1  calendar, Your Honor.

2           THE COURT:  At three o'clock in the afternoon?

3           THE CLERK:  Oh, I thought you said ten o'clock.

4  Three o'clock, yeah, that works.

5           THE COURT:  Okay, good enough.

6           Matter's submitted.  Records closed.  The Court will

7  issue its oral ruling on this motion to compel as it -- after

8  I've had the opportunity -- as I indicated, to look a little

9  bit more closely at the facts here, I will issue my oral ruling

10 on this motion to compel.  I'll do that on November 10th, 2025

11 at three o'clock p.m. unless that causes questions, issues, or

12 concerns for you, Ms. McPherson.

13          MS. MCPHERSON:  None.  Thank you, Your Honor.

14          THE COURT:  Mr. Mortenson.

15          MR. MORTENSON:  That's fine, Your Honor.  Thank you.

16          THE COURT:  All right.  Very well.  Continued for an

17 oral ruling on November 10th at three o'clock p.m.  Thank you

18 for your appearance this morning, Counsel.  It's helpful to the

19 Court.

20      (Proceedings concluded at 11:39 a.m.)

21                          *  *  *  *  *

22

23

24

25

1                    **C E R T I F I C A T I O N**

2

3          I, Alicia Jarrett, court-approved transcriber, hereby

4    certify that the foregoing is a correct transcript from the

5    official electronic sound recording of the proceedings in the

6    above-entitled matter.

7

8

9

10   _____

11   ALICIA JARRETT, AAERT NO. 428      DATE: November 14, 2025

12   ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 3

```
                    UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA (LAS VEGAS)

                                      .
IN RE:                                .  Case No. 23-13265-abl
                                      .  Chapter 7
BRIAN SEBASTIAN SCIARA,               .
                                      .
                                      .
               Debtor.                .
                                      .
. . . . . . . . . . . . . . . .       .
                                      .  Adv. No. 24-01121-abl
SHELLEY D. KROHN, Trustee,            .
                                      .
               Plaintiff,             .
                                      .
v.                                    .
                                      .
BRIAN SEBASTIAN SCIARA,               .  300 Las Vegas Blvd. S.
et al.,                               .  Las Vegas, NV 89101
                                      .
               Defendants.            .  Monday, November 10, 2025
. . . . . . . . . . . . . . .         .  3:10 p.m.
```

TRANSCRIPT OF DOC# 36 ORAL RULING RE: PLAINTIFF'S MOTION TO
COMPEL AND TO CONTINUE DISCOVERY AND RELATED DEADLINES,
APPLICATION FILED BY JEANETTE E. MCPHERSON ON BEHALF OF
SHELLEY D. KROHN
BEFORE THE HONORABLE AUGUST B. LANDIS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator:        Maribel Rowa, ECR

Transcription Company: Access Transcripts, LLC
                       10110 Youngwood Lane
                       Fishers, IN 46048
                       (855) 873-2223
                       www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
APPEARANCES (Continued):


For the Plaintiff:        Fox Rothschild LLP
                          By:  JEANETTE MCPHERSON, ESQ.
                          1980 Festival Plaza Drive, Suite 700
                          Las Vegas, NV 89135
                          (702) 262-6899

For the Defendant:        Mortenson & Rafie, LLP
                          By:  PETER B. MORTENSON, ESQ.
                          10781 W. Twain Avenue
                          Las Vegas, NV 89135
                          (702) 363-4190
```

3

```
 1          (Proceedings commence at 3:10 p.m.)

 2              THE COURT:  It's the date and time for the Court's

 3   oral ruling on plaintiff's motion to compel and to continue

 4   discovery and related deadlines filed in the adversary

 5   proceeding of Krohn v. Sciara and others, Adversary Number

 6   24-01121.  That adversary proceeding arises in the Chapter 7

 7   bankruptcy case of Brian Sebastian Sciara, Chapter 7 Number 23-

 8   13265.  We'll start with appearances first for the

 9   plaintiff/trustee.

10              MS. MCPHERSON:  Good afternoon, Your Honor.  Jeanette

11   McPherson of Fox Rothschild on behalf of the trustee, Shelley

12   Krohn, plaintiff.

13              THE COURT:  All right, good afternoon, Ms. McPherson.

14              How about for Defendant Sciara?

15              MR. MORTENSON:  Yes, Your Honor.  Peter Mortenson on

16   behalf of Defendant Sciara.

17              THE COURT:  All right.  Any other appearances in

18   connection with the Court's oral ruling as it relates to this

19   motion to compel?  Going once.  Don't be shy if you're out

20   there.  Going twice.  Hearing none, good enough.  We'll dig

21   right in.

