Peter B. Mortenson, Esq.
Nevada Bar No. 05725
**MORTENSON & RAFIE, LLP**
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph: 702-363-4190
Fx: 702-363-4107
Email: manager@nvlaw.us
*Attorney for Brian Sebastian Sciara*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | Adv. Case No.: 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE, | **DECLARATION OF PETER B. MORTENSEN, ESQ., IN SUPPORT OF APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT BRIAN SEBASTIAN SCIARA** |
| Plaintiff, | |
| v. | |
| BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022, | |
| Defendants. | Time: OST Pending<br>Date: OST Pending |

I, PETER B. MORTENSEN, ESQ., hereby declare under the penalty of perjury as follows:

1. I am an attorney duly licensed to practice in the State of Nevada with the law firm of MORTENSON & RAFIE, LLP, counsel for Defendant BRIAN SEBASTIAN SCIARA ("Defendant").

2. I make this Declaration in support of the *Application for an Order Shortening Time to hear the Motion to Withdraw as Counsel of Record for Defendant Brian Sebastian Sciara* ("Application"), and this Declaration is based on my personal knowledge.

3. Plaintiff has propounded to Defendant written discovery in the form of a Request for Production of Documents and Interrogatories. Despite numerous requests and appropriate warnings from me, Defendant has failed and neglected to provide adequate responses. I have no control over Defendant, nor do I have access to the requested documents or information to formulate answers.

4. On October 21, 2025, this Court heard the Plaintiff's Motion to Compel Discovery against Defendant. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit "1"** (the "October Transcript"). As counsel for Defendant, I truthfully stated to the Court that "I have attempted everything I could to get the responses from my end, and I've always tried to be forthright with Ms. McPherson about those things." (See the October Transcript at lines 4-6 on the sixth page.) As counsel for Plaintiff, Ms. McPherson stated at the same hearing that "Well, your honor, . . . , I would like to say that Mr. Mortenson's always been very courteous and polite. And . . . there's no concern with regard to his personal conduct. (See, the October Transcript at lines 3-6 on the seventh page.) At the end of that hearing, the Court stated that it would issue its oral ruling on the Motion to Compel on November 10, 2025. (See, the October Transcript at lines 6-12 on the eighth page.)

5. At the next hearing on November 10, 2025, the Court ordered the Defendant to supplement his responses to the Request for Production of Documents and the Interrogatories propounded by Plaintiff no later than November 20, 2025, and I have no

control over the documents or the ability to make Defendant comply with the Court's order in the specified time frame, namely this week on Thursday, November 20, 2025. The situation is exacerbated by the fact that the Court ordered that I am jointly and severally liable for the attorney's fees and costs requested by Plaintiff without a specific finding that I have been involved in any misconduct or has been a cause for any delay or incompleteness in providing discovery to Plaintiff. A true and correct copy of the transcript of the November 20, 2025, hearing is attached hereto as **Exhibit "2"** (the "November Transcript). The Judge ruled as follows:

> So, I've considered the last sentence of Federal Rule of Civil Procedure 37(a)(5)(A). I'm mindful that the Court must not order the payment of reasonable expenses incurred by Ms. Krohn in making this motion, but I find that none of the circumstances that preclude or would prohibit such an award are present here. Ms. Krohn, did, before filing the motion to compel, attempt in good faith to obtain the disclosure – or the discovery, I should say – the interrogatory answers and requests for production of documents without court action. That's apparent from a simple review of the record. There isn't any evidence to suggest or support the argument that Mr. Sciara's failure to respond to the interrogatories or requests for production of documents was substantially justified, nor are there circumstances here on this record that would suggest or demonstrate that an award of expenses in favor of Ms. Krohn would be unjust. This is a situation where the "must" language in Federal Rule of Civil Procedure 37(a)(5)(A) really gives the Court a very straightforward directive. I must, after giving an opportunity to be heard, require Mr. Sciara, as the party whose conduct necessitated this motion, to pay the movant's reasonable expenses in connection with the motion, including attorneys' fees and Mr. Sciara's counsel's also exposed to that sort of a liability.
>
> When I've looked at all the facts of this case carefully, and I have, under Federal Rule of Civil Procedure 7037(a)(5)(A), applicable here under Bankruptcy Rule 7037, Mr. Sciara and his counsel should be jointly and severally responsible for payment of Ms. Krohn's reasonable expenses incurred in filing this motion, including attorney's fees. That's what the rule requires. The Court must grant them under the facts that are present here.
>
> As a result, counsel for Ms. Krohn will file an itemized statement of attorney's fees and expenses with the court on or before November 20th of 2025. Counsel for Mr. Sciara shall have through and including November 28th of 2025 to file any opposition or responsive papers. Counsel for Ms. Krohn shall file any reply by December 5th of 2025, and the Court will hold a continued hearing as to the amount of reasonable

expenses to be awarded to Ms. Krohn. I will do that on Monday, December 8th, at 9:30 a.m. . . .

All right.  The discovery deadline in this case is also extended through and including January 16th, 2026 . . . .

6. The Order making me jointly and severally liable for the failures of Defendant has created an inherent conflict between Defendant and me, requiring that I and my law firm, Mortenson and Rafie, LLP, withdraw immediately to avoid any further orders that would expose me and the law firm to liability or tarnish our hard-earned reputation in the legal community. There is further and significant concern that I could be held responsible for Defendant's failure to supplement the responses to the Interrogatories and Requests for Production of Documents by November 20, 2025. I have explained the urgency and importance of the supplementations to the responses as ordered by the Court, to date, November 19, 2025, I have not received any indication that the supplements will be done by November 20, 2025. I have no control over the information or documents yet I am under the chilling effect of the Court's order that he might be held severally liable with Mr. Sciara for any further failures. This is simply untenable and not remediable at this point. The breakdown and trust needed in the attorney/client relationship is profound and complete at this point.

7. For all these reasons, an expedited hearing is not only justified but necessary to prevent prejudice and ensure proper administration of the case and further abuse of the bankruptcy process.

//

//

//

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 19 day of November.

*/s/ Peter B. Mortenson*
_____
PETER B. MORTENSON, ESQ.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of MORTENSON & RAFIE, LLP and that on this 19 day of November 2025, I caused the above and foregoing document *Declaration of Peter B. Mortenson, Esq. in Support of Ex-Parte Application for an Order Shortening Time to Hear Motion to Withdraw as Counsel of Record for Defendant Brian Sebastian Sciara* to be served as follows:

[ X ]   Pursuant to EDCR 8.05(a), EDCR 8.05(f), NRCP 5(b)(2)(D) and Administrative Order 14-2 captioned "In the Administrative Matter of Mandatory Electronic Service in the Eighth Judicial District Court," by mandatory electronic service through the Eighth Judicial District Court's electronic filing system.

[  ]    By placing same to be deposited for mailing in the United States Mail, enclosed in a sealed envelope upon which first class postage prepaid in Las Vegas, Nevada.

[  ]    Pursuant to EDCR 7.26, to be sent via facsimile, by duly executed consent for service by electronic means.

[  ]    By hand delivery to the attorney listed below:

[  ]    To the address, email address, and/or facsimile number listed below:

Timothy A. Lukas, Esq.
HOLLAND AND HART, LLP
5470 Kietzke Ln., Ste. 100
Reno, NV 89511

　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin Chan*
　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　An employee of MORTENSON & RAFIE, LLP