JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: 702.262.6899 / Facsimile: 702.597.5503
Email: jmcpherson@foxrothschild.com

*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | Adv. Case No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE, | |
| Plaintiff, | **MOTION TO APPROVE SETTLEMENT WITH PETER MORTENSON OF MORTENSON & RAFIE LLP** |
| v. | |
| BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022, | |
| | Date:  OST Requested |
| Defendants. | Time: OST Requested |

Shelley D. Krohn, Trustee ("Trustee"), by and through her counsel, Jeanette E. McPherson, Esq. of Fox Rothschild LLP, hereby files this Motion To Approve Settlement With Peter Mortenson Of Mortenson & Rafie, LLP ("Motion").   This Motion is made and based upon 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9019, Local Rule 9019, the Declaration of Shelley D. Krohn ("Declaration"), the Points and Authorities set forth herein, the pleadings and papers on file in this case which the respectfully requests this Court take judicial notice, and any oral argument entertained by the Court at the time of the hearing on this matter.

**INTRODUCTION**

By this Motion, Trustee Krohn seeks approval of a Settlement Agreement (the "Settlement Agreement") with Peter Mortenson of Mortenson & Rafie, LLP ("Mortenson").  The Settlement Agreement satisfies the factors articulated by the Ninth Circuit in *Martin v. Kane (In re A & C*

1

180090588.1

*Properties)*, 784 F.2d 1377, 1380 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986) including: (1) the probability of success in the litigation; (2) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) the interests of the creditors and a proper deference to their reasonable views in the premises. *Id*. at 1381 (citation omitted).  A copy of the Settlement Agreement is attached to this Motion as **Exhibit 1**. The Settlement Agreement should be reviewed in its entirety.[1]  However, in summary, the Settlement Agreement provides that Mortenson will pay the estate the amount of $12,000 in resolution of the award of attorneys' fees and costs (an amount to yet be determined) as with respect to him, only. For the avoidance of doubt, this Settlement Agreement does not resolve the amount or payment of the award with respect to the Debtor.

### POINTS AND AUTHORITIES

#### Factual Background

**A.    Bankruptcy Filing**

1.    On August 4, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, BK-S-23-13265-ABL, in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court").

2.    On July 15, 2024, the Court entered an *Order Granting Motion For Conversion of Small Business Case To Chapter 7* [ECF 96] ("Conversion Order").

3.    The Trustee is the duly appointed and acting Chapter 7 trustee for the Bankruptcy Estate of the Debtor.

**B.    Adversary Proceeding**

4.    October 2, 2024, the Trustee commenced this proceeding by filing a *Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11 U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5) Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4)*.  The Complaint was thereafter amended on October 25, 2024 (the "Complaint") [Adv. ECF 1 and 6].

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed in the Settlement Agreement.

180090588.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5.   On November 19, 2024, the Debtor filed *Defendant Brian Sciara's Answer To Amended Complaint* (the "Answer") [Adv. ECF 10].

6.   On February 10, 2025, the Plaintiff filed the *Standard Discovery Plan* ("Discovery Plan") [Adv. ECF 15] proposing a discovery deadline of July 1, 2025.

7.   On September 11, 2025, the Trustee filed the *Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Motion") [Adv. ECF 36].  As set forth in the Compel Motion, the Trustee requested an order:

1. compelling responses to the Interrogatories and Requests for Production from Sciara by a date certain and without objection to the Discovery;
2. ordering Sciara and/or Sciara's counsel to pay Plaintiff's reasonable attorney's fees and expenses incurred in bringing this Motion;
3. extending the discovery deadline for a period of approximately 60 days from Monday, November 17, 2025 to Thursday, January 16, 2026; and
4. extending the deadline for filing dispositive motions from Monday, November 3, 2025 to Thursday, January 16, 2026.

8.   On September 29, 2025, the Debtor filed *Defendant's Opposition To Plaintiff's Motion To Compel.*  [Adv. ECF 41].

9.   On November 19, 2025, the Compel Motion was granted by an *Order Granting Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Order") [Adv. ECF 51].  The Compel Order provides in relevant part as follows:

(1) Sciara shall serve supplemental and complete responses to Plaintiff's interrogatories as well as complete responses to Plaintiff's request for production of documents. He will do so on or before November 20, 2025;

(2) Sciara and Sciara's Counsel are jointly and severally liable for payment of the Trustee's reasonable attorney's fees and costs incurred in making the Motion. As such, the Trustee shall file an itemized statement of her attorney's fees and costs no later than November 20, 2025. Any opposition to this statement shall be filed no later than November 28, 2025. Any reply shall be filed no later than December 5, 2025. A hearing on the reasonableness of the Trustee's attorney's fees and costs shall be held on **December 8, 2025 at 9:30 a.m.**; and

(3) the discovery deadline in this proceeding is continued to January 16, 2026 and the deadline for filing dispositive motions is continued to January 16, 2026.

