JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: jmcpherson@foxrothschild.com
*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adv. Case No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 22, 2026<br>Time: 9:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# TABLE OF CONTENTS

Page

I. INTRODUCTION ... 1

II. POINTS AND AUTHORITIES ... 1

A. Jurisdiction And Venue ... 1

B. Factual Background ... 2

III. MEMORANDUM OF LAW ... 7

A. Summary Judgment Standard ... 7

B. Sciara's Transfer of the Property to the Irrevocable Trust Is Avoidable Pursuant to 11 U.S.C. § 548(a)(1)(A) And Nevada Revised Statute 112.180(1)(a) ... 8

1. The Debtor Held An Interest In the Property ... 9

2. Sciara's Transfer of the Property to the Irrevocable Trust Was Made Two Years Before the Petition Date ... 9

3. Sciara Made The Transfer of the Property With The Actual Intent To Hinder, Delay, Or Defraud An Entity Which Sciara Was Or Became Indebted ... 9

C. The Transfer Is Avoidable Pursuant to 11 U.S.C. § 548(a)(1)(B) and NRS 112.180(1)(b) and NRS 112.190. ... 15

1. Transfer of an Interest of the Debtor in Property ... 16

2. The Transfer Was Made Within Two Years Before The Date of the Filing of the Petition ... 16

3. The Debtor Received Less Than a Reasonably Equivalent Value For the Transfer of the Property ... 16

4. The Debtor Was Insolvent At The Time Of The Transfer Of The Property, Was Engaged Or Was About To Engage In A Business Or A Transaction For Which The Remaining Assets Of The Debtor Were Unreasonably Small In Relation To The Business Or Transaction, Or Should Have Believed That The Debtor Would Incur, Debts Beyond His Or Her Ability To Pay As They Became Due ... 17

D. 11 U.S.C. § 548(e) ... 18

E. 11 U.S.C. § 550 ... 19

F. The Debtor Is Not Entitled to a Homestead Exemption ... 19

G. Unjust Enrichment ... 21

H. 11 U.S.C. § 727(a)(2)(A)) ... 22

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

I. 11 U.S.C. § 727(a)(4) ........ 23
J. Attorneys' Fees and Costs ........ 25
IV. CONCLUSION ........ 26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acequia v. Clinton (In re Acequia, Inc.)*,
34 F.3d 800 (9th Cir. 1994) ........ 10

*In re Adeeb*,
787 F.2d 1339 (9th Cir. 1986) ........ 23

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........ 7, 8

*Battley v. Mortensen (In re Mortensen)*,
Bankr. No. A09-00565-DMD, Adv. No. A09- 90036-DMD, 2011 WL 5025249 (Bankr. D. Alaska May 26, 2011) ........ 18

*BFP v. Resolution Trust Corp.*,
511 U.S. 531 (1994) ........ 10

*Butner v. United States*,
440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ........ 9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........ 7

*In re Cohen*,
300 F.3d 1097 (9th Cir. 2002) ........ 9

*Cusano v. Klein*,
264 F.3d 936 (9th Cir.2001) ........ 9

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006) ........ 20

*Danning v. Lavine*,
572 F.2d 1386 (9th Cir. 1978) ........ 21

*In re Devers*,
759 F.2d 751 (9th Cir. 1985) ........ 9, 23

*Dundee Cement Co. v. Howard Pipe & Concrete Prod.*,
722 F.2d 1319 (7th Cir.1983) ........ 20

*Ezra v. Seror (In re Ezra)*,
537 B.R. 924 (9th Cir. BAP 2015) ........ 10

*Feltman v. Tri-State Emp. Serv., Inc.* (*In re TS Emp., Inc.*),
602 B.R. 840 (Bankr. S.D.N.Y. 2019) ........ 20

*Fox v. Smoker (In re Noblit)*,
72 F.3d 757 (9th Cir. 1995) ........ 24

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

*In re Fyre Festival LLC*,
611 B.R. 735 (Bankr. S.D.N.Y. 2020) .......... 20

*Geddes v. United Financial Group*,
559 F.2d 557 (9th Cir. 1977) .......... 20

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
978 F.3d 653 (9th Cir. 2020) .......... 7

*Koebke v. Koebke*,
No. 80014-COA, 4 (Nev. App. Nov. 25, 2020) .......... 22

*In re Krishnamurthy*,
209 B.R. 714 (9th Cir. BAP 1997), *aff'd*, 125 F.3d 858 (9th Cir. 1997) .......... 8

*Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*,
115 F.4th 1047 (9th Cir. 2024) .......... 9

*Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*,
926 F.2d 1248 (1st Cir. 1991) .......... 10

*Moody v. Sec. Pac. Business Credit*,
971 F.2d 1056 (3d Cir. 1992) .......... 17

*Morgan Stanley High Yield Securities Inc. v. Jecklin*,
2020 WL 2770681 (D.Nev., May 28, 2020) .......... 25

*In re Myers*,
262 B.R. 445 (Bankr. N.D. Ind. 2001) .......... 20

*Nishimatsu Const. Co. v. Houston Nat. Bank*,
515 F.2d 1200 (5th Cir. 1975) .......... 20

*Pioneer Home Builders, Inc. v. Int'l Bank of Commerce (In re Pioneer Home Builders, Inc.)*,
147 B.R. 889 (Bankr.W.D. Tex. 1992) .......... 17

*Quality Meat Prods., LLC v. Porco, Inc. (In re Porco, Inc.)*,
447 B.R. 590 (Bankr. S.D. Ill. 2011) .......... 18

*Safanda v. Castellano (In re Castellano)*,
514 B.R. 555 (Bankr. N.D. Ill. 2014) .......... 18

*In re Schmitt*,
215 B.R. 417 (9th Cir. BAP 1997) .......... 9

*Sciara v. Campbell*,
Case No. 2:18-CV-01700-DJA .......... 13

*Sciara v. MiCamp Solutions*,
Case No. 84458 .......... 13

*Sciara v. MiCamp Solutions, LLC, et. al.*,
Case No. A-20-824100-B .......... 4, 13

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

*Sec. Farms v. Int'l. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*,
124 F.3d 999 (9th Cir. 1997) ..... 8

*Sierra Med. Servs. All. v. Kent*,
883 F.3d 1216 (9th Cir. 2018) ..... 7

*Thomson v. Wooster*,
114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885) ..... 20

*In re Trujillo*,
215 B.R. 200 (9th Cir. BAP 1997) ..... *passim*

*Vadnais Lumber Supply, Inc. v. Byrne (In re Vadnais Lumber Supply, Inc.)*,
100 B.R. 127 (Bankr.D. Mass. 1989) ..... 17

*Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.)*,
124 B.R. 984 (Bankr.S.D. Ohio 1990) ..... 17

**Statutes**

11 U.S.C. § 105 ..... 1

11 U.S.C. § 522 ..... 1

11 U.S.C. § 522(g) ..... *passim*

11 U.S.C. § 522(p) ..... 21, 26

11 U.S.C. § 541 ..... 9

11 U.S.C. § 544 ..... *passim*

11 U.S.C. § 548 ..... *passim*

11 U.S.C. § 548(a)(1)(A) ..... 8, 9, 15, 26

11 U.S.C. § 548(a)(1)(B) ..... 15, 16, 26

11 U.S.C. § 548(e) ..... 18, 19, 26

11 U.S.C. § 548(e)(1) ..... 18

11 U.S.C. § 550 ..... 1, 19, 20, 26

11 U.S.C. § 550(a) ..... 19

11 U.S.C. § 727(a)(2) ..... 22

11 U.S.C. § 727(a)(2)(A) ..... 1, 22, 26

11 U.S.C. § 727(a)(4) ..... 1, 23, 25, 26

28 U.S.C. § 157 ..... 1

28 U.S.C. § 157(b)(2)(A) ..... 1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

28 U.S.C. § 157(b)(2)(H) .......... 1
28 U.S.C. § 157(b)(2)(J) .......... 1
28 U.S.C. § 157(b)(2)(O) .......... 1
28 U.S.C. § 1334 .......... 1
28 U.S.C. § 1408 .......... 1
28 U.S.C. § 1409 .......... 1
Nev. Rev. Stat. § 112.160 .......... 11, 14
Nev. Rev. Stat. § 112.180(1)(a) .......... 1, 9, 15, 26
Nev. Rev. Stat. § 112.180(1)(b) .......... 15, 16, 26
Nev. Rev. Stat. § 112.180(2) .......... 12
Nev. Rev. Stat. § 112.180(a)(b) .......... 1
Nev. Rev. Stat. § 112.190 .......... 1, 15, 16, 26
Nev. Rev. Stat. § 112.210 .......... 1, 25, 26
Nev. Rev. Stat. § 112.210(1)(c)(3) .......... 25
Nev. Rev. Stat. § 112.220 .......... 25
Spendthrift Trust Act of Nevada, Nev. Rev. Stat. §§ 166.010 et seq. .......... 2

**Other Authorities**

Fed. R. Bankr. P. 7001 .......... 1
Fed. R. Bankr. P. 7008 .......... 1
Fed. R. Bankr. P. 7037 .......... 6
Fed. R. Bankr. P. 7056 .......... 7
Fed. R. Civ. P. 37 .......... 6
Fed. R. Civ. P. 56 .......... 7
Fed. R. Civ. P. 56(c) .......... 7
Fed. R. Civ. P. 56(e) .......... 7
LR 7008 .......... 1
LR 7056 .......... 1
9 Moore's Federal Practice P 203.06 (2d ed. 1975) .......... 20

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Order Granting Motion For Conversion of Small Business Case To Chapter 7 ............................ 5

Restatement (First) of Restitution § 1 cmt. ......................................................................... 22

U.S. CONST. art. III ............................................................................................................ 2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Shelley D. Krohn ("Plaintiff" or "Trustee"), by and through her counsel, Jeanette E. McPherson, Esq. of Fox Rothschild LLP, hereby files this Plaintiff's Motion For Summary Judgment (the "Motion"). This Motion is made and based upon 11 U.S.C. § 105, § 522, § 544, § 548, § 550, Nevada Revised Statutes ("NRS") 112.180(1)(a), 112.180(a)(b), 112.190, and 112.210, Federal Rule of Bankruptcy Procedure ("FRBP") 7056, LR 7056, the Declaration of Shelley D. Krohn ("Krohn Decl."), the Statement of Undisputed Facts In Support Of Plaintiff's Motion For Summary Judgment ("Statement of Undisputed Facts"), the Request For Judicial Notice, the Points and Authorities set forth herein, and any argument entertained at the time of any hearing pertaining to this matter.

## I. INTRODUCTION

Defendant, Brian Sciara (the "Debtor" or "Sciara"), transferred assets to The B.S.A.P. Irrevocable Trust Dated September 16, 2022 ("Irrevocable Trust"), including a house located at 712 Pont Chartrain Drive, Las Vegas, Nevada 89145 ("Property"), within one year of the date of this bankruptcy petition. The transfer of the Property is avoidable as a fraudulent transfer pursuant to 11 U.S.C. § 544 and § 548 and applicable Nevada law. Further, the Debtor is not entitled to an exemption for the Property pursuant to § 522(g) because the transfer of the Property was made voluntarily by the Debtor.

In addition, Sciara is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(4) because the Property was transferred to the Irrevocable Trust within one year of the date of the Debtor's Petition with the intent to hinder, delay, or defraud creditors, and because Sciara knew that the Property was in the name of the Irrevocable Trust but falsely claimed such Property as his property to claim an exemption.

## II. POINTS AND AUTHORITIES

### A. Jurisdiction And Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), (J), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The procedural grounds for the relief requested herein is Fed. R. Bankr. P. 7001.

5. Pursuant to Fed. R. Bankr. 7008 and Local Rule 7008, the Trustee consents to the entry

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**B. <u>Factual Background</u>**

6. The Trustee has filed a Statement of Undisputed Facts ("Undisputed Facts") in support of this Motion. The Undisputed Facts are set forth below.

**<u>The Irrevocable Trust</u>**

7. On or around September 16, 2022, Sciara created the B.S.A.P. Irrevocable Trust dated September 16, 2022 (the "Irrevocable Trust"). [Adv. ECF 6 at para. 12]. See Ex. 7.

8. The Irrevocable Trust provides that it is irrevocable as follows:

> **Section 1.03 An Irrevocable Trust**
> Except as otherwise specifically provided in this instrument, this agreement and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination.

[Adv. ECF 6, Ex. 1 at p. 25]. See Ex. 7.

9. The Irrevocable Trust provides that one of its objectives is that the assets of the Irrevocable Trust will not be subject to the claims of Sciara's creditors and any creditors of the beneficiaries of the Irrevocable Trust. [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. Specifically, the Irrevocable Trust provides that "because I do not have the ability to demand or vest any trust assets in myself or my estate, I intend that the trust and all trust property be protected from attachment by my creditors." [Adv. ECF 06, Ex. 1 at pp. 26-27]. See Ex. 7. The Irrevocable Trust further provides:

> My **specific objectives** in creating this trust include, but are not limited to:
>
> . . . .
> . . . .
> . . . .
> . . . .
>
> The **assets in this trust not be subject to the claims of my creditors** and any beneficiary's creditors including spouses, ex-spouses, governmental agencies, third-party creditors, judgment creditors, claimants relating to professional liability, others with as yet undefined claims, and all other claimants whose claims are not enforceable under the Spendthrift Trust Act of Nevada, Nev. Rev. Stat. §§ 166.010 et seq., or similar law of any applicable jurisdictions; and

> Any interest under this trust, until its distribution, be free of my debts, contracts, claims, pledges, assignments, alienation, and anticipations as grantor, and those of the Trust Protector, any beneficiary, the Trustee, and any person contributing to this trust, and not be subject to any levy, attachment, execution, sequestration, or other process of law.
>
> All provisions of this agreement are to be construed to accomplish these objectives.

[Adv. ECF 6, Ex. 1 at p. 27; emphasis added]. See Ex. 7.

10. Sciara is the settlor of the Irrevocable Trust. [Adv. ECF 6 at para. 15]. See Ex. 7.

11. Sciara is the Investment Trustee of the Irrevocable Trust. [Adv. ECF 6 at p.16]. See Ex. 7.

12. Glenn H. Truitt was the Trustee of the Irrevocable Trust.[1] [Adv. ECF 6 at p.17]. See Ex. 7.

13. The "lifetime beneficiaries" of the Irrevocable Trust are Sciara, his wife, and his children. [Adv. ECF 6, Ex. 1 at p. 29]. See Ex. 7.

14. The Irrevocable Trust contains the following acknowledgment: "I retain no right, title or interest in the income or principal of this trust or any other incident of ownership in any trust property." [Adv. ECF 6 at Ex. 1, p. 25]. See Ex. 7.

15. Section 1.03 of the Irrevocable Trust provides in relevant part that:

> Except as otherwise specifically provided in this instrument, this agreement and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination.

[Adv. ECF 6 at Ex. 1, p. 25]. See Ex. 7.

16. Sciara admitted that a true and correct copy of the Irrevocable Trust is attached to the Complaint as Exhibit 1. [Adv. ECF 6 at para. 19; Adv. ECF 10 at para. 19]. See Ex. 7; see also Ex. 8.

**<u>Transfer of the Property</u>**

17. Sciara was the owner of the Property located at 712 Pont Chartrain Drive, Las Vegas, Nevada 89145. [Adv. ECF 6 at para. 20]. See Ex. 7.

[1] Mr. Truitt informed the Plaintiff that he resigned by notice dated December 2, 2024, but which was made effective December 31, 2024.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

18. However, Sciara executed a Quitclaim Deed, recorded on October 13, 2022, transferring the Property from Sciara to the Irrevocable Trust. [Adv. ECF 6 at para. 21; Adv. ECF 10 at para. 21]. See Ex. 7; see also Ex. 8.

19. Sciara admitted that a true and correct copy of the Quitclaim Deed is attached to the Amended Complaint as Exhibit 2. [Adv. ECF 6 at para. 22; Adv. ECF 10 at para. 22]. See Ex. 7; see also Ex. 8.

20. The Property was transferred to the Irrevocable Trust (the "Transfer") without consideration. See Ex. 7; see also Ex. 8.

21. Sciara admitted that at the time of the Transfer of the Property to the Irrevocable Trust, Sciara was a party in pending litigation. [Adv. ECF 6, para. 24; Adv. ECF 10, para. 24]. See Ex. 7; see also Ex. 8.

**Pre-Bankruptcy Litigation**

22. Within one year of the date of the Petition, Sciara was involved in multiple lawsuits and these lawsuits remained pending at the time of the filing of the Petition. [ECF 17 and 34]. See Ex. 2; see also Ex. 3. One of these lawsuits is titled *Sciara v. MiCamp Solutions, LLC, et. al.*, Case No. A-20-824100-B filed in the District Court, Clark County, Nevada ("MiCamp Case"). See [ECF 34]. See Ex. 3.

23. In the *MiCamp Case*, on or around February 24, 2022, MiCamp, and other defendants, obtained an order granting their motion for summary judgment against plaintiff Sciara ("Summary Judgment Order"). See Ex. 12.

24. On March 7, 2022, MiCamp filed a motion seeking attorneys' fees and costs against Sciara and CapFund Enterprises, Inc. ("Capfund") (a company in which the Debtor holds an interest). See Ex. 13.

25. On May 31, 2022, an order was entered awarding MiCamp attorneys' fees and costs against Sciara and Capfund ("Attorneys' Fees Order"). See Ex. 14.

26. The Attorneys' Fees Order provides that "the Court finds the claims brought and maintained by MR. SCIARA and CAPPFUND ENTERPRISES, INC. were without reasonable ground for several reasons." See Ex. 14.

27. On December 1, 2022, the Attorneys' Fees Order was reduced to judgment against Sciara and Capfund, jointly and severally, pursuant to a Judgment Regarding Attorney's Fees in the amount of $156,818.75 plus postjudgment interest ("Fee Judgment"). See Ex. 15.

28. On January 9, 2023, the court electronically issued a Writ of Execution on the Fee Judgment. See Ex.16.

29. On August 1, 2023, the court filed a Writ of Execution on the Fee Judgment. See Ex. 17.

**<u>Bankruptcy Filing</u>**

30. Sciara filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition") on August 4, 2023 (the "Petition Date"). [ECF 1]. See Ex. 1.

31. On July 15, 2024, the Court entered an Order Granting Motion For Conversion of Small Business Case To Chapter 7 ("Conversion Order"). [ECF 96]. See Ex. 4. The Plaintiff, Shelley Krohn, is the duly appointed and acting Chapter 7 Trustee.

32. Although the Property was transferred to the Irrevocable Trust, the Property is listed as an asset of Sciara (in fact, marked as community property) on Schedule A/B of his Petition. [ECF 34 at p. 4]. See Ex. 3.

33. Sciara lives in the Property and has declared a homestead exemption in the Property. [ECF 1 and 34 at p. 10]. See Ex. 1; see also Ex. 3.

34. The Irrevocable Trust was not listed on Schedule B of the Petition. [ECF 17 and 34]. See Ex. 2; see also Ex. 3.

35. Sciara stated on his Statement of Financial Affairs ("SOFA") that he transferred the Property to the Irrevocable Trust on September 16, 2022. [ECF 17 and 34]. See Ex. 2; see also Ex. 3.

36. Sciara valued his interest in Funded, LLC at $0. [ECF 34 at p. 7]. See Ex. 3.

**<u>Relevant Proofs of Claim</u>**

37. The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $120,746.20 based upon Sciara's failure to pay taxes for the years 2016, 2017, 2018, and 2019. See Ex. 5.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**Adversary Proceeding**

38. On October 2, 2024, the Trustee commenced this proceeding by filing a complaint (the "Complaint"). [Adv. ECF 1]. See Ex. 6.

39. On October 25, 2024, the Complaint was amended (the "Amended Complaint"). [Adv. ECF 6]. See Ex. 7. The Amended Complaint names the following parties as defendants: Brian Sebastian Sciara and Glenn Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022. See Ex. 7.

40. On November 19, 2024, the Debtor filed Defendant Brian Sciara's Answer To Amended Complaint (the "Answer") [Adv. ECF 10]. See Ex. 8.

41. On February 3, 2025, an Entry of Default Against Glenn H. Truitt, Trustee Of The B.S.A.P. Irrevocable Trust Dated September 16, 2022 was taken against Glenn Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022. [Adv. ECF 13]. See Ex. 9.

42. On May 6, 2026, Plaintiff filed Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 [Adv. ECF 113]. See Ex. 10. Pursuant to this motion, the Plaintiff requested that an order be entered that prohibited Sciara from opposing the Plaintiff's claims that include elements that the Plaintiff must establish relating to the state of his finances at the time of the transfer of the Property, including presenting any evidence regarding the value of his assets and the amount of Sciara's liabilities at or around the time of the transfer of the Property and Sciara's income and/or Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. [Adv. ECF 113]. See Ex. 10.

43. On July 27, 2026, this Court entered an Order Granting Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 [Adv. ECF 119] ("Sanctions Order"). See Ex. 11. The Sanctions Order provides:

> **IT IS ORDERED** that the Sanctions Motion is **GRANTED** under FED. R. BANKR. P. 7037 and FED. R. CIV. P. 37 as follows:
> 1. To the extent that the Sanctions Motions seeks to impose sanctions under 7037(b)(2)(A)(iii), the Court **STRIKES** Mr. Sciara's Answer filed on November 19, 2024, from the record.
> 2. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(ii), the Court prohibits Mr. Sciara from opposing Plaintiff's claims as pled in the Amended Complaint filed on October 25, 2024, that include elements

> Plaintiff must establish relating to the state of Mr. Sciara's finances at the time of the transfer of the Property, including the presentation of any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, Mr. Sciara's income, and/or Mr. Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust.
>
> 3. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(vi) and (vii), the Court is satisfied that the other sanctions imposed pursuant to its July 17, 2026 oral ruling and this written Order are proportional Mr. Sciara's failure to appear at his scheduled deposition on April 8, 2026, and sufficient to address it. As a result, no additional remedies for contempt of court are imposed against Mr. Sciara under the terms of this Order.

[Adv. ECF 119] (footnotes omitted). See Ex. 11.

## III. **MEMORANDUM OF LAW**

### A. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56, applicable in adversary proceedings under Fed.R.Bankr. P. 7056, provides that summary judgment shall be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018) (to succeed on a motion for summary judgment under Civil Rule 56, the movant must establish the lack of a genuine issue of material fact and entitlement to judgment as a matter of law, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to non-moving party). A fact is "material" if it may affect the outcome of the suit under governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See id.*

Under Fed.R.Civ. P. 56, the movant bears the initial burden to show that no genuine issue of material fact exists. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings.… [T]he adverse party's response … must set forth specific facts showing that there is a genuine issue for trial." *See* FED. R. CIV. P. 56(e). Once the party seeking summary judgment meets his initial burden, "the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2020) (citing *Anderson*, 477 U.S. at 250). *See also Sec. Farms v. Int'l. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1011 (9th Cir. 1997); *In re Krishnamurthy*, 209 B.R. 714, 721 (9th Cir. BAP 1997), *aff'd*, 125 F.3d 858 (9th Cir. 1997) (stating that in order to survive summary judgment a party is obliged to produce some "significant probative evidence," and that conclusory arguments unsupported by factual statements or evidence do not meet this burden).

Here, the Plaintiff moves for summary judgment. Summary judgment in Plaintiff's favor is warranted because there is no dispute as to any material fact.

**B. <u>Sciara's Transfer of the Property to the Irrevocable Trust Is Avoidable Pursuant to 11 U.S.C. § 548(a)(1)(A) And Nevada Revised Statute 112.180(1)(a)</u>**

Sciara's transfer of the Property to the Irrevocable Trust is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A). Section 548(a)(1)(A) provides in relevant part that:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property. . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]

11 U.S.C. § 548(a)(1)(A). Thus, pursuant to § 548(a)(1)(A), the Trustee may avoid a transfer if the transfer was: (1) of an interest of the debtor in property, (2) made within 2 years before the date of the filing of the bankruptcy petition, and (3) made with the actual intent to hinder, delay, or defraud an entity which the debtor was or became indebted.

Pursuant to 11 U.S.C. § 544, a "trustee may avoid any transfer of an interest of the debtor in property. . . that is voidable under applicable law by a creditor holding an unsecured claim. . . ." 11 U.S.C. § 544. Similar to § 548(a)(1)(A), Nevada Revised Statute ("NRS") 112.180(1)(a) provides as follows:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay or defraud any creditor of the debtor[.]

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

NRS 112.180(1)(a). Applying the elements of both § 548(a)(1)(A) and NRS 112.180(1)(a), the transfer of the Property to the Irrevocable Trust is avoidable.

**1. The Debtor Held An Interest In the Property**

The filing of a bankruptcy petition creates an estate that consists of all of debtor's legal and equitable interests in property. 11 U.S.C. § 541; *Cusano v. Klein,* 264 F.3d 936 (9th Cir.2001); *In re Trujillo,* 215 B.R. 200 (9th Cir. BAP 1997). The determination of whether an asset is property of the estate is made by examining the nature of the asset on the date the bankruptcy petition was filed. *In re Schmitt,* 215 B.R. 417 (9th Cir. BAP 1997). The issue of whether an interest claimed by the debtor is "property of the estate" is a question to be decided by federal law; however, bankruptcy courts must analyze state law to determine whether the debtor has any legal or equitable interests in property as of the commencement of the case. *Butner v. United States,* 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Cohen,* 300 F.3d 1097 (9th Cir. 2002).

Here, it is undisputed that Sciara was the owner of the Property. Prior to transferring the Property to the Irrevocable Trust, the Property was in the name of Sciara. [Adv. ECF 6 at para. 20, Adv. ECF 10 at para. 20]. See Ex. 7; see also Ex. 8. Thus, Sciara held an interest in the Property.

**2. Sciara's Transfer of the Property to the Irrevocable Trust Was Made Two Years Before the Petition Date**

The transfer of the Property was made on October 13, 2022, by Sciara quitclaiming the Property via Quitclaim Deed to the Irrevocable Trust. [Adv. ECF 6 at para. 21; Adv. ECF 10 at para. 21]. See Ex. 7; see also Ex. 8. The Debtor's Petition Date is August 4, 2023. [ECF 1]. See Ex. 1. Thus, the transfer of the Property was made within two years before the date of the Petition.

**3. Sciara Made The Transfer of the Property With The Actual Intent To Hinder, Delay, Or Defraud An Entity Which Sciara Was Or Became Indebted**

Sciara transferred the Property with the actual intent to hinder, delay, or defraud an entity which the debtor was or became indebted. Harm to a creditor is not an element of a fraudulent transfer claim under § 548. *Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*, 115 F.4th 1047 (9th Cir. 2024). As set forth above, intent may be deduced from all the facts and circumstances of a case. *See In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985) ("Because a debtor is unlikely to testify that his intent

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case"). Thus, when determining a debtor's actual intent, courts may consider certain "badges of fraud." *Ezra v. Seror (In re Ezra)*, 537 B.R. 924, 930-31 (9th Cir. BAP 2015). "Badges of fraud" may include proof by a creditor of certain objective facts, "for example, a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate consideration" and "would raise a rebuttable presumption of actual fraudulent intent." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 541 (1994). The Ninth Circuit has stated:

> Among the more common circumstantial indicia of fraudulent intent at the time of the transfer are: (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer. The presence of a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of actual intent to defraud, absent "significantly clear" evidence of a legitimate supervening purpose.

*Acequia v. Clinton (In re Acequia, Inc.),* 34 F.3d 800, 805-06 (9th Cir. 1994)(emphasis omitted; quoting *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254-55 (1st Cir. 1991)).

Here, the circumstances demonstrate that the Debtor transferred the Property with the actual intent to hinder, delay or defraud.

a. ***Actual or threatened litigation against the Debtor***. As set forth in his Petition, Sciara was involved in multiple lawsuits within one year of the filing of his Petition, and which were listed as pending as of the date of the Petition. See [ECF 17 and 34]. See Ex. 2; see also Ex. 3. At the time of the transfer of the Property on October 13, 2022, the Summary Judgment Order had already been entered against Sciara several months prior on February 24, 2022 in the *MiCamp Case*. See Ex. 12. On March 7, 2022, MiCamp filed a motion seeking attorneys' fees and costs. See Ex. 13. And on May 31, 2022, MiCamp obtained the Attorneys' Fees Order against Sciara which provides that "the Court finds the claims brought and maintained by MR. SCIARA and CAPFUND ENTERPRISES, INC. were without reasonable ground for several reasons." See Ex. 14. The Attorneys' Fee Order provides for the payment of attorneys' fees and costs in the amount of $156,818.75 plus postjudgment

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

interest. Indeed, on December 1, 2022, the Attorneys' Fees Order was reduced to judgment pursuant to a Judgment Regarding Attorney's Fees in the amount of $156,818.75 plus postjudgment interest ("Fee Judgment"). See Ex. 15.

The transfer of the Property, on October 13, 2022, was thus approximately eight months after entry of the Summary Judgment Order and approximately five months after entry of the Attorneys' Fee Order, and approximately two months before the time the Judgment Regarding Attorney's Fees was entered on December 1, 2022.

b. ***A purported transfer of all or substantially all of the Debtor's property***. Sciara created the Irrevocable Trust so that he could transfer his assets into the Irrevocable Trust. The stated purpose and intent of the Irrevocable Trust was for the Irrevocable Trust "and all trust property [to] be protected from attachment by my creditors." [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. The Property was the Debtor's most significant asset, worth approximately $1,500,000 based on Sciara's valuation in his Schedules [ECF 34]. See Ex. 3. Sciara's other assets are valued in his Schedules at considerably less. Sciara valued his personal property in his Schedules at $804,583. [ECF 34]. See Ex. 3. This amount includes primarily two vehicles valued at $65,000 and various claims he has asserted including "legal claims against Stephen Campbell, et al., appeal of judgment on behalf of MiCamp Holdings et al., assigned to Stephen Campbell, malpractice claim against Sgro & Roger" in the amount of $656,818. Further, Sciara's Schedules filed on September 27, 2023, [ECF 34 at p. 7], See Ex. 3, a mere 11 months after the transfer of the Property demonstrate that Funded, LLC, a service business under which the Debtor provided services relating to obtaining loans for businesses, was valued at $0. Further, due to the Debtor's conduct, the Debtor has been precluded from presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property

c. ***Insolvency or other unmanageable indebtedness on the part of the Debtor***. NRS 112.160 provides that there is a presumption of insolvency when a debtor is not paying debts as they come due. The Debtor is presumed insolvent at the time of the transfer of the Property. At the time of the transfer of the Property, the Debtor had significant debt owed to the IRS, $120,746.20. The Debtor had not paid monies owed to the IRS for four years, 2016, 2017, 2018, and 2019. See Ex.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5. The failure to pay this debt demonstrates that this debt was unmanageable for the Debtor. Otherwise, the Debtor would have paid this debt as required, and for which a lien had already been filed. Further, due to the Debtor's conduct, the Debtor has been precluded from presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, his income, and/or his ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. [Adv. ECF 119]. See Ex. 11.

d. ***A special relationship between the debtor and the transferee***. The Debtor transferred the Property to the Irrevocable Trust that he created for his own benefit.

e. ***After the transfer, retention by the Debtor of the property involved in the putative transfer.*** The Debtor transferred ownership in the Property to the Irrevocable Trust. However, he continued to reside in the Property and use it. See [ECF 1]. See Ex. 1.

Thus, consideration of the foregoing factors, establishes that the Debtor transferred the Property to the Irrevocable Trust with the actual intent to hinder, delay, or defraud an entity which the debtor was or became indebted.

Further, consideration of the statutory factors set forth in NRS 112.180(2) establishes that the Property was transferred with actual intent to hinder, delay, or defraud. NRS 112.180(2) provides as follows:

> In determining actual intent under paragraph (a) of subsection 1, consideration may be given, among other factors, to whether:
> (a) The transfer or obligation was to an insider;
> (b) The debtor retained possession or control of the property transferred after the transfer;
> (c) The transfer or obligation was disclosed or concealed;
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (e) The transfer was of substantially all the debtor's assets;
> (f) The debtor absconded;
> (g) The debtor removed or concealed assets;
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

In this case:

(a) **The transfer or obligation was to an insider**. The Property was transferred by Quitclaim Deed to the Irrevocable Trust. [Adv. ECF 6]. See Ex. 7. Under the Irrevocable Trust, the Debtor is a "lifetime beneficiary" of the Trust and has use of the Property. [Adv. ECF 6]. See Ex. 7 and 8.

(b) ***The Debtor retained possession or control of the Property transferred after the transfer.*** The Debtor continues to live in the Property and use the Property. [ECF 1]. See Ex. 1.

(c) ***The transfer or obligation was disclosed or concealed***. The Debtor listed the Property on his Petition as his asset without indication that it was in the name of the Irrevocable Trust. In his Statement of Financial Affairs, however, the Debtor stated that he transferred the Property to the Irrevocable Trust on September 16, 2022. [ECF 17]. See Ex. 2.

(d) ***Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.*** Prior to the transfer of the Property, the Debtor was involved in the following actions: *Sciara v. Campbell*, Case No. 2:18-CV-01700-DJA; *Sciara v. Micamp Solutions*, Case No. A-20-824100-B; and *Sciara v. MiCamp Solutions*, Case No. 84458 (appeal). [ECF 17 at pp. 30-31]. See Ex. 2.

(e) ***The transfer was of substantially all the Debtor's assets***. The Debtor's Petition indicates that the transfer of the Property was a transfer of substantially all his assets. As set forth above, the Property was the Debtor's most significant asset, worth approximately $1,500,000 based on the Debtor's schedules [ECF 34 at p. 4]. See Ex. 3. The Debtor's schedules reflect personal property in the listed amount of $804,583. This amount includes primarily two vehicles valued at $65,000 and claims including "legal claims against Stephen Campbell, et al., appeal of judgment on behalf of MiCamp Holdings et al., assigned to Stephen Campbell, malpractice claim against Sgro & Roger" in the amount of $656,818. Further, the Debtor has been prohibited from presenting any evidence of the value of his assets at the time of the transfer of the Property. See Ex. 11.

(f) ***The Debtor absconded***. The Debtor has not absconded. This factor is not applicable.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(g) ***The Debtor removed or concealed assets***. The Debtor did not remove the Property or conceal the Property.

(h) ***The value of the consideration received by the Debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred***. The Debtor did not receive reasonably equivalent value for the transfer of the Property to the Irrevocable Trust as the Property valued at $1,500,000 by the Debtor was transferred to the Irrevocable Trust for $1. See [Adv. ECF 6 at Ex. 2]. See Ex. 7.

(i) ***The Debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.*** The Debtor is presumed insolvent at the time of the transfer of the Property, because he was not paying debt owed to the IRS when it came due. See NRS 112.160; see also Ex 5. Further, pursuant to the Sanctions Order, the Debtor is prohibited from presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property. Therefore, the Debtor is insolvent. [Adv. ECF 119]. See Ex. 11.

(j) ***The transfer of the Property occurred shortly before or shortly after a substantial debt was incurred.*** MiCamp obtained an order granting its motion for summary judgment on or around February 24, 2022. See Ex. 12. Thereafter, MiCamp sought attorneys' fees and costs which were awarded by an order entered on May 31, 2022, and these fees and costs were reduced to a judgment on December 1, 2022 in the amount of $156,818.75, plus postjudgment interest. See Exs. 14 and 15. The transfer of the Property was in October 2022. See Ex. 7. Thus, the transfer of the Property was made shortly after this substantial debt was incurred by Sciara on May 31, 2022 and shortly before the judgment in the amount of $156,818.75 was entered.

(k) ***The Debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the Debtor.*** This factor does not apply.

In summary, the weight of the factors demonstrates that the transfer of the Property by the Debtor to the Irrevocable Trust was made with the intent to hinder, delay, or defraud creditors. In fact, the Irrevocable Trust expressly states that its purpose was to protect the Debtor's property from creditors. See [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. Moreover, the Debtor had at least one creditor at the time of the transfer of the Property, MiCamp, who was actively pursuing the Debtor and

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

prevailing against Sciara. Based upon these considerations, the transfer of the Property is avoidable pursuant to 11 U.S.C. § 544 and NRS 112.180(1)(a) and 11 U.S.C. § 548(a)(1)(A).

**C. <u>The Transfer Is Avoidable Pursuant to 11 U.S.C. § 548(a)(1)(B) and NRS 112.180(1)(b) and NRS 112.190.</u>**

The transfer of the Property to the Irrevocable Trust is also avoidable pursuant to § 548(a)(1)(B). Section 548(a)(1)(B) provides as follows:

> (a) (1)The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> . . . .
>
> (B)
>
> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured[.]

11 U.S.C. § 548(a)(1)(B). Pursuant to § 548(a)(1)(B), the Trustee may avoid a transfer if: (1) the transfer was of an interest of the debtor in property, (2) the transfer was made within 2 years before the date of the filing of the bankruptcy petition, (3) the debtor received less than a reasonably equivalent value for the transfer, and (4) on the date of the transfer, the debtor was insolvent or became insolvent as a result of the transfer, the debtor was engaged in a transaction for which any property remaining with the debtor was an unreasonably small capital, the debtor intended to incur, or believed the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

Applicable Nevada law, NRS 112.180(1)(b), similarly provides as follows:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> . . . .

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due.

NRS 112.180(1)(b). Further, NRS 112.190 provides in relevant part:

> NRS 112.190 Transfer made or obligation incurred by insolvent.
>
> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Applying the foregoing, the elements to establish a fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B) and Nevada law are established in this case as follows.

**1. Transfer of an Interest of the Debtor in Property**

As set forth above, it is undisputed that the Property belonged to the Debtor and was therefore a transfer of an interest of the Debtor in property. [Adv. ECF 6 at Ex. 2]. See Ex. 7.

**2. The Transfer Was Made Within Two Years Before The Date of the Filing of the Petition**

The transfer was made on or around October 13, 2022, approximately 10 months prior to the date of the Petition and thus before 2 years of the date of the filing of the Petition. [Adv. ECF 6 at Ex. 2]. See Ex. 7.

**3. The Debtor Received Less Than a Reasonably Equivalent Value For the Transfer of the Property**

In addition, the Debtor received less than a reasonably equivalent value for the transfer of the Property as the Property was transferred for $1. [Adv. ECF 6 at Ex. 2]. See Ex. 7.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**4. The Debtor Was Insolvent At The Time Of The Transfer Of The Property, Was Engaged Or Was About To Engage In A Business Or A Transaction For Which The Remaining Assets Of The Debtor Were Unreasonably Small In Relation To The Business Or Transaction, Or Should Have Believed That The Debtor Would Incur, Debts Beyond His Or Her Ability To Pay As They Became Due**

At the time of the transfer of the Property to the Irrevocable Trust, the Debtor was insolvent or became insolvent because of the transfer of the Property to the Irrevocable Trust. As set forth above, the Debtor was presumed insolvent as he was not paying his debts as they came due, including debt owed to the Internal Revenue Service. In addition to not paying the IRS, the Debtor has been precluded from presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, Mr. Sciara's income, and/or Mr. Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. [Adv. ECF 119]. See Ex. 11.

Further, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction. This requirement in fraudulent transfer law generally calls for a court to "examine the ability of the debtor to generate enough cash from operations and sales of assets to pay its debts and remain financially stable" after a transfer. *Pioneer Home Builders, Inc. v. Int'l Bank of Commerce (In re Pioneer Home Builders, Inc.*), 147 B.R. 889, 894 (Bankr.W.D. Tex. 1992) (quoting *Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.)*, 124 B.R. 984, 999 (Bankr.S.D. Ohio 1990)) (internal quotation marks omitted); *see also Vadnais Lumber Supply, Inc. v. Byrne (In re Vadnais Lumber Supply, Inc.)*, 100 B.R. 127, 137 (Bankr.D. Mass. 1989) (holding that, under the parallel "unreasonably small capital" provision in 11 U.S.C. § 548, courts must assess "the ability of the debtor to generate enough cash from operations or asset sales to pay its debts and still sustain itself" after a transfer). This requirement in fraudulent transfer law does not require a finding of post-transfer insolvency; it instead "encompasses difficulties which are short of insolvency in any sense but are likely to lead to insolvency at some time in the future." *In re Vadnais Lumber Supply, Inc.*, 100 B.R. at 137; *see also Moody v. Sec. Pac. Business Credit*, 971 F.2d 1056, 1070 (3d Cir. 1992) ("'[U]nreasonably small capital' denotes a financial condition short of equitable insolvency.").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

By transferring the Property to the Irrevocable Trust, wherein his most valuable asset was protected from creditors and because he was not paying his debt as it came due — the IRS — the Debtor engaged in a transaction for which his remaining assets were unreasonably small in relation to the transaction. In addition, as previously noted, the Debtor has been prohibited from presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, his income, and/or his ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. [Adv. ECF 119]. See Ex. 11.

**D. <u>11 U.S.C. § 548(e)</u>**

The transfer of the Property to the Irrevocable Trust is also avoidable pursuant to 11 U.S.C. § 548(e)(1). Section 548(e)(1) provides as follows:

> (e)(1) In addition to any transfer that the trustee may otherwise avoid, the trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if—
> (A) such transfer was made to a self-settled trust or similar device;
> (B) such transfer was by the debtor;
> (C) the debtor is a beneficiary of such trust or similar device; and
> (D) the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

11 U.S.C. § 548(e)(1). Thus, Section 548(e)(1) permits the trustee to avoid transfers within the 10 years preceding the petition date if such transfers were (1) made by the debtor, (2) to a self-settled trust or "similar device," (3) the debtor must be a beneficiary of the trust, and (3) with the actual intent to hinder, delay or defraud the debtor's present or future creditors.

Congress added § 548(e) to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act. *Battley v. Mortensen (In re Mortensen)*, Bankr. No. A09-00565-DMD, Adv. No. A09- 90036-DMD, 2011 WL 5025249, at *6 (Bankr. D. Alaska May 26, 2011). Legislative history for § 548(e) indicates that this section was enacted to address self-settled or domestic asset protection trusts. *Quality Meat Prods., LLC v. Porco, Inc. (In re Porco, Inc.)*, 447 B.R. 590, 595 (Bankr. S.D. Ill. 2011). "The Chapter 7 Trustee bears the burden of proving by a preponderance of the evidence that the Debtor's actions constituted an avoidable fraudulent conveyance under § 548(e)." *See Safanda v. Castellano (In re Castellano)*, 514 B.R. 555, 560 (Bankr. N.D. Ill. 2014).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Here, the elements of a transfer under § 548(e) exist. On October 13, 2022, within 10 years of the date of the filing of the Petition, the Property was transferred to the Irrevocable Trust. [Adv. ECF 6 at para. 60]. The Property was transferred by the Debtor voluntarily. [Adv. ECF 6 at para. 60-61]. The Debtor is a beneficiary of the Irrevocable Trust. [Adv. ECF 6, p. 6, para. 62]. Further, the Debtor made the transfer of the Property with the intent to hinder, delay, or defraud his creditors, as set forth above herein and incorporated with respect to the elements for § 548(e). As set forth above, the Debtor made the transfer of the Property to the Irrevocable Trust with the actual intent to hinder, delay, or defraud creditors. Accordingly, the transfer of the Property is avoidable pursuant to 11 U.S.C. § 548(e).

**E. <u>11 U.S.C. § 550</u>**

The transfer of the Property to the Irrevocable Trust is recoverable pursuant to 11 U.S.C. § 550(a). Section 550 authorizes a trustee to recover a transfer that is avoided and provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

For the reasons set forth above, the transfer of the Property is avoidable pursuant to 11 U.S.C. §§ 544 and 548. It cannot be disputed that the Irrevocable Trust is the initial transferee of the Property, and the Debtor has admitted that the Irrevocable Trust is the initial transferee. [Adv. ECF 6 at paras. 39, 52, 65, 78, and 91; Adv. ECF 10 at paras. 39, 52, 65, 78, and 91]. See Exs. 7 and 8. Accordingly, the Trustee may recover the Property from the Irrevocable Trust. Alternatively, the Trustee may recover the value of the Property for the benefit of the Debtor's estate.

**F. <u>The Debtor Is Not Entitled to a Homestead Exemption</u>**

The Trustee has established that the transfer of the Property to the Irrevocable Trust is recoverable pursuant to 11 U.S.C. § 550. Section 522(g) provides in relevant part that:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

> could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

11 U.S.C. § 522(g). Thus, pursuant to § 522(g), a debtor may exempt property that a trustee recovers pursuant to § 550, to the extent that the property could have been exempted under § 522(b), if the property transferred was not voluntarily transferred and was not concealed. Thus, if property was voluntarily transferred it cannot be exempted. Even if property may be exempted under state law, the exemption is lost by application of 11 U.S.C. § 522(g). *Trujillo v. Grimmett (In re Trujillo)*, 215 B.R. 200, 204 (9th Cir. BAP 1997).

For the reasons set forth above, the Trustee seeks to recover the Property pursuant to § 550 from the Irrevocable Trust. The Irrevocable Trust has defaulted and thus is deemed to have admitted to the assertions made in the Complaint. "A default generally is "an admission of all well-pleaded allegations against the defaulting party." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)." *In re Fyre Festival LLC*, 611 B.R. 735, 740 (Bankr. S.D.N.Y. 2020) (quoting *Feltman v. Tri-State Emp. Serv., Inc.* (*In re TS Emp., Inc.*), 602 B.R. 840, 844–45 (Bankr. S.D.N.Y. 2019)); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."); *Dundee Cement Co. v. Howard Pipe & Concrete Prod.,* 722 F.2d 1319, 1323 (7th Cir.1983); *In re Myers*, 262 B.R. 445, 447 (Bankr. N.D. Ind. 2001).

The Ninth Circuit stated:

> Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); see *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977). However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975). "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id*. at 1206 (citations omitted); accord, *Thomson v. Wooster*, supra; 9 Moore's Federal Practice P 203.06, at 720 (2d ed. 1975).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

*Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978).

The Debtor has admitted that he voluntarily transferred the Property to the Irrevocable Trust. The Plaintiff acknowledges that the Debtor has asserted that he listed the Property on his Petition and therefore he disclosed it and stated that it was part of this bankruptcy estate. However, the Property is in the name of the Irrevocable Trust. Further, assertions by the Debtor that he held equitable title to the Property fail. Here, the Debtor owned the interest in the Property at the time he deeded and recorded it in the name of the Irrevocable Trust. The Debtor lost title to the Property through his own actions and retained no title interest following the transfer. *Trujillo v. Grimmett (In re Trujillo)*, 215 B.R. 200, 204 (9th Cir. BAP 1997). Accordingly, the Debtor is not entitled to an exemption in the Property under § 522(g).

However, should the Debtor be allowed an exemption despite § 522(g), § 522(p) must apply to limit such exemption. Section 522(p) provides that:

> (1) Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 [1] in value in—
>
> (A) real or personal property that the debtor or a dependent of the debtor uses as a residence;
>
> (B) a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence;
>
> (C) a burial plot for the debtor or a dependent of the debtor; or
>
> (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

11 U.S.C. § 522(p). Thus, in the event the Debtor argues that he somehow reacquired the Property from the Irrevocable Trust by virtue of his listing the Property on his Petition, the Trustee requests that such exemption be limited pursuant to § 522(p), as the Debtor would have acquired the Property within 1215 days of the petition.

## G. <u>Unjust Enrichment</u>

The Irrevocable Trust has been unjustly enriched. Under Nevada law, "[u]njust enrichment exists when (1) the plaintiff confers a benefit on the defendant, (2) the defendant appreciates the benefit, and (3) there is acceptance and retention by the defendant of the benefit under circumstances

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

where it would be inequitable for him to retain it without payment. *Certified Fire*, 128 Nev. at 381, 283 P.3d at 257." *Koebke v. Koebke*, No. 80014-COA, 4 (Nev. App. Nov. 25, 2020).

> First, a "benefit" for unjust enrichment purposes includes giving another person "possession of or some other interest in money [or] land, . . . or [taking an action that] in any way adds to the other's security or advantage." Restatement (First) of Restitution § 1 cmt. b (Am. Law Inst. 1937) (emphasis added). The Nevada Supreme Court has construed "benefit" as a broad term encompassing almost "any form of advantage." *Certified Fire*, 128 Nev. at 382, 283 P.3d at 257 (internal quotations omitted).

*Koebke v. Koebke*, No. 80014-COA, 5 (Nev. App. Nov. 25, 2020).

The foregoing factors exist here. As noted above, the Irrevocable Trust has defaulted and is thus deemed to have admitted the assertions in the Complaint. Further, (i) the Debtor conferred a benefit to the Irrevocable Trust because the Debtor transferred the Property to the Irrevocable Trust, (ii) the Irrevocable Trust has appreciated the benefit conferred upon it because the Irrevocable Trust received and holds the Property, and (iii) the Irrevocable Trust has accepted the benefit of the Property, and it is inequitable for the Irrevocable Trust to retain such benefit when the Irrevocable Trust did not convey any value to the Debtor and the Property could have been used for the Debtor's creditors. Accordingly, the factors for unjust enrichment exist here, and the Irrevocable Trust has been unjustly enriched.

**H. <u>11 U.S.C. § 727(a)(2)(A))</u>**

The Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2). Section 727(a)(2) provides as follows:

> (a) The court shall grant the debtor a discharge, unless—
>
> . . . .
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or
>
> (B) property of the estate, after the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2). Thus, a debtor's discharge should be denied if the debtor: (1) with intent to hinder, delay, or defraud a creditor (2) transferred or removed, (3) property of the debtor, and (4) within one year of the date of the filing of the Petition.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

A debtor's discharge may be denied if the debtor had the intent to hinder, delay, or defraud a creditor. Notably, denial of discharge does not need to rest on a finding of intent to defraud. Intent to hinder or delay is sufficient. *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir. 1986). Intent "may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *In re Devers,* 759 F.2d 751, 753-54 (9th Cir. 1985). "Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case." *Id*. at 754. A course of conduct may also be probative of the question of intent. *Adeeb,* 787 F.2d at 1343; *Devers,* 759 F.2d at 753-54. Furthermore, a debtor need not succeed in harming creditors to warrant denial of discharge because "lack of injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy." *Adeeb*, 787 F.2d at 1343.

Here, the Debtor transferred the Property to the Irrevocable Trust within one year of filing bankruptcy when contentious litigation was pending and a substantial award of fees had been entered against him, all while retaining use of the Property. The Debtor expressly set forth his intent in the Irrevocable Trust wherein the Debtor states "I intend that the trust and all trust property be protected from attachment by my creditors." [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. In addition, the Debtor states that one of his objectives of the Irrevocable Trust is that "[t]he assets in this trust not be subject to the claims of my creditors." [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. Thus, the Debtor's statements and circumstances demonstrate that the Debtor had the intent to hinder, delay, or defraud his creditors.

**I. <u>11 U.S.C. § 727(a)(4)</u>**

The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4). Section 727(a)(4) provides:

> (a) The court shall grant the debtor a discharge, unless—
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
> (A) made a false oath or account[.]

11 U.S.C. § 727(a)(4).

Here, the Debtor knowingly and fraudulently in connection with this Bankruptcy Case made a false oath. First, the Debtor stated that he was the owner of the Property and marked it as being "community property." [ECF 34]. See Ex. 3. At the same time, the Debtor, in his SOFA, stated that the Property was transferred to the Irrevocable Trust, demonstrating that the Debtor knew that he

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

transferred the Property and that it did not belong to him.[2] [ECF 34]. See Ex. 3. In addition, on Schedule B, the Debtor did not reveal he had any trusts. [ECF 34]. See Ex. 3. Schedule B expressly asks a debtor to set forth his assets. Question #25 asks about- "Trusts, equitable interests or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit" and the Debtor checked "no." [ECF 34]. See Ex. 3. Question #35 asks the Debtor to provide "any financial assets you did not already list" and the Debtor checked "no." [ECF 34]. See Ex. 3.

Thus, the Debtor knowingly and fraudulently listed the Property on his Petition and claimed an exemption while also stating that he transferred the Property in his SOFA. This is not a question of misapprehension. It is evident that the Debtor knew that he didn't own the Property based on his statements in the SOFA, but was attempting, and is continuing to attempt, to force parties to believe that the transfer of the Property is a "no harm no foul" situation. The Ninth Circuit rejected the "no harm, no foul" argument in *Fox v. Smoker (In re Noblit)*, 72 F.3d 757, 758-59 (9th Cir. 1995). In the *Noblit* case, before filing for bankruptcy, the debtor had transferred a portion of the proceeds from the sale of her house to Arlan and Donna Smoker to satisfy a preexisting debt. When the trustee sued the Smokers to avoid and recover the transfer as a preference under § 547, the Smokers argued that, if the debtor simply had kept the house, she would have been entitled to claim a homestead exemption, so the debtor's creditors were no worse off as result of the transfer. *Id*. at 758. In rejecting this argument, the *Noblit* court held that the exemption was "personal to the debtor" and that when the debtor made the transfer, she essentially waived any exemption that she otherwise might have claimed. *Id*. After all, the debtor thereby gained the use of the proceeds of the transfer. The *Noblit* court further reasoned that the Smokers, as the transferees who had received the preference, had no standing to raise any such exemption as a defense against the trustee's preference avoidance action. *Id*.

Further, in *In re Trujillo*, 215 B.R. at 205, the Bankruptcy Appellate Panel for the Ninth Circuit followed *Noblit* in rejecting a similar argument under § 548 based on the same "no harm, no foul" theory that, even if the subject transfer was a fraudulent transfer under § 548, the transfer should not

---

[2] The Debtor lost title to the Property through his own actions and retained no title interest following the transfer. *Trujillo v. Grimmett (In re Trujillo)*, 215 B.R. 200, 204 (9th Cir. BAP 1997).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

be avoided because the transfer did not diminish the debtor's bankruptcy estate. *Id*. at 204. The court in *Trujillo* noted that the no-diminishment-of-the-estate argument cannot be reconciled with § 522(g), which in relevant part effectively prohibits a debtor from claiming an exemption in property recovered by the trustee to the extent the debtor voluntarily transferred away that property. 215 B.R. at 205.

Additionally, the Irrevocable Trust contains the following acknowledgment: "I retain no right, title or interest in the income or principal of this trust or any other incident of ownership in any trust property." [Adv. ECF 6 at Ex.2, p. 25]. See Ex. 7. The Debtor made no effort to transfer the Property out of the Irrevocable Trust to himself before he filed the Petition, and perhaps was not able to transfer the Property since the Irrevocable Trust provides in relevant part that:

> Section 1.03 An Irrevocable Trust
> Except as otherwise specifically provided in this instrument, this agreement and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination.

[Adv. ECF 6 at Ex.2, p. 25]. See Ex. 7.

Based upon the foregoing, the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

**J. <u>Attorneys' Fees and Costs</u>**

The Plaintiff is also entitled to attorneys' fees and costs in connection with the recovery of the fraudulent conveyance of the Property. "In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in NRS 112.220, may obtain ... [s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure ... [a]ny other relief the circumstances may require." Nev. Rev. Stat. § 112.210(1)(c)(3). While this provision does not expressly provide for the award of attorneys' fees, this provision allows courts to award attorney's fees. *Morgan Stanley High Yield Securities Inc. v. Jecklin*, 2020 WL 2770681 (D.Nev., May 28, 2020)(awarding fees and costs under NRS § 112.210). An award of attorneys' fees and costs is particularly appropriate because of a defendant's unnecessary conduct. *Id*.

Despite the fact that the Debtor listed the Property on Schedule A of his Petition, at the time of the filing of the Petition, the Debtor did not have an interest in the Property. The Property had

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

been transferred to the Irrevocable Trust and was titled in the name of the Irrevocable Trust, wherein the Debtor retained no interest in the Property under the express provisions of the Irrevocable Trust. Given that the Property is not the property of the Debtor, the Debtor could not claim it as property of the estate by merely placing it on his Petition. Further, given that the Property is not property of the estate, the Debtor could not claim an exemption in the Property. Consequently, the Debtor cannot seek to protect the Property by including it in his bankruptcy and claiming a homestead exemption, while also retaining the Property in the Irrevocable Trust which protects the Property from creditors. Here, the Debtor simply refuses to accept that his intentional transfer of the Property to the Irrevocable Trust is an actual "transfer" of the Property, and that such transfer has consequences. The Debtor should not be able to transfer the Property to protect it from creditors while at the same time claiming an exemption to avoid the consequences of his actions in transferring the Property. The Debtor's position is untenable and has caused unnecessary litigation. As a result, attorneys' fees and costs should be awarded to Plaintiff.

## IV. <u>CONCLUSION</u>

Based upon the foregoing, the Plaintiff respectfully requests that Plaintiff's Motion For Summary Judgment be GRANTED and that JUDGMENT be entered:

1) In favor of the Plaintiff in that the transfer of the Property is avoidable and recoverable pursuant to 11 U.S.C. §§ 544, 548(a)(1)(A) and (B) and 548(e), and 550 and NRS 112.180(1)(a) and (b), 112.190, and 112.210, and the Property is property of the bankruptcy estate;

2) Determining that the Debtor is not entitled to an exemption in the Property pursuant to 11 U.S.C. § 522(g), or the exemption is otherwise limited pursuant to 11 U.S.C. § 522(p);

3) In favor of the Plaintiff in the amount that Defendant has been unjustly enriched, including the current value of the Property;

4) Denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (4); and

5) In favor of the Plaintiff for her attorneys' fees and costs in an amount to be subsequently determined as reasonable.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Dated August 19, 2026.

FOX ROTHSCHILD LLP

/s/ Jeanette E. McPherson

Jeanette E. McPherson, Esq.
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Counsel for Shelley D. Krohn, Chapter 7 Trustee