JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: jmcpherson@foxrothschild.com
*Counsel for Shelley D. Krohn, Trustee*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adv. Case No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | **DECLARATION OF SHELLEY D. KROHN, TRUSTEE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Shelley D. Krohn, hereby declare as follows:

1. I am over the age of 18 and a resident of the State of Nevada. The facts stated herein are within my personal knowledge, except where stated upon information and belief and if called upon to testify to the same I could and would testify to such facts.

2. I make this Declaration in support of the Plaintiff's Motion For Summary Judgment ("Motion").[1]

3. I am the duly appointed and acting Chapter 7 Trustee in the bankruptcy case filed by Brian Sciara ("Sciara"), and I am the plaintiff in this proceeding.

---

[1]All capitalized terms have the meanings ascribed them in the underlying Motion.

4. I have filed a Statement of Undisputed Facts ("Undisputed Facts") in support of this Motion. The Undisputed Facts are made and based upon documents and pleadings in the Debtor's case and this proceeding. The exhibits referenced and attached to the Undisputed Facts are true and correct copies of these documents.

**The Irrevocable Trust**

5. On or around September 16, 2022, Sciara created the B.S.A.P. Irrevocable Trust dated September 16, 2022 (the "Irrevocable Trust"). [Adv. ECF 6 at para. 12]. See Ex. 7.

6. The Irrevocable Trust provides that it is irrevocable as follows:

> **Section 1.03 An Irrevocable Trust**
> Except as otherwise specifically provided in this instrument, this agreement and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination.

[Adv. ECF 6, Ex. 1 at p. 25]. See Ex. 7.

7. The Irrevocable Trust provides that one of its objectives is that the assets of the Irrevocable Trust will not be subject to the claims of Sciara's creditors and any creditors of the beneficiaries of the Irrevocable Trust. [Adv. ECF 6, Ex. 1 at p. 27]. See Ex. 7. Specifically, the Irrevocable Trust provides that "because I do not have the ability to demand or vest any trust assets in myself or my estate, I intend that the trust and all trust property be protected from attachment by my creditors." [Adv. ECF 6, Ex. 1 at pp. 26-27]. See Ex. 7. The Irrevocable Trust further provides:

> My **specific objectives** in creating this trust include, but are not limited to:
>
> . . . .
> . . . .
> . . . .
> . . . .
>
> The **assets in this trust not be subject to the claims of my creditors** and any beneficiary's creditors including spouses, ex-spouses, governmental agencies, third-party creditors, judgment creditors, claimants relating to professional liability, others with as yet undefined claims, and all other claimants whose claims are not enforceable under the Spendthrift Trust Act of Nevada, Nev. Rev. Stat. §§ 166.010 et seq., or similar law of any applicable jurisdictions; and
>
> Any interest under this trust, until its distribution, be free of my debts, contracts, claims, pledges, assignments, alienation, and anticipations as grantor, and those of the Trust Protector, any beneficiary,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

> the Trustee, and any person contributing to this trust, and not be subject to any levy, attachment, execution, sequestration, or other process of law.
>
> All provisions of this agreement are to be construed to accomplish these objectives.

[Adv. ECF 6, Ex. 1 at p. 27; emphasis added]. See Ex. 7.

8. Sciara is the settlor of the Irrevocable Trust. [Adv. ECF 6 at para. 15]. See Ex. 7.

9. Sciara is the Investment Trustee of the Irrevocable Trust. [Adv. ECF 6 at p.16]. See Ex. 7.

10. Glenn H. Truitt was the Trustee of the Irrevocable Trust.[2] [Adv. ECF 6 at p.17]. See Ex. 7.

11. The "lifetime beneficiaries" of the Irrevocable Trust are Sciara, his wife, and his children. [Adv. ECF 6, Ex. 1 at p. 29]. See Ex. 7.

12. The Irrevocable Trust contains the following acknowledgment: "I retain no right, title or interest in the income or principal of this trust or any other incident of ownership in any trust property." [Adv. ECF 6 at Ex. 1, p. 25]. See Ex. 7.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

13. Section 1.03 of the Irrevocable Trust provides in relevant part that:

> Except as otherwise specifically provided in this instrument, this agreement and the trust or trusts established under it are irrevocable. I have no right to alter, amend, revoke, or terminate this trust, in whole or in part. I have no right, acting alone or in conjunction with any person or persons, to consent to, participate in, or be consulted in connection with any alteration, amendment, revocation, or termination.

[Adv. ECF 6 at Ex. 1, p. 25]. See Ex. 7.

14. Sciara admitted that a true and correct copy of the Irrevocable Trust is attached to the Complaint as Exhibit 1. [Adv. ECF 6 at para. 19; Adv. ECF 10 at para. 19]. See Ex. 7; see also Ex. 8.

**<u>Transfer of the Property</u>**

15. Sciara was the owner of the Property located at 712 Pont Chartrain Drive, Las Vegas, Nevada 89145. [Adv. ECF 6 at para. 20]. See Ex. 7.

16. However, Sciara executed a Quitclaim Deed, recorded on October 13, 2022, transferring the Property from Sciara to the Irrevocable Trust. [Adv. ECF 6 at para. 21; Adv. ECF 10 at para. 21]. See Ex. 7; see also Ex. 8.

---

[2] Mr. Truitt informed my counsel that he resigned by notice dated December 2, 2024, but which was made effective December 31, 2024.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

17. Sciara admitted that a true and correct copy of the Quitclaim Deed is attached to the Amended Complaint as Exhibit 2. [Adv. ECF 6 at para. 22; Adv. ECF 10 at para. 22]. See Ex. 7; see also Ex. 8.

18. The Property was transferred to the Irrevocable Trust (the "Transfer") without consideration. See Ex. 7; see also Ex. 8.

19. Sciara admitted that at the time of the Transfer of the Property to the Irrevocable Trust, Sciara was a party in pending litigation. [Adv. ECF 6, para. 24; Adv. ECF 10, para. 24]. See Ex. 7; see also Ex. 8.

**Pre-Bankruptcy Litigation**

20. Within one year of the date of the Petition, Sciara was involved in multiple lawsuits and these lawsuits remained pending at the time of the filing of the Petition. [ECF 17 and 34]. See Ex. 2; see also Ex. 3. One of these lawsuits is titled *Sciara v. MiCamp Solutions, LLC, et. al.*, Case No. A-20-824100-B filed in the District Court, Clark County, Nevada ("MiCamp Case"). See [ECF 34]. See Ex. 3.

21. In the *MiCamp Case*, on or around February 24, 2022, MiCamp, and other defendants, obtained an order granting their motion for summary judgment against plaintiff Sciara ("Summary Judgment Order"). See Ex. 12.

22. On March 7, 2022, MiCamp filed a motion seeking attorneys' fees and costs against Sciara and CapFund Enterprises, Inc. ("Capfund") (a company in which the Debtor holds an interest). See Ex. 13.

23. On May 31, 2022, an order was entered awarding MiCamp attorneys' fees and costs against Sciara and Capfund ("Attorneys' Fees Order"). See Ex. 14.

24. The Attorneys' Fees Order provides that "the Court finds the claims brought and maintained by MR. SCIARA and CAPPFUND ENTERPRISES, INC. were without reasonable ground for several reasons." See Ex. 14.

25. On December 1, 2022, the Attorneys' Fees Order was reduced to judgment against Sciara and Capfund, jointly and severally, pursuant to a Judgment Regarding Attorney's Fees in the amount of $156,818.75 plus postjudgment interest ("Fee Judgment"). See Ex. 15.

26. On January 9, 2023, the court electronically issued a Writ of Execution on the Fee Judgment. See Ex.16.

27. On August 1, 2023, the court filed a Writ of Execution on the Fee Judgment. See Ex. 17.

**Bankruptcy Filing**

28. Sciara filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition") on August 4, 2023 (the "Petition Date"). [ECF 1]. See Ex. 1.

29. On July 15, 2024, the Court entered an Order Granting Motion For Conversion of Small Business Case To Chapter 7 ("Conversion Order"). [ECF 96]. See Ex. 4.

30. Although the Property had been transferred to the Irrevocable Trust, the Property is listed as an asset of Sciara (in fact, marked as community property) on Schedule A/B of his Petition. [ECF 34 at p. 4]. See Ex. 3.

31. Sciara lives in the Property and has declared a homestead exemption in the Property. [ECF 1 and 34 at p. 10]. See Ex. 1; see also Ex. 3.

32. The Irrevocable Trust was not listed on Schedule B of the Petition. [ECF 17 and 34]. See Ex. 2; see also Ex. 3.

33. Sciara stated on his Statement of Financial Affairs ("SOFA") that he transferred the Property to the Irrevocable Trust on September 16, 2022. [ECF 17 and 34]. See Ex. 2; see also Ex. 3.

34. Sciara valued his interest in Funded, LLC at $0. [ECF 34 at p. 7]. See Ex. 3.

**Relevant Proofs of Claim**

35. The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $120,746.20 based upon Sciara's failure to pay taxes for the years 2016, 2017, 2018, and 2019. See Ex. 5.

**Adversary Proceeding**

36. On October 2, 2024, I commenced this proceeding by filing a complaint (the "Complaint"). [Adv. ECF 1]. See Ex. 6.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

37. On October 25, 2024, the Complaint was amended (the "Amended Complaint"). [Adv. ECF 6]. See Ex. 7. The Amended Complaint names the following parties as defendants: Brian Sebastian Sciara and Glenn Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022. See Ex. 7.

38. On November 19, 2024, the Debtor filed Defendant Brian Sciara's Answer To Amended Complaint (the "Answer") [Adv. ECF 10]. See Ex. 8.

39. On February 3, 2025, an Entry of Default Against Glenn H. Truitt, Trustee Of The B.S.A.P. Irrevocable Trust Dated September 16, 2022 was taken against Glenn Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022. [Adv. ECF 13]. See Ex. 9.

40. On May 6, 2026, I filed Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 [Adv. ECF 113]. See Ex. 10. Pursuant to this motion, the I requested that an order be entered that prohibited Sciara from opposing my claims that include elements that I must establish relating to the state of Sciara's finances at the time of the transfer of the Property, including presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property and Sciara's income and/or Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. [Adv. ECF 113]. See Ex. 10.

41. On July 27, 2026, this Court entered an Order Granting Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 [Adv. ECF 119] ("Sanctions Order"). See Ex. 11. The Sanctions Order provides:

> **IT IS ORDERED** that the Sanctions Motion is **GRANTED** under FED. R. BANKR. P. 7037 and FED. R. CIV. P. 37 as follows:
> 1. To the extent that the Sanctions Motions seeks to impose sanctions under 7037(b)(2)(A)(iii), the Court **STRIKES** Mr. Sciara's Answer filed on November 19, 2024, from the record.
> 2. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(ii), the Court prohibits Mr. Sciara from opposing Plaintiff's claims as pled in the Amended Complaint filed on October 25, 2024, that include elements Plaintiff must establish relating to the state of Mr. Sciara's finances at the time of the transfer of the Property, including the presentation of any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, Mr. Sciara's income, and/or Mr. Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the

> Irrevocable Trust.
> 3. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(vi) and (vii), the Court is satisfied that the other sanctions imposed pursuant to its July 17, 2026 oral ruling and this written Order are proportional Mr. Sciara's failure to appear at his scheduled deposition on April 8, 2026, and sufficient to address it. As a result, no additional remedies for contempt of court are imposed against Mr. Sciara under the terms of this Order.

[Adv. ECF 119] (footnotes omitted). See Ex. 11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated August 18, 2026.

Shelley D. Krohn

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)