22              As I indicated, this is the date and time for the

23   Court's oral ruling on plaintiff's motion to compel and

24   continue discovery and related deadlines.  The motion that was

25   filed as to which today's oral ruling relates was filed in the
```

4

1    adversary proceeding of Shelley D. Krohn, Trustee, plaintiff v.

2    Brian Sebastian Sciara and Glenn H. Truitt, trustee of B.S.A.P.

3    Irrevocable Trust Dated September 16, 2022, defendants.  That's

4    Adversary Number 24-01121.  That adversary proceeding arises in

5    the Chapter 7 bankruptcy case filed by Brian Sebastian Sciara,

6    debtor, Chapter 7 Number 23-13265.

7              Appearances have been noted on the record.  The issue

8    before the Court, as best I can distill it, is this:  Whether,

9    under Federal Rule of Civil Procedure 37(a), applicable in this

10   adversary proceeding under Federal Rule of Bankruptcy Procedure

11   7037, the Court should issue an order compelling

12   Debtor/Defendant Brian Sebastian Sciara -- and when I say

13   Mr. Sciara today, that's who I'm talking about -- to respond

14   further to interrogatories and requests for production of

15   documents propounded to him by Plaintiff/Trustee Shelley D.

16   Krohn -- and when I say Ms. Krohn today, that's who I'm talking

17   about -- directing Mr. Sciara and/or his counsel to pay

18   Ms. Krohn's reasonable expenses incurred in filing the pending

19   motion to compel and also whether the Court should extend

20   discovery and dispositive motion deadlines in this adversary

21   proceeding.

22             In order to understand the Court's resolution of

23   those -- the issue, as I just summarized it, it's necessary to

24   consider the record that I looked at in resolving -- or in

25   preparing for today's oral ruling.  In preparation for this

1    oral ruling, the Court has reviewed the docket in this

2    adversary proceeding, Number 24-01121.  The Court takes

3    judicial notice of the papers comprising the docket in that

4    adversary proceeding.  I do that pursuant to and to the extent

5    permitted by Federal Rules of Evidence 201(b) and (c).  In

6    particular, the Court reviewed, and this is without limitation,

7    the following papers and the exhibits that are appended to

8    them.

9          I looked at Ms. Krohn's complaint for avoidance of

10    transfer under 11 U.S.C. Section 548 and 550, avoidance of

11    transfer under Sections 544 and 550, denial of exemption,

12    unjust enrichment, and denial of discharge under 11 U.S.C.

13    Sections 727(a)(2)(A) and (a)(4), as amended to date.  And when

14    I say the complaint, I'm talking about the complaint as

15    amended.  The complaint was originally filed on October 2nd,

16    2024, ECF 1.  It was amended on October 25th, 2024, ECF 6.

17          I looked at Mr. Sciara's answer to the complaint

18    filed November 19, 2024, ECF 10.  I noted the clerk's entry of

19    default against the other defendant, Glenn H.  Truitt, trustee

20    of the B.S.A.P. Irrevocable Trust Dated September 15th, 2022.

21    The clerk's entry of default was docketed on February 3rd of

22    2025, ECF 13.

23          I looked at the parties -- at the standard discovery

24    plan that was docketed on February 10th, 2025, ECF 15.

25          I looked at the order scheduling settlement and

6

1  status conferences in this adversary proceeding, setting

2  settlement for April 24th, 2025, at 9:30, with a follow-up

3  status on May 13th, 2025, at 10 a.m.  That order was docketed

4  on February 11th, 2025, ECF 17.

5          I looked at the parties' stipulation continuing the

6  scheduling and status conference hearings.  I'll call that the

7  first stipulation.  It continues the settlement conference to

8  June 12th, 2025 and the status conference to June 24th, 2025.

9  The first stipulation was docketed on April 10th, 2025, ECF 19.

10         I looked at my order approving the first stipulation,

11 followed the next day -- filed the next day, I should say --

12 April 11th, 2025, ECF Number 20.

13         I read the stipulation of the parties continuing the

14 scheduling and status conference hearings as amended.  I'll

15 call that the second stipulation.  It continued the settlement

16 conference to July 30th, 2025 and the status conference to

17 August 12th, 2025.  The stipulation as originally filed was on

18 -- filed on June 4th of 2025, ECF 22.  It was amended that same

19 day, June 4th -- I said 20, try again.  The second stipulation

20 was filed originally on June 4th, 2025, at ECF Number 22.  It

21 was amended that same day, June 4th of 2025, at ECF 23.  So if

22 you want to see the second stipulation as originally filed,

23 look on the docket on June 4th of 2025 at ECF 22 and as amended

24 that same day at ECF 23.

25         I looked at the Court's own order approving the

1  second stipulation.  That was docketed the very next day, June

2  5th, 2025, ECF 24.

3         I read the notices of deposition of Defendant Brian

4  Sciara and related notices of continuance of the deposition

5  from an original date of June 27th, 2025 at 10 a.m. to

6  September 12th of 2025, at 10 a.m.  The notices are various:

7  June 10th, 2025, ECF 27; June 25th, 2025, ECF 28; July 21st,

8  2025, ECF 29; and July 30th, 2025, ECF 30.

9         I looked at the stipulation to amend the discovery

10  plan to extend discovery and to set dispositive motion

11  deadline.  I'll call that the disclosure plan stipulation,

12  extending the deadline for completion of discovery to November

13  17th of 2025 and fixing the dispositive motion filing deadline

14  for November 3rd of 2025.  That stipulation filed on August 8th

15  of 2025, ECF 31.

16         I looked at my order approving that disclosure plan

17  stipulation.  That was -- that order was docketed on August

18  12th, 2025, ECF 32.

19         I looked then at the second notice of continued

20  deposition of Defendant Brian Sciara.  That was -- deposition

21  was set for October 24th of 2025, September 10, 2025 filing

22  date, ECF Number 35.

23         I read Ms. Krohn's motion to compel and to continue

24  discovery and related deadlines.  I'll call that the motion to

25  compel.  And that's the matter that pends before me here.  It's

1   filed on September 11th, 2025, ECF 36.

2          The motion to compel was accompanied by the

3   declaration of Jeanette E. McPherson in support of that motion

4   to compel.  Ms. McPherson's declaration filed the same day,

5   September 11th, 2025, ECF 37.

6          I read Mr. Sciara's opposition to the motion to

7   compel.  It wasn't accompanied by any admissible evidence or

8   even a declaration or affidavit or anything from Mr. Sciara.

9   When I say the opposition, that's what I'm talking about.  It's

10  filed on September 29th, 2025, ECF 41.

11         I read Ms. Krohn's reply in support of the motion to

12  compel filed on October 14, 2025, ECF 42.

13         The Court has also considered the arguments of

14  counsel for the parties presented at the October 21st, 2025

15  hearing on this contested motion to compel.  On the record

16  before it, as I just summarized it, the Court enters the

17  following as its findings of fact and conclusions of law.

18         We'll start with findings of fact.  The facts that

19  underpin today's oral ruling are comprised of the entire record

20  as I just summarized it on the record this afternoon.  The

21  following non-inclusive set of facts are particularly relevant

22  to the Court's analysis of this contested motion to compel.

23         On October 2nd of 2024, Ms. Krohn commenced this

24  adversary proceeding by filing and thereafter amending the

25  complaint, ECF Numbers 1 and 6.  Mr. Sciara filed his answer to

9

1    the complaint on November 19th of 2024, ECF Number 10.  On

2    February 10th of 2025, Ms. Krohn filed a standard discovery

3    plan proposing a discovery deadline of July 1st of 2025.

4             On May 23rd of 2025, Ms. Krohn emailed a request for

5    production of documents to counsel for Mr. Sciara.  Responses

6    to the request for production of documents were due for Mr.

7    Sciara by June 23rd of 2025 under the controlling provisions of

8    the Federal Rules of Civil Procedure, as applicable in this

9    adversary proceeding.  I also note that on May 23rd of 2025,

10   Ms. Krohn emailed interrogatories to counsel for Mr. Sciara.

11   Responses to the interrogatories were also due from Mr. Sciara

12   on June 23rd, 2025.

13            Last but not least, on May 23, 2025, Ms. Krohn

14   emailed requests for admissions to counsel for Mr. Sciara.

15   Responses to the request for admissions were due on June 23rd

16   of 2025.  Out of those three pieces of discovery requests from

17   Ms. Krohn to Mr. Sciara, only one was timely responded to, and

18   that's the motion -- or excuse me, the request for admissions.

19            On June 23rd, 2025, counsel for Mr. Sciara emailed

20   Mr. Sciara's responses to plaintiff's request for admissions to

21   counsel for Ms. Krohn.  The -- three days later, on June 26th,

22   2025, and without filing a motion seeking approval from this

23   Court to do so, counsel for Mr. Sciara emailed amended

24   responses to plaintiff's request for admissions to counsel for

25   Ms. Krohn.  The reason for doing it that way is simple.  If

1  there's an untimely response to requests for admissions under

2  the controlling provisions of the Federal Rule of Civil

3  Procedure, as applicable in this adversary proceeding, the

4  failure to timely respond means that the requests for

5  admissions are deemed admitted.  And so there was a response to

6  the request for admissions on June 23rd, modified and amended

7  on June 26th without court approval, but there was no timely

8  response either to the request for production of documents or

9  the interrogatories.

10        On August 8th of 2025, a stipulation to amend the

11  discovery planned to extend the discovery deadline and set

12  dispositive motion deadlines, ECF 31, was filed.  That extended

13  the discovery deadline to Monday, November 17th, 2025, and it

14  set the deadline for filing dispositive motions for Monday,

15  November 3rd, 2025.  And as I indicated previously, the Court

16  entered its order approving that stipulation on August 12th of

17  2025, ECF 32.

18        There isn't any question that the parties met and

19  conferred as it relates to the interrogatories and requests for

20  production of documents.  The information is detailed in the

21  reply, as well as in the motion.  There was an email dated June

22  23rd, 2025, from Kevin Chan at counsel for Mr. Sciara's office

23  requesting an extension to respond to Wednesday, June 25th,

24  2025.  It's attached to the motion as Exhibit 4.  There's an

25  email dated June 24th, 2025, from Ms. McPherson setting forth

1  an agreement to provide discovery responses by June 25th, 2025.

2  That's attached to the motion as Exhibit 5.  There's an email

3  dated the next day, June 25th, 2025, from Ms. McPherson setting

4  forth a further agreement to provide responses to the

5  interrogatories and requests for production of documents, this

6  time by June 27th, 2025.  That's attached to the motion as

7  Exhibit 6.

8          So, at this point in time, there's no question that

9  counsel for Ms. Krohn, on the one hand, and counsel for

10  Mr. Sciara, on the other, are working diligently to try to get

11  a time and a specific date by which Mr. Sciara might actually

12  provide responses to the interrogatories and requests for

13  production of documents.

14          That communication continued.  There's an email dated

15  July 3rd, 2025, from Ms. McPherson requesting responses to the

16  interrogatories and requests for production of documents on or

17  before July 8th, 2025, Motion Exhibit 7.  Mr. Mortenson,

18  counsel at -- counsel for Mr. Sciara, penned a letter dated

19  July 15th, 2025, requesting that responses to the

20  interrogatories and requests for production of documents be set

21  out at least three weeks, Exhibit Number 8.  Now be mindful

22  here, this letter is written July 15th of 2025.  The responses

23  were due initially on June 23rd of 2025, so there's a week in

24  June and two weeks in July have already elapsed, and there's a

25  request for three more weeks for Mr. Sciara to respond to the

1   interrogatories and requests for production of documents when

2   you look at Mr. Mortenson's letter, Exhibit 8 to the motion.

3          Ms. McPherson responded promptly via email, also on

4   July 15th, 2025, agreeing to the requested extension.  You can

5   see that by reference to the motion Exhibit 9.  So again,

6   counsel for the parties working diligently to try to find a

7   date by which the response -- Mr. Sciara would respond to the

8   request for production of documents and the interrogatories

9   through July 15th -- as of July 15th of 2025.

10         Fast forward to August 29th of 2025, there's an email

11  from Ms. McPherson that states since the responses hadn't been

12  provided to the interrogatories and requests for production of

13  documents, the motion to compel would be filed.  It's attached

14  to the motion as Exhibit Number 10.  There's an email dated

15  August 29th, 2025, from Mr. Mortenson, counsel for Mr. Sciara,

16  providing that responses would be sent to counsel for Ms. Krohn

17  by Tuesday, September 2nd, 2025, Motion Exhibit 11.

18         On September 11th, 2025, having not received the

19  responses to the request for production of documents or

20  interrogatories, that's when the trustee filed the pending

21  motion.  The motion was filed simply because plaintiff had not

22  received responses to the interrogatories or requests for

23  production of documents despite continuing dialogue and

24  multiple extensions having previously been requested,

25  statements that they would be provided, they simply weren't.

1            It wasn't until September 23rd of 2025, which is well

2    after the motion that pends before me here, was filed -- again,

3    when you look at the timeline, the motion to compel here was

4    filed September 11, 2025, ECF 36.  Almost two full weeks later,

5    at that point, Mr. Sciara provided some responses to

6    interrogatories and requests for production of documents, which

7    the trustee suggests are less than complete in terms of their

8    scope.

9            Those are the facts as it relates to this motion to

10   compel, and again, it's a contested motion to compel.  The

11   parties aren't surprised by anything that I've said on the

12   record here today, but on the facts as I just summarized them,

13   I'll now move forward to the findings of fact and conclusions

14   of law in connection with today's oral ruling.  We'll start

15   with jurisdiction, venue, and core proceedings.

16           Court has jurisdiction over Mr. Sciara's Chapter 7

17   bankruptcy case, Number 23-12365.  That's true under 28 U.S.C.

18   Section 1334(a), 157(a), and Local Rule 1001(b)(1).    The

19   Court has jurisdiction over this adversary proceeding in which

20   the motion to compel pends, Adversary Number 24-01121.  That

21   jurisdiction over that adversary proceeding exists under 28

22   U.S.C. Section 1334(b), 157(a), and Local Rule 1001(b)(1).

23           Venue of Mr. Sciara's Chapter 7 bankruptcy case is

24   appropriate here in Nevada, 28 U.S.C. Section 1408(1).  Venue

25   of this adversary proceeding is appropriate in the District of

14

1    Nevada, as well.  That's true under 28 U.S.C. Section 1409(a).

2              The Court is satisfied here that the contested motion

3    to compel that I'm asked to resolve through today's oral ruling

4    is indeed a core proceeding.  Under 28 U.S.C. Section

5    157(b)(3), "The bankruptcy judge shall determine on the judge's

6    own motion, or on timely motion of a party, whether a

7    proceeding is a core proceeding under this subsection or is a

8    proceeding that is otherwise related to a case under Title 11.

9    A determination that a proceeding is not a core proceeding

10   shall not be made solely on the basis that its resolution may

11   be affected by state law."

12             Pursuant to Local Rule 9014.2(c), "The court may sua

13   sponte determine and enter an order on whether a proceeding is

14   a core proceeding not subject to entry of final orders or

15   judgment by the bankruptcy court unless the district court

16   withdraws the reference first."

17             So as required by 28 U.S.C. Section 157(b)(3),

18   contemplated by Local Rule 9014.2(c), and on its own motion,

19   the Court determines and holds that the issues raised by this

20   contested motion to compel present both statutorily and

21   constitutionally core proceedings.  See Marshall v. Stern (In

22   re Marshall), 600 F.3d 1037, 1055-6 (9th Cir. 2010), where the

23   circuit noted, "We agree with Pierce Marshall that our case law

24   presents a two-step approach.  A bankruptcy judge may only

25   determine a claim that meets Congress's definition of a core

1  proceeding and arises under or arises in Title 11."  Affirmed

2  under the name Stern v. Marshall, 564 U.S. 462 (2011).  See

3  also and generally 28 U.S.C. Sections 157(b)(1), (b)(2), and

4  (c)(1).

5         Specifically, and for avoidance of any doubt, the

6  Court concludes first that the issues that are raised by this

7  contested motion to compel, joined by the opposition, and that

8  are the subject of the reply are all statutorily core

9  proceedings under 28 U.S.C. Sections 157(b)(2)(A) and (O).  The

10 Court separately, and second, concludes and finds that the

11 issues raised by this motion to compel joined by the opposition

12 and that are the subject of the reply are constitutionally core

13 proceedings because they arise in Mr. Sciara's Chapter 7

14 bankruptcy case.  See Certain Underwriters at Lloyds v. GACN,

15 Inc. (In re GACN, Inc.), 555 B.R. 684, 692-93 (9th Cir. B.A.P.

16 2016), as to which a subsequent appeal to the 9th Circuit was

17 dismissed, 2017 WL 4513499.  Dismissal of the appeal to the

18 Ninth Circuit occurred on May 10th of 2017.

19        The Bankruptcy Appellate Panel in the GACN, Inc. case

20 noted that the terms "arising under Title 11" and "arising in a

21 case under Title 11" are terms of art which the courts have

22 defined.  A proceeding arises under Title 11 if it presents

23 claims for relief created or controlled by Title 11.  In

24 contrast, the claims for relief in a proceeding arising in a

25 Title 11 case are not explicitly created or controlled by Title

 1 | 11, but such claims nonetheless would have no existence outside

 2 | of a bankruptcy case.  Citing Wilshire Courtyard v. California

 3 | Franchise Tax Board (In re Wilshire Courtyard), 729 F.3d 1279,

 4 | 1285 (9th Cir. 2013).

 5 | Here, as I indicated, this disputed motion to compel,

 6 | contested motion to compel, arises in the bankruptcy case of

 7 | Mr. Sciara.  When you look at the definition of "arising in,"

 8 | you will see that a motion to compel like this one is not

 9 | explicitly created or controlled by Title 11.  Instead, it's

10 | created and controlled by the Federal Rules of Civil Procedure

11 | and the Federal Rules of Bankruptcy Procedure, which

12 | incorporate into adversary proceedings like this the Federal

13 | Rules of Civil Procedure, at least as it relates to this

14 | discovery dispute.

15 | The disputed claim of the trustee for sanctions,

16 | effectively, in connection with this contested motion to compel

17 | would not have any existence outside of a bankruptcy case

18 | because in the absence of Mr. Sciara's Chapter 7 bankruptcy

19 | case, Ms. Krohn never would have been appointed and would not

20 | be responsible for the administration of Mr. Sciara's

21 | bankruptcy case.  So this contested motion to compel is a

22 | matter that arises in Mr. Sciara's Chapter 7 bankruptcy case

23 | and the adversary proceeding in which the motion was fought.

24 | With respect to the remaining conclusions of law, the

25 | Court turns next to the rules and legal standards that govern

1    motions to compel like this one.  In particular, Federal Rule

2    of Bankruptcy Procedure 7037 reads like this.  It's titled,

3    Failure to Make Disclosures or to Cooperate in Discovery;

4    Sanctions, and it reads in its entirety, quote:

5          "Federal Rule of Civil Procedure 37 applies in an

6    adversary proceeding," closed quote.  So plainly, under the

7    language of Federal Rule of Bankruptcy Procedure 7037, Civil

8    Rule 37 applies in the adversary proceeding as between

9    Ms. Krohn, on the one hand, and Mr. Sciara, on the other.

10          Turning then to Federal Rule of Civil Procedure 37,

11   it is titled, Failure to Make Disclosures or to Cooperate in

12   Discovery; Sanctions.  Section (a) is titled Motion for an

13   Order Compelling Discovery or Disclosure.  Paragraph (1) says,

14   "In general.  On notice to other parties and all affected

15   persons, a party may move for an order compelling disclosure or

16   discovery.  The motion must include a certification that the

17   movement has, in good faith, conferred or attempted to confer

18   with the person or party failing to make disclosure or

19   discovery in an effort to obtain it without court action."

20          And for clarity and avoidance of doubt, this is a

21   motion that relates to a party failing to make discovery.

22   That's the issue, and it's Mr. Sciara's failure to respond

23   completely and fully to the -- Ms. Krohn's request for

24   production of documents and interrogatories that's the

25   predicate for the motion.  So this is a discovery motion as

1    opposed to a motion as it relates to disclosures.

2           Paragraph (2), the Appropriate Court.  "A motion for

3    an order to a party must be made in the court where the action

4    is pending.  A motion for an order to a non-party must be made

5    in the court where the discovery is or will be taken."

6           Here, it's a dispute between the parties, Ms. Krohn,

7    as trustee/plaintiff on the one hand, and Mr. Sciara, as the

8    debtor/defendant on the other.  As a result, the motion had to

9    be filed in this court because that's where this adversary is

10    proceed -- pending, and that is the situation here.  The motion

11    is properly before me.

12           Third, Specific Motions, and if you go to

13    Subparagraph (B), To Compel a Discovery Response is the title.

14    It says, "A party seeking discovery may move for an order

15    compelling an answer, designation, production, or inspection.

16    This motion may be made if: (i) a deponent fails to answer a

17    question asked under Rule 30 or 31" -- not relevant here --

18    "(ii) a corporation or other entity fails to make a designation

19    under Rule 30(b)(6) or 31(a)(4)" -- not relevant here -- "(iii)

20    a party fails to answer an interrogatory submitted under Rule

21    33" -- exactly the situation here -- and "(iv) a party fails to

22    produce documents or fails to respond that inspection will be

23    permitted -- or fails to permit inspection -- as requested

24    under Rule 34," again the situation here.

25           Now, the Court's mindful that the responses, some

1   responses at least, were submitted by Mr. Sciara to the

2   trustee, but only after the motion that's pending before me

3   here was filed, save and except for -- to the responses to the

4   request for admissions that I referenced previously.  This

5   motion relates to Mr. Sciara's failure to answer

6   interrogatories submitted under Rule 33 or produce documents

7   under Rule 34.  Federal Rule of Civil Procedure 37(a)(4) reads

8   Evasive or Incomplete Disclosure, Answer, or Response.

9           "For purposes of this Subdivision (a), an evasive or

10          incomplete disclosure, answer, or response must be

11          treated as a failure to disclose, answer, or

12          respond."

13          Importantly here is Paragraph 5, Federal Rule of

14  Civil Procedure 37(a)(5) is titled Payment of Expenses;

15  Protective Orders.  Subsection (A) -- Subparagraph (A), I

16  should say -- reads "If the Motion is Granted (or Disclosure or

17  Discovery is Provided After Filing)."  It reads this way:  "If

18  the motion is granted -- or if the disclosure or requested

19  discovery is provided after the motion was filed -- the court

20  must" -- the Court must, I don't have discretion -- "after

21  giving an opportunity to be heard, require the party or

22  deponent whose conduct necessitated the motion, the party or

23  attorney advising that conduct, or both, to pay the movant's

24  reasonable expenses incurred in making the motion, including

25  attorneys' fees.  But the court must not order this payment if:

1    (i) the movant filed the motion before attempting in good faith

2    to obtain the disclosure or discovery without court action;

3    (ii) the opposing party's nondisclosure, response, or objection

4    was substantially justified; or (iii) other circumstances make

5    an award of expenses unjust."

6            So that's the rule that's at issue in connection with

7    this contested motion to compel.

8            As the parties know, a motion to compel discovery is

9    an enforcement mechanism.  It's used when someone fails to

10   comply with discovery requests.  In a state court context,

11   Okada v. Eighth Judicial District Court, in and for Clark

12   County, 134 Nev. 6, 12; 408 P.3d 566, 571 (Nev. 2018).

13   External citations are contained, but I'm not going to discuss

14   them here.

15           Discovery is limited to any non-privileged relevant

16   matter.  Federal Rule of Civil Procedure 26(b)(1).  In

17   addition, Federal Rule of Civil Procedure 26(b)(1) provides

18   that for information to be discoverable, it must be

19   proportional to the needs of the case.

20           The party filing a motion to seeking to compel

21   discovery must comply with the meet and confer requirements

22   under Federal Rule of Civil Procedure 37.  See Federal Rule of

23   Civil Procedure 37(a)(1).

24           Under Rule 37(a)(1), the party bringing the motion to

25   compel, here it's Ms. Krohn as the trustee/plaintiff, must

1  include a certification that the movant has in good faith

2  conferred or attempted to confer with the person or party

3  failing to make disclosure or discovery in an effort to obtain

4  it without court action.  Colvin v. AHP Realty, 2020 WL 5517655

5  at *1 (D. Nev. Sep. 11, 2020), quoting Federal Rule of Civil

6  Procedure 37(a)(1).

7          Generally, a failure to comply with Federal Rule of

8  Civil Procedure 37 results in a denial of a discovery motion.

9  Liguori v. Hansen, 2012 WL 760747 at *11 (D. Nev. Mar. 6,

10  2012).

11          Under Federal Rule of Civil Procedure 33, 34, and 36,

12  a party served with request for admissions, interrogatories,

13  and/or request for production of documents has 30 days after

14  service to respond in writing.  Federal Rule of Civil Procedure

15  33(b)(2) and Federal Rule of Civil Procedure 34(b)(2)(A).

16          A party opposing discovery bears the burden of

17  showing that the discovery at dispute is, among other things,

18  not relevant, is overly broad, or is unduly burdensome.

19  Caballero v. Bodega Latina Corporation, 2017 WL 3174931 at *3

20  (D. Nev. Jul. 25, 2017).

21          To meet that burden, the party opposing discovery --

22  here, Mr. Sciara -- must specifically detail the reasons why

23  each request is irrelevant.  V5 Technologies v. Switch Limited,

24  334 F.R.D. 306, 310 (D. Nev. 2019), affirmed under the name V5

25  Technologies LLC v. Switch Limited, 2020 WL 1042515 (D. Nev.

1    Mar. 3, 2020).

2           So how to analyze this contested motion to compel

3    under the controlling legal standards?  I'll start with the

4    question of whether or not the plaintiff, Ms. Krohn, satisfied

5    the meet and confer requirements under Federal Rule of Civil

6    Procedure 37.  In accordance with Federal Rule of Civil

7    Procedure 37, the party filing a motion to compel discovery

8    must include in that motion a certification that the movant

9    has, in good faith, conferred or attempted to confer.

10          Federal Rules of Civil Procedure 37(a)(1), courts in

11   the Ninth Circuit have construed this as requiring two prongs

12   to be satisfied.  First, the actual certification requirement

13   must be met; and second, the moving party must actually confer

14   or attempt to confer in good faith.  Liguori v. Hansen, 2012 WL

15   760747 at *10 (D. Nev. Mar. 6, 2012).

16          While the certification document itself does not seem

17   to be in dispute here, the Court will note that the

18   certification requirement is met when counsel for the moving

19   party provides a certification, quote, "which accurately and

20   specifically conveys to the court who, where, how, and when the

21   respective parties attempted to personally resolve the

22   discovery dispute."  Liguori v. Hansen at *10, quoting Shuffle

23   Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D.

24   Nev. 1996).

25          Here, plaintiff has satisfied the first analytical

1  prong under Federal Rule of Civil Procedure 37 via the

2  declaration of Jeanette E. McPherson in support of the motion

3  to compel, ECF 37.  And that declaration details the specific

4  dates and attempts made to resolve the discovery dispute that

5  underpins this motion to compel.  And again, it's specific --

6  the motion to compel is specific to Mr. Sciara's failure to

7  timely file answers to interrogatories and requests for

8  admission.  That's it and that's all -- or, excuse me, this

9  motion is specifically directed only and -- solely and

10  exclusively to the interrogatories and the request for

11  production of documents.  That's what's at issue here.

12          The second analytical prong under Federal Rule of

13  Civil Procedure 37, conferment in good faith, is satisfied when

14  the moving party either actually confers or attempts to confer

15  in good faith with the non-moving party.  Liguori v. Hansen at

16  *10.

17          To satisfy that requirement, the moving party must

18  move beyond cursory statements and must adequately set forth in

19  the motion essential facts sufficient to enable the Court to

20  pass a preliminary judgment on the adequacy and sincerity of

21  the good faith conferment requirement between the parties.

22  Liguori v. Hansen again, 2012 WL 760747 at *10 (D. Nev. Mar. 6,

23  2012), quoting the Shuffle Master case, 170 F.R.D. 171 (D. Nev.

24  1996).

25          The court in Liguori observed that a good faith

24

1   attempt requires a genuine attempt to resolve the discovery

2   dispute through non-judicial means.  And the court in Shuffle

3   Master further detailed good faith is honesty in one's purpose

4   to meaningfully discuss the discovery dispute, freedom from

5   intention to defraud or abuse the discovery process, and

6   faithfulness to one's obligation to secure information without

7   court action.  Shuffle Master Inc. v. Progressive Games Inc.,

8   170 F.R.D. 166, 171 (D. Nev. 1996), referencing Black's Law

9   Dictionary at 624, 5th edition, all the way back to 1979.

10          The act of conferment itself can be satisfied in

11  several ways, such as through an in-person meeting or via a

12  telephonic conference.  Email works as well.  See Foley

13  versus -- I've always wondered how to say this name, A-R-O-S-T-

14  E-G-U-I, Arostegui, perhaps, 2019 WL 4723756 at *3 (D. Nev.

15  Sep. 25, 2019); reconsideration denied 2020 WL 5653672 (D. Nev.

16  Sep. 23, 2020).

17          The district court in the Foley case noted this

18  requirement is satisfied via an in-person meeting, telephonic

19  conference, or video conference.  See also Pajarillo v.

20  Countrywide Home Loans, 2009 WL 10659167 at *1 (D. Nev. Aug. 6,

21  2009), where the court noted the parties must confer or attempt

22  to confer in person or via telephone conference by way of

23  example.

24          Plaintiff's certification document here, the

25  declaration of Ms. McPherson in support of the motion to

1    compel, ECF Number 34, demonstrates genuine attempts to resolve

2    the discovery dispute herein by non-judicial means.  There

3    isn't any real argument to the contrary from the opposition to

4    the motion to compel.  So the Court concludes that Ms. Krohn

5    has shown by a preponderance of the evidence that she satisfied

6    the meet and confer requirements under Federal Rule of Civil

7    Procedure 37 prior to filing the pending motion to compel.

8            Next, the Court finds that plaintiff's discovery

9    requests are not overly broad or unduly burdensome.  In

10   accordance with Federal Rule of Civil Procedure 26,

11   discoverable information is limited to any non-privileged

12   information that is relevant to any party's claim or defense

13   and is proportional to the needs of the case.  Federal Rule of

14   Civil Procedure 26(b)(1).  See also Caballero v. Bodega Latina

15   Corporation, 2017 WL 3174931 at *1 (D. Nev. Jul. 26, 2017).

16           Mr. Sciara, as the party opposing the discovery here,

17   bears the burden of showing that the discovery in dispute is

18   not relevant, is overbroad, or is unduly burdensome.  Again,

19   the Caballero case, 2017 WL 3174931 at *3.

20           To satisfy that burden, Mr. Sciara, as the opposing

21   party, has to specifically detail the reasons why each request

22   is irrelevant.  V5 Technologies v. Switch Limited, 334 F.R.D.

23   306, 310 (D. Nev. 2019); Again, affirmed under the name V5

24   Technologies LLC v. Switch Limited, 2020 WL 1042515.

25           To determine whether a discovery is proportional to

1  the needs of the case, the Court's required to examine the

2  information requested here in the interrogatories and in the

3  request for production of documents in light of six factors:

4  First, the importance of the issues at stake in the action;

5  second, the amount in controversy; third, the parties' relative

6  access to relevant information; fourth, the party's resources;

7  fifth, the importance of the discovery in resolving the issues;

8  and sixth, whether the burden or expense of the proposed

9  discovery outweighs its likely benefit.  Caballero v. Bodega

10  Latina Corporation, 2017 WL 3174931 at *2.  There, the district

11  court was citing Federal Rules of Civil Procedure 26(b)(1).

12          So walking quickly through those factors, here, the

13  interrogatories and requests for production are important to

14  the issues that are at stake in this action.  And again, the

15  matters that are pending before me here are substantive ones.

16  Avoidance of transfers under Section 548 and 550 is a

17  fraudulent conveyance and a recovery of it for the benefit of

18  the estate.  Avoidance of a transfer under Section 544, the

19  trustee's strong arm powers and recovery for the benefit of the

20  estate under Section 550.  Importantly to Mr. Sciara, denial of

21  an exemption request, unjust enrichment, and then denial of

22  discharge.  I can't think of anything more significant and more

23  important in terms of the bankruptcy case that's pending before

24  me that underpins this adversary proceeding than the denial or

25  grant of a bankruptcy discharge.  And here, the discharge is

1  challenged under Section 727(a)(2)(A) and (a)(4).  So, when I

2  look at the importance of the issues at stake in the action

3  that are the subject of the discovery requests, that's a

4  significant issue.  And the discovery sought here is plainly

5  proportional to those issues.

6           Second is the amount in controversy.  It's not so

7  much the amount in controversy, although the transfers are

8  significant transfers, as much as it is the, in this Court's

9  view, the discharge objections.  There's a lot of money at --

10 there is a fair amount of money at stake in the action.  There

11 is a question as to whether or not the debtor ought to receive

12 a discharge.  That amount in controversy and that significant

13 issue is enough to lend significance to the need of the trustee

14 in this voluntary bankruptcy case to suss out the actual facts

15 in determining whether the amount in controversy can or ought

16 to be recovered and whether or not the debtor is entitled to a

17 discharge.  Second factor shows that the discovery sought by

18 the trustee through the interrogatories and request for

19 production of documents is proportional to the needs of the

20 case.

21          Third, the party's relative access to relevant

22 information.  Well, Mr. Sciara would say, and has said, that

23 some of the information that was sought by the trustee was hard

24 to get or it was -- he was having other challenges and couldn't

25 get the information.  But the fact of the matter is relative

1    access to the information sought by the trustee is directly in

2    Mr. Sciara's control.  The trustee, as administering the

3    Chapter 7 bankruptcy estate, requires Mr. Sciara to cooperate

4    in providing that information, and it is relevant not only to

5    the administration of the bankruptcy estate generally but in

6    specifics as it relates to this adversary proceeding to the

7    resolution of the issues I've identified previously.

8    Mr. Sciara's access to the relevant information is far greater

9    than that the trustee had available.  This isn't a situation

10   where the trustee could simply go and subpoena a bank for -- a

11   bank statement, for example.  Mr. Sciara has access to the

12   information that the trustee needs.  That's a factor that

13   weighs in favor of finding the trustee's discovery requests in

14   the form of interrogatories and requests for production of

15   documents is proportional to the needs of the case.

16          Next is the parties' resources.  Well, the --

17   Mr. Sciara is a Chapter 7 bankrupt debtor, but the Chapter 7

18   trustee is responsible for administering a difficult and

19   potentially at least modest bankruptcy estate.  Neither party

20   has a strong arm as it relates to resources in this case.  The

21   fourth factor is either neutral in the calculus or weighs at

22   least slightly in favor of a finding that the trustee's

23   discovery requests are proportional to the needs of this case,

24   this adversary proceeding.

25          Fifth, the importance of the discovery in resolving

1  these issues.  If Mr. Sciara would provide the trustee with the

2  requested discovery, it would go a long ways towards the

3  trustee's ability to determine whether to pursue some, all, or

4  none of the causes of action that are detailed in the complaint

5  as amended.  The fifth factor shows that the trustee's selected

6  discovery requests in the form of interrogatories and requests

7  for production of documents is important to the trustee's

8  ability to analyze and dispose of the issues that are raised

9  through the complaint.  The fifth factor weighs in favor of a

10 finding that the trustee's discovery requests here are

11 proportional to the needs of the case.

12          And last, whether the burden or expense of the

13 proposed discovery outweighs its benefit, I'm simply going to

14 say it does not.  The trustee's discovery responses generally

15 are not only proportional to the needs of the case, but there

16 has been no showing on this record that the discovery requests

17 are in any way irrelevant, overly broad, or unduly burdensome.

18 Mr. Sciara has made no showing in that regard.  The sixth

19 factor weighs in favor of a finding that the trustee's

20 discovery, which is the subject of this dispute, is

21 proportional to the needs of the case.

22          When the totality of the circumstances in this

23 adversary proceeding are considered with no single fact or

24 factor controlling the calculus, the Court finds that the

25 preponderance of the evidence established both that Ms. Krohn's

1  pending discovery requests in the form of requests for

2  production of documents and interrogatories satisfy the

3  proportionality requirement under Federal Rule of Civil

4  Procedure 26 and that responding to those discovery requests

5  does not subject Mr. Sciara to any undue burden.  There really

6  isn't any issue as to whether or not Mr. Sciara is in a

7  position to provide the discovery responses.  What's really at

8  issue in connection with this case is he simply is delayed and

9  has delayed in connection with the providing of responses to

10  the trustee's request for production of documents and

11  interrogatories.  I've considered his reasons why it was hard

12  for him to timely respond to the requests for production and

13  interrogatories, but given the magnitude of the issues that are

14  the subject of this adversary proceeding, I find that they ring

15  hollow.  I also find that there was a long time passed as the

16  trustee tried to give additional time to Mr. Sciara to allow

17  him to get the discovery responses to the trustee, and he

18  simply failed to do so.  It wasn't until after multiple

19  extensions had been granted by the trustee to provide discovery

20  responses, multiple promises that those discovery responses in

21  the form of interrogatory answers and requests for production

22  of documents would be provided and then weren't, and then there

23  was a heads up that the motion was going to be filed.

24         You know, really, in this particular circumstance,

25  and when you look at all of the facts of this case,

 1    Mr. Sciara's arguments that, you know, it was hard for him to

 2    file or to prepare the required responses is short of the mark

 3    by a lot.  It simply doesn't hold water from the Court's

 4    perspective in the context of a motion to compel.  The Court

 5    therefore finds that the trustee has carried her burden of

 6    demonstrating that the motion to compel ought to and should be

 7    and will be sustained, and so the Court will grant Ms. Krohn's

 8    motion to compel.  Mr. Sciara shall serve supplemental and

 9    complete responses to Ms. Krohn's interrogatories, as well as

10    complete responses to Ms. Krohn's request for production of

11    documents.  He will do so on or before November 20th of 2025.

12            The motion to compel also seeks an award in

13    connection with the reasonable expenses incurred in filing this

14    motion.  In determining whether or not to grant the trustee's

15    request to be awarded reasonable expenses that were incurred in

16    filing this motion, the Court turns again to the rule, Federal

17    Rule of Civil Procedure 37(a)(5), Payment of Expenses and

18    Protective Orders, Subparagraph (A), If the Motion is Granted,

19    and it is, or Discovery is Provided After Filing, and it was.

20    "If the motion is granted" -- and it was -- "or the disclosure

21    or request of discovery is provided after the motion was filed"

22    -- and it was -- "the court must" -- and that word has meaning,

23    takes away the Court's discretion in this context, except for

24    as the rule provides subsequently, "the court must, after

25    giving an opportunity to be heard" -- and I've heard the

1   parties' arguments before today's oral ruling -- "require the

2   party or deponent whose conduct necessitated the information"

3   -- that's Mr. Sciara -- "the party or attorney advising that

4   conduct" -- which is counsel for Mr. Sciara -- "or both to pay

5   the movant's reasonable expenses incurred in making the motion,

6   including attorneys' fees.  But the Court must not order this

7   payment if:  (i) the movant filed the motion before attempting

8   in good faith to obtain the disclosure or discovery without

9   court action."  That is not the situation here.  Ms. Krohn

10   filed the motion after attempting in good faith to obtain the

11   disclosure or discovery without court action.  The record on

12   that is legion.

13           Second, "the opposing party's nondisclosure response

14   or objection was substantially justified."  I find that there's

15   been no showing by way of admissible evidence that the failure

16   to provide responses to the interrogatories or request for

17   production of documents was substantially justified.  The

18   opposition isn't even supported by a declaration from Mr.

19   Sciara saying why he was unable to provide the required

20   responses to the interrogatories and requests for production.

21   It just simply says that, in counsel's view, it was hard for

22   Mr. Sciara to respond.  That is not enough to demonstrate that

23   Mr. Sciara's nondisclosure response or objection was

24   substantially justified.  It simply isn't enough on this record

25   to establish that.

33

```
 1            Or third, "other circumstances make an award of
 2   expenses unjust."  They don't.  This is a simple case.  This is
 3   a situation where, after multiple efforts by the trustee to
 4   obtain discovery responses, cooperative efforts by the trustee
 5   to extend the deadline on repeated occasions, efforts by the
 6   trustee to get responses before filing the motion to compel.
 7   The fact of the matter is that when you look at all of the
 8   facts of the case, as I've summarized them, the circumstances
 9   that are present here do not make an award of expenses unjust.
10   To the contrary, an award of expenses is appropriate when
11   there's this sort of dilatory conduct in connection with
12   response to straightforward, important discovery requests from
13   a trustee to a debtor/defendant in an adversary proceeding with
14   issues that are pending before the Court like this one.
15            So I've considered the last sentence of Federal Rule
16   of Civil Procedure 37(a)(5)(A).  I'm mindful that the Court
17   must not order the payment of reasonable expenses incurred by
18   Ms. Krohn in making this motion, but I find that none of the
19   circumstances that preclude or would prohibit such an award are
20   present here.  Ms. Krohn plainly did, before filing the motion
21   to compel, attempt in good faith to obtain the disclosure -- or
22   the discovery, I should say -- the interrogatory answers and
23   requests for production of documents without court action.
24   That's apparent from a simple review of the record.  There
25   isn't any evidence to suggest or support the argument that
```

34

1    Mr. Sciara's failure to respond to the interrogatories or

2    requests for production of documents was substantially

3    justified, nor are there circumstances here on this record that

4    would suggest or demonstrate that an award of expenses in favor

5    of Ms. Krohn would be unjust.  This is a situation where the

6    "must" language in Federal Rule of Civil Procedure 37(a)(5)

7    really gives the Court a very straightforward directive.  I

8    must, after giving an opportunity to be heard, require

9    Mr. Sciara, as the party whose conduct necessitated this

10   motion, to pay the movant's reasonable expenses in connection

11   with the motion, including attorneys' fees, and Mr. Sciara's

12   counsel's also exposed to that sort of a liability.

13        When I've looked at all of the facts of this case

14   carefully, and I have, under Federal Rule of Civil Procedure

15   7037(a)(5)(A), applicable here under Bankruptcy Rule 7037,

16   Mr. Sciara and his counsel should be jointly and severally

17   responsible for payment of Ms. Krohn's reasonable expenses

18   incurred in filing this motion, including attorneys' fees.

19   That's what the rule requires.  The Court must grant them under

20   the facts that are present here.

21        As a result, counsel for Ms. Krohn will file an

22   itemized statement of attorneys' fees and expenses with the

23   court on or before November 20th of 2025.  Counsel for

24   Mr. Sciara shall have through and including November 28th of

25   2025 to file any opposition or responsive papers.  Counsel for

1  Ms. Krohn shall file any reply by December 5th of 2025, and the

2  Court will hold a continued hearing as to the amount of

3  reasonable expenses to be awarded to Ms. Krohn.  I will do that

4  on Monday, December 8th, 2025 at 9:30 a.m.

5          Is that a workable date and time?  If you can confirm

6  that December 8th, 2025 at 930 a.m.  is a workable date and

7  time, Ms. Rowa, I'd appreciate it.  December 8th, 2025 at 9:30

8  a.m.

9          THE CLERK:  At what time, Your Honor?

10          THE COURT:  9:30.

11          THE CLERK:  Yes, that works.

12          THE COURT:  All right.  The discovery deadline in

13  this case is also extended through and including January 16th,

14  2026, and the deadline for filing dispositive motions in this

15  case is extended through and including Thursday, January 16th,

16  2026 as well.

17          The ruling as announced by the Court on the record

18  here today will constitute the Court's findings of fact and

19  conclusions of law under Federal Rule of Civil Procedure 52,

20  applicable in this adversary proceeding by operation of Federal

21  Rule of Bankruptcy Procedure 7052.

22          That makes you the prevailing party, Ms. McPherson.

23  Can you prepare an order that's consistent with what I've

24  stated on the record here today, incorporates my findings and

25  conclusions, and provides for the continued hearing on December

36

 1  8th at 930 with the deadlines that I've stated on the record

 2  here today?

 3            MS. MCPHERSON:  Yes, I will.  Thank you, Your Honor.

 4            THE COURT:  All right.  Do you have the dates and

 5  everything else?  Is there anything that you need me to

 6  clarify?

 7            MS. MCPHERSON:  I believe I have all the dates.

 8  Thank you.

 9            THE COURT:  All right.  Very well.  I'll look for the

10  order then in the ordinary course, run it by counsel for

11  Mr. Sciara, get it to me, and I'll get it on the docket as

12  quickly as I can, and we'll circle back to the question of how

13  much is a reasonable amount for expenses incurred in filing

14  this motion on December 8th, 2025 at 9:30.  Discovery deadline

15  and deadline for dispositive motions continued till January

16  16th, 2026.

17            What did I manage to overlook on my three o'clock

18  calendar this afternoon then, Ms. Rowa?

19            THE CLERK:  Nothing, your honor.

20            THE COURT:  All right.  Seeing nothing further, we'll

21  stand adjourned.  Stay safe, stay healthy, Counsel.  Have a

22  good afternoon.

23            THE CLERK:  Off record.

24            MS. MCPHERSON:  Thank you.

25        (Proceedings concluded at 4:03 p.m.)

37

1 **C E R T I F I C A T I O N**

2

3          I, Alicia Jarrett, court-approved transcriber, hereby

4 certify that the foregoing is a correct transcript from the

5 official electronic sound recording of the proceedings in the

6 above-entitled matter.

7

8

9

10 _____

11 ALICIA JARRETT, AAERT NO. 428     DATE: November 14, 2025

12 ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25