10.   Mortenson disputes that attorneys' fees and costs should have been jointly and severally awarded against him. Consequently, Mortenson filed a *Motion To Alter Or Amend Interlocutory Order* ("Motion to Alter") [Adv. ECF 55].

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

180090588.1

11. Mortenson does not dispute the award of reasonable attorneys' fees and costs against the Debtor but only disputes the award against him.

12. On November 20, 2025, in compliance with the Compel Order, the Trustee filed *Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines* ("Statement") [Adv. No. 54], along with the supporting declaration of Jeanette E. McPherson [Adv. No. 56] ("McPherson Declaration").

13. As set forth in the Statement, the Trustee seeks an award of her attorneys' fees incurred in making the Compel Motion in the amount of $12,875.50 ("Attorney's Fees"). No expenses are requested.

14. On November 26, 2025, Mortenson filed *Defendant's Opposition to Plaintiff's Itemized Statement of Attorney's Fees and Costs* ("Opposition to Statement") [Adv. No. 63].

15. Mortenson and the Debtor opposed the Plaintiff's attorneys' fees, for the following alleged reasons: 1) counsel's rate of $625.00 is not a "reasonable" billing rate, 2) the fees are not related to "making" the motion as required by Rule 37, and 3) the fees incurred by the paralegal are not compensable as they are not attorneys' fees and costs.

16. On November 28, 2025, the Trustee filed her *Response to Motion to Alter or Amend Interlocutory Order* ("Trustee's Response") [Adv. No. 64].

17. The Trustee asserts that Rule 37(a)(5)(A) clearly provides for an award of attorney's fees and costs against counsel as requested in the Compel Motion.

18. On December 5, 2025, the Trustee filed her *Reply to Defendant's Opposition to Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines and Request for Supplemental Fees* ("Trustee's Reply") [Adv. No. 66], along with the supporting declarations of Jeanette E. McPherson [Adv. No. 67] and Angela Hosey [Adv. No. 68] ("Supporting Declarations").

19. The time for responding to the Motion To Alter and to the Opposition To Statement was not included in the list of fees attached to the Statement nor was estimated time included for attendance at the hearing. As such, the Trustee requested supplemental fees in the amount of an additional 7.9 hours for drafting Trustee's Reply, Trustee's Response, and Supporting Declarations,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

180090588.1

legal research regarding the Trustee's Reply, and in the amount of an estimated .8 hours for attending the hearing for a total fee supplement of $5,029.50 ("Supplemental Attorney's Fees").

20.    The Trustee requests an award of the Attorney's Fees and the Supplemental Attorney's Fees, in the total amount of $17,905.00.

21.    The Court has heard the Parties' arguments regarding the Statement and has taken the matter under submission, with a scheduled decision to be rendered on December 30, 2025.

22.    The Trustee and Mortenson reached an agreement to extend, among other dates, the discovery and dispositive motion deadline to April 15, 2026, and filed an *Amended Discovery Plan* on December 10, 2025 ("Amended Discovery Plan") [Adv. No. 76].

**C.    Settlement**

23.    The Trustee, subject to court approval, reached a settlement of the award of attorneys' fees and costs.  This settlement is with respect to Mortenson only and does not apply to the Debtor, Brian Sebastian Sciara, who shall remain responsible for the award of reasonable attorney's fees and costs awarded in the Compel Order (and yet to be determined amount).

24.    Pursuant to the settlement with Mortenson, Mortenson shall pay the sum of twelve thousand dollars ($12,000.00).  The payment of $12,000.00 must be received by the Trustee within three (3) calendar days from the entry of an order by the Bankruptcy Court approving this Settlement Agreement. Upon receipt, the Trustee will release Mortenson from being jointly and severally liable for payment of the Trustee's reasonable attorney's fees and costs incurred in making the Motion to Compel and related filings.

**Memorandum of Law**

"On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a).  "The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986).  Accordingly, in approving a settlement agreement, bankruptcy courts need not conduct a mini-trial on the merits of the claims, or an

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

180090588.1

exhaustive investigation into the underlying dispute. *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th 1982). Rather, it is sufficient that the Court finds that the settlement was negotiated in good faith, and is reasonable, fair, and equitable. *In re A & C Props.*, 784 F.2d at 1381.

The Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

a.      The probability of success in the litigation;

b.      The difficulties, if any, to be encountered in the matter of collection;

c.      The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

d.      The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 381 (citation omitted).

When considering these factors, courts need not decide the numerous questions of law and facts that may be raised regarding the settlement. *See, e.g.*, *Burton v. Ulrick (In re Schmitt)*, 215 B.R. 417, 423 (9th Cir. BAP 1997). Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *In re Schmitt*, 215 B.R. at 423 ("[w]hen assessing a compromise, courts need not rule upon disputed facts and questions of law, but only canvass the issues"). "If the courts were required to do more than canvass the issue, there would be no point in compromising; the parties might as well go ahead and try the case." *Suter v. Goedert (In re Suter)*, 396 B.R. 535, 548 (D. Nev. 2008), quoting 10 Collier on Bankruptcy ¶ 9019.02. And while the Court should consider the reasonable views of creditors, "objections do not rule. It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). Here, the Settlement Agreement represents a compromise that falls within the reasonable range and is far above the "lowest point in the zone of reasonableness."

**1.      The Probability of Success in Litigation.**

The Court has entered an award of reasonable attorneys' fees and costs. However, the amount

6

of the award is yet to be determined.  Briefing regarding the amount of the award of attorneys' fees and costs has already been filed and oral arguments have been made. In addition, Mortenson has filed the Motion to Alter.  A response has been filed to the Motion to Alter and oral arguments have been made. The Trustee believes that she has a very good probability of success in connection with the Motion To Alter and with a determination of the amount of the award of attorneys' fees and costs.

**2.  The Complexity, Inconvenience, and Expense of Litigation.**

The Trustee does not believe that the issue regarding whether Mortenson is jointly liable on the award of attorneys' fees and costs to the Trustee is complex. Further, briefing has already occurred.  However, the Trustee anticipates inconvenience, additional expense, and delay involved in connection with this matter including a potential appeal of the award of attorneys' fees and the amount.

**3.  Difficulty of Collection.**

The Trustee believes that collection may be difficult as Mortenson will continue to contend that the Debtor is responsible for payment of the award of attorneys' fees. Further, collection efforts will simply create additional expense for the estate and cause delay. In addition, the estate may have difficulties in timely collection if an appeal is filed. Settling avoids this.

**4.  The Settlement Agreement Is In the Best Interests of Creditors.**

The paramount interests of creditors in this case and proper deference to their reasonable views weigh in favor of approving the Settlement Agreement. The Trustee, in her business judgment, believes that it is in the best interest of creditors to end the litigation and attendant uncertainty regarding Mortenson's liability for the award of attorneys' fees and the amount of the Trustee's attorneys' fees in exchange for a relatively immediate payment of $12,000.  Additional litigation will simply cause delay and more expense to the estate that may not be recovered. In addition, settlement eliminates a potential appeal. The Trustee further notes that an amount awarded by the Court in excess of $12,000 will remain due and payable from the Debtor, although the Trustee recognizes that the Debtor has no intention of paying the award of attorneys' fees and costs against him.

**CONCLUSION**

Considering each of the *A&C Properties* factors, the weight of these factors balances in

7

180090588.1

favor of approval of the Settlement Agreement.  As such, the Trustee respectfully requests that the Court enter an order:

1)    granting the Motion, approving the Settlement Agreement, and ordering compliance with the terms set forth in the Settlement Agreement attached hereto as **Exhibit 1**;

2)    authorizing the Trustee to execute the Settlement Agreement and any agreements and documents necessary to effectuate the Settlement Agreement;

3)    deeming all parties to the Settlement Agreement to have executed the Settlement Agreement and ordering each of these parties to execute any agreements and documents necessary to effectuate the Settlement Agreement; and

4)    retaining jurisdiction over any matter arising from, and/or related to, the relief granted herein.

Dated: December 11, 2025.                              **FOX ROTHSCHILD LLP**


/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
*Counsel for Shelley D. Krohn, Trustee*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8

180090588.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada  89135
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT 1

**(Settlement Agreement)**

180090588.1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and among Shelley D. Krohn, in her capacity as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Brian Sebastian Sciara (the "Debtor" or "Sciara"), and Peter B. Mortenson, Esq., counsel for the Debtor ("Mortenson" or "Sciara's Counsel"). From time to time in this Settlement Agreement, the Trustee and Mortenson are referred to collectively as the "Parties."

## RECITALS

### I.    Bankruptcy Filing

WHEREAS, on August 4, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, BK-S-23-13265-ABL, in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court").

WHEREAS, on July 15, 2024, the Court entered an *Order Granting Motion For Conversion of Small Business Case To Chapter 7* [ECF 96] ("Conversion Order").

WHEREAS, the Trustee is the duly appointed and acting Chapter 7 trustee for the Bankruptcy Estate of the Debtor.

### II.    Adversary Proceeding

WHEREAS, on October 2, 2024, the Trustee commenced this proceeding by filing a *Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11 U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5) Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4).* The Complaint was thereafter amended on October 25, 2024 (the "Complaint") [Adv. ECF 1 and 6].

WHEREAS, on November 19, 2024, the Debtor filed *Defendant Brian Sciara's Answer To Amended Complaint* (the "Answer") [Adv. ECF 10].

WHEREAS, on February 10, 2025, the Plaintiff filed the *Standard Discovery Plan* ("Discovery Plan") [Adv. ECF 15] proposing a discovery deadline of July 1, 2025.

WHEREAS, on September 11, 2025, the Trustee filed the *Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Motion") [Adv. ECF 36]. As set forth in the Compel Motion, the Trustee requested an order:

> 1. compelling responses to the Interrogatories and Requests for Production from Sciara by a date certain and without objection to the Discovery;
> 2. ordering Sciara and/or Sciara's counsel to pay Plaintiff's reasonable attorney's fees and expenses incurred in bringing this Motion;
> 3. extending the discovery deadline for a period of approximately 60 days from Monday, November 17, 2025 to Thursday, January 16, 2026; and
> 4. extending the deadline for filing dispositive motions from Monday, November 3, 2025 to Thursday, January 16, 2026.

WHEREAS, on September 29, 2025, the Debtor filed *Defendant's Opposition To Plaintiff's Motion To Compel.* [Adv. ECF 41].

WHEREAS, on November 19, 2025, the Compel Motion was granted by an *Order Granting Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Order") [Adv. ECF 51]. The Compel Order provides in relevant part as follows:

> (1) Sciara shall serve supplemental and complete responses to Plaintiff's interrogatories as well as complete responses to Plaintiff's request for production of documents. He will do so on or before November 20, 2025;
>
> (2) Sciara and Sciara's Counsel are jointly and severally liable for payment of the Trustee's reasonable attorney's fees and costs incurred in making the Motion. As such, the Trustee shall file an itemized statement of her attorney's fees and costs no later than November 20, 2025. Any opposition to this statement shall be filed no later than November 28, 2025. Any reply shall be filed no later than December 5, 2025. A hearing on the reasonableness of the Trustee's attorney's fees and costs shall be held on **December 8, 2025 at 9:30 a.m.**; and
>
> (3) the discovery deadline in this proceeding is continued to January 16, 2026 and the deadline for filing dispositive motions is continued to January 16, 2026.

WHEREAS, Mortenson disputes that attorneys' fees and costs should have been jointly and severally awarded against him. Consequently, Mortenson filed a *Motion To Alter Or Amend Interlocutory Order* ("Motion to Alter") [Adv. ECF 55].

WHEREAS, Mortenson does not dispute the award of reasonable attorneys' fees and costs against the Debtor but only disputes the award against him.

WHEREAS, on November 20, 2025, in compliance with the Compel Order, the Trustee filed *Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines* ("Statement") [Adv. No. 54], along with the supporting declaration of Jeanette E. McPherson [Adv. No. 56] ("McPherson Declaration").

WHEREAS, as set forth in the Statement, the Trustee seeks an award of her attorneys' fees incurred in making the Compel Motion in the amount of $12,875.50 ("Attorney's Fees"). No expenses are requested.

WHEREAS, on November 26, 2025, Mortenson filed *Defendant's Opposition to Plaintiff's Itemized Statement of Attorney's Fees and Costs* ("Opposition to Statement") [Adv. No. 63].

WHEREAS, Mortenson and the Debtor opposed the Plaintiff's attorneys' fees, for the following alleged reasons: 1) counsel's rate of $625.00 is not a "reasonable" billing rate, 2) the fees are not related to "making" the motion as required by Rule 37, and 3) the fees incurred by the paralegal are not compensable as they are not attorneys' fees and costs.

WHEREAS, on November 28, 2025, the Trustee filed her *Response to Motion to Alter or Amend Interlocutory Order* ("Trustee's Response") [Adv. No. 64].

WHEREAS, the Trustee asserts that Rule 37(a)(5)(A) clearly provides for an award of attorney's fees and costs against counsel as requested in the Compel Motion.

WHEREAS, on December 5, 2025, the Trustee filed her *Reply to Defendant's Opposition to Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines and Request for Supplemental Fees* ("Trustee's Reply") [Adv. No. 66], along with the supporting declarations of Jeanette E. McPherson [Adv. No. 67] and Angela Hosey [Adv. No. 68] ("Supporting Declarations").

WHEREAS, the time for responding to the Motion To Alter and to the Opposition To Statement was not included in the list of fees attached to the Statement nor was estimated time included for attendance at the hearing.  As such, the Trustee requested supplemental fees in the amount of an additional 7.9 hours for drafting Trustee's Reply, Trustee's Response, and Supporting Declarations, legal research regarding the Trustee's Reply, and in the amount of an estimated .8 hours for attending the hearing for a total fee supplement of $5,029.50 ("Supplemental Attorney's Fees").

WHEREAS, the Trustee requests an award of the Attorney's Fees and the Supplemental Attorney's Fees, in the total amount of $17,905.00.

WHEREAS, the Court has heard the Parties' arguments regarding the Statement and has taken the matter under submission, with a scheduled decision to be rendered on December 30, 2025.

WHEREAS, the Trustee and Mortenson reached an agreement to extend, among other dates, the discovery and dispositive motion deadline to April 15, 2026, and filed an *Amended Discovery Plan* on December 10, 2025 ("Amended Discovery Plan") [Adv. No. 76].

WHEREAS, in consideration of the payment of Twelve Thousand Dollars ($12,000.00) by Mortenson, the Trustee agrees to accept said sum and, effective upon receipt, releases Mortenson from being jointly and severally liable for payment of the Trustee's reasonable attorney's fees and costs incurred in making the Motion to Compel and related filings.

WHEREAS, the payment of $12,000.00 must be received by the Trustee within three (3) calendar days from the entry of an order by the Bankruptcy Court approving this Settlement Agreement.

WHEREAS, for the avoidance of doubt, this release applies solely to Mortenson; the Debtor, Brian Sebastian Sciara, is not released and shall remain responsible for the award of reasonable attorney's fees and costs awarded in the Compel Order and yet to be determined in amount.

## AGREEMENT

NOW, THEREFORE, in consideration of the above Recitals, the Parties agree as follows:

1.     **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2.     **Effective Date**. Unless otherwise stated, this Settlement Agreement, and all terms, obligations, representations, and warranties stated herein, shall become effective upon entry of an order ("9019 Order") by the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") approving a motion for approval of this Settlement Agreement filed pursuant to Federal Rule of Bankruptcy Procedure 9019.

3.     **Terms**.  The terms of this Settlement Agreement are as follows:

   a)     In consideration of the payment of Twelve Thousand Dollars ($12,000.00) by Mortenson, the Trustee agrees to accept said sum and, effective upon receipt, releases Mortenson from being jointly and severally liable for payment of the award of Trustee's reasonable attorney's fees and costs incurred in making the Motion to Compel and related filings, which award has yet to be determined in amount;

   b)     The payment of $12,000.00 must be received by the Trustee within three (3) calendar days from the entry of the 9019 Order;

   c)     This release applies solely to Mortenson; the Debtor, Brian Sebastian Sciara, is not released and shall remain responsible for the award of reasonable attorney's fees and costs awarded in the Compel Order and yet to be determined in amount by the Bankruptcy Court.

4.     **Non-Approval**. In the event the Settlement Agreement is not approved by the Bankruptcy Court, nothing herein shall be deemed a representation or admission by any Party as to any issue, and this Settlement Agreement will be deemed null and void.

5.     **No Admissions**. This Settlement Agreement is entered into for settlement and compromise and shall never be treated as an admission by any Party of any liability whatsoever or as an admission by any Party of any violation of the rights of any other Party or person, or the violation of any law, statute, regulation, duty or contract whatsoever. By entering into this Settlement Agreement, the Parties do so solely to avoid the inconvenience, expense, and uncertainty of further proceedings or litigation and expressly disclaim any liability to any other party or person. This Settlement Agreement shall have no precedential value in this or any other matter.

6.     **Attorneys' Fees and Costs**.  With respect to the subject of this Agreement, each Party shall bear its own attorney's fees and costs except in the event of default of this Agreement.  In the event that a Party hereto initiates a lawsuit to enforce the provisions of this Settlement Agreement, the Party prevailing in such lawsuit shall be entitled to reasonable attorney's fees and costs.

7.     **Notices**.  All notices or information to be provided under this Settlement Agreement shall be sent to the following:

a.      Trustee:

Jeanette E. McPherson, Esq.
Fox Rothschild LLP
One Summerlin
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone:  702-699-5923
Email:  jmcpherson@foxrothschild.com

b.      Peter B. Mortenson, Esq.:

Peter B. Mortenson, Esq.
Mortenson & Rafie, LLP
8375 W. Flamingo Road, Suite 102
Las Vegas, NV 89147
Telephone: (702) 363-4190
Email:  manager@nvlaw.us

8.      **Entire Agreement**. This Settlement Agreement constitutes the agreement of settlement among the Parties, and the Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the Parties have relied in entering into this Settlement Agreement, unless expressly set forth herein.

9.      **Parties Affected**. This Settlement Agreement shall inure to the benefit of the Parties and their officers, directors, shareholders, employees, partners, attorneys, professionals, representatives, spouses, trustees, heirs, successors, and assigns.  For the avoidance of doubt, nothing herein shall release the award of reasonable attorney's fees and costs against the Debtor.

10.     **Governing Law/Forum Selection**. The Parties agree that the Bankruptcy Court shall have continuing jurisdiction to enforce the terms of this Settlement Agreement and the Parties expressly consent to the exercise of personal jurisdiction over them for that limited purpose. This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Nevada, without regard to its conflict of law principles.

11.     **Acknowledgment of Terms**. The Parties have read and understand the terms of this Settlement Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequence of each such term. Each Party represents and warrants that the person executing this Settlement Agreement on its behalf has all authority and legal right to do so.

12.     **Advice of Counsel**. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, have read this Settlement Agreement, and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of same. The Parties have had the Settlement Agreement fully explained to them by their respective counsel and understand the terms and provisions of this Settlement Agreement and its nature and effect.

14. **Severability**. If any term of this Settlement Agreement is deemed unenforceable, void or against public policy by a Court of competent jurisdiction, that term shall be severed without affecting the remainder of this Settlement Agreement.

15. **Neutral Interpretation**. In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16. **Execution of Documents**. This Settlement Agreement may be executed in counterparts, that is, all signatures need not appear on the same copy and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the day and year first above written.

SHELLEY D. KROHN, LTD.                    MORTENSON & RAFIE, LLP

_____          _____
Shelley D. Krohn, Esq.                    Peter B. Mortenson, Esq.
7469 W. Lake Mead Blvd., #170             Mortenson & Rafie, LLP
Las Vegas, NV 89128                       8375 W. Flamingo Road, Suite 102
*Chapter 7 Bankruptcy Trustee*            Las Vegas, NV 89147

14. **Severability**. If any term of this Settlement Agreement is deemed unenforceable, void or against public policy by a Court of competent jurisdiction, that term shall be severed without affecting the remainder of this Settlement Agreement.

15. **Neutral Interpretation**. In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16. **Execution of Documents**. This Settlement Agreement may be executed in counterparts, that is, all signatures need not appear on the same copy and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the day and year first above written.

**SHELLEY D. KROHN, LTD.**

**MORTENSON & RAFIE, LLP**

_____
Shelley D. Krohn, Esq.
7469 W. Lake Mead Blvd., #170
Las Vegas, NV 89128
*Chapter 7 Bankruptcy Trustee*

_____
Peter B. Mortenson, Esq.
Mortenson & Rafie, LLP
8375 W. Flamingo Road, Suite 102
Las Vegas, NV 89147