# EXHIBIT 8

**Defendant Brian Sciara's Answer To Amended Complaint**
**[ADV 10]**

Peter B. Mortenson, Esq.
Nevada Bar No. 05725
**MORTENSON & RAFIE, LLP**
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph: 702-363-4190
Fx: 702-363-4107
Email: manager@nvlaw.us
*Attorney for Brian Sciara*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No.: BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adv. Case No.: 24-01121-ABL<br><br>**DEFENDANT BRIAN SCIARA'S ANSWER TO AMENDED COMPLAINT** |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | |

COMES NOW Defendant BRIAN SEBASTIAN SCIARA ("Defendant"), by and through his attorney, the law firm of MORTENSON & RAFIE, LLP, and for his Answer against Plaintiff's Amended Complaint, admits, denies, and alleges as follows:

1. Answering paragraph 1, Defendant admits the allegation contained therein.

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

2. Answering paragraph 2, Defendant admits the allegation contained therein.
3. Answering paragraph 3, Defendant admits the allegation contained therein.
4. Answering paragraph 4, Defendant admits the allegation contained therein.
5. Answering paragraph 5, Defendant admits the allegation contained therein.
6. Answering paragraph 6, Defendant is without sufficient information and thereby denies the allegations contained therein.
7. Answering paragraph 7, Defendant is without sufficient information and thereby denies the allegations contained therein.
8. Answering paragraph 8, Defendant is without sufficient information and thereby denies the allegations contained therein.
9. Answering paragraph 9, Defendant admits the allegation contained therein.
10. Answering paragraph 10, Defendant admits the allegation contained therein.
11. Answering paragraph 11, Defendant is without sufficient information and thereby denies the allegations contained therein.
12. Answering paragraph 12, Defendant admits the allegation contained therein.
13. Answering paragraph 13, Defendant is without sufficient information and thereby denies the allegations contained therein.
14. Answering paragraph 14, Defendant is without sufficient information and thereby denies the allegations contained therein.
15. Answering paragraph 15, Defendant admits the allegation contained therein.
16. Answering paragraph 16, Defendant admits the allegation contained therein.
17. Answering paragraph 17, Defendant admits the allegation contained therein.

//

18. Answering paragraph 18, Defendant is without sufficient information and thereby denies the allegations contained therein.

19. Answering paragraph 19, Defendant admits the allegation contained therein.

20. Answering paragraph 20, Defendant admits the allegation contained therein.

21. Answering paragraph 21, Defendant admits the allegation contained therein.

22. Answering paragraph 22, Defendant admits the allegation contained therein.

23. Answering paragraph 23, Defendant is without sufficient information and thereby denies the allegations contained therein.

24. Answering paragraph 24, Defendant admits the allegation contained therein.

25. Answering paragraph 25, Defendant denies the allegation contained therein.

26. Answering paragraph 26, Defendant denies the allegation contained therein.

27. Answering paragraph 27, Defendant denies the allegation contained therein.

28. Answering paragraph 28, Defendant is without sufficient information and thereby denies the allegations contained therein.

29. Answering paragraph 29, Defendant admits the allegation contained therein.

30. Answering paragraph 30, Defendant admits the allegation contained therein.

31. Answering paragraph 31, Defendant denies the allegation contained therein.

32. Answering paragraph 32, Defendant denies the allegation contained therein.

33. Answering paragraph 33, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

34. Answering paragraph 34, Defendant is without sufficient information and thereby denies the allegations contained therein.

35. Answering paragraph 35, Defendant admits the allegation contained therein.

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

Case 24-10121-abl Doc 1-2 Entered 1/8/24 12:33:10 Page 4 of 10

36. Answering paragraph 36, Defendant is without sufficient information and thereby denies the allegations contained therein.

37. Answering paragraph 37, Defendant admits the allegation contained therein.

38. Answering paragraph 38, Defendant admits the allegation contained therein.

39. Answering paragraph 39, Defendant admits the allegation contained therein.

40. Answering paragraph 40, Defendant admits the allegation contained therein.

41. Answering paragraph 41, Defendant denies the allegation contained therein.

42. Answering paragraph 42, Defendant denies the allegation contained therein.

43. Answering paragraph 43, Defendant denies the allegation contained therein.

44. Answering paragraph 44, Defendant denies the allegation contained therein.

45. Answering paragraph 45, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

46. Answering paragraph 46, Defendant is without sufficient information and thereby denies the allegations contained therein.

47. Answering paragraph 47, Defendant admits the allegation contained therein.

48. Answering paragraph 48, Defendant admits the allegation contained therein.

49. Answering paragraph 49, Defendant admits the allegation contained therein.

50. Answering paragraph 50, Defendant admits the allegation contained therein.

51. Answering paragraph 51, Defendant denies the allegation contained therein.

52. Answering paragraph 52, Defendant admits the allegation contained therein.

53. Answering paragraph 53, Defendant is without sufficient information and thereby denies the allegations contained therein.

//

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

54. Answering paragraph 54, Defendant is without sufficient information and thereby denies the allegations contained therein.

55. Answering paragraph 55, Defendant denies the allegation contained therein.

56. Answering paragraph 56, Defendant denies the allegation contained therein.

57. Answering paragraph 57, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

58. Answering paragraph 58, Defendant is without sufficient information and thereby denies the allegations contained therein.

59. Answering paragraph 59, Defendant admits the allegation contained therein.

60. Answering paragraph 60, Defendant admits the allegation contained therein.

61. Answering paragraph 61, Defendant admits the allegation contained therein.

62. Answering paragraph 62, Defendant is without sufficient information and thereby denies the allegations contained therein.

63. Answering paragraph 63, Defendant denies the allegation contained therein.

64. Answering paragraph 64, Defendant denies the allegation contained therein.

65. Answering paragraph 65, Defendant admits the allegation contained therein.

66. Answering paragraph 66, Defendant denies the allegation contained therein.

67. Answering paragraph 67, Defendant denies the allegation contained therein.

68. Answering paragraph 68, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

69. Answering paragraph 69, Defendant is without sufficient information and thereby denies the allegations contained therein.

70. Answering paragraph 70, Defendant admits the allegation contained therein.

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

71. Answering paragraph 71, Defendant is without sufficient information and thereby denies the allegations contained therein.

72. Answering paragraph 72, Defendant admits the allegation contained therein.

73. Answering paragraph 73, Defendant admits the allegation contained therein.

74. Answering paragraph 74, Defendant is without sufficient information and thereby denies the allegations contained therein.

75. Answering paragraph 75, Defendant is without sufficient information and thereby denies the allegations contained therein.

76. Answering paragraph 76, Defendant denies the allegation contained therein.

77. Answering paragraph 77, Defendant denies the allegation contained therein.

78. Answering paragraph 78, Defendant admits the allegation contained therein.

79. Answering paragraph 79, Defendant denies the allegation contained therein.

80. Answering paragraph 80, Defendant denies the allegation contained therein.

81. Answering paragraph 81, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

82. Answering paragraph 82, Defendant admits the allegation contained therein.

83. Answering paragraph 83, Defendant admits the allegation contained therein.

84. Answering paragraph 84, Defendant admits the allegation contained therein.

85. Answering paragraph 85, Defendant admits the allegation contained therein.

86. Answering paragraph 86, Defendant admits the allegation contained therein.

87. Answering paragraph 87, Defendant is without sufficient information and thereby denies the allegations contained therein.

//

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

Case 24-10121-abl Doc 130 Entered 10/20/24 12:33:17 Page 7 of 10

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

88. Answering paragraph 88, Defendant is without sufficient information and thereby denies the allegations contained therein.
89. Answering paragraph 89, Defendant denies the allegation contained therein.
90. Answering paragraph 90, Defendant denies the allegation contained therein.
91. Answering paragraph 91, Defendant admits the allegation contained therein.
92. Answering paragraph 92, Defendant denies the allegation contained therein.
93. Answering paragraph 93, Defendant denies the allegation contained therein.
94. Answering paragraph 94, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.
95. Answering paragraph 95, Defendant is without sufficient information and thereby denies the allegations contained therein.
96. Answering paragraph 96, Defendant admits the allegation contained therein.
97. Answering paragraph 97, Defendant is without sufficient information and thereby denies the allegations contained therein.
98. Answering paragraph 98, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.
99. Answering paragraph 99, Defendant admits the allegation contained therein.
100. Answering paragraph 100, Defendant admits the allegation contained therein.
101. Answering paragraph 101, Defendant is without sufficient information and thereby denies the allegations contained therein.
102. Answering paragraph 102, Defendant is without sufficient information and thereby denies the allegations contained therein.

//

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

103. Answering paragraph 103, Defendant is without sufficient information and thereby denies the allegations contained therein.

104. Answering paragraph 104, Defendant denies the allegation contained therein.

105. Answering paragraph 105, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

106. Answering paragraph 106, Defendant admits the allegation contained therein.

107. Answering paragraph 107, Defendant is without sufficient information and thereby denies the allegations contained therein.

108. Answering paragraph 108, Defendant admits the allegation contained therein.

109. Answering paragraph 109, Defendant admits the allegation contained therein.

110. Answering paragraph 110, Defendant denies the allegation contained therein.

111. Answering paragraph 111, Defendant denies the allegation contained therein.

112. Answering paragraph 112, Defendant denies the allegation contained therein.

113. Answering paragraph 113, Defendant repeats and re-alleges therein, his prior answers, denials, and averments in response to the preceding paragraphs.

114. Answering paragraph 114, Defendant admits the allegation contained therein.

115. Answering paragraph 115, Defendant is without sufficient information and thereby denies the allegations contained therein.

116. Answering paragraph 116, Defendant admits the allegation contained therein.

117. Answering paragraph 117, Defendant admits the allegation contained therein.

118. Answering paragraph 118, Defendant denies the allegation contained therein.

119. Answering paragraph 119, Defendant denies the allegation contained therein.

120. Answering paragraph 120, Defendant denies the allegation contained therein.

Case 24-01121-abl Doc 1-2 Entered 11/20/24 12:33:17 Page 9 of 10

121. Answering paragraph 121, Defendant denies the allegation contained therein.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests judgment against the Plaintiff as follows:

1. That Plaintiff takes nothing by way of its Complaint;
2. For an award of attorney's fees and costs of the suit; and
3. For any further relief that the Court may deem just and proper.

DATED this 19 day of November, 2024.

MORTENSON & RAFIE, LLP

*/s/ Peter B. Mortenson*

Peter B. Mortenson, Esq.
Nevada Bar No. 05725
8375 W. Flamingo Rd., Ste. 102
Las Vegas, NV 89147
Ph: (702) 363-4190
Fax: (702) 363-4107
E-mail: manager@nvlaw.us
*Attorney for Brian Sciara*

**MORTENSON & RAFIE, LLP**
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

Case 24-01121-abl Doc 30-2 Entered 11/26/24 14:23:17 Page 10 of 12

MORTENSON & RAFIE, LLP
8375 West Flamingo Road, Suite 102
Las Vegas, Nevada 89147
Telephone (702) 363-4190 Facsimile (702) 363-4107

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of MORTENSON & RAFIE, LLP and that on this 19 day of November, 2024, I caused the above and foregoing document *Defendant Brian Sciara's Answer to Amended Complaint* to be served as follows:

[ X ] Pursuant to EDCR 8.05(a), EDCR 8.05(f), NRCP 5(b)(2)(D) and Administrative Order 14-2 captioned "In the Administrative Matter of Mandatory Electronic Service in the Eighth Judicial District Court," by mandatory electronic service through the Eighth Judicial District Court's electronic filing system.

[ ] By placing same to be deposited for mailing in the United States Mail, enclosed in a sealed envelope upon which first class postage prepaid in Las Vegas, Nevada.

[ ] Pursuant to EDCR 7.26, to be sent via facsimile, by duly executed consent for service by electronic means.

[ ] By hand delivery to the attorney listed below:

[ ] To the address, email address, and/or facsimile number listed below:

Jeanette E. McPherson, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Ste. 700
Las Vegas, NV 89135

*/s/ Kevin Chan*

An employee of MORTENSON & RAFIE, LLP

# EXHIBIT 9

**Entry Of Default Against Glenn H. Truitt, Trustee Of The B.S.A.P. Irrevocable Trust Dated September 16, 2022**
**[ADV 13]**

Case 24-01121-abl Doc 13 Entered 02/03/25 10:38:15 Page 1 of 2

Mary A. Schott
Clerk of Court

Entered on Docket
February 03, 2025

JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Phone: 702.262.6899 / Fax: 702.597.5503
Email: jmcpherson@foxrothschild.com
*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adv. Case No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants | **ENTRY OF DEFAULT AGAINST GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022** |

It appearing from the files and records in the above-entitled action that Glenn H. Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022, Defendant herein, being duly served with a copy of the Summons and Amended Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11 U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4) on October 29, 2024; that more than thirty (30) days, exclusive of the day of service, have passed since service upon the Defendant; that a three (3) Day Notice of Default was filed on January 7, 2025; that no answer or other Appearance was filed and Glenn H. Truitt, Trustee of the B.S.A.P. Irrevocable Trust Dated September 16, 2022 but with Mr. Truitt stating that he resigned as trustee effective December 31, 2024; and no further time was granted:

The default of the above-named Defendant for failing to answer or otherwise plead is hereby entered pursuant to Federal Rule of Civil Procedure, Rule 55(a), and Federal Bankruptcy Rule of Procedure 7055(a).

DATED this 27th day of January, 2025.

The undersigned hereby requests
and directs the Entry of Default.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, NV Bar No. 5423
Attorneys for Shelley D. Krohn, Chapter 7 Trustee

###

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT 10

**Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037**
**[ADV 113]**

Case 24-01121-abl Doc 13 Entered 05/26/26 10:35:40 Page 1 of 12

JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: jmcpherson@foxrothschild.com
*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Adv. Case No. 24-01121-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED.R.BANKR. P. 7037**<br><br>Date: June 23, 2026<br>Time: 10:00 a.m. |

Shelley D. Krohn ("Plaintiff" or "Trustee"), by and through her counsel, Jeanette E. McPherson, Esq. of Fox Rothschild LLP, hereby files this Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 (the "Motion"). This Motion is made and based upon 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure ("FRBP") 7037, LR 7037, the Declaration of Jeanette E. McPherson ("McPherson Declaration"), the Points and Authorities set forth herein, and any argument entertained at the time of any hearing pertaining to this matter.

**POINTS AND AUTHORITIES**

**<u>Jurisdiction, Venue, and Bankruptcy Filing</u>**

1. Brian Sebastian Sciara (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition") on August 4, 2023 (the "Petition Date").



184938116.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2. On July 15, 2024, the Court entered an Order Granting Motion For Conversion of Small Business Case To Chapter 7 [ECF 96] ("Conversion Order").

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), (J), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The procedural grounds for the relief requested herein is Fed. R. Bankr. P. 7001.

7. Pursuant to Fed. R. Bankr. 7008 and Local Rule 7008, the Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**<u>Prepetition Transfer of Property</u>**

8. Sciara was the owner of the Property located at 712 Pont Chartrain Drive, Las Vegas, Nevada 89145. [Adv. ECF 6 at para. 20].

9. Sciara executed a Quitclaim Deed, recorded on October 13, 2022, transferring the Property from Sciara to the Irrevocable Trust. [Adv. ECF 6 at para. 21 and Adv. ECF 10 at para. 21].

10. The Property was transferred to the Irrevocable Trust (the "Transfer") without consideration.

**<u>Bankruptcy Filing</u>**

11. Sciara filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition") on August 4, 2023 (the "Petition Date").

12. On July 15, 2024, the Court entered an Order Granting Motion For Conversion of Small Business Case To Chapter 7 [ECF 96] ("Conversion Order").

13. At the time of the Petition Date, a bankruptcy estate was created.

14. Although the Property was transferred to the Irrevocable Trust, the Property is listed as an asset of Sciara (in fact, community property) on Schedule A/B of his Petition. [ECF 34 at p. 4].

15. Sciara declared a homestead exemption in the Property. [ECF 34 at p. 10].

16. The Irrevocable Trust was not listed on Schedule B of the Petition. [ECF 17 and 34].

17. Sciara was aware of the Irrevocable Trust and the transfer as he stated on his Statement

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of Financial Affairs ("SOFA") that he transferred the Property to the Irrevocable Trust on September 16, 2022. [ECF 17 and 34].

**Adversary Proceeding**

**Filing**

18. On October 2, 2024, the Trustee commenced this proceeding by filing a Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11 U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5) Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4). The Complaint was thereafter amended on October 25, 2024 (the "Complaint") [Adv. ECF 1 and 6]. The Complaint was filed against the Debtor and Glenn H. Truitt, Trustee Of The B.S.A.P. Irrevocable Trust Dated September 16, 2022 (the "Irrevocable Trust").

19. On November 19, 2024, the Debtor filed Defendant Brian Sciara's Answer To Amended Complaint (the "Answer") [Adv. ECF 10].

20. On February 10, 2025, the Plaintiff filed the Standard Discovery Plan ("Discovery Plan") [Adv. ECF 15] proposing a discovery deadline of July 1, 2025.

21. On February 3, 2025, a Default was entered by the Clerk against the Irrevocable Trust, as the Irrevocable Trust did not file a response to the Complaint.

**Written Discovery**

22. On May 23, 2025, the Plaintiff emailed Plaintiff's Request For Production Of Documents To Defendant Brian Sebastian Sciara ("Request For Production of Documents") to counsel for Sciara. Responses to the Request For Production of Documents were due from Sciara by June 23, 2025.

23. On May 23, 2025, the Plaintiff emailed Plaintiff's Interrogatories To Defendant Brian Sebastian Sciara ("Interrogatories") to counsel for Sciara. Responses to the Interrogatories were due from Sciara on June 23, 2025.

24. On May 23, 2025, the Plaintiff emailed Plaintiff's Requests For Admissions to counsel for Sciara. Responses to the Requests For Admissions were due on June 23, 2025.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

25. On June 23, 2025, Sciara emailed Plaintiff the Defendant Brian Sciara's Responses To Plaintiff's Requests For Admissions.

26. Thereafter, on June 26, 2025, the Defendant, without filing a motion, emailed Plaintiff the Defendant Brian Sciara's Amended Responses To Plaintiff's Requests For Admissions.

27. On August 8, 2025, a Stipulation To Amend Discovery Plan To Extend Discovery And To Set Dispositive Motion Deadline ("Stipulation") [Adv. ECF 31] was filed extending the discovery deadline to Monday, November 17, 2025, and setting the deadline for filing dispositive motions on Monday, November 3, 2025. The Order approving the Stipulation was entered by the Court on August 12, 2025 [Adv. ECF 32].

28. The parties corresponded regarding the responses to the Interrogatories and Requests For Production of Documents.

**Plaintiff's Motion To Compel**

29. On September 11, 2025, the Plaintiff filed Plaintiff's Motion To Compel And To Continue Discovery And Related Deadlines. [Adv. ECF 36] ("Compel Motion"). As set forth in the Compel Motion, the Plaintiff sought an order compelling responses to the Interrogatories and Requests for Production from Sciara, ordering Sciara and/or Sciara's counsel to pay Plaintiff's reasonable attorney's fees and expenses incurred in bringing this Motion, and extending the discovery deadline for a period of approximately 60 days from Monday, November 17, 2025 to Thursday, January 16, 2026. As set forth in the Compel Motion, the failure to respond to the Interrogatories and Request For Production of Documents was causing delay in this proceeding, including without limitation delay in the completion of discovery and the rescheduling of Sciara's deposition.

30. On November 19, 2025, the Court entered an Order Granting Plaintiff's Motion To Compel And To Continue Discovery And Related Deadlines. [Adv. ECF 51].

**Defendant's Counsel's Withdrawal, Continued Discovery Deadlines, and Deposition**

31. On November 19, 2025, Defendant's counsel filed a Motion Withdraw as Attorney of Record. [Adv. ECF 50].

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

32. On November 20, 2025, Defendant filed a Motion To Alter Or Amend Interlocutory Order ("Motion to Amend"). [Adv. ECF 55].

33. On December 8, 2025, an Amended Motion To Withdraw as Counsel was filed. [Adv. ECF 73].

32. Given the pending discovery issues and anticipated withdrawal of Defendant's counsel, on December 10, 2025, Plaintiff and Defendant filed an Amended Standard Discovery Plan continuing the discovery deadline to April 15, 2026. [Adv. ECF 76].

34. On December 11, 2025, an Order Denying Motion To Withdraw As Counsel was entered. [Adv. ECF 77].

35. On December 12, 2025, a Motion To Approve Settlement With Peter Mortenson Of Mortenson & Rafie, LLP was filed wherein Defendant's counsel requested a settlement of the fee award entered against him. [Adv. ECF 141].

36. On December 16, 2025, given Defendant's counsel intent to withdraw and related discovery issues, a Fifth Notice Of Continued Deposition Of Defendant Brian Sebastian Sciara Pursuant To Bankruptcy Rule 7030 And Federal Rule Of Civil Procedure 30(a)(1) ["Fifth Notice of Deposition") was filed scheduling the deposition of Brian Sciara for April 8, 2026 at 10:00 a.m. [Adv. ECF 82]. The Fifth Notice of Deposition was properly noticed on the Defendant's counsel before he had withdrawn. [Adv. ECF 82].

37. On January 5, 2026, Defendant's counsel filed a Final Motion to Withdraw As Attorney of Record. [Adv. ECF. 91].

38. On January 30, 2026, an Order Granting Motion To Withdraw As Counsel Of Record Was Entered. [Adv. ECF 108].

39. On April 8, 2026, pursuant to the Fifth Notice of Deposition a deposition was held ("April Deposition"). The Defendant failed to appear at the April Deposition. A true and correct copy of the April Deposition is attached hereto as **Ex. 1**.

**Memorandum of Law**

The Debtor failed to appear at the April Deposition. Fed.R.Bankr. P. 7037, incorporating Fed.R.Civ. P. 37, provides in relevant part:

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>
> (1) *In General.*
>
> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition[.]
>
> . . . .
>
> . . . .
>
> (3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Further, Fed.R.Civ. P. 37(b)(2) provides:

> (b) Failure to Comply with a Court Order.
>
> . . . .
>
> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;
>
> . . . .

Fed.R.Civ. P. 37(b)(2)(A)(i)-(vi).

"A party may depose a person by serving 'reasonable written notice.' Fed. R. Civ. P. 30(b)(1). 'If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

party's attendance can be compelled only by subpoena.' *Jules Jordan Video, Ino. v. 144942 Canada Inc.,* 617 F.3d 1146, 1158 (9th Cir. 2010)." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, 316 F.R.D. 327, 335 (D. Nev. 2016). If a party does not appear for a deposition, Rule 37 states the following, "The court where the action is pending may, on motion, order sanctions if: (i) a party ... fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). A meet-and-confer is not required prior to filing a motion seeking sanctions. *See* 316 F.R.D. at 335.

The Fifth Notice of Deposition was noticed upon Sciara's counsel, Peter Mortenson, who was Sciara's counsel at the time and who has since withdrawn. [Adv. ECF 82]. Sciara did not appear at the April Deposition. In addition to Sciara's failure to attend the April Deposition, as demonstrated by the record in this proceeding, Sciara has been less than cooperative and forthcoming with responding to written discovery propounded by Plaintiff on Sciara. As a result, the Plaintiff has not been able to obtain all information or verify information that Plaintiff anticipates that Defendant may or will use in defense to Plaintiff's claims. The information sought by Plaintiff relates to the elements of Plaintiff's claims including the state of the Debtor's finances at the time of the transfer of the Property, including without limitation, the Debtor's income, the Debtor's payment of his debts/liabilities, and the valuation and status of his assets at the time of the transfer of his assets to the Irrevocable Trust. Accordingly, Plaintiff requests an order prohibiting Sciara from opposing the Plaintiff's claims that include elements that the Plaintiff must establish relating to the state of his finances at the time of the transfer of the Property, including presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, and Sciara's income and/or Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust. In addition, Plaintiff requests that the deadline to file dispositive motions be extended another 45 days from entry of an order regarding this Motion, including the filing of a motion for summary judgment, to be able to address the request herein. In the alternative, should the Court find that Plaintiff's request herein is not appropriate, the Plaintiff requests that all discovery deadlines be continued for another 90 days during which time Sciara shall appear at a deposition.

**CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that this Court enter an order:

1) prohibiting Sciara from opposing the Plaintiff's claims that include elements that the Plaintiff must establish relating to the state of his finances at the time of the transfer of the Property, including presenting any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property and Sciara's income and/or Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust.

2) that the deadline to file dispositive motions be extended another 45 days from entry of an order regarding this Motion, including the filing of a motion for summary judgment, to be able to address the request herein.

3) in the alternative, should the Court find that Plaintiff's request herein is not appropriate, the Plaintiff requests that all discovery deadlines be continued for another 90 days during which time Sciara shall appear at a deposition.

Dated: May 4, 2026.

FOX ROTHSCHILD LLP

/s/ Jeanette E. McPherson

Jeanette E. McPherson, Esq.
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
*Counsel for Shelley D. Krohn, Trustee*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT 1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No.: BK-S-23-13265-ABL<br>Chapter 7 |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022,<br><br>Defendants. | Adv. Case No. 24-01121-ABL |

CERTIFICATE OF NONAPPEARANCE
SCHEDULED DEPOSITION OF BRIAN SEBASTIAN SCIARA, VOLUME II

Taken at
Fox Rothschild LLP
1980 Festival Plaza Drive
Suite 700
Las Vegas, Nevada 89135

On Wednesday, April 8, 2026
At 10:20 a.m.

Reported by: Sarah M. Winn-Boddie, RPR, CCR No. 868
Job No. 61837, Firm No. 116F

APPEARANCES:

For the Trustee: JEANETTE E. McPHERSON, ESQ.
Fox Rothschild
1980 Festival Plaza Drive
Suite 700
Las Vegas, Nevada 89135
(702) 262-6899

EXHIBITS

| Number | Description | Marked |
|---|---|---|
| | (No exhibits) | |

WEDNESDAY, APRIL 8, 2026; LAS VEGAS, NEVADA
10:20 a.m.
-oOo-

MS. McPHERSON: This is the time and place for the deposition of defendant Brian Sebastian Sciara. It is approximately 11:20 [sic] on April 8th. Deposition was scheduled for 10 o'clock on April 8th at the offices of Fox Rothschild at 1980 Festival Plaza Drive, Suite 700, in Las Vegas, Nevada 89135. This deposition was scheduled and has been continued multiple times to this date, given the pending issues with Mr. Sciara's counsel withdrawing. The continuances were provided, given the courtesies extended to Mr. Mortenson and for other reasons.

The notice of continuance is on the court's docket at Docket 82, the document titled "Fifth Notice of Continued Deposition of Defendant Brian Sebastian Sciara, Pursuant to Bankruptcy Rules 7030 and Federal Rule of Civil Procedure 30(a)(1)."

Given that Mr. Sciara has not shown up or otherwise provided any notification that he would be appearing late or requesting any continuance, we will end the deposition for today at, again, approximately 11:21 [sic].

(The proceedings concluded at 10:21 a.m.)

REPORTER'S CERTIFICATE

STATE OF NEVADA )
) SS
COUNTY OF CLARK )

I, Sarah M. Winn-Boddie, Certified Court Reporter, do hereby certify that I took down in stenotype all of the proceedings had in the before-entitled matter at the time and place indicated, and that thereafter said shorthand notes were transcribed into typewriting at and under my direction and supervision, and that the foregoing transcript constitutes a full, true, and accurate record of the proceedings had.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal in my office in the County of Clark, State of Nevada, this 8th day of April, 2026.

Sarah M. Winn-Boddie, RPR, CCR No. 868

**-**

-ooo- 3:3

**1**

10 3:7
10:20 3:2
10:21 3:25
11:20 3:6
11:21 3:24
1980 3:8

**2**

2026 3:1

**3**

30(a)(1) 3:19

**7**

700 3:9
7030 3:18

**8**

8 3:1
82 3:16
89135 3:9
8th 3:6,7

**A**

a.m. 3:2,25
again 3:23
any 3:21,22
appearing 3:22
approximately 3:6,23
April 3:1,6,7
at 3:8,16,23,25

**B**

Bankruptcy 3:18
Brian 3:5,17

**C**

Civil 3:19
concluded 3:25
continuance 3:15,22
continuances 3:13
continued 3:10,17
counsel 3:12
court's 3:15
courtesies 3:13

**D**

date 3:11
defendant 3:5,17
deposition 3:5,7,10,17,23
docket 3:16
document 3:16
Drive 3:9

**E**

end 3:23
extended 3:14

**F**

Federal 3:18
Festival 3:8
Fifth 3:16
for 3:5,7,14,23
Fox 3:8

**G**

given 3:11,13,20

**I**

in 3:9
issues 3:11
It 3:6

**L**

Las 3:1,9
late 3:22

**M**

Mcpherson 3:4
Mortenson 3:14
Mr 3:12,14,20
MS 3:4
multiple 3:11

**N**

Nevada 3:1,9
not 3:20
notice 3:15,16
notification 3:21

**O**

o'clock 3:7
of 3:5,8,15,17,19
offices 3:8
on 3:6,7,15
other 3:14
otherwise 3:21

**P**

pending 3:11
place 3:4
Plaza 3:8
Procedure 3:19
proceedings 3:25
provided 3:13,21
Pursuant 3:18

**R**

reasons 3:14
requesting 3:22
Rothschild 3:8
Rule 3:19
Rules 3:18

**S**

scheduled 3:7,10
Sciara 3:5,18,20
Sciara's 3:12
Sebastian 3:5,17
shown 3:20

**sic**
3:6,24
**Suite**
3:9

**T**

**this**
3:4,9,11
**time**
3:4
**times**
3:11
**titled**
3:16
**to**
3:11,14,
18
**today**
3:23

**U**

**up**
3:20

**V**

**Vegas**
3:1,9

**W**

**we**
3:22
**WEDNESDAY**
3:1
**with**
3:12
**withdrawi
ng**
3:12

# EXHIBIT 11

**Order Granting Plaintiff's Motion For Sanctions Pursuant To Fed.R.Bankr. P. 7037 [ADV 119]**

Honorable August B. Landis
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Debtor. | Case No.: 23-13265-abl<br><br>Chapter 7<br><br>Adv. Proceeding No.: 24-01121-abl |
| SHELLEY D. KROHN, *TRUSTEE*,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA, et al.,<br><br>Defendants. | Hearing Date: July 17, 2026<br>Hearing Time: 3:00 p.m. |

**ORDER GRANTING MOTION FOR SANCTIONS**

On July 17, 2026, the Court issued its oral ruling after consideration of Plaintiff's Motion for Sanctions Pursuant to FED. R. BANKR. P. 7037.[1]

At the July 17, 2026 oral ruling, attorney Jeanette E. McPherson appeared telephonically

[1] ECF No. 113, hereafter the "Sanctions Motion." The Motion was filed in the adversary proceeding identified in the caption. In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the adversary proceeding identified in the caption as they appear on the official court docket maintained by the Clerk of the Court.

on behalf of Trustee Shelley D. Krohn.[2] Defendant Brian Sebastian Sciara appeared telephonically in proper person.[3] No other appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on July 17, 2026, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to FED. R. CIV. P. 52, made applicable in this adversary proceeding pursuant to FED. R. BANKR. P. 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the Sanctions Motion is **GRANTED** under FED. R. BANKR. P. 7037 and FED. R. CIV. P. 37 as follows:

1. To the extent that the Sanctions Motions seeks to impose sanctions under 7037(b)(2)(A)(iii), the Court **STRIKES** Mr. Sciara's Answer filed on November 19, 2024,[4] from the record.
2. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(ii), the Court prohibits Mr. Sciara from opposing Plaintiff's claims as pled in the Amended Complaint filed on October 25, 2024,[5] that include elements Plaintiff must establish relating to the state of Mr. Sciara's finances at the time of the transfer of the Property, including the presentation of any evidence regarding the value of his assets and the amount of his liabilities at or around the time of the transfer of the Property, Mr. Sciara's income, and/or Mr. Sciara's ability to pay his debts or liabilities as they came due at the time of the transfer of the Property to the Irrevocable Trust.
3. To the extent that the Sanctions Motion seeks to impose sanctions under 7037(b)(2)(A)(vi) and (vii), the Court is satisfied that the other sanctions imposed pursuant to its July 17, 2026 oral ruling and this written Order are proportional Mr. Sciara's failure to appear at his scheduled deposition on April 8, 2026, and sufficient

---

[2] Hereafter "Plaintiff."
[3] Hereafter "Mr. Sciara."
[4] See ECF No. 10.
[5] See ECF No. 6.

to address it.[6] As a result, no additional remedies for contempt of court are imposed against Mr. Sciara under the terms of this Order.

4. Plaintiff's request to extend the deadline for filing dispositive motions for a period of forty-five (45) days after the entry of this Order on the Court's docket is **GRANTED**.

**IT IS SO ORDERED**.

Copies sent to all parties via CM/ECF Electronic Mail System.

Copies sent via BNC to:

BRIAN SEBASTIAN SCIARA
712 PONT CHARTRAIN DR
LAS VEGAS, NV 89145

GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022
400 S 4TH ST STE 540
LAS VEGAS, NV 89101

GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022
712 PONT CHARTRAIN DRIVE
LAS VEGAS, NEVADA 89145

# # #

[6] See ECF No. 82.

# EXHIBIT 12

**Findings Of Facts, Conclusions Of Law, And Order Granting (1) Defendants MiCamp Solutions, LLC's And MiCamp Holdings, LLC's Motion For Summary Judgment & Joinder To Motions For Summary Judgment Filed By Defendants Fiserv, Inc., Evo Payments, Inc., And Shift4 Payments, LLC (Doc. 110), (2) Defendant Fiserv, Inc.'s Motion For Summary Judgment And Joinder In Motions For Summary Judgment (Doc. 108, 109), (3) Defendant Evo Payments, Inc.'s (A) Motion For Summary Judgment As To Plaintiffs' Claims For Fraudulent Concealment And Civil Conspiracy; And (B) Joinders To Motions For Summary Judgment Filed By Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., And Shift4 Payments, LLC (Doc. 106, 107), And (4) Defendant Shift4 Payments, LLC's Motion For Summary Judgment On Plaintiffs' Amended Negligence & Unjust Enrichment Claims And Joinder To MiCamp, Evo, And Fiserv Motions For Summary Judgment (Doc. 104, 105) & Judgment In Favor Of Defendants And Against Plaintiffs**

**[EJDC 136]**

Electronically Filed
02/24/2022 4:25 PM
CLERK OF THE COURT

**FFCL**

Bryce K. Kunimoto
Nevada Bar No. 7781
Robert J. Cassity
Nevada Bar No. 9779
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
jlin@hollandhart.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701
Phone: 520.214.2000
Fax: 520.214.2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*



**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,

Plaintiffs,

v.

MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants,

Case No. A-20-824100-B
Dept. No. XXII

**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER GRANTING**

**(1) DEFENDANTS MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT & JOINDER TO MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS FISERV, INC., EVO PAYMENTS, INC., AND SHIFT4 PAYMENTS, LLC (DOC. 110),**

**(2) DEFENDANT FISERV, INC.'S MOTION FOR SUMMARY**

and

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

**JUDGMENT AND JOINDER IN MOTIONS FOR SUMMARY JUDGMENT (DOC. 108, 109),**

**(3) DEFENDANT EVO PAYMENTS, INC.'S (A) MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS FOR FRAUDULENT CONCEALMENT AND CIVIL CONSPIRACY; AND (B) JOINDERS TO MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MICAMP SOLUTIONS, LLC, MICAMP HOLDINGS, LLC, FISERV, INC., AND SHIFT4 PAYMENTS, LLC (DOC. 106, 107), AND**

**(4) DEFENDANT SHIFT4 PAYMENTS, LLC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' AMENDED NEGLIGENCE & UNJUST ENRICHMENT CLAIMS AND JOINDER TO MICAMP, EVO, AND FISERV MOTIONS FOR SUMMARY JUDGMENT (DOC. 104, 105)**

**&**

**JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS**

Hearing Date: January 13, 2022
Hearing Time: 9:00 a.m.

Defendants MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC (collectively, as the "MiCamp Entities" or "MiCamp") having filed their Motion for Summary Judgment & Joinder to Motions for Summary Judgment filed by Defendants Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC ("MiCamp MSJ"; Doc. 110); Defendant FISERV, INC. ("Fiserv") having filed its Motion for Summary Judgment and Joinder in Motions for Summary Judgment ("Fiserv MSJ"; Doc. 108, 109); Defendant EVO PAYMENTS, INC. ("EVO") having filed its (a) Motion for Summary Judgment as to Plaintiffs' Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC,



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC ("EVO MSJ"; Doc. 106, 107); Defendant SHIFT4 PAYMENTS, LLC having filed its Motion for Summary Judgment on Plaintiffs' Amended Negligence & Unjust Enrichment Claims and Joinder to Micamp, Evo, and Fiserv Motions for Summary Judgment ("Shift4 MSJ"; Doc. 104, 105); Plaintiffs BRIAN SCIARA ("Sciara") and CAPFUND ENTERPRISES, INC. ("CapFund" and, together with Sciara, as "Plaintiffs") having filed their Omnibus Opposition to Motions for Summary Judgment (Doc. 118, 119) and Errata and Declaration (Doc. 124, 125, 126) (collectively, as the "Opposition"); respective Replies (Doc. 123, 120, 121, 122) having been filed by the MiCamp Entities, Fiserv, EVO, and Shift4 (collectively, as "Defendants"); Fiserv having filed its Supplement to Reply (Doc. 131); the matters having come on for hearing in Department XXII at the above-referenced date and time before the Honorable Susan H. Johnson; video appearances having been made by Ali J. Farhang, Esq. (*pro hac vice*) and Jenapher Lin, Esq. on behalf of the MiCamp Entities, Jarrod L. Rickard, Esq. and John W. Peterson, Esq. (*pro hac vice*) on behalf of Fiserv, Jason D. Smith, Esq. on behalf of EVO, Kevin N. Anderson, Esq. on behalf of Shift4, and Sigal Chattah, Esq. on behalf of Plaintiffs; the Court being fully apprised of and having considered the respective Motions for Summary Judgment and Joinders, the Opposition, respective Replies, the pleadings, papers, and evidence on file herein, the arguments of counsel, and for good cause appearing therefor, the Court hereby issues the following findings of fact, conclusions of law, order and decision:

## **FINDINGS OF FACT**

1. This is a tort-based action wherein Plaintiffs allege Defendants purportedly "engaged in a series of collusive acts" to use, and conceal the use of, CapFund's EIN to open merchant processing accounts and deprive Plaintiffs of the proceeds therefrom. *See* Pls.' Verified First Am. Compl. ("FAC"), dated Mar. 15, 2021, at 19–20; *see also, e.g.*, Opp. at 5.

2. CapFund is/was a foreign corporation formed and organized under the laws of Delaware with its principal place of business in Nevada. *See* FAC ¶¶ 2, 9, 35, 144–145, 171. However, CapFund's entity status with the Delaware Secretary of State as a domestic corporation has been in "void, ARs or tax delinquent" status since as early as March 1, 2015 and in "revoked"

status as a foreign corporation with the Nevada Secretary of State.[1] *See* Ex. C to MiCamp MSJ, DE SOS Entity Details Page for CapFund ("DE SOS"), dated Dec. 3, 2021 .

3. Sciara is/was the sole owner, shareholder, officer, and director of CapFund. *See* FAC ¶¶ 35, 53, 144–145, 156, 172.

4. Sprout Financial, LLC ("Sprout Financial") is not, and never was, a party to this action. *See generally* Compl.; FAC.

5. Funded, LLC is a non-party entity owned by Sciara. *See* Compl.; FAC.

6. Fiserv's wholly owned subsidiary, First Data Merchant Service LLC, EVO, and Shift4 are/were payment processors. *See* FAC at ¶ 31' Fiserv Ans., dated June 1, 2021, at 2, ¶ 31; EVO Ans., dated May 28, 2021, at 2, ¶ 31; Shift 4 Ans., dated June 8, 2021, at 2, ¶ 31.

7. MiCamp Solutions, LLC is/was a registered independent sales organization ("ISO"). *See* FAC at ¶ 32; MiCamp Ans., dated June 1, 2021, at ¶ 32.

8. Plaintiffs allege that in 2014, Sciara and two non-party individuals, Stephen Campbell and Micah Kinsler, founded non-party entity Sprout Financial, which specializes in providing business consulting and credit monitoring services. *See* FAC at ¶ 36.

9. Campbell and Kinsler are not, and never were, parties to this action. *See generally* Compl.; FAC.

10. Plaintiffs further allege that between 2014 and 2016, Fiserv, EVO, and Shift4 opened merchant processing accounts for Sprout Financial based on merchant account applications using CapFund's EIN. *See* FAC at ¶¶ 38–39, 48.

11. Plaintiffs further allege that "[i]n 2016, Plaintiff combined CapFund's operations and assets and business activity into Sprout Financial and transferred all of his lead sources, clients, client accounts, trade secrets, business processes, intellectual property, and accounts receivables

---

[1] *See* Ex. C to MiCamp MSJ, DE SOS Entity Details Page for CapFund ("DE SOS"), dated Dec. 3, 2021; *see also* Not. of CapFund's Inability to Maintain any Action in Nevada pursuant to NRS 80.055(2), dated Sept. 28, 2021 (the "CapFund Notice"); Ex. D to MiCamp MSJ, NV SOS Entity Page for CapFund (Ex. A to CapFund Notice) ("NV SOS"); Sciara's Resp. to CapFund Notice, dated Oct. 13, 2021, at 4 (requesting a stay in lieu of dismissal "until such time as CapFund can correct its entity status with the Nevada Secretary of State"); *see also* Ex. E to MiCamp MSJ, Pls.' Resp. to MiCamp's 1st Set of RFAs, dated Oct. 15, 2021, at 4 (admitting CapFund is currently in revoked status with the Nevada Secretary of State).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

from CapFund to Sprout Financial" (FAC at ¶ 151) and that "Plaintiff's discovery of misappropriation occurred only after Campbell acquired majority ownership of Sprout Financial" (FAC at ¶ 154).

12. Plaintiffs discovered or reasonably should have discovered facts supporting Plaintiffs' claims as early as June 2014, but no later than October 2015. *See* Ex. H to MiCamp MSJ, Email string, dated Oct. 22 to 29, 2015 (MICAMP000002–MICAMP000005).

13. On or about October 22, 2015, Gary Jeppsen, in his capacity as CFO of MiCamp Solutions, LLC, sent Sciara an email (which Sciara responded to on October 29, 2015), stating, in relevant part, as follows:

> 1. Back in June 2014 when we were setting up Sprout, **the merchant accounts were initially set up using CapFund Enterprise's EIN and Corporate information** (re emails on and around June 9, 2014 between Chelsea, Brian, myself and Russ)
> 2. It appears the intent was to always move the merchant accounts to a new Sprout entity, but that did not happen before the end of FY2014
> 3. Consequently, there were several Form 1099's that were issued to CapFund Enterprise for somewhere around $130k (final numbers once we get the 1099's, which have been requested)
> 4. It wasn't apparent until MiCamp prepared it's taxes that the change from CapFund didn't occur
> 5. We have consulted our CPA to determine what the best course of action is at this point - we have been told that as **the 1099's were ultimately submitted to the IRS with CapFund's information on them**, it's important that CapFund issue and file a 1099 back to MiCamp Holdings for the total amount of the 1099's. This will result in CapFund not incurring any tax liability for that income.

Ex. H to MiCamp MSJ (MICAMP000003) (emphasis added).

14. On November 2, 2020, Sciara filed his original complaint against Defendants, alleging the following six (6) claims for relief: (1) Conversion against the MiCamp Entities; (2) Civil Conspiracy against all Defendants; (3) Unjust Enrichment against all Defendants; (4) Violations of Nevada RICO against all Defendants; (5) Negligence against Fiserv, EVO, and Shift4; and (6) Fraudulent Concealment against Fiserv, EVO, and Shift4. *See* Compl., dated Nov. 2, 2020 (Doc. 1).

15. On March 15, 2021, Plaintiff Sciara, in his individual capacity and derivatively on behalf of CapFund, and Plaintiff CapFund filed their Verified First Amended Complaint (the "FAC"; Doc. 45) against the MiCamp Entities, Fiserv, EVO, Shift4, and CapFund (as Nominal Defendant), amending the original Complaint to add the following two (2) claims for relief: (7) Shareholder



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

Derivative Claims against all Defendants; and (8) Shareholder Direct Claims against all Defendants. *See* FAC, dated Mar. 15, 2021 (Doc. 45).

16. At the time of the filing of the FAC, CapFund was in revoked status and thereby statutorily precluded from brining or maintaining actions in Nevada.

17. Between March 15, 2021 (filing of the FAC) and November 5, 2021 (close of discovery), Plaintiffs did not provide a computation of each category of damages claimed (or disclose or make available to Defendant any documents or information bearing on the nature and extent of purported injuries suffered),[2] disclose any experts,[3] notice/schedule/take any party depositions[4], or issue any third party document or deposition subpoenas. Nor did Plaintiffs raise any challenges to Defendants as to the sufficiency of Defendants' respective discovery responses/documents/objections. *See* MiCamp Opp. to Pls.' Mot. for PO & Countermot. to Compel, dated Nov. 17, 2021, at 6–7.

18. In their various filings, declarations, and discovery responses, Plaintiffs have acknowledged that "Plaintiff is not in possession of documents that are necessary to prove Plaintiffs' case." Pls.' Mot for PO on OST, dated Nov. 15, 2021, at 11:20–21.

**CONCLUSIONS OF LAW**

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

19. Pursuant to NRCP 56, summary judgment is appropriate and "shall be rendered forthwith" when no genuine issue of material fact exists and the moving party is entitled to judgment

---

[2] *See* Ex. I to MiCamp MSJ, Pls.' Initial Discl., dated Apr. 2, 2021, at 5 (setting forth generic assertions of damages "in excess of $15,000.00"); Ex. K to MiCamp MSJ, Pls.' 1st Suppl. Discl., dated Oct. 15, 2021, at 6 (same); *see also* Ex. L to MiCamp MSJ, Pls.' 2nd Discl., dated Nov. 11, 2021, at 6 (untimely disclosure after close of discovery replacing general damage assertions "in excess of $15,000.00" with "TBD" or "To be Determined by the Trier of Fact" and asserting $766,729.00 as "damages for lost profits" for tax year 2016).

[3] *Cf.* Transcript of Mar. 1, 2021 Proceedings at 5:3–10; *with* Ex. K to MiCamp MSJ, Pls.' 1st Suppl. Discl. (pleading only), dated Oct. 15, 2021; *see also* Order Denying Pls.' Mot. to Ext. Disc. & Cont. Trial, dated Dec. 3, 2021, at 3, ¶ 5.

[4] *See* Pls.' Mot. to Ext. Disc. & Cont. Trial on OST, dated Oct. 28, 2021, at 14–15; Decl. of Nicholas Scotti, Esq., dated Oct. 26, 2021, at 8–9, ¶¶ 3(d), 5(c); *see also* Decl. of Sigal Chattah, Esq., dated Nov. 24, 2021, at 3–4, ¶¶ 9, 14.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

as a matter of law. *See Wood v. Safeway*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005); NRCP 56(a). The moving party bears the initial burden of production to demonstrate the absence of a genuine issue of material fact. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007). "If the moving party meets its burden, then the nonmoving party bears the burden of production to demonstrate that there is a genuine issue of material fact." *Las Vegas Metro. Police Dept. v. Coregis Ins. Co.*, 127 Nev. 548, 553, 256 P.3d 958, 961 (2011).

20. Materiality depends on the applicable substantive law, and includes only factual disputes that could change the ultimate outcome of the case. *See Wood*, 121 Nev. at 730, 121 P.3d at 1030. A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Posadas v. City of Reno*, 109 Nev. 448, 452, 851 P.2d 438, 441 (1993); *see also Delgado v. Am. Family Ins. Grp.*, 125 Nev. 564, 571, 217 P.3d 563, 568 (2009). As such, "if there is conflicting evidence on a material issue, or if reasonable persons could draw different inferences from the facts, the question is one of fact for a jury and not one of law for the court." *Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co., Inc.*, 127 Nev. 331, 341, 255 P.3d 268, 275 (2011).

21. While the pleadings and other proof must be construed in a light most favorable to the nonmoving party, the nonmoving party cannot "simply show that there is some metaphysical doubt" as to the operative facts in order to avoid summary judgment in the moving party's favor. *Wood*, 121 Nev. at 731, 121 P.3d at 1031 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)). Rather, the nonmoving party "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him." *Id.* (quoting *Bulbman, Inc. v. Nev. Bell*, 109 Nev. 105, 110, 825 P.2d 588, 591 (1992)). In other words, the nonmoving party is "not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Wood*, 121 Nev. at 731, 121 P.3d at 1031 (quoting *Collins v. Union Fed. Sav. & Loan*, 99 Nev. 284, 302, 662 P.2d 610, 621 (1983)); *see also Thomas v. Bokelman*, 86 Nev. 10, 14, 462 P.2d 1020, 1022 (1970) ("The rule is well-settled that the opposing party is not entitled to have the motion for summary judgment denied ***on the mere hope that at trial***

***he will be able to discredit movant's evidence***; he must at the hearing be able to point out to the Court *something* indicating the existence of a triable issue of fact." (emphasis added)).

22. For the reasons set forth herein and in the respective MSJs filed by MiCamp, Fiserv, EVO, and Shift4, summary judgment in favor of MiCamp, Fiserv, EVO, and Shift4 and against Plaintiffs is appropriate as to all claims asserted in the FAC.

**A. Summary judgment is proper to the extent that Plaintiffs' claims are time-barred by the applicable statutes of limitation.**

23. "A statute of limitations prohibits a suit after a period of time that follows the accrual of the cause of action." *FDIC v. Rhodes*, 130 Nev. Adv. Op. 88, 336 P.3d 961, 965 (2014). Statutes of limitation exist "to provide a concrete time frame within which a plaintiff must file a lawsuit and after which a defendant is afforded a level of security." *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 257, 277 P.3d 458, 465 (2012). When the facts are uncontroverted, the application of the statute of limitations is a question of law reviewed de novo. *See, e.g.*, *Citizens for Cold Springs*, 125 Nev. at 629, 218 P.3d at 850; *Day v. Zubel*, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996).

24. "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id*. "In a discovery based cause of action, a plaintiff must use due diligence in determining the existence of a cause of action." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998).

25. The claims set forth in Plaintiffs' FAC are governed by 3- or 4-year limitations periods, with the exception of their negligence claim, which his governed by a 2-year limitation period.[5] *See, e.g.*, *In re Amerco Derivative Litig.*, 127 Nev. 196, 228, 252 P.3d 681, 703 (2011)

[5] *See* NRS 11.190(4)(e) ("Within 2 years: . . . . (e) Except as otherwise provided in NRS 11.215, an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another."); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (Nevada's residual



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

("The statute of limitation for an unjust enrichment claim is four years." (citing NRS 11.190(2)(c))); *Bemis*, 114 Nev. at 1025 (finding three year limitations period provided in NRS 11.190(3)(c) governs a claim for conversion); *Siragusa v. Brown*, 114 Nev. 1384, 1391, 971 P.2d 801, 806 (1998) ("NRS 11.190(3)(d) provides for a three-year statute of limitations for fraud actions which accrues 'upon the discovery by the aggrieved party of the facts constituting the fraud.'"); *id.* at 114 Nev. at 1391–92 ("Civil conspiracy is governed by the catch-all provision of NRS 11.220, which provides that an action 'must be commenced within 4 years after the cause of action shall have accrued.'"); *see also Daly v. Pearl Spirits, Inc.*, 438 F. App'x 644, 645 (9th Cir. 2011) ("'The statute of limitations for civil RICO actions is four years.' 'The limitations period for civil RICO actions begins to run when a plaintiff knows or should know of the injury which is the basis for the action.'" (internal citations omitted)).

26. Plaintiffs' claims all center around the alleged misappropriation of CapFund's EIN to open merchant processing accounts for Sprout Financial without Plaintiffs' knowledge or consent. *See* FAC at 9–11 (factual allegations common to all claims), ¶¶ 38–44. Repeated throughout the FAC is Plaintiffs' allegation "[u]pon information and belief" that MiCamp Solutions, LLC submitted, and Fiserv, EVO, and Shift4 approved, applications to open merchant processing accounts for Sprout Financial using CapFund's EIN and other identifying information without the knowledge or consent of Plaintiffs and that Defendants conspired to misappropriate CapFund's EIN for purposes of the same. *See, e.g.*, FAC at ¶¶ 38–44; *see also id.* at ¶¶ 54, 61–63, 67–68, 79, 83, 90, 94, 96, 99–101, 104–05, 110–11, 130, 146–48.

27. Defendants have presented documentary evidence showing that Plaintiffs had actual knowledge of the alleged use of "CapFund's EIN and Corporate information" to set up merchant accounts for Sprout Financial since as early as June 2014, but no later than October 2015. *See* Ex. H to MiCamp MSJ, Email string, dated Oct. 22 to 29, 2015 (MICAMP000002–MICAMP000005). The October 22, 2015 email from Jeppsen to Sciara—to which Sciara responded on October 29, 2015—expressly states "[b]ack in June 2014 when we were setting up Sprout, the

---

statute of limitations under NRS 11.190(4)(e) applies to all personal injuries whether caused by negligent or intentional conduct).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

merchant accounts were initially set up using CapFund Enterprise's EIN and Corporate information" and that "the 1099's were ultimately submitted to the IRS with CapFund's information on them[.]" Ex. H to MiCamp MSJ (MICAMP000003).

28. The Court has grave concerns that this case is time barred by the pertinent statutes of limitations. Plaintiffs' Opposition presents no arguments, legal authority, or evidentiary grounds sufficient to rebut or raise a genuine issue as to Plaintiffs' claims being time barred as accruing no later than October 2015. *See generally* Opp. Plaintiffs' Opposition makes no objection to or mention of Jeppsen's October 22, 2015 email; nor do Plaintiffs dispute having received the email on such date or having had actual knowledge of the contents thereof. *See* Opp. at 11–13.

29. Moreover, Plaintiffs do not address or meaningfully oppose the untimeliness of their conversion, unjust enrichment, negligence, and violations of NV RICO claims against Defendants. *See* Opp. at 11–13. Indeed, Plaintiffs' Opposition asserts only that "the actions for Conspiracy and Fraud did not accrue until October 10, 2018, when Sciara was placed on notice of the fraud by communicating directly with processors" (Opp. at 12), and relies on the application of ripeness and justiciability doctrines (*see* Opp. at 12–13)[6] and a general reference to "the fundamental tenets of statute of limitations" set forth in *Siragusa v. Brown*, 114 Nev. 1384, 971 P.2d 801 (1998) (Opp. at 13).

30. Thus, with respect to Plaintiffs' claims for conversion, unjust enrichment, negligence, and violations of NV RICO, summary judgment in favor of Defendants is appropriate as Plaintiffs' Opposition does not address or dispute that those claims accrued no later than October 2015 and are, therefore, time barred. *See* Opp. at 11–13; *see also, e.g.*, *Arcenas v. Mortgageit, Inc.*, No. 68178, 2016 WL 3943342, at *2 (Nev. App. July 13, 2016) ("By failing to oppose this argument, which appears to have merit and was supported by salient authority, we conclude that the Arcenas have conceded, the issue."); *see also Bates v. Chronister*, 100 Nev. 675, 682, 691 P.2d 865, 870

---

[6] To the extent that a general recitation of ripeness and justiciability standards (and/or a general reference to the tenets in *Siragusa*) are intended to be an argument about the timeliness of Plaintiffs' claims, it is a noncogent argument and thus without merit. *See, e.g.*, *Donnelly v. Jarman*, No. 62887, 2015 WL 3936797, at *3 n.3 (Nev. June 24, 2015) ("To the extent that the mere identification of a legal standard is intended to be an argument about the sufficiency of the evidence presented, it is a noncogent argument and thus is without merit.").

(1984) ("We elect to treat the Chronisters' failure to respond to this argument in the three pages of argument in their answering brief as a confession of error."); *accord Silver State Broad., LLC v. Crown Castle MU, LLC*, No. 218CV00734GMNVCF, 2018 WL 6606064, at *8 (D. Nev. Dec. 17, 2018) ("As a general rule '[b]y failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper.'" (citation omitted)).

31. As to the communications between Sciara and processors cited in Plaintiffs' Opposition, they do not raise a genuine issue as to the accrual date applicable to Plaintiffs' claims. *See* Ex. 6 to Opp. at PLF000005 (email from Sciara to Shift4); Opp. at 13 (citing PLF000077, an email from Sciara to EVO). The communications cited are emails from Sciara to processors, wherein Sciara purports to notify the processors of the alleged fraud. Those communications do not demonstrate when ***Sciara*** was placed on notice of facts giving rise to potential claims for purposes of determining the accrual date applicable to Plaintiffs' claims. Sciara's emails to the processors concern the purported unlawful use of CapFund's EIN number to set up merchant accounts for Sprout Financial, which Plaintiffs indisputably had actual knowledge of no later than October 2015 as evidenced by Jeppsen's October 22, 2015 email. *See* MiCamp MSJ at 17; Ex. H to MiCamp MSJ at MICAMP000003. Thus, the emails do not support Plaintiffs' assertion that their conspiracy and fraud claims accrued on October 10, 2018; nor do they raise or show the absence of a genuine issue.

32. In addition, Plaintiffs have presented no evidence to support any fraudulent concealment by Fisrev, EVO, or Shift4 (or the MiCamp Entities for that matter) sufficient to give rise to a 2018 or 2019 accrual date for any of Plaintiffs' claims. Plaintiffs' baseless allegations that "Plaintiff[s] first realized that CapFund's identity had been misappropriated sometime in late 2018 or early 2019" and that "Defendants intentionally concealed or suppressed information surrounding the opening of the Merchant Accounts" (FAC at ¶¶ 48, 137), without more, are insufficient for purposes of showing that Defendants' cited materials do not establish the absence of a genuine dispute and/or that a genuine dispute otherwise exists. *See* Ex. H to MiCamp MSJ; NRCP 56(c)(1)(B).

33. Further, Plaintiffs' speculation and conjecture as to the purported inferences and conclusions to be drawn from "PLF 000045", without any further explanation or development, do



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

not establish the facts of the case or create a genuine issue. *See* Opp. at 13:16–21.[7] CapFund's undated 1099-K for tax year 2016 (PLF000045), without more, does not conclusively establish that "$854,639" in gross amounts were in fact processed by EVO or that such amounts bear any connection to Defendants' alleged conduct.[8] Similarly, one entry for $6,596.00, dated June 30, 2017, referencing a HarborTouch payment and CapFund in its description, contained in the purported MiCamp's cash flow report (PLF000014–PLF000015) and a vague reference to "the EVO MPA" (EVO000035) do not conclusively "illustrate" that the entire gross amount purportedly processed by EVO "should have gone into Sciara's account", did not make it to Sciara's account, "was redirected to MiCamp Holdings Inc's account", or is otherwise "traceable" to the HarborTouch deposit.[9] Nevertheless, Plaintiffs' Opposition does not explain how such matters relate or apply to the accrual date of Plaintiffs' claims.

34. Accordingly, while the Court has grave concerns that this case is time barred by the pertinent statutes of limitations, summary judgment in favor of Defendants and against Plaintiffs to the extent based on statute of limitations will be granted ~~as to~~ only as to Plaintiffs' claims for conversion, unjust enrichment, negligence, and violations of NV RICO as Plaintiffs do not dispute that such claims accrued no later than October 2015 and are, therefore, time-barred by the applicable statutes of limitations.

---

[7] *Cf. Jain v. McFarland*, 109 Nev. 465, 475–76, 851 P.2d 450, 457 (1993) ("Arguments of counsel are not evidence and do not establish the facts of the case."); *see also Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1420 (D. Nev. 1995) ("[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." (quoting *S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982))); *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

[8] *Cf.* Opp. at 13:16–17 ("PLF 000045, demonstrates that the gross amounts that were processed by EVO is $854,639+.").

[9] *Cf.* Opp. at 13:17–21 ("The whole gross amount should have gone into Sciara's account, none of which made it there; but was redirected to MiCamp Holdings Inc's account, as illustrated by MiCamp's daily cash flow reports tracing the HarborTouch deposits from CapFund Financial into a Micamp bank account (See PLF000014-PLF000015) (listed on the EVO MPA. See EVO000035).").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**B. Summary judgment is appropriate based on Plaintiffs' lack of evidentiary support.**

35. Even if Plaintiffs' claims were not time barred under the applicable statutes of limitations, the Court concludes that summary judgment is warranted due to Plaintiffs' failure to demonstrate a genuine issue of material fact as to any of the claims.

36. As an initial matter, "[e]vidence introduced in support of or opposition to a motion for summary judgment must be admissible evidence." *Collins*, 99 Nev. at 302, 662 P.2d at 621–22; *see also Schneider v. Continental Assurance Co.*, 110 Nev. 1270, 1274, 885 P.2d 572, 575 (1994) ("The district court thus erred in relying solely on inadmissible evidence to grant summary judgment"); *Adamson v. Bowker*, 85 Nev. 115, 119, 450 P.2d 796, 799 (1969) ("[E]vidence that would be inadmissible at the trial of the case is inadmissible on a motion for summary judgment").

37. Plaintiffs have presented no admissible evidence sufficient to create a genuine dispute of material fact to withstand summary judgment or to satisfy Plaintiffs' ultimate burden at trial of proving each essential element of their claims against Defendants. *See generally* Opp. Sciara's Declaration is substantively defective and contains no statements sufficient to otherwise create a genuine issue precluding summary judgment. *See, e.g.*, *Eastridge Pers. of Las Vegas, Inc. v. Kim Du-Orpilla*, No. 206-CV-00776-KJD-PAL, 2008 WL 872905, at *2 (D. Nev. Mar. 27, 2008) ("'[U]ncorroborated and self-serving testimony,' without more, will not create a 'genuine issue' of material fact precluding summary judgment." (quoting *Villiarimo v. Aloha Island Air Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002))); *see also* NRCP 56(c)(4); EDCR 2.21(c).

38. Discovery closed on November 5th, 2021 and the absence of evidentiary support for Plaintiffs' claims is indisputable—Plaintiffs have made no expert disclosures and, despite MiCamp's discovery letter, meet and confer, and assurances by Plaintiffs otherwise (*see* Ex. J to MiCamp MSJ), no computation of damages or documents/information to otherwise support any category of damages alleged by Plaintiffs.[10]

[10] *See, e.g.*, *Joseph v. Las Vegas Metro. Police Dep't*, No. 2:09-CV-00966-HDM, 2010 WL 3238992, at *2 (D. Nev. Aug. 13, 2010) ("A party claiming damages has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be."); NRCP 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 16.1(a)(1), 16.2(d) or (e), 16.205(d) or (e), or 26(e), the party is not allowed to use that information or witness to supply

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

39. Plaintiffs did not notice, schedule, or take any Rule 30(b)(6) depositions of Defendants or otherwise issue any third party subpoenas for documents or depositions. Instead, Plaintiffs have produced a total of 94 pages (PLF000001–PLF000094), the contents of which are either immaterial or insufficient to create a genuine issue of material fact. *See* Ex. K to MiCamp MSJ at 4–5.

40. Plaintiffs acknowledged they lacked evidence to support their claims—*e.g.*, "**Plaintiff is not in possession of documents that are necessary to prove Plaintiffs' case.**" Pls.' Mot. for PO on OST, dated Nov. 15, 2021, at 11:20–21 (emphasis added). Thus, Plaintiffs' lack of diligence and unjustifiable failures throughout the discovery period are merely two of several independent grounds rendering judgment as a matter of law in favor of Defendants appropriate.[11][12]

41. Further, damages is an essential element to each of the eight claims asserted in Plaintiffs' FAC. Plaintiffs' failure to timely disclose their computation of damages and information relating thereto is fatal to all of Plaintiffs' claims. Furthermore, Plaintiffs have not shown that they were deprived of any profits from Sprout Financial's use of CapFund's EIN, that they incurred any tax liability for the same, or that they are legally entitled to any of the purported commissions or profits earned from the alleged transactions processed through Sprout's merchant accounts.

---

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

[11] *See, e.g.*, *Hunter v. Gang*, 132 Nev. Adv. Op. 22, 377 P.3d 448, 455 (Nev. App. 2016) ("[T]he plaintiff must take action, after filing the complaint, to show that he is diligently prosecuting the case. If the plaintiff fails to diligently pursue the case, the court does not abuse its discretion by invoking its inherent authority to dismiss the action." (internal citation omitted)); *accord Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."); *see also CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, No. 214CV00108JCMNJK, 2015 WL 10059063, at *3–4 (D. Nev. Dec. 5, 2015) ("This revolving door of counsel was largely self-inflicted and does not establish good cause for reopening deadlines."); *Derosa*, 2013 WL 3975764, at 2 (noting that "Plaintiff attempts to avoid this conclusion by asserting that 'good cause' exists because Plaintiff herself should not be prejudiced by the failings of her attorneys" and finding that the "Ninth Circuit has repeatedly rejected that contention").

[12] Ms. Chattah, Plaintiffs' current counsel, formally appeared in this matter on November 24, 2021 (after the discovery cut-off date of November 5, 2021). Ms. Chattah represented that she did not receive the full file from prior counsel upon her substitution.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

42. Plaintiffs have not proven with any admissible evidence that they have suffered any damages as a result of what they allege transpired. Plaintiffs failed to retain expert testimony and offer an opinion on the precise damages CapFund allegedly suffered when Sprout purportedly utilized CapFund's EIN. Plaintiffs cannot now argue they incurred over $2 million in "IRS charges" without any evidentiary support. *See* Opp. at 26.

43. Plaintiffs produced no evidence of computable damages in response to a request for production of documents seeking documents supporting Plaintiffs' damages. *See* Ex. F to MiCamp MSJ, Pls.' Responses to MiCamp's First Set of RFPs, at 5–6; *see also Bulbman, Inc.*, 108 Nev. at 111, 825 P.2d at 592 ("Where an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper.").

44. The Nevada Supreme Court has emphasized that "in instances such as this, where an action is brought with practically no evidentiary basis to support it, summary judgment can be a valuable tool to discourage protracted and meritless litigation of factually insufficient claims." *Boesiger v. Desert Appraisals, LLC*, 135 Nev. 192, 198, 444 P.3d 436, 441 (2019). "In dispensing with frivolous actions through summary judgment, courts promote the important policy objectives of sound judicial economy and enhance the judiciary's capacity to effectively and efficiently adjudicate legitimate claims." *Id.*

45. Summary judgment in favor of Defendants and against Plaintiffs is proper as to each of the claims asserted in Plaintiffs' FAC for the additional and independent basis that Plaintiffs failed to demonstrate any evidentiary grounds to support any of their claims.

46. Accordingly, summary judgment in favor of Defendants and against Plaintiffs will be granted as to all claims asserted in their FAC to the extent such claims lack any adequate evidentiary grounds sufficient to withstand summary judgment thereon.

**C. Summary judgment, or dismissal, is proper as to all claims asserted by CapFund based on its revoked entity status and CapFund's failure to cure these known defects within reasonable time.**

47. NRS 80.055(2) provides that "[e]xcept as otherwise provided in subsection 3, every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, may not commence or maintain any action or proceeding in any court of this State until it

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

has fully complied with the provisions of NRS 80.010 to 80.040, inclusive." NRS 80.055(2); *see also* NRS 80.055(3) ("An action or proceeding may be commenced by such a corporation if an extraordinary remedy available pursuant to chapter 31 of NRS is all or part of the relief sought. Such an action or proceeding must be dismissed without prejudice if the corporation does not comply with the provisions of NRS 80.010 to 80.040, inclusive, within 45 days after the action or proceeding is commenced."); *see also, e.g.*, *Nev. Nat'l Bank v. Snyder*, 108 Nev. 151, 826 P.2d 560 (1992) (requiring the district court to dismiss a foreign corporation's action for failure to comply with NRS 80.030); *Bader Enters., Inc. v. Olsen*, 98 Nev. 381, 649 P.2d 1369 (1982) (affirming the district court's dismissal of an action for the plaintiff foreign corporation's failure to comply with NRS 80.030).

48. As of March 1, 2015 to date, CapFund's entity status with the Delaware Secretary of State as a domestic corporation has been in "void, ARs or tax delinquent" status. *See* Ex. C to MiCamp MSJ, DE SOS. As a foreign corporation, CapFund has been in "revoked" status with the Nevada Secretary of State and has not complied with the mandatory filing requirements set forth in NRS 80.010(1), among other provisions; nor has CapFund filed its annual report, which was due December 31, 2016. *See* Ex. D to MiCamp MSJ, NV SOS; *see also* Ex. A to CapFund Notice.[13]

49. CapFund has been a party to this action since the filing of the FAC in March 2021. Since September 28, 2021 at the latest, CapFund and Sciara, CapFund's sole owner, have had actual notice of the issues with CapFund's entity status and actual knowledge of the legal implications for failing or neglecting to cure and/or otherwise comply with NRS 80.010 to .040, inclusive. *See* Notice. Despite having ample time and opportunity, Plaintiff failed to promptly and diligently bring CapFund in compliance with Nevada law. By failing to comply with the provisions of NRS 80.010 to 80.040, CapFund is statutorily precluded from bringing or maintaining actions in Nevada.

---

[13] As matters of public record and given the reliability of the underlying sources, the Court takes judicial notice of the Delaware and Nevada Secretary of State's entity details page for CapFund, attached to MiCamp MSJ as Exs. C & D, respectively. *See, e.g.*, *Mack v. Estate of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009) (A court may take "judicial notice of facts that are '[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute.'" (citing NRS 47.130(2)(b))); *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) ("[A] court may take into account matters of public record, orders, items present in the record of the case.").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

50. To date, Plaintiffs have failed to cure CapFund's revoked status. Despite knowledge that CapFund is statutorily barred from maintaining this action as a result, Plaintiffs have nonetheless elected to disregard Nevada law and continue maintaining claims on behalf of CapFund.

51. Accordingly, summary judgment in favor of Defendants and against CapFund is appropriate and will be granted as to CapFund's claims asserted in the FAC for the additional and independent ground that CapFund's revoked status has been ongoing and despite notice, Plaintiffs have failed to cure such defects.

**D. Claim 1 of FAC – Conversion against the MiCamp Entities**

52. Plaintiffs have failed to show the presence of any genuine issue of material fact with respect to their conversion claim against the MiCamp Entities.

53. Conversion is defined by Nevada courts "as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 910, 193 P.3d 536, 542 (2008). Further, conversion generally is limited to those severe, major, and important interferences with the right to control personal property that justify requiring the actor to pay the property's full value." *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328–29, 130 P.3d 1280, 1287 (2006).

54. Plaintiffs contend that MiCamp is liable for engaging in conversion by virtue of its purported utilization of the "Capfund's EIN and other identifying information to open Merchant Accounts" for Sprout Financial (FAC ¶ 54) or by causing "funds being processed through the Merchant Accounts to be rerouted into a bank account that is owned by defendant MiCamp Holdings" (FAC ¶ 55).

55. However, Plaintiffs have presented no evidence that MiCamp "wrongfully exerted" dominion over Plaintiffs' personal property in denial of or inconsistent with their title or rights therein, let alone any damages associated with the alleged use of CapFund's EIN. *See* MiCamp MSJ at 15–16; Ex. H to MiCamp MSJ.

56. MiCamp's MSJ sets forth the requisite legal and factual support sufficient to show no genuine issue of material fact exists as to Plaintiffs' conversion claim and that the MiCamp

Entities are entitled to judgment as a matter of law thereon based on Plaintiffs' failure and inability to present evidentiary support for each essential element of their conversion claim. *See* MiCamp MSJ at 15–16.

57. Plaintiffs' Opposition fails to address or dispute these arguments or the cited materials in support thereof. *Compare* MiCamp MSJ at 15–16, Ex. H; *with* Opp. at 5 (mentioning their conversion claim only once in procedural posture section as the first claim for relief in the FAC). By failing to oppose or otherwise substantively rebut this argument, Plaintiffs have conceded there is no genuine of material fact as to the conversion claim, thereby rendering summary judgment in favor of MiCamp proper with respect to Plaintiffs' conversion claim. *See, e.g.*, *Arcenas*, 2016 WL 3943342, at *2.

58. Accordingly, summary judgment in favor of the MiCamp Entities and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' conversion claim.

**E. Claim 2 of FAC – Civil Conspiracy against all Defendants**

59. Plaintiffs have failed to show the presence of any genuine dispute with respect to their civil conspiracy claim against Defendants.[14]

60. Civil conspiracy is a Nevada state law claim that "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consol.-Generator Nev., Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998).

61. To state a claim for civil conspiracy, plaintiffs must allege two elements: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *see also Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 74–75, 110 P.3d 30, 51 (2005) (To state an actionable claim

[14] Plaintiffs' FAC alleges civil conspiracy, not conspiracy to violate RICO. *See* FAC at 12. Notwithstanding, even if they had, Defendants would nevertheless be entitled to summary judgment, as a matter of law, on such claim as "a RICO conspiracy under NRS 207.400(1)(j) is limited to conspiracy to 'violate any of the provision of [NRS 207.400]'" and requires a substantive violation of RICO, which Plaintiffs present no evidence to support (as further detailed below, *infra*, Section G). *See, e.g.*, *Morris v. Green Tree Servicing, LLC*, No. 2:14-CV-01998-GMN, 2015 WL 4113212, at *14 (D. Nev. July 8, 2015); NRS 207.400(1)(j).



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

for civil conspiracy to defraud, a plaintiff must allege: (1) a conspiracy agreement formed by the defendants to unlawfully harm the plaintiff, (2) an act of fraud in furtherance thereof, and (3) resulting damages to the plaintiff.), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). Further, in pleading a claim for civil conspiracy, plaintiffs must plead with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

62. The FAC does not allege and Plaintiffs have otherwise failed to adduce any evidence to support the commission of an underlying tort by Defendants.

63. Plaintiffs have produced no evidence that any of the Defendants agreed with any other Defendant or intended to harm Sciara or CapFund. In their Opposition, Plaintiffs assert—without any evidentiary or documentary support—that "Defendants EVO, Fiserv, and Shift 4 all allowed the MiCamp Entities to use Plaintiffs' confidential business information to open merchant accounts cutting corners and engaging in application processes that were wreaked with intentional misconduct." Opp. at 5. Without evidentiary support, Plaintiffs' unsubstantiated assertions are insufficient to withstand summary judgment.

64. Although Plaintiffs further state, "[t]he merchant accounts that were opened using my and CapFund's identifying information and EIN could only have occurred with both MiCamp and Fiserv acting in concert," Plaintiffs have presented no evidence that supports this assertion. Further, Sciara admitted that he has no personal knowledge about the allegedly fraudulent transactions. *See* Ex. G to Fiserv MSJ, Ans. No. 3 at FISERV182–83; Ans. No. 18 at FISERV190 (admitting this transaction occurred "without [Sciara's] consent or approval); Ex. F to Fiserv MSJ, Ans. 3 at FISERV161–62 (same).

65. Based on the foregoing, Plaintiffs have presented no evidence to support their allegation that any of the Defendants entered into an agreement with any other Defendant. Nor have Plaintiffs presented evidence of the commission of an underlying tort sufficient to state a civil conspiracy claim.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

66. Accordingly, summary judgment in favor of Defendants and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' civil conspiracy claim.

**F. Claim 3 of FAC – Unjust Enrichment against all Defendants**

67. Plaintiffs have failed to show the presence of any genuine issue of material fact with respect to their unjust enrichment claim against Defendants.

68. Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and
> (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc*., 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica,* 97 Nev. at 212, 626 P.2d at 1273); *see also Topaz Mut. Co. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606, 613 (1992) (citing *Nev. Indus. Dev. v. Benedetti*, 103 Nev. 360, 363 n.2, 741 P.2d 802, 804 n.2 (1987); *see also* 26 Richard A. Lord, Williston on Contracts § 68:1, at 24 (4th ed. 2003) (quantum meruit to avoid unjust enrichment applies "when a party confers a benefit with a reasonable expectation of payment").

69. Plaintiffs allege that Defendants received the benefit of substantial profits and commissions rightfully belonging to "Plaintiff" by opening and operating merchant accounts for Sprout using CapFund's EIN (FAC ¶ 67) and that Defendants' ability to do so resulted in their knowledge of the benefit conferred (FAC ¶ 68), which Defendants retained "at the expense and detriment of Plaintiff" (FAC ¶ 69).

70. Plaintiffs have presented no evidence showing Plaintiffs conferred any benefit on any of the Defendants, that Plaintiffs had a reasonable expectation of payment from any of the Defendants under the circumstances, or that Plaintiffs are/were legally entitled to the purported proceeds from the alleged merchant processing transactions. *See* Fiserv MSJ at 10.

71. Similarly, Plaintiffs have not shown by competent evidence that any of the Defendants appreciated any such benefit; nor acceptance and retention by any of the Defendants of such benefit. *See* Fiserv MSJ at 10.

72. Accordingly, summary judgment in favor of Defendants and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' unjust enrichment claim.

**G. Claim 4 of FAC – Violations of Nevada RICO against all Defendants**

73. Plaintiffs have failed to show the presence of any genuine dispute with respect to their claim against Defendants for violations of Nevada RICO.

74. "Nevada's anti-racketeering laws are codified at NRS 207.350 through NRS 207.520. Under NRS 207.470, a civil action may be brought by any person injured as a result of racketeering activity." *Cummings v. Charter Hosp. of Las Vegas, Inc.*, 111 Nev. 639, 645, 896 P.2d 1137, 1141 (1995). "To state a claim under Nevada's RICO statute, a plaintiff must allege that the defendant 'engag[ed] in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.'" *Summit Growth Mgmt., LLC v. Marek*, No. 3:12-CV-170-RCJ-WGC, 2012 WL 3886089, at *7 (D. Nev. Sept. 6, 2012) (quoting NRS 207.390).

75. Plaintiffs' NV RICO claim is predicated on Defendants' purported violations of the following three predicate crimes: (1) "taking property from another under circumstances not amounting to robbery" governed by NRS 205.270; (2) "obtaining and using personal identifying information of another person in violation of NRS 205.463" governed by NRS 205.463(1); and (3) obtaining possession of money or property valued at $650 or more, or obtaining a signature by means of false pretenses. *See* FAC at 14–21.

76. As to the use of personal identifying information, Plaintiffs' Opposition cites to the email exchanges attempting to resolve and address issues relating to CapFund's IRS Notice (MICAMP000031–40) and speculates that "the only conclusion to be drawn after these exchanges was that this deliberate use of the EIN number, was in fact not unintentional but a manner in which to obtain expedited accounts without going through the arduous and detailed approval process." Opp. at 20 (emphasis omitted).



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

77. Plaintiffs' Opposition, however, fails to present evidence supporting Plaintiffs' conclusion is the "only conclusion to be drawn" from email exchanges attempting to correct the tax issue relating to CapFund's EIN, which make no mention of merchant accounts approvals or processes. Moreover, Plaintiffs present no evidence showing that the purported use of CapFund's EIN was deliberate or intended as mechanism to avoid any approval process or to commit an otherwise unlawful act. *See* Opp. at 19–20.

78. Further, while Plaintiffs opine that the determination as to whether the purportedly lazy manner in which Defendants handled the IRS issue is sufficient to sustain liability under NRS 205.463 "is a matter for the jury to determine" (Opp. at 20), neither questions of law nor matters to be determined by a jury are governed by Plaintiffs' opinion. Further, it is well established that materiality depends on the applicable substantive law, here NRS 205.463/NV RICO caselaw, and includes only factual disputes that could change the ultimate outcome of the case, which does not include purported disputes of opinions regarding whether the IRS issue was handled in an "absolute lackadaisical manner." *See Wood*, 121 Nev. at 730, 121 P.3d at 1030; *compare* NRS 205.463(1)(b)(1)–(4) (identifying punishable uses); *with* Opp. at 20.

79. The Court rejects Plaintiffs' argument that use of CapFund's EIN to obtain merchant accounts constitutes "unlawful activity" or that the purportedly lazy manner in which the IRS issue was handled is conclusive evidence thereof. *See* Opp. at 21; *cf. G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1256 (D. Nev. 2006) ("Even assuming arguendo that Defendants' failure to pay distributions or misconduct in the buy-sell transaction could constitute 'taking property from another under circumstances not amounting to robbery, including theft and larceny,' the Court finds that these actions arise out of an partnership dispute governed by a contract and were not envisioned by the legislature as a predicate crime for a RICO violation.").

80. The applicable substantive law—*i.e.*, NRS 205.270[15]—as well as the evidentiary record, demonstrate that CapFund's EIN and entity information were not taken, but rather

---

[15] NRS 205.270(1) ("A person who, under circumstances not amounting to robbery, with the intent to steal or appropriate to his or her own use, takes property from the person of another, without the other person's consent, is guilty of a category C felony and shall be punished as provided in NRS 193.130.").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

voluntarily provided by Sciara upon request. *See* Opp. at 16–17. Further, Plaintiffs' own discovery responses demonstrate that the merchant accounts purportedly obtained with CapFund's EIN were for the use of "CapFund Enterprises, Inc. DBA: Sprout Financial", not any of the Defendants named in this action. *See* Ex. G to MiCamp MSJ, Plaintiffs' Responses to MiCamp's 1st Set of ROGs, dated Oct. 15, 2021, at 3–5 (Response to ROG 3). Thus, there can be no genuine dispute with respect to this factually insufficient and unsupported predicate crime.

81. As to false pretenses, Plaintiffs argue that Sciara is/was legally entitled to any purported portions under alleged merchant agreements. *See* Opp. at 21. However, Plaintiffs' Opposition presents no evidentiary support for any of the elements necessary to substantiate the false pretenses claim.[16]

82. Given Plaintiffs' failure and inability to present competent evidence sufficient to raise a genuine dispute as to at least two of the three foregoing predicate acts alleged, Plaintiffs cannot withstand summary judgment in Defendants' favor with respect to the NV RICO claim.

83. To be sure, "for a plaintiff to recover under Nevada RICO, three conditions must be met: (1) the plaintiff's injury must flow from the defendant's violation of a predicate Nevada RICO act; (2) the injury must be proximately caused by the defendant's violation of the predicate act; and (3) the plaintiff must not have participated in the commission of the predicate act." *Allum v. Valley Bank of Nevada*, 109 Nev. 280, 283, 849 P.2d 297, 299 (1993).[17]

84. Here, summary judgment on Plaintiffs' NV RICO claim is appropriate for the additional and independent ground that Plaintiffs' Opposition presents no evidence of an injury proximately caused by Defendants' purported violation of any predicate NV RICO act. *see, e.g.*,

[16] *See, e.g.*, *Stoddart v. Miller*, 124 Nev. 1499, 238 P.3d 845, 124 Nev. 1511, 2008 WL 6070835, at *6 (2008) (obtaining possession of money or property valued at $650 or more, or obtaining a signature by means of false pretenses, requires the following elements: "'(1) intent to defraud; (2) a false representation; (3) reliance on the false representation; and (4) that the victim be defrauded.'") (quoting *Hale*, 104 Nev. at 639, 764 P.2d at 870).

[17] *See also* NRS 207.390; *accord Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) ("The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

*Bermingham v. Plumbing & Pipefitting Indus. Local 38*, 53 F.3d 337, 1995 WL 225642, at *1–2 (9th Cir. 1995) ("A speculative injury is not compensable under RICO.").

85. Plaintiffs admit that the damages allegedly incurred as a result of the purported acts and/or omissions alleged in the FAC were caused by "**<u>Sprout's</u>** use of Brian Sciara's and CapFund's identifying information"—not any of the named Defendants in this action as required for purposes of Plaintiffs' NV RICO claim. *See* Ex. G to MiCamp MSJ at 7 (Response to ROG 8; emphasis added). As such, Plaintiffs' NV RICO claim against Defendants fails as a matter of law.

86. Furthermore, as to the first element (conduct element) of a NV RICO claim, Plaintiffs inappropriately refer to the MiCamp Entities and/or Defendants collectively, and have failed to identify any particular individual or person acting on behalf of the entity Defendants or the role of each Defendant in the purported scheme. *See, e.g.*, *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme); *cf.* FAC ¶¶ 72–128.

87. In both Plaintiffs' Opposition and Plaintiffs' responses to written discovery requests by Defendants, Plaintiffs produced no documents to otherwise identify any particular individual or person acting on behalf of the MiCamp Entities and/or the other entity Defendants in regard to any purported scheme. Rather, Plaintiffs identified only 94 pages of documents either not relevant or insufficient to create a genuine issue of material fact. *See* Ex. F to MiCamp MSJ, Plaintiffs' Responses to MiCamp's 1st Set of RFPs, dated Oct. 15, 2021 (Pls.' Resps. to MiCamp's RFP No. 4); Ex. K to MiCamp MSJ (Pls.' 1st Suppl. Discl.).

88. As to the second element (enterprise element), "[a] plaintiff pleads an enterprise through allegations of 'an ongoing organization, formal or informal,' and by allegations that 'the various associates' function as a continuing unit.'" *Morris*, 2015 WL 4113212, at *9 (quoting *Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007)).[18]

---

[18] "Criminal syndicate" means "any combination of persons, so structured that the organization will continue its operation even if individual members enter or leave the organization, which engages in or has the purpose of engaging in racketeering activity." NRS 207.370. "Enterprise" includes "[a]ny natural person, sole proprietorship, partnership, corporation, business trust or other legal entity" and "[a]ny union, association or other group of persons associated in fact although not a legal entity." NRS 207.380(1)–(2).

89. Plaintiffs have not produced any evidence to support their allegation that "Defendants are part of a criminal syndicate or enterprise pursuant to NRS 207.370 and NRS 207.380" (FAC ¶ 121), that "Defendants acquired and maintained interest and/or control of the enterprise in violation of NRS 207.400(1)(b)" (*id.* at ¶ 122), that "Defendants were associated with the enterprise to participate both directly and indirectly in the affairs of the enterprise through racketeering activity and or through the affairs of the enterprise in violation of NRS 207.400(1)(c)" (*id.* at ¶ 123), that "Defendants intentionally organized, managed, directed, supervised, and or financed a criminal syndicate in violation of NRS 207.400(1)(d)" (*id.* at ¶ 124), and that "Defendants furnished assistance in the conduct of the affairs of the criminal syndicate with the intent to promote or further the criminal objectives of the syndicate in violation of NRS 207.400(1)(f)" (*id.* at ¶ 125).

90. Plaintiffs' failure to present evidence to support these legal conclusions is insufficient as a matter of law to establish the existence or absence of a genuine dispute. *See, e.g.*, *Morris*, 2015 WL 4113212, at *10 (finding "merely conclusory allegations related to an enterprise" insufficient to allege an enterprise among alleged defendants). Specifically, in response to a RFP seeking all documents that Plaintiffs contend support the allegations in the FAC, Plaintiffs failed to produce any documents demonstrating the existence of an "an ongoing organization, formal or informal," or documents showing that "the various associates' functioned as a continuing unit." Ex. F to MiCamp MSJ at 4–5.

91. Similarly, with respect to the third and fourth elements ("pattern" of racketeering activity), Plaintiffs have not produced any evidence to support their allegation that "Defendants, and each of them, engaged in conduct which constitutes racketeering activity by committing at least two separate crimes related to racketeering as defined by NRS 207.360" (FAC ¶ 75), that "Defendants and each of them, engaged in conduct which constitutes a pattern of racketeering activity in violation of NRS 207.470 in that the crimes have the same or similar patterns, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents" (*id.* at ¶ 76), and that "Defendants' crimes are interrelated by distinguishing characteristics and are not isolated incidents, but are part of a pattern of criminal activity" (*id.* at ¶ 120), which are all likewise insufficient, both individually and collectively, as a



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

matter of law to withstand dismissal. Likewise, Plaintiffs have produced no evidence that Defendants engaged in any racketeering activity or two separate crimes related to racketeering, which are necessary for showing a "pattern of racketeering activity." Ex. F to MiCamp MSJ at 4–5.

92. Plaintiffs have adduced no evidence to satisfy the fifth and final element of a RICO claim—an injury to Plaintiffs' business or property caused by the violation of a predicate RICO act. *See* Ex. F to MiCamp MSJ at 5–6 (referring to PLF000001–PLF000094 as documents responsive to RFP No. 5, which sought all documents to substantiate Plaintiffs' damages claims); Ex. G to MiCamp MSJ, Pls.' Responses to MiCamp's First Set of ROGs, served Oct. 15, 2021, at 2 (answering that "Sprout's use of Brian Sciara's and CapFund's identifying information damaged Plaintiffs' reputation and eventually caused the end of CapFund, the loss of its business, and on that basis, the loss of its EIN"); *but see* Exs. C–D to MiCamp MSJ (SOS entity pages showing CapFund's negative entity status caused by failure to comply with statutory provisions and pay requisite fees associated).

93. Plaintiffs have failed to adduce any evidence sufficient to support their NV RICO claim. "Where an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper." *Bulbman, Inc.*, 108 Nev. at 111, 825 P.2d at 592.

94. Plaintiffs' conclusory assertions, without citations to supporting evidence, do not establish a genuine dispute as to and are insufficient to avoid summary judgment on their NV RICO claim. *See, e.g.*, *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1420 (D. Nev. 1995) ("'[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda.'" (citation omitted)).

95. Given the lack of evidentiary support for Plaintiffs' RICO claim, coupled with the fact that Plaintiffs' Opposition presents no evidence to support their conclusory assertions as to the presence of any genuine issues of material fact, summary judgment is warranted in favor of Defendants on Plaintiffs' claim for violations of NV RICO.



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

96. Defendants are entitled to summary judgment on Plaintiffs' claim for violations of Nevada RICO (Fourth Claim for Relief) as no genuine issue exists as to the absence of admissible evidence for one or more essential elements to such claim.

**H. Claim 5 of FAC – Negligence against Fiserv, EVO, & Shift4**

97. Plaintiffs have failed to show the presence of any genuine dispute with respect to their negligence claim against Fiserv, EVO, and Shift4.

98. "To recover in a negligence action, a plaintiff must demonstrate (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached that duty, (3) that breach of the duty caused harm to the plaintiff that was reasonably foreseeable, and (4) damages." *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 464 (2007) (summary judgment is proper when a plaintiff fails to generate a triable question of fact regarding any of the essential elements of a negligence claim, including breach of an alleged duty).

99. Plaintiffs have presented no evidence showing Fiserv, EVO, or Shift4 owed Plaintiffs any duty of care, that any such duty was breached, that any such breach caused harm to Plaintiffs that was reasonably foreseeable, or that Plaintiffs were damaged as a result. *See* Fiserv MSJ at 12–13.

100. Accordingly, summary judgment in favor of Fiserv, EVO, and Shift4 and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' negligence claim.

**I. Claim 6 of FAC – Fraudulent Concealment against Fiserv, EVO, & Shift4**

101. Plaintiffs have failed to show the presence of any genuine dispute with respect to their fraudulent concealment claim against Fiserv, EVO, and Shift4.

102. "To succeed on a claim for fraudulent concealment, the plaintiff must show: (1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently had he known the concealed fact; and (5) as a result of the concealment, the plaintiff sustained damages." *Summit Growth Mgmt., LLC v. Marek*, No. 3:12-CV-170-RCJ-WGC, 2012 WL 3886089, at *6 (D. Nev. Sept. 6, 2012); *see also id.* ("Nevada generally does not recognize an action for fraud based on

nondisclosure unless the plaintiff demonstrates that the defendant had a duty to disclose the fact at issue.”).

103. Plaintiffs allege Fiserv, EVO, and/or Shift4 “concealed or suppressed the identity of the individual(s) responsible for the misappropriation and opening of the Merchant Accounts by refusing to provide the Plaintiff with information regarding the opening of the Merchant Accounts.” FAC ¶ 135. But Plaintiffs have produced no communication or document supporting this allegation and have not explained how Fiserv, EVO, or Shift4 had a duty to disclose anything related to any merchant account. To the contrary, Fiserv, EVO, and Shift4 are obligated to keep information regarding merchant accounts confidential. *See* Fiserv MSJ at 14. Plaintiffs have no evidence that Fiserv, EVO, or Shift4 “concealed or suppressed” any fact with the intent to defraud Plaintiffs, and Sciara cannot testify as to Fiserv’s, EVO’s, or Shift4’s intent.

104. Moreover, the uncontroverted evidence shows that Plaintiffs were aware of the individual(s) allegedly responsible for the purported misappropriation of CapFund’s EIN. *See* Ex. H to MiCamp MSJ. Additionally, Plaintiffs have presented no evidence of damages.

105. Plaintiffs have not shown a genuine issue as to any element of their fraudulent concealment claim.

106. Accordingly, summary judgment in favor of Fiserv, EVO, and Shift4 and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs’ fraudulent concealment claim.

**J. Claim 7 of FAC – Shareholder Derivative Claims against all Defendants**

107. Plaintiffs have failed to show the presence of any genuine dispute with respect to their shareholder derivative claims against Defendants.

108. A shareholder derivative claim allows a shareholder to file an action “on behalf of the corporation to recover for harm done to the corporation.” *Parametric Sound Corp. v. Eighth Jud. Dist. Ct. in & for Cty. of Clark*, 133 Nev. 417, 423 (2017) (citing *Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 19 (2003)). Prior to bringing a derivative action, however, “[a] shareholder must make a demand on the board of directors to address the shareholder’s claims . . . or demonstrate that such a demand is futile.” *Id*. (citation omitted). When the allegedly harmed corporation merges with another corporation, the derivative suit must be brought “on behalf of the surviving corporation,



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

because the effect of merger is to vest the merged corporation's assets—including causes of action brought on its behalf—in the surviving corporation." Deborah A. DeMott, Shareholder Deriv. Actions L. & Prac. § 4:3 (Clark Boardman Callaghan 2020-2021 ed.); *see also* NRS 92A.250 (providing that merger extinguishes existence of every entity except surviving entity and transfers all liabilities of constituent entities to the surviving entity).

109. Sciara brings a shareholder derivative action on behalf of CapFund, a corporation that no longer exists and/or is incapable of bringing claims as a defunct entity in revoked status failing to comply with the applicable provisions of NRS Chapter 80. *See* Section C, *supra*; NRS 80.055(2); Exs. C–D to MiCamp MSJ.

110. Moreover, Sciara did not properly demand board action when he discovered the alleged fraud. Sciara admits he discovered the alleged fraud in 2018 when American Express sent him an email and he received a letter from the IRS regarding CapFund merchant accounts. When Sciara discovered the alleged fraud, he had an obligation to demand board action before filing a shareholder derivative claim. And at the time Sciara discovered the alleged fraud, Sprout Financial, as the surviving company, had the interest in this litigation. As the board of Sprout Financial is not implicated in the challenged business transaction, "'the demand futility analysis considers only whether a majority of the directors had a disqualifying interest in the [demand] matter or were otherwise unable to act independently' at the time the complaint was filed." *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 644–45 (2006) (quoting *In re Xcel Energy, Inc.*, 222 F.R.D. 603, 607 (D. Minn. 2004), *abrogated on other grounds by Chur v. Eighth Jud. Dist. Ct. in & for Cty. of Clark*, 136 Nev. 68 (2020)).

111. Plaintiffs allege that demanding board action was futile at the time of the harm because Sciara was the sole officer, director, and shareholder when the harm occurred, and by the time Sciara discovered the alleged fraud, he did not have access to Sprout Financial's records. FAC ¶ 158. Plaintiffs do not produce any evidence in support of this allegation. Nevertheless, Sciara must identify the board members of Sprout Financial and explain why these individuals are disinterested or unable to act independently to satisfy the condition precedent of demanding board action before filing a shareholder derivative action. *See Shoen*, 122 Nev. 621 at 644–45 (noting a

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

plaintiff must show "a majority of the directors had a disqualifying interest in the matter or were otherwise unable to act on the demand with impartiality" to satisfy demand requirement when the contested corporate transaction is not the result of director action). Rather than identifying the Sprout Financial board members, Sciara admits that he does not know who the board members are, proving that he did not demand board action before filing this claim. *See* Ex. G to Fiserv MSJ, Ans. No. 28 at FISERV195.

112. Further, Plaintiffs present no evidence that CapFund was harmed by any action of any of the Defendants. Despite their allegations that Defendants earned commissions, fees, and/or other profits from opening merchant accounts based on fraudulent applications purportedly submitted by MiCamp, Plaintiffs have presented no evidence in support of these allegations, even admitting Plaintiffs are "not privy to all of MiCamp or Fiserv's commission reports." Ex. G to Fiserv MSJ, Ans. No. 8 at FISERV184; Exhibit F, Ans. No. 8 at FISERV164.

113. Plaintiffs then assert, "MiCamp and Fiserv would have been sharing any revenue and profits on this account" based solely on Sciara's "knowledge and experience in this industry." *Id*. Plaintiffs cannot rely on Sciara's personal knowledge and experience here because this whole case involves transactions and the opening of accounts that Sciara claims not to have known about or been involved with.

114. Plaintiffs must produce clear and convincing evidence showing fraud existed before they can claim harm from this alleged fraud. Because Plaintiffs cannot show any genuine issue of material fact that there was any fraud, summary judgment in favor of Defendants and against Plaintiffs is appropriate with respect to Plaintiffs' shareholder derivative claims against all Defendants.

115. Accordingly, summary judgment in favor of Defendants and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' shareholder derivative claims.

**K. Claim 8 of FAC – Shareholder Direct Claims against all Defendants**

116. Plaintiffs have failed to show the presence of any genuine dispute with respect to their shareholder direct claims against Defendants.

117. The Nevada Supreme Court has adopted Delaware's "direct harm test" for determining whether a shareholder suit is derivative or direct. *See Parametric Sound Corp. v. Eighth Judicial District Court*, 401 P.3d at 1100, 1105 (2017). As discussed above, a derivative claim is "one brought by a shareholder to recover for harm done to the corporation." *Cohen v. Mirage Resorts, Inc*., 62 P.3d 720, 732 (2003). Alternatively, shareholders may bring suit for direct injuries they have suffered and that are separate from any injury the corporation may have suffered without making a demand on the board of directors. *Parametric*, 401 P.3d at 1105. When determining which claim is at issue, the Court considers (1) who suffered the alleged harm, and (2) who would receive the benefit of any recovery or other remedy. *Parametric*, 401 P.3d at 1105. If the injury and benefit flow to the shareholder individually, as opposed to the corporation, the plaintiff raises a shareholder direct claim. *Id.*

118. The FAC alleges Sciara suffered harm personally because the alleged misappropriation of CapFund's identity: (1) interfered with his "ability to rightfully use [his] or CapFund's property"; (2) interfered with his ability to open merchant accounts for unrelated businesses; (3) and deprived him of ownership of CapFund and its assets. FAC ¶¶ 180, 181. The only tangible evidence Sciara provides of "damage to his business reputation" is one email from EVO Payments explaining its reasons for denying a merchant account Sciara's company called "Funded Financial." Ex. C to Fiserv MSJ at FISERV114.

119. Significantly, however, Sciara does not present evidence showing this denial was due to fraudulent accounts allegedly being opened using CapFund's EIN number and information. Plaintiffs present no evidence of fraud or conspiracy on behalf of any Defendant in this matter. And Sciara even admits that Funded Financial currently has an electronic merchant services account. Ex. G to Fiserv MSJ, Ans. No. 2 at FISERV182. Plaintiffs have not identified any "property" Sciara or CapFund was unable to "rightfully use" or assets either Plaintiff was "deprived of own[ing]."

/ / /

/ / /



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

120. Accordingly, summary judgment in favor of Defendants and against Plaintiffs is appropriate and will be granted with respect to Plaintiffs' shareholder direct claims.

**ORDER**

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Summary Judgment & Joinder to Motions for Summary Judgment filed by Defendants Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC (Doc. 110) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Fiserv, Inc.'s Motion for Summary Judgment and Joinder in Motions for Summary Judgment (Doc. 108, 109) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant EVO Payments, Inc.'s (a) Motion for Summary Judgment as to Plaintiffs' Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC (Doc. 106, 107) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Shift4 Payments, LLC's Motion for Summary Judgment on Plaintiffs' Amended Negligence & Unjust Enrichment Claims and Joinder to Micamp, Evo, and Fiserv Motions for Summary Judgment (Doc. 104, 105) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that summary judgment is hereby granted in favor of Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc. on the claims set forth in Plaintiffs' Verified First Amended Complaint (Doc. 45) for (1) Conversion against MiCamp Solutions, LLC and MiCamp Holdings, LLC, (2) Civil Conspiracy against all Defendants, (3) Unjust Enrichment against all Defendants, (4) Violations of Nevada RICO against all Defendants, (5) Negligence against Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC, (6) Fraudulent Concealment against Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC, (7) Shareholder Derivative Claims against all Defendants, and (8) Shareholder Direct Claims against all Defendants.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## JUDGMENT

Based on the foregoing, and pursuant to NRCP 58, Judgment in favor of Defendants and against Plaintiffs is hereby entered as follows:

(a) Judgment is hereby entered in favor of Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc. on the claims set forth in Plaintiffs' Verified First Amended Complaint (Doc. 45) for (1) Conversion against MiCamp Solutions, LLC and MiCamp Holdings, LLC, (2) Civil Conspiracy against all Defendants, (3) Unjust Enrichment against all Defendants, (4) Violations of Nevada RICO against all Defendants, (5) Negligence against Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC, (6) Fraudulent Concealment against Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC, (7) Shareholder Derivative Claims against all Defendants, and (8) Shareholder Direct Claims against all Defendants;

(b) If costs and/or attorney's fees are sought pursuant to Nevada law, such requests will be decided separately upon any such motion timely filed by Defendants; and

(c) Within 14 days after entry of this Findings of Fact, Conclusions of Law, and Judgment, the MiCamp Entities shall file and serve written notice of such entry upon each party in this action.

**IT IS SO ORDERED**.

**Dated this 24th day of February, 2022**

[signature]

**519 B72 2A9F 7329**
**Susan Johnson**
**District Court Judge**

***Respectfully submitted by:***

HOLLAND & HART LLP

*/s/ Bryce K. Kunimoto*
Bryce K. Kunimoto
Robert J. Cassity
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

______________________________

Ali J. Farhang *(pro hac vice)*
Adam T. Peterson *(pro hac vice)*
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701

*Attorneys for MiCamp Solutions, LLC and MiCamp Holdings, LLC*

***Approved as to form and content by:***

CHATTAH LAW GROUP

/s/ *Sigal Chattah*
Sigal Chattah, Esq. (NBN 8264)
5875 S. Rainbow Blvd., Ste. 204
Las Vegas, NV 89118
Telephone: 702.360.6200
chattahlaw@gmail.com

*Attorneys for Brian Sciara and CapFund Enterprises, Inc.*

SEMENZA KIRCHER RICKARD

*/s/ Jarrod L. Rickard*
Lawrence J. Semenza, III (NBN 7174)
Christopher D. Kircher, Esq. (NBN 11176)
Jarrod L. Rickard, Esq. (NBN 10203)
Katie L. Cannata, Esq. (NBN 14848)
10161 Park Run Dr., Sutie 150
Las Vegas, NV 89145
Telephone: 702.935.6803
ljs@skrlawyers.com
cdk@skrlawyers.com
jlr@skrlawyers.com
klc@skrlawyers.com

*Attorneys for Fiserv, Inc.*

***Approved as to form and content by:***

SANTORO WHITMIRE

/s/ *Jason D. Smith*
Jason D. Smith, Esq. (NBN 9691)
Margarita Elias, Esq. (NBN 14867)
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
Telephone: 702.948.8771
jsmith@santoronevada.com
melias@santoronevada.com

*Attorneys for EVO Payments, Inc.*

FABIAN VANCOTT

*/s/ Kevin N. Anderson*
Kevin N. Anderson, Esq. (NBN 4512)
411 E. Bonneville Avenue, Suite 400
Las Vegas, NV 89101
Telephone: 702.233.4444
kanderson@fabianvancott.com

*Attorneys for Shift4 Payments, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## Jenapher Lin

**From:** Sigal Chattah <sigal@thegoodlawyerlv.com>
**Sent:** Thursday, February 17, 2022 1:32 PM
**To:** Jenapher Lin
**Cc:** Jason Smith; Sigal Chattah; Kevin N. Anderson; Jarrod Rickard; Thomas Stockard; Michael Malone; Bryce Kunimoto; Bob Cassity; Joyce E. Heilich; Ali J. Farhang; Adam T. Peterson (apeterson@farhangmedcoff.com); Valerie Larsen
**Subject:** Re: Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

**External Email**

Yes. Approved as to both.

On Thu, Feb 17, 2022 at 1:29 PM Jenapher Lin <JLin@hollandhart.com> wrote:

Correct—you have already approved as to Sciara. Can you please approve as to CapFund?


Jenapher Lin
Associate, Holland & Hart LLP
9555 Hillwood Drive, Second Floor, Las Vegas, NV 89134
T 702.222.2571 F 702.823.0229

HOLLAND&HART


CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

**From:** Sigal <sigal@thegoodlawyerlv.com>
**Sent:** Thursday, February 17, 2022 1:19 PM
**To:** Jenapher Lin <JLin@hollandhart.com>
**Cc:** Jason Smith <jsmith@santoronevada.com>; Sigal Chattah <chattahlaw@gmail.com>; Kevin N. Anderson <kanderson@fabianvancott.com>; Jarrod Rickard <jlr@skrlawyers.com>; Thomas Stockard <tstockard@fabianlaw.com>; Michael Malone <MMalone@polsinelli.com>; Bryce Kunimoto <BKunimoto@hollandhart.com>; Bob Cassity <BCassity@hollandhart.com>; Joyce E. Heilich <JEHeilich@hollandhart.com>; Ali J. Farhang <afarhang@farhangmedcoff.com>; Adam T. Peterson (apeterson@farhangmedcoff.com) <apeterson@farhangmedcoff.com>; Valerie Larsen <VLLarsen@hollandhart.com>
**Subject:** Re: Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

**External Email**

I sent an approval email on behalf of Sciara 2 hours ago.

Sent from my iPhone. Please excuse grammar and spelling errors.

On Feb 17, 2022, at 11:58 AM, Jenapher Lin <JLin@hollandhart.com> wrote:

Ms. Chattah—can you please confirm approval for CapFund so that we may get this finalized and submitted to the Court?

Jenapher Lin
Associate, Holland & Hart LLP
9555 Hillwood Drive, Second Floor, Las Vegas, NV 89134
T 702.222.2571 F 702.823.0229

HOLLAND&HART

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

**From:** Jason Smith <jsmith@santoronevada.com>
**Sent:** Thursday, February 17, 2022 10:46 AM
**To:** Sigal Chattah <chattahlaw@gmail.com>; Kevin N. Anderson <kanderson@fabianvancott.com>
**Cc:** Jarrod Rickard <jlr@skrlawyers.com>; Jenapher Lin <JLin@hollandhart.com>; Thomas Stockard <tstockard@fabianlaw.com>; Michael Malone <MMalone@polsinelli.com>; Sigal <sigal@thegoodlawyerlv.com>; Bryce Kunimoto <BKunimoto@hollandhart.com>; Bob Cassity <BCassity@hollandhart.com>; Joyce E. Heilich <JEHeilich@hollandhart.com>; Ali J. Farhang <afarhang@farhangmedcoff.com>; Adam T. Peterson (apeterson@farhangmedcoff.com) <apeterson@farhangmedcoff.com>; Valerie Larsen <VLLarsen@hollandhart.com>
**Subject:** RE: Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

**External Email**

Approved for EVO and you may affix my e-signature, thank you.

JASON D. SMITH, ESQ.
**SANTORO WHITMIRE**
10100 W. CHARLESTON BLVD., SUITE 250
LAS VEGAS, NV 89135
P: 702.948.8771 | F: 702.948.8773 | D: 702.749.5587
www.santoronevada.com jsmith@santoronevada.com

NOTICE: This electronic mail transmission, and any attachments hereto, may contain an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 702.948.8771 and e-mail the sender that you have received this communication in error. Thank you.
TAX OPINION DISCLAIMER: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

---

**From:** Sigal Chattah <chattahlaw@gmail.com>
**Sent:** Thursday, February 17, 2022 10:25 AM
**To:** Kevin N. Anderson <kanderson@fabianvancott.com>
**Cc:** Jarrod Rickard <jlr@skrlawyers.com>; Jenapher Lin <JLin@hollandhart.com>; Jason Smith <jsmith@santoronevada.com>; Thomas Stockard <tstockard@fabianlaw.com>; Michael Malone <MMalone@polsinelli.com>; Sigal <sigal@thegoodlawyerlv.com>; Bryce Kunimoto <BKunimoto@hollandhart.com>; Bob Cassity <BCassity@hollandhart.com>; Joyce E. Heilich <JEHeilich@hollandhart.com>; Ali J. Farhang <afarhang@farhangmedcoff.com>; Adam T. Peterson (apeterson@farhangmedcoff.com) <apeterson@farhangmedcoff.com>; Valerie Larsen <VLLarsen@hollandhart.com>
**Subject:** Re: Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

**CAUTION!**

**This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and their email address. If you have any doubt to the legitimacy of the contents of this email, please contact your IT support.**

---

Approved for Sciara

On Thu, Feb 17, 2022 at 10:19 AM Kevin N. Anderson <kanderson@fabianvancott.com> wrote:

> Approved for Shift4.

KEVIN N. ANDERSON
FabianVanCott
NV Mobile: 702.333.8861
NV Office: 702.233.4444
UT Mobile: 801.550.3990

---

**From:** Jarrod Rickard <jlr@skrlawyers.com>
**Sent:** Thursday, February 17, 2022 11:13 AM
**To:** Jenapher Lin <JLin@hollandhart.com>; 'Sigal Chattah' <chattahlaw@gmail.com>; Jason Smith <jsmith@santoronevada.com>; Thomas Stockard <tstockard@fabianlaw.com>; Kevin N. Anderson <kanderson@fabianvancott.com>; Michael Malone <MMalone@polsinelli.com>; Sigal <sigal@thegoodlawyerlv.com>
**Cc:** Bryce Kunimoto <BKunimoto@hollandhart.com>; Bob Cassity <BCassity@hollandhart.com>; Joyce E. Heilich <JEHeilich@hollandhart.com>; Ali J. Farhang <afarhang@farhangmedcoff.com>; Adam T. Peterson (apeterson@farhangmedcoff.com) <apeterson@farhangmedcoff.com>; Valerie Larsen <VLLarsen@hollandhart.com>
**Subject:** RE: Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

Fiserv approves and you have my permission to affix my e-signature to the attachment. Thx-

Jarrod L. Rickard

Partner

Semenza Kircher Rickard

10161 Park Run Drive, Suite 150

Las Vegas, Nevada 89145

www.skrlawyers.com

Email: jlr@skrlawyers.com

Office: 702.835.6803

Mobile: 702.339.4703

Facsimile: 702.920.8669

Please consider the environment before printing.

CONFIDENTIALITY NOTE: This communication contains information which is confidential and/or legally privileged. Any dissemination or copying of this communication is prohibited. If you are not the intended recipient, please delete this communication from your computer and notify us immediately. Thank you.

---

**From:** Jenapher Lin <JLin@hollandhart.com>
**Sent:** Thursday, February 17, 2022 9:56 AM
**To:** 'Sigal Chattah' <chattahlaw@gmail.com>; Jason Smith <jsmith@santoronevada.com>; Jarrod Rickard <jlr@skrlawyers.com>; tstockard@fabianlaw.com; Kevin N. Anderson <kanderson@fabianvancott.com>; Michael Malone <MMalone@polsinelli.com>; Sigal <sigal@thegoodlawyerlv.com>
**Cc:** Bryce Kunimoto <BKunimoto@hollandhart.com>; Bob Cassity <BCassity@hollandhart.com>; Joyce E. Heilich <JEHeilich@hollandhart.com>; Ali J. Farhang <afarhang@farhangmedcoff.com>; Adam T. Peterson (apeterson@farhangmedcoff.com) <apeterson@farhangmedcoff.com>; Valerie Larsen <VLLarsen@hollandhart.com>
**Subject:** Sciara v MiCamp et al (A-20-824100-B) - revised/updated FFCL/Judgment

**Ms. Chattah**—attached, please find an updated/revised proposed Findings of Fact, Conclusions of Law, Order Granting Defendants' Motions for Summary Judgment, and Judgment in favor of Defendants and against Plaintiffs, which adds the following footnote (fn.12) to paragraph 40 (on page 14):

> *Ms. Chattah, Plaintiffs' current counsel, formally appeared in this matter on November 24, 2021 (after the discovery cut-off date of November 5, 2021). Ms. Chattah represented that she did not receive the full file from prior counsel upon her substitution.*

**All**—if agreeable, please respond with approvals for the record and confirming authorization to affix your respective e-signatures to the attached for submission to the Court.

Jenapher Lin
Associate, Holland & Hart LLP
9555 Hillwood Drive, Second Floor, Las Vegas, NV 89134
T 702.222.2571 F 702.823.0229

HOLLAND&HART

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

CAUTION: This email originated from outside the Fabian VanCott organization. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

--

Chattah Law Group
5875 Rainbow Blvd #204
Las Vegas NV 89118
Tel.: (702) 360-6200
Fax.: (702) 643-6292

Thegoodlawyerlv.com

This e-mail communication is a confidential attorney-client communication intended only for the person named above. If you are not the person named above, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please e-mail the sender that you have received the communication in error. Thank you.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

--

Chattah Law Group
5875 S. Rainbow Blvd #203
Las Vegas, NV 89118

Tel: (702) 360-6200
Thegoodlawyerlv.com

This e-mail communication is a confidential attorney-client communication intended only for the person named above. If you are not the person named above, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please e-mail the sender that you have received the communication in error. Thank you.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Brian Sciara, Plaintiff(s) | CASE NO: A-20-824100-B |
| vs. | DEPT. NO. Department 22 |
| Micamp Solutions, LLC, Defendant(s) | |

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Findings of Fact, Conclusions of Law and Judgment was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/24/2022

| | |
|---|---|
| Valerie Larsen | vllarsen@hollandhart.com |
| Bryce Kunimoto | bkunimoto@hollandhart.com |
| Jarrod Rickard | jlr@skrlawyers.com |
| Christopher Kircher | cdk@skrlawyers.com |
| Olivia Kelly | oak@skrlawyers.com |
| Lawrence Semenza, III | ljs@skrlawyers.com |
| Robert Cassity | bcassity@hollandhart.com |
| Jason Smith | jsmith@santoronevada.com |
| Joyce Heilich | jeheilich@hollandhart.com |
| Kevin Anderson | kanderson@fabianvancott.com |

| | |
|---|---|
| Angie Barreras | alb@skrlawyers.com |
| Katie Cannata | klc@skrlawyers.com |
| Jennifer Arledge | jarledge@sgroandroger.com |
| E File | efile@sgroandroger.com |
| Nick Scotti | nscotti@sgroandroger.com |
| Jenapher Lin | jlin@hollandhart.com |
| Margarita Elias | melias@santoronevada.com |
| Thomas Stockard | tstockard@fabianlaw.com |
| Anita Montoya | amontoya@fabianvancott.com |
| John Peterson | john.peterson@polsinelli.com |
| Michael Malone | MMalone@Polsinelli.com |
| Sal Heredia | sheredia@sgroandroger.com |
| Lorin Taylor | ltaylor@sgroandroger.com |
| Rachel Jenkins | rjenkins@santoronevada.com |
| Mary Dewitt | mdewitt@fabianvancott.com |
| Jenna Lathrop | jlathrop@farhangmedcoff.com |
| Tish Wright | twright@farhangmedcoff.com |
| Adam Peterson | apeterson@farhangmedcoff.com |
| Melodee Grams | mgrams@farhangmedcoff.com |
| Michelle Donohoo | mdonohoo@fabianvancott.com |
| Sigal Chattah | chattahlaw@gmail.com |

# EXHIBIT 13

**MiCamp Solutions, LLC's And MiCamp Holdings, LLC's Motion For Attorney's Fees [EJDC 142]**

Electronically Filed
3/7/2022 2:43 PM
Steven D. Grierson
CLERK OF THE COURT

**MAFC**
Bryce K. Kunimoto
Nevada Bar No. 7781
Robert J. Cassity
Nevada Bar No. 9779
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
jlin@hollandhart.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701
Phone: 520.214.2000
Fax: 520.214.2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*



**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive, | Case No. A-20-824100-B<br>Dept. No. XXII<br><br>**MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR ATTORNEY'S FEES**<br><br>**(HEARING REQUESTED)**<br><br>**Hearing date:**<br>**Hearing time:** |

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

Defendants,

And

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC (collectively, as the "MiCamp Entities" or "MiCamp"), by and through undersigned counsel of record, and pursuant to Rules 54 and 68 of the Nevada Rules of Civil Procedure ("NRCP" or "Rule"), NRS 18.010, and EDCR 7.60, hereby submit this Motion for Attorney's Fees (the "Motion"), requesting that the Court award fees to MiCamp in the amount of $334,495.50 against Plaintiffs Brian Sciara ("Sciara") and CapFund Enterprises, Inc. ("CapFund" and, together with Sciara, as "Plaintiffs"). This Motion is made and based upon the pleadings and papers on file herein, the below Memorandum of Points and Authorities, the Affidavits of Bryce K. Kunimoto, Esq. ("Kunimoto Affid.") and Ali J. Farhang, Esq. ("Farhang Affid.")—attached hereto as **Exhibit A** and **Exhibit B**, respectively, the exhibits attached hereto, and any oral argument that this Court allows at the time of the hearing scheduled on the Motion.

DATED this 7th day of March 2022.

HOLLAND & HART LLP

*/s/ Bryce Kunimoto*
Bryce K. Kunimoto
Robert J. Cassity
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Ali J. Farhang *(pro hac vice)*
Adam T. Peterson *(pro hac vice)*
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to NRCP 68 and NRS 17.117, on November 17, 2021, Defendants made a timely, good faith offer to have judgment taken against Defendants and in favor of Plaintiffs in the amount of $40,000.00, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts offered (the "Offer of Judgment" or "OOJ"). *See* **Exhibit C**. Plaintiffs rejected Defendants' Offer of Judgment, allowing the OOJ to expire and electing instead to proceed to trial, which was set to be tried to a jury on a five-week stack to begin February 7, 2022. *See* NRCP 68(e); Business Court Scheduling Order & Order Setting Civil Jury Trial, Calendar Call, and Pre-Trial Conference ("BCO"), dated Mar. 2, 2021. On January 13, 2022, Defendants' respective Motions for Summary Judgment came on for hearing before this Court and were each granted on the grounds set forth therein with respect to all claims asserted in Plaintiffs' Verified First Amended Complaint (the "FAC"), dated Mar. 15, 2021. *See* Jan. 13, 2022 Hearing Transcript, filed Jan. 26, 2022, at 18. On February 24, 2022, the Court entered the corresponding Findings of Fact, Conclusions of Law, and Order Granting Defendants' MSJs and Judgment in favor of Defendants and against Plaintiffs (the "FFCL/Judgment"; Doc. 136). *See also* Not. of Entry of Judgment, dated Feb. 24, 2022 (Doc. 137). Thus, Plaintiffs failed to obtain a more favorable judgment after rejecting Defendants' OOJ and are thereby subject to the penalties set forth in NRCP 68(f)(1), including the requirement that Plaintiffs pay Defendants' fees, costs, and applicable interest post-dating November 17, 2021, the date of Defendants' Offer of Judgment. Accordingly, pursuant to NRCP 68 and NRS 17.117, the MiCamp Entities are entitled to a post-OOJ fee award against Plaintiffs in the reasonable amount of **$137,634.00**, as further detailed below.

Additionally, an attorney's fee award for both pre- and post-offer fees incurred by MiCamp is appropriate and should be allowed under NRS 18.010(2)(b) because Plaintiffs' factually insufficient claims were brought/maintained without reasonable ground and/or to harass the MiCamp Entities/Defendants. To be sure, the imposition of fees against Plaintiffs would likewise be reasonable and proper under EDCR 7.60(b) given that Plaintiffs have, without just cause, presented multiple unwarranted motions/oppositions and/or so multiplied the proceedings in this

action as to unreasonably and vexatiously increase costs in order to knowingly maintain legally and factually insufficient claims. Thus, pursuant to NRCP 68, NRS 17.117, NRS 18.010(2), and EDCR 7.60(b), the MiCamp Entities are entitled to a fee award against Plaintiffs in the principal sum of **$334,495.50**. As further detailed below, the fees sought were actually and necessarily incurred and are reasonable under the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969).

Accordingly, the Court should award fees to MiCamp in the reasonable amount of **$334,495.50** and order Plaintiffs to pay the fee award in full.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Given the Court's familiarity with the facts of this case, the MiCamp Entities/Defendants briefly summarize this case's procedural and factual history as it relates to the merits of the instant Motion.

1. Plaintiffs' claims are predicated on Defendants' purported misappropriation and wrongful use of CapFund's EIN, allegedly without the knowledge or approval of Sciara, to open merchant accounts for non-party entity, Sprout Financial, LLC ("Sprout Financial"), which purportedly resulted in damages to CapFund. *See, e.g.*, Compl., dated Nov. 2, 2020 (Doc. 1), at ¶¶ 26–28, 31, 42, 45, 50, 55, 63, 76, 78, 81; Pls.' Verified First Am. Compl. ("FAC"), dated Mar. 15, 2021 (Doc. 45).

2. Sciara allegedly founded and organized CapFund in 2013 (and is/was its sole owner, shareholder, officer, and director) and allegedly founded non-party entity, Sprout Financial, in 2014 with non-party individuals, Stephen Campbell and Micah Kinsler. *See* Compl. at ¶¶ 23–24.

3. Since as early as March 1, 2015, CapFund's entity status with the Delaware Secretary of State as a domestic corporation has been in "void, ARs or tax delinquent" status and has been/is currently in "revoked" status as a foreign corporation with the Nevada Secretary of State, rendering CapFund unable to bring or maintain an action in Nevada under NRS 80.055(2).[1]

[1] *See* Ex. C to MiCamp MSJ, DE SOS Entity Details Page for CapFund ("DE SOS"), dated Dec. 3, 2021; *see also* Not. of CapFund's Inability to Maintain any Action in Nevada pursuant to NRS 80.055(2), dated Sept. 28, 2021 (the "CapFund Notice"; Doc. 73); Ex. D to MiCamp MSJ, NV SOS Entity Page for CapFund (Ex. A to CapFund Notice) ("NV SOS"); Sciara's Resp. to CapFund Notice, dated Oct. 13, 2021 (Doc. 76), at 4 (requesting a stay in lieu of dismissal "until such time as



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

4. Based on indisputable documentary evidence, Sciara had actual knowledge of the facts supporting his and CapFund's purported claims as early as June 2014, but no later than October 2015. *See* FFCL/Judgment at ¶¶ 27–28; *see also* Ex. H to MiCamp MSJ, dated Dec. 10, 2021 (Doc. 110).

5. According to Sciara's own declaration, Sciara was advised in 2015 of the purported use of CapFund's EIN to open merchant accounts for Sprout Financial. *See, e.g.*, Ex. 3 to Sciara's Opp. to Mots. to Dismiss, dated Feb. 9, 2021 (Doc. 33), Decl. of Brian Sciara at ¶ 10 (declaring that in 2015, he, Sciara, was advised "that merchant accounts for Sprout Financial ha[d] been inadvertently opened using CapFund's information").

6. On November 2, 2020, Sciara belatedly initiated this action[2] and alleged, without reasonable grounds, that he "first became aware that CapFund's identity had been misappropriated sometime in late 2018 or early 2019" and that "Defendants Fiserv, Evo, and Shift4 prevented [Sciara] from discovering the identity of the individual(s) responsible for the misappropriation by refusing to provide [him] with information regarding the opening of the Merchant Accounts." Compl. at ¶¶ 36–37; *see also* FAC at ¶¶ 43, 48.

7. Thereafter, Defendants respectively moved to dismiss Sciara's original Complaint for, *inter alia*, (i) Sciara's lack of standing to sue as all of his allegations relate to harms purportedly suffered by CapFund and failure to otherwise comply with Rule 23.1 for seeking derivative relief on behalf of CapFund, (ii) lack of personal jurisdiction over foreign entity Defendants, (iii) failure to plead claims for NV RICO, civil conspiracy, and fraudulent concealment with the requisite specificity mandated under Rule 9(b), including failure to assert allegations against specific Defendants, and (iv) failure to otherwise allege the prima facie elements of each claim.[3]

---

CapFund can correct its entity status with the Nevada Secretary of State"); *see also* Ex. E to MiCamp MSJ, Pls.' Resp. to MiCamp's 1st Set of RFAs, dated Oct. 15, 2021, at 4 (admitting CapFund is currently in revoked status with the Nevada Secretary of State).

[2] Sciara's original Complaint asserted the following six (6) claims for relief against Defendants: (1) Conversion against the MiCamp Entities; (2) Civil Conspiracy against all Defendants; (3) Unjust Enrichment against all Defendants; (4) Violations of Nevada RICO against all Defendants; (5) Negligence against Fiserv, EVO, and Shift4; and (6) Fraudulent Concealment against Fiserv, EVO, and Shift4. *See* Compl., dated Nov. 2, 2020 (Doc. 1).

[3] *See* MiCamp's Mot. to Dismiss, dated Jan. 8, 2021 (Doc. 15); Fiserv's Mot. to Dismiss & Joinder, dated Jan. 8, 2021 (Doc. 16); Shift4's Joinder, dated Jan. 15, 2021 (Doc. 22); EVO's Mot. to Dismiss

8. In his Opposition, Sciara claimed that "Defendants misstate the real party in interest." Sciara's Opp., dated Feb. 9, 2021, at 20 (Doc. 33). Sciara asserted that "CapFund Enterprises, Inc., is not the real party in interest" and that "Sciara is the real party in interest because he has alleged that he has suffered damages, personally, as a result of Defendants' conduct." *Id.* In the alternative, Sciara sought leave to amend the Complaint to add CapFund as a plaintiff. *Id.*

9. On March 1, 2021, the Court advised Sciara's counsel that any derivative and direct claims and parties to be added must be done in the next pleading so the Court need not guess what Sciara is attempting to do when the motions to dismiss are addressed and granted Sciara's request for two weeks to file an amended complaint. *See* Mar. 1, 2021 Minutes. The Court thus vacated Defendants' respective Motions to Dismiss with leave to re-file or renew once the amended pleading is addressed. *See id.*

10. During this entire litigation, CapFund is/has been in revoked status with the Nevada Secretary of State and is thereby expressly precluded from bringing or maintaining any action in Nevada pursuant to NRS 80.055(2).

11. On March 15, 2021, Plaintiff Sciara, in his individual capacity and derivatively on behalf of CapFund, and Plaintiff CapFund filed their Verified First Amended Complaint (the "FAC"; Doc. 45) against the MiCamp Entities, Fiserv, EVO, Shift4, and CapFund (as Nominal Defendant), amending Sciara's original Complaint to add CapFund as a Plaintiff and two (2) additional claims for relief for Shareholder Derivative Claims against all Defendants and Shareholder Direct Claims against all Defendants. *See* FAC, dated Mar. 15, 2021 (Doc. 45).

12. On September 28, 2021, the MiCamp Entities filed their Notice of Plaintiff CapFund Enterprises, Inc.'s Inability to Maintain any Action in the State of Nevada pursuant to NRS 80.055(2) ("CapFund Revoked Status Notice"). CapFund Revoked Status Notice, dated Sept. 28, 2021 (Doc. 73).

13. To date, CapFund has yet to cure its revoked status with the Nevada Secretary of State and, as such, has brought and maintained this action in Nevada in violation of NRS 80.055(2).

---

& Joinder, dated Feb. 5, 2021 (Doc. 29); *see also* Replies by MiCamp, Fiserv, Shift4, and EVO, dated Feb. 22, 2021 (Doc. 34–37, respectively).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

14. Plaintiffs stood idle for six months after the initial scheduling order was issued on March 2, 2021, wherein the governing November 5th discovery cutoff date was originally set, and only initiated discovery efforts in September 2021—after MiCamp served the first round of written discovery requests on Plaintiffs. *See* Business Court Scheduling Order & Order Setting Civil Jury Trial, Calendar Call, and Pre-Trial Conference ("BCO"), dated Mar. 2, 2021 (Doc. 42).

15. Thereafter, on October 28, 2021, approximately one week before the close of discovery (November 5, 2021), Plaintiffs filed their deficient Motion to Extend Discovery and Continue Trial (First Request) on OST (Doc. 81), belatedly seeking to extend the close of discovery without setting forth the requisite good cause or excusable neglect necessary for such relief, which the Court properly denied. *See* Nov. 18, 2021 Minutes; Order, dated Dec. 3, 2021 (Doc. 98).

16. Discovery closed on November 5, 2021. *See* BCO.

17. Prior to the close of discovery, Plaintiffs did not disclose any experts or expert reports.

18. Prior to the close of discovery, Plaintiffs did not disclose any documents or information relating to their damages computation—or issue any discovery—in support of their purported damages.

19. Pursuant to NRCP 68 and NRS 17.117, on November 17, 2021, Defendants collectively made a timely, good faith offer to have judgment taken against Defendants and in favor of Plaintiffs in the amount of $40,000.00, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts offered (the "Offer of Judgment" or "OOJ"). *See* **Exhibit C**.

20. On November 24, 2021, Plaintiffs' new counsel, Sigal Chattah, filed a Notice of Appearance (Doc. 92), followed by a Substitution of Counsel on November 29, 2021 (Doc. 95).

21. On that same date, Plaintiffs filed another deficient request to reopen and extend discovery, improperly styling it as an Emergency Motion to Continue Trial and Reopen Discovery - Oral Argument/Hearing Requested (Doc. 94) (as opposed to a motion for reconsideration), which the Court likewise denied. *See* Dec. 7, 2021 Hearing Minutes; Order, dated Dec. 23, 2021 (Doc. 115).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

22. On December 1, 2021, Plaintiffs rejected the OOJ and allowed Defendants' reasonable settlement offer to expire under Rule 68(e), electing instead to proceed to trial, which was set to be tried to a jury on a five-week stack to begin February 7, 2022. *See* NRCP 68(e); BCO.

23. Shortly after Plaintiffs' rejection of the OOJ, on December 10, 2021, Defendants respectively moved for summary judgment on all claims asserted in Plaintiffs' FAC and ultimately prevailed. (Doc. 104, 105, 106, 107, 108, 109, 110).

24. On January 7, 2022, Defendants filed their respective Mandatory Pretrial Disclosures pursuant to NRCP 16.1(a)(3). (Doc. 127, 128, 130). Later that same date, Plaintiffs filed their deficient Mandatory Pretrial Disclosures pursuant to NRCP 16.1(a)(3), which merely incorporated and copied the contents of MiCamp's Disclosures. *Compare* Doc. 128 (MiCamp's Pretrial Disclosures); *with* Doc. 129 (Plaintiffs' Pretrial Disclosures).

25. On January 13, 2022, Defendants' respective Motions for Summary Judgment came on for hearing before this Court and were each granted on the grounds set forth therein with respect to all claims asserted in Plaintiffs' FAC. *See* Jan. 13, 2022 Hearing Tr., filed Jan. 26, 2022, at 18:12–16 ("I just don't see a conversion certainly with Micamp Solutions. I have grave concerns that this case is time barred by the pertinent statutes of limitations. And I'm also going to grant it with respect to the grounds that have been set forth within the other motions for summary judgment.").

26. On February 24, 2022, the Court entered the corresponding Findings of Fact, Conclusions of Law, and Order Granting Defendants' MSJs and Judgment in favor of Defendants and against Plaintiffs (the "FFCL/Judgment"). (Doc. 136).

27. That same date (February 24, 2022), Notice of Entry of the FFCL/Judgment was filed and served on all parties in this action by the MiCamp Entities. (Doc. 137).

## III. LEGAL STANDARD

A motion for attorney's fees must, among other things, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and be supported by the requisite affidavits and documents as to the fees incurred and amount claimed. *See* NRCP 54(d)(1)(B). "Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

contract authorizing such award." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). Nonetheless, "the decision to award attorney's fees is left to the sound discretion of the district court." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991, 879 P.2d 69, 73 (1994).

Once entitlement to fees is established, "[t]he parties seeking attorney's fees must establish that the fees are reasonable." *Nat'l Council of La Raza v. Cegavske*, No. 312CV00316MMDVPC, 2017 U.S. Dist. LEXIS 95414, at *3, 2017 WL 2683683, at *1 (D. Nev. June 21, 2017). Determinations as to the reasonableness of an attorney fee claim are questions of fact (*Musso v. Binick*, 104 Nev. 613, 615, 764 P.2d 477, 478 (1988)), which are reviewed for abuse of discretion (*Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027–28 (2006)). "When determining the amount of fees to award, the district court has great discretion, to be tempered only by reason and fairness." *Albios*, 122 Nev. at 427, 132 P.3d at 1034 (internal quotation marks and citations omitted). As such, "[t]he district court is not limited in its approach for determining the amount of attorney fees to award[.]" *Id.*

## IV. ARGUMENT

### A. Pursuant to Rule 68, Defendants are Entitled to Post-Offer Attorney's Fees, Costs, and Interest.

Under NRCP 68, "where an offeree rejects an offer of judgment and fails to obtain a more favorable judgment, the offeror's post-offer attorney fees are recoverable as a matter of course, subject only to considerations of good faith and reasonableness of the claims or defenses, the offer of judgment, and the requested attorney fees." *Nicolaus v. W. Side Transp., Inc.*, 185 F.R.D. 608, 613 (D. Nev. 1999) (citing *Yamaha Motor Co. v. Arnoult*, 114 Nev. 233, 955 P.2d 661, 672–73 (1998); NRCP 68(f)(1)); *accord Clearwater Mech., Inc. v. Recreation Dev. Co., LLC*, No. 63637, 2015 WL 3494750, at *4 (Nev. May 29, 2015). The aim of NRCP 68 is to promote settlement. *Trustees of Plumbers & Pipefitters Union Local 525 Health & Welfare Trust Plan v. Developers Sur. & Indem. Co.*, 120 Nev. 56, 61, 84 P.3d 59, 62 (2004). "The purpose of . . . NRCP 68 is to save time and money for the court system, the parties and the taxpayers." *See Dillard Dept. Stores, Inc. v. Beckwith,* 115 Nev. 372, 382, 989 P.2d 882, 888 (1999). To effectuate this purpose, Rule

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

68 imposes "serious consequences" on a party who rejects an offer of judgment and fails to obtain a more favorable judgment; namely, payment of the offeror's post-offer costs and attorney fees. *Nava v. Second Jud. Dist. Ct.*, 118 Nev. 396, 399, 46 P.3d 60, 61 (2002). Rule 68(f), "reward[s] a party who makes a reasonable offer and punish[es] the party who refuses to accept such an offer." *Dillard Dept. Stores,* 115 Nev. at 382, 989 P.2d at 888; *Beattie v. Thomas*, 99 Nev. 579, 588 n.5, 668 P.2d 268, 274 n.5 (1983) (noting that the attorney fee sanction "provides an additional incentive to settle").

Here, Defendants made a timely, good faith offer on November 17, 2021 to have judgment taken against Defendants and in favor of Plaintiffs in the amount of $40,000.00, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts offered. *See* Ex. C, OOJ. Pursuant to NRCP 68(e), Plaintiffs rejected Defendants' Offer of Judgment, allowing the OOJ to expire on December 1, 2021. Thereafter, Defendants moved for summary judgment and successfully defeated all claims asserted in Plaintiffs' FAC. *See* FFCL/Judgment. Accordingly, as Plaintiffs failed to obtain a more favorable judgment after rejecting Defendants' OOJ, Plaintiffs are subject to the penalties set forth in NRCP 68(f)(1), including the requirement that Plaintiffs pay Defendants' fees, costs, and applicable interest post-dating November 17, 2021, the date of Defendants' Offer of Judgment. *See, e.g.*, *Arellano v. Iglesias*, 468 P.3d 375 (Nev. 2020) ("[U]nder NRCP 68(f)(1), where an offer of judgment is made and 'the offeree rejects an offer and fails to obtain a more favorable judgment,' the offeror may recover reasonable attorney fees.").

### B. The *Beattie* Factors weigh in favor of awarding post-OOJ attorney's fees incurred by the MiCamp Entities.

"In determining whether to award attorney fees in the offer of judgment context, a district court must consider and weigh the following factors:

> (1) whether the plaintiff brought his claims in good faith;
> (2) whether the defendant's offer of judgment was reasonable and made in good faith as to both amount and timing;
> (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and
> (4) whether the attorney's fees the offeror seeks are reasonable and justified in amount.

*Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 81, 319 P.3d 606, 615 (2014) (quoting *Beattie*, 99

Nev. at 588–89, 668 P.2d at 274). The first three *Beattie* factors require the Court to assess "whether the parties' actions were undertaken in good faith." *Frazier v. Drake*, 131 Nev. 632, 642, 357 P.3d 365, 372 (Nev. App. 2015). The emphasis is on balancing "the parties' good-faith participation in [the NRCP 68 offer of judgment] process." *Id.* No single factor is outcome determinative. *Id.*; *see also Elazar v. Berry*, 2013 WL 7156047, *2 n.2 (Nev. Dec. 18, 2013) ("[T]he *Beattie* test is a balancing test, not a conjunctive one."). "In considering the fourth *Beattie* factor, whether the fees sought by the offeror are reasonable and justified in amount, the district court must consider the *Brunzell* factors." *Gunderson*, 130 Nev. at 81, 319 P.3d at 615; *see also Brunzell*, 85 Nev. at 349, 455 P.2d at 33.

***1. The amount and timing of Defendants' Offer of Judgment was reasonable and in good faith.***

"Where the defendant obtains a judgment more favorable than its offer, the judgment constitutes prima facie evidence showing the offer was reasonable" and "[t]he plaintiff has the burden to show otherwise." *Bates*, 204 Cal. App. 4th at 220, 138 Cal. Rptr. 3d at 689 (internal quotations omitted). Here, Defendants' full defense judgment is prima facie evidence their OOJ was reasonable and Plaintiffs cannot show otherwise. *See* FFCL/Judgment.

Nevertheless, under the circumstances, Defendants' OOJ on November 17, 2021 for $40,000.00 was made in good faith and reasonable in timing and amount. "The reasonableness of a defendant's . . . settlement offer is evaluated in light of what the offeree knows or does not know at the time the offer is made." *Bates v. Presbyterian Intercommunity Hosp., Inc.*, 204 Cal. App. 4th 210, 221, 138 Cal. Rptr. 3d 680, 689 (2012), *as modified on denial of reh'g* (Mar. 22, 2012) (quotations omitted); *cf. Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 994, 860 P.2d 720, 723-24 (Nev. 1993) (finding California precedent on California Code of Civil Procedure § 998 persuasive in applying NRCP). "Good faith . . . requires that the settlement offer be realistically reasonable under the circumstances of the particular case." *Bates*, 204 Cal. App. 4th at 220, 138 Cal. Rptr. 3d at 689.

With respect to timing, Defendants reasonably and in good faith served their OOJ on November 17, 2021—after discovery had closed (on November 5, 2021), but sufficiently in advance of the deadline for dispositive motions (on December 10, 2021) and the scheduled trial (in February

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

2022). *See, e.g.*, *Scott-Hopp v. Bassek*, No. 60501, 2014 WL 859181, at *6 (Nev. Feb. 28, 2014) (noting that the timing of the offer was reasonable considering that "each party had an opportunity to conduct discovery and to assess the strengths and weaknesses of its case"). Further, Plaintiffs had knowledge of the evidentiary record, which established that Plaintiffs' claims were time-barred by the applicable statute of limitations. *See* Ex. H to MiCamp MSJ (email string, dated Oct. 22 to 29, 2015, disclosed in discovery with MiCamp's Initial Disclosures, dated Apr. 2, 2021). Similarly, Plaintiffs had actual notice that CapFund is/was unable to bring or maintain any action in Nevada, which Plaintiffs have yet to cure to date. *See* CapFund Revoked Status Notice. Thus, at the time of Defendants' OOJ, Plaintiffs had been afforded sufficient time and opportunity to conduct the necessary discovery in support of their claims and was in possession of all the information they needed to evaluate the strengths and weaknesses of their claims.

As to amount, Defendants' OOJ for $40,000.00 was in good faith and reasonable. "When a defendant perceives himself to be fault free and has concluded that he has a very significant likelihood of prevailing at trial, it is consistent with the legislative purpose . . . for the defendant to make a modest settlement offer." *Culbertson v. R.D. Werner Co., Inc.*, 190 Cal App. 3d 704, 710, 235 Cal. Rptr. 510, 514 (1987) (holding that defendant's offer of judgment in the amount of $5,000 on a $1.5 million dollar claim was reasonable and in good faith). Here, Defendants had a very significant likelihood of prevailing on summary judgment and/or trial. At the time of Defendants' OOJ, discovery was closed and Plaintiffs had failed to take any meaningful discovery or make any substantive disclosures of evidence in support of their claims and/or computation of damages. *See* Ex. K to MiCamp MSJ (2021-10-15 Pls.' 1st Suppl. Discl.); Ex. L to MiCamp MSJ (2021-11-11 Pls.' 2nd Suppl. Discl.).

#### ***2. Plaintiffs' claims were not brought in good faith and Plaintiffs' decision to reject Defendants' OOJ and proceed to trial was grossly unreasonable and/or in bad faith.***

Plaintiffs' claims against Defendants were not brought in good faith. "Factor one focuses on the good faith of the plaintiff at the moment the complaint is filed." *Harrison v. Ramparts, Inc.*, 491 P.3d 30, 2021 Nev. App. Unpub. LEXIS 439, *18 (App. Ct. July 21, 2021). Here, Plaintiffs brought their claims without doing the requisite factual investigation to ensure they had all the facts

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

ready to go to prosecute their action. *See* Nov. 18, 2021 Hearing Tr. at 18:22–25 (The Court: "the fact is, he should've been ready to go before he filed his complaint. And he should have all the facts ready to go to prosecute his action. He shouldn't say, oh well, I'm filing my complaint and then I'll figure it out later. He should've been ready to go right from the get go"). As set forth above, Sciara initiated this action on November 2, 2020 based on time-barred claims and then filed the FAC to add shareholder derivative and direct claims on behalf of a revoked entity, CapFund, who is/was precluded under Nevada law to bring or maintain any action in Nevada. Thus, neither the claims in Sciara's original Complaint nor the claims in Plaintiffs' FAC were brought in good faith.

Plaintiffs' decision to reject Defendants' OOJ was grossly unreasonable and/or in bad faith. As sophisticated business persons, Plaintiffs were capable of assessing the cost of proceeding to trial and the risks associated with rejecting Defendants' OOJ and trying the case, including the possibility that their rejection of Defendants' OOJ might result in an obligation to pay Defendants' post-offer attorney's fees. At the time of Defendants' OOJ, Plaintiffs had no admissible evidence to withstand summary judgment, let alone to satisfy Plaintiffs' ultimate burden of proving each essential element for any of their claims against Defendants at trial. In fact, two days prior to Defendants' OOJ, Plaintiffs themselves had just acknowledged as much in their Motion for Protective Order on Order Shortening Time—*e.g.*, "**Plaintiff is not in possession of documents that are necessary to prove Plaintiffs' case**." Pls.' Mot for PO on OST, dated Nov. 15, 2021, at 11:20–21 (Doc. 87; emphasis added); *see also* Nov. 18, 2021 Hearing Transcr. at 5:2–4 (Plaintiffs' Counsel: "Plaintiffs are not in possession of certain relevant and important documents to this case that the Plaintiffs need to rely on in order to back up the causes of action in this case."). Thus, Plaintiffs' decision to reject Defendants' $40,000.00 OOJ and proceed to trial despite there being an indisputable lack of evidentiary support for their claims was grossly unreasonable and/or in bad faith. This is particularly true given that Plaintiffs had failed to disclose any information or documents relating to their damages or computation of damages.

Based on the foregoing, Defendants' OOJ on November 17, 2021 for $40,000.00 was made in good faith and reasonable in timing and amount and Plaintiffs' decision to reject Defendants' OOJ and proceed to trial was grossly unreasonable and/or in bad faith. *See, e.g.*, *Frazier*, 131 Nev. at

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

644, 357 P.3d at 373 ("[W]hether a good-faith attempt at settlement has been made or whether the offer is an attempt to force a plaintiff to forego legitimate claims."). The evidentiary record at the time of Defendants' OOJ demonstrated that Plaintiffs lacked any documentary or factual support for their claims against Defendants and Defendants were very likely to succeed in defeating Plaintiffs' factually insufficient claims on summary judgment and/or at trial. Thus, absolving Plaintiffs of the consequences of their gamble would contradict the purpose of Rule 68. Accordingly, pursuant to NRCP 68 and NRS 17.117, the MiCamp Entities are entitled to their post-offer fees and costs, which, as further detailed below, were actually and necessarily incurred and reasonable in amount under the *Brunzell* factors.

### C. Pre- and post-offer attorney's fees are proper and should be allowed under NRS 18.010(2) and EDCR 7.60(b).

Separate and apart from NRCP 68 and NRS 17.117, an attorney's fee award for both pre- and post-offer fees incurred by MiCamp is appropriate and should be allowed under NRS 18.010(2) because the MiCamp Entities, as the prevailing parties, have not recovered more than $20,000.00 and because Plaintiffs' factually insufficient claims were brought/maintained without reasonable ground and/or to harass the MiCamp Entities/Defendants. "NRS 18.010(2)(a)–(b) provides that 'the court may make an allowance of attorney's fees to a prevailing party' when the 'party has not recovered more than $20,000' or when the claim 'was brought or maintained without reasonable ground.'" *145 E. Harmon II Tr. v. Residences at MGM Grand - Tower a Owner's Ass'n*, 460 P.3d 455, 457–58 (Nev. 2020) (quoting NRS 18.010(2)(a)–(b)). "The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." NRS 18.010(2).

Pursuant to the FFCL/Judgment, the MiCamp Entities (and Defendants, collectively) are the prevailing parties for purposes of NRS 18.010(2). *See* FFCL/Judgment; *see also MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 89, 367 P.3d 1286, 1292–93 (2016) ("Here, the district court did not abuse its discretion by granting attorney fees to Alaska Pacific, as a summary judgment in favor of Alaska Pacific and dismissal of MBA's complaint were sufficient to find Alaska Pacific a prevailing party, and as such, entitled to an award of attorney fees under NRS 18.010."); *Smith v.*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

*Crown Financial Services of America*, 111 Nev. 277, 284, 890 P.2d 769, 773 (1995) (holding that the term "prevailing party" includes "plaintiffs, counterclaimants and defendants").

Attorney's fees are proper under NRS 18.010(2)(b). "The ultimate inquiry under NRS 18.010(2)(b) is whether a claim or defense was brought or maintained 'without reasonable ground or to harass the prevailing party,' with the stated goal of 'deter[ring] frivolous or vexatious claims and defenses,' What matters is whether the proceedings were initiated or defended 'with improper motives or without reasonable grounds.'" *Las Vegas Metro. Police Dep't v. Anderson*, 134 Nev. 799, 804, 435 P.3d 672, 676–77 (App. Ct. 2018) (alterations in original) (quoting *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998)).

As set forth above and supported by the evidentiary record, Plaintiffs' factually insufficient and time-barred claims against Defendants were brought and maintained without reasonable ground and/or to harass the prevailing Defendants. Plaintiffs brought and maintained claims against Defendants that were time barred by the applicable statute of limitations. The indisputable documentary evidence showed that Sciara had actual knowledge of the facts supporting his and CapFund's purported claims as early as June 2014, but no later than October 2015, and Plaintiffs belatedly brought their untimely claims in November 2020—one to two years after the expiration of the applicable limitations periods.[4] After the close of discovery and two unsuccessful attempts to extend discovery and continue trial, Plaintiffs continued to maintain their untimely, insufficient claims despite having no admissible evidence sufficient to create a genuine dispute of material fact to withstand summary judgment, let alone to satisfy Plaintiffs' ultimate burden at trial of proving each essential element of their claims against Defendants. Thus, as Plaintiffs lacked any reasonable ground to bring or maintain their claims, awarding Defendants pre-and post-offer attorney's fees is proper under NRS 18.010(2)(b).

---

[4] *See* FFCL/Judgment at ¶¶ 27–28; Jan. 13, 2022 Hearing Transcr. at 18 (The Court: "I have grave concerns that this case is time barred by the pertinent statutes of limitations."); *see also* Ex. H to MiCamp MSJ; Ex. 3 to Sciara's Opp. to Mots. to Dismiss, Declaration of Brian Sciara at ¶ 10 (declaring that in 2015, he, Sciara, was advised "that merchant accounts for Sprout Financial ha[d] been inadvertently opened using CapFund's information").

Indeed, Plaintiffs have been improperly using this action, as well as the actions contemporaneously maintained in federal court, to further their improper motives and to harass the prevailing Defendants. In holding that Sciara willfully violated the Protective Order in the federal action to advance his interests in this case, the Court found as follows:

> Sciara specifically provided the financial documents to attack Campbell's business, MiCamp, in another lawsuit that Sciara initiated. This was not simply an authorized disclosure to an expert not properly identified. ***It was clearly a calculated move to further his goals in a separate litigation designed to attack Campbell's business[s].*** It is not credible that Sciara, a sophisticated businessman who has been actively involved in this litigation along with two other related cases, is unaware of what confidential means or, at the very least, would believe that utilizing these documents as a sword in another litigation is permissible. When you consider the context of Sciara's actions – his admission that he would have no problem ruining Campbell financially – and utilization of the confidential documents to terminate a joint venture between Fiserv and MiCamp, they do not equate to an inadvertent mistake.

**Exhibit D** (*Sciara v. Campbell*, no. 2:18-cv-01700-DJA, Order, dated Mar. 12, 2021, ECF No. 88 at 6:13–22). Based on Plaintiffs' own characterizations and arguments throughout this action, it is evident that the crux of Plaintiffs' claims and allegations are not against Defendants, but rather for purposes of attacking and harassing non-party Stephen Campbell through his entities, affiliates, and business relationships. *See, e.g.*, Nov. 18, 2021 Hearing Tr. at 4:13–21 (Plaintiffs' Counsel: "And it's in that federal court case that Mr. Sciara and Capfund assert allegations that a man named Mr. Campbell misappropriated both Mr. Sciara's and Capfund's business and personal identities. And the subject of this case here in state court pertains to how and what Mr. Campbell did with those misappropriated identities and information. And so what we're alleging here in this case -- in the state case, is that Mr. Campbell submitted various fraudulent merchant account applications to the various Defendants in this case."). Thus, the Court should award pre-and post-offer attorney's fees to Defendants under NRS 18.010(2)(b) on the grounds that Plaintiffs' factually insufficient claims were brought/maintained without reasonable ground and/or to harass the MiCamp Entities/Defendants.

To be sure, the imposition of fees against Plaintiffs would likewise be reasonable and proper under EDCR 7.60(b). Pursuant to EDCR 7.60(b), after notice and an opportunity to be heard, the court may "impose upon an attorney or a party any and all sanctions which may, under the facts

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

of the case, be reasonable, including the imposition of fines, costs or attorney's fees when an attorney or a party without just cause:

> (1) Presents to the court a motion or an opposition to a motion which is obviously frivolous, unnecessary or unwarranted.
> (2) Fails to prepare for a presentation.
> (3) So multiplies the proceedings in a case as to increase costs unreasonably and vexatiously.
> (4) Fails or refuses to comply with these rules.
> (5) Fails or refuses to comply with any order of a judge of the court.

EDCR 7.60(b).

At the outset, Sciara failed to diligently investigate his claims and improperly sought to recover for damages purportedly suffered solely by then-non-party CapFund, which necessitated the first round of motions to dismiss by Defendants. (Doc. 15, 16, 22, 29). In response, rather than curing the material defects identified in Defendants' motions to dismiss, Sciara amended his original Complaint with the same factually insufficient claims and allegations and merely asserted additional shareholder direct and derivative claims on behalf of CapFund, a foreign entity prohibited from brining and maintaining actions in Nevada under NRS 80.055(2) (*see* FAC), thereby needlessly requiring Defendants to engage in another round of motions to dismiss for the same reasons previously identified. (Doc. 46, 48, 50, 51). Plaintiffs' continued disregard for the requirements of Nevada law and ongoing failure to cure CapFund's revoked entity status unreasonably forced Defendants to defend against CapFund's claims improperly brought and maintained in violation of NRS 80.055 and needlessly placed the burden on Defendants to call the issue to Plaintiffs' attention. *See* CapFund Revoked Status Notice.

Thereafter, Plaintiffs' lack of diligence unjustifiably continued throughout the discovery period. Plaintiffs refused to timely and meaningfully participate in any discovery during the discovery phase of this action, then failed to request any extensions of time with respect to the Scheduling Order or any of the deadlines set forth therein. Plaintiffs' motions and requests, all sought on shortened time, either came after the expiration of applicable deadlines or were entirely meritless or both—all of which were properly denied, but only after needlessly being fully briefed and coming on for hearing.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

- Pls.' Mot. for Protective Order on OST, dated Oct. 28, 2021 (Doc. 80) (untimely filed based on unwarranted arguments contrary to well-established law; attempting to apply account-client privilege where Plaintiffs included others in communications with the accountant and as to communications with the IRS); MiCamp Opp., dated Nov. 1, 2021 (Doc. 83); Nov. 2, 2021 Hearing Transcr. at 7–8 (rejecting Plaintiffs' baseless arguments); Order denying Pls.' Mot. for Protective Order, dated Nov. 16, 2021 (Doc. 89).
- Pls.' Mot. to Extend Discovery & Cont. Trial (1st Req.) on OST, dated Oct. 28, 2021 (Doc. 81) (no good cause appearing or excusable neglect shown to extend discovery/continue trial); Defs.' Opps. & Joinders, dated Nov. 12, 2021 (Doc. 84, 85, 86); Pls.' Mot. for Protective Order on OST, dated Nov. 15, 2021 (Doc. 87) (no good cause for Sciara's refusal to appear for timely, duly noticed depositions); MiCamp Opp. & Countermot., dated Nov. 17, 2021 (Doc. 91); Nov. 18, 2021 Hearing Transcr. at 18–19 (denying both motions for lack of good cause); Order deny Motions, dated Dec. 3, 2021 (Doc. 98).
- Pls.' Emergency Mot. to Cont. Trial & Reopen Discovery on OST, dated Nov. 24, 2021 (Doc. 93, 94) (no good cause appearing or excusable neglect shown to reopen discovery/continue trial or for reconsideration of prior denial); Defs. Opps., dated Dec. 3, 2021 (Doc. 97, 99, 100, 102); Dec. 7, 2021 Hearing Transcr. at 10–11 (denying Plaintiffs' Motion in finding that it "got it right the first time"); Order denying Motion, dated Dec. 23, 2021 (Doc. 115).

Based on the foregoing, an allowance of attorney's fees should be made to the MiCamp Entities/Defendants as the prevailing parties under NRS 18.010(2)(b) as Plaintiffs' factually insufficient claims were brought/maintained without reasonable ground and/or to harass the MiCamp Entities/Defendants. Further, a fee award is proper under EDCR 7.60(b) as from the outset and throughout the course of this action, Plaintiffs have, without just cause, presented multiple unwarranted motions/oppositions and/or unreasonably and vexatiously multiplied the proceedings in this case in order to knowingly maintain legally and factually insufficient claims.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**D. The MiCamp Entities seek a fee award of $334,495.50 against Plaintiffs for fees actually and necessarily incurred in this matter, which is reasonable, appropriate, and warranted under the *Brunzell* factors.**

The fee award sought by the MiCamp Entities is reasonable under the *Brunzell* factors. In *Brunzell*, the Nevada Supreme Court set forth the following factors to consider in determining the reasonableness of a fee award:

> (1) ***the qualities of the advocate***: his ability, training, education, experience, professional standing and skill;
>
> (2) ***the character of the work to be done***: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation;
>
> (3) ***the work actually performed by the lawyer***: the skill, time and attention given to the work; and
>
> (4) ***the result***: whether the attorney was successful and what benefits were derived.

*Schouweiler v. Yancey Co*., 101 Nev. 827, 833–34, 712 P.2d 786, 790 (1985) (citing *Brunzell*, 85 Nev. at 349, 455 P.2d at 33) (emphasis added). The same factors are considered in assessing the reasonableness of fees sought according to the fourth *Beattie* factor. *See Gunderson*, 130 Nev. at 81, 319 P.3d at 615.

Exhibit 1 to the Kunimoto Affidavit is a spreadsheet of Holland & Hart LLP's ("H&H") time entries for this matter. *See* Kunimoto Aff. at ¶ 11; Ex. 1 to Kunimoto Aff. The Kunimoto Affidavit contains a table summarizing the total hours, rates, and fees amounts for H&H's respective timekeepers working on this matter. *See* Kunimoto Aff. at ¶ 12. The total amount incurred for attorney's fees from H&H is $172,226.00—$88,304.00 of which was incurred after November 17, 2021, the date of Defendants' Offer of Judgment. Kunimoto Aff. at ¶ 13. These fees are reasonable, economical, and customarily charged to clients of H&H. Kunimoto Aff. at ¶ 13.

Exhibit 1 to the Farhang Affidavit is a spreadsheet of Farhang & Medcoff's ("F&M") time entries for this matter. *See* Farhang Aff. at ¶ 13; Ex. 1 to Farhang Aff. The Farhang Affidavit likewise contains a table summarizing the total hours, rates, and fees amounts for F&M's respective timekeepers working on this matter. *See* Farhang Aff. at ¶ 12. The total amount incurred for attorney's fees from F&M is $162,269.50—$49,330.00 of which was incurred after November 17, 2021, the date of Defendants' Offer of Judgment. Farhang Aff. at ¶ 13. These fees are reasonable,

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

economical, and customarily charged to clients of F&M. Farhang Aff. at ¶ 13.

***1. The qualities of the advocate.***

As set forth in the supporting Affidavits and Exhibits (Exs. A–B), the undersigned affirms the reasonableness of the attorney's fees incurred in connection with this case. Ex. A, Kunimoto Aff. at ¶ 25; Ex. B, Farhang Aff. at ¶ 25.[5] The hourly rates charged by the H&H and F&M timekeepers on this matter are at or below those typically charged by comparable law firms in the Las Vegas area for similar legal services and reasonable in light of the quality of representation provided. *See Camacho*, 523 F.3d at 978 (generally, courts consider the reasonable hourly rate in the relevant community which is the forum in which the case is pending); *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1046 (9th Cir. 2000) ("Quality of representation is generally considered at the lodestar stage in determining what is a reasonable hourly rate.").[6]

H&H and F&M are national AV-rated law firms with extensive experience in commercial litigation. Kunimoto Aff. at ¶ 14, Farhang Aff. at ¶ 14. The ability, training, education, experience, professional standing, and skill of the professionals representing the MiCamp Entities were demonstrated in the pleadings, motions, and other documents filed with the Court, as well as at the various hearings. Kunimoto Aff. at ¶ 14; Farhang Aff. at ¶ 14.

The H&H and F&M attorneys and staff working on this case have experience in civil litigation and their collaborative efforts were instrumental in the success of defending against and fully defeating Plaintiffs' claims in this action. Kunimoto Aff. at ¶ 15; Farhang Aff. at ¶ 15.

MiCamp's co-counsel charged a discounted rate of $475 per hour for the work of partner

---

[5] *See also Nat'l Council of La Raza v. Cegavske*, No. 312CV00316MMDVPC, 2017 WL 2683683, at *4 (D. Nev. June 21, 2017) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." (quoting *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 980 (9th Cir. 2008))).

[6] *See, e.g.*, *Gonzalez-Rodriguez v. Mariana's Enterps*., 2016 WL 3869870 at *9 (D. Nev. July 14, 2016) ("[H]ourly rates of $450 and $650 per hour are well over the range of hourly rates approved in this district."); *Plaza Bank v. Alan Green Family Trust*, No. 2:11–CV–00130–MMD, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013) (finding rates of $425–$475 for partners and $250–$325 for associates reasonable).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

Bryce Kunimoto,[7] who has practiced for approximately 20 years and received the following recognition and accolades:

a. *The Best Lawyers in America*© Lawyer of the Year, Litigation - Banking and Finance - Las Vegas, 2020;

b. *The Best Lawyers in America*© Litigation - Banking and Finance, 2016–2022; Commercial Litigation, 2018–2022;

c. Mountain States Super Lawyers®, Business Litigation, 2012–2020;

d. Mountain States Super Lawyers® Rising Stars, Business Litigation, 2011;

e. *Nevada Business Journal*, Nevada Legal Elite, 2010; and

f. *In Business Las Vegas*, Top 40 Under 40 Award, 2005.

Kunimoto Aff. at ¶ 16.

MiCamp's co-counsel charged a discounted rate of $415 per hour for the work of partner Robert Cassity,[8] who has practiced for approximately 16 years and received the following recognition and accolades:

a. Mountain States Super Lawyers®, Business Litigation, 2020–2021;

b. Mountain States Super Lawyers® Rising Stars, Business Litigation, 2012–2019;

c. The Best Lawyers in America© Litigation - Banking and Finance, 2016–2022; and

d. The Best Lawyers in America© Lawyer of the Year, Litigation – Banking and Finance – Las Vegas, 2022.

Kunimoto Aff. at ¶ 17.

MiCamp's co-counsel charged $395 per hour for the work of partner Ali Farhang, who has practiced for approximately 25 years and received the following recognition and accolades:

a. The Best Lawyers in America, Labor & Employment Law, 2020–2022;

b. Southwest Super Lawyers®, 2022;

c. Arizona's Finest Lawyers® 2015–2022;

---

[7] A discounted rate of $475 per hour for 2021 and a rate of $525 per hour for 2022. *See* Kunimoto Aff. at ¶ 12.

[8] A discounted rate of $415 per hour for 2021 and a rate of $465 per hour for 2022. *See* Kunimoto Aff. at ¶ 12.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

d. Top Lawyers, Tucson Lifestyle Magazine®, 2011;

e. AV-Rated by Martindale-Hubbell; and

f. Recipient of "40 Under 40 Award," Tucson Business Edge Magazine®, 2006.

MiCamp's co-counsel charged $370 per hour for the work of partner Adam Peterson, who has practiced for approximately 14 years and received the following recognition and accolades:

a. Illinois Super Lawyers®, Rising Stars, Business Litigation 2015–2016; and

b. Southwest Super Lawyers®, Rising Stars, Business Litigation 2017–2021.

Farhang Aff. at ¶ 17.

MiCamp's co-counsel charged $335 per hour for the work of associate Patrick Emerson McCormick, who has practiced for approximately 7 years of litigation experience in Nevada, California, and Arizona. Farhang Aff. at ¶ 19.

MiCamp's co-counsel charged $325 (2021)–$365 (2022) per hour for the work of associate Jenapher Lin, who has practiced approximately 5 years, is a former judicial law clerk to the Honorable James C. Mahan, U.S. District Court for the District of Nevada, and has received the following recognition and accolades:

a. Best Lawyers: Ones To Watch, Commercial Litigation, 2021, 2022;

b. Best Lawyers, Business Edition, 2021 Women In The Law: Ones To Watch, Commercial Litigation; and

c. Nevada Business Magazine, Nevada Legal Elite: Best Up & Coming Attorneys, 2021.

Kunimoto Aff. at ¶¶ 12, 18.

MiCamp's co-counsel charged $285 per hour for the work of associate Robert McManimon, who has practiced for approximately seven years and received the following recognition and accolades:

a. American Bar Association Distinguished Serve Award, 2017–2018; and

b. Navy and Marine Corps Commendation Medal for Exemplary Legal Services, 2019.

Farhang Aff. at ¶ 18.

MiCamp's co-counsel charged $285 per hour for the work of associate Jacob Valdez, who has practiced for approximately three years of litigation experience. Farhang Aff. at ¶ 19.

MiCamp's co-counsel charged $230.00 (2021)–$250 (2022) per hour for the work of paralegal Michelle Willoughby, who is an experienced litigation paralegal at Holland & Hart LLP with over 20 years of experience in litigation practice. Kunimoto Aff. at ¶¶ 12, 19. MiCamp's co-counsel charged $200.00 per hour for the work of paralegal Michael Labovitz, who has approximately 15 years of experience in civil practice. Kunimoto Aff. at ¶ 20.[9]

MiCamp's co-counsel charged $210 per hour for the work of Leticia Wright, a paralegal with over 30 years of paralegal experience. Farhang Aff. at ¶ 20.

***2. The character of the work to be done.***

"'By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir 2014) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Here, H&H and F&M believe that the fees sought in this Motion are appropriate, and that the fees are reasonable and necessary in light of the circumstances of this case and the scope and difficulty of the business and legal issues involved. Kunimoto Aff. at ¶ 24; Farhang Aff. at ¶ 24.

***3. The work actually performed by the lawyer.***

The legal issues implicated and the claims alleged by Plaintiffs required considerable time, legal research, legal analyses, and investigation. Throughout this action, MiCamp's co-counsel have coordinated and split up the necessary work to the extent possible among co-counsel, as well as other defense counsel.

[9] *See, e.g.*, *Todd Shipyards Corp. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab*., 545 F.2d 1176, 1182 (9th Cir. 1976) ("Paralegals can do some of the work that the attorney would have to do anyway and can do it at substantially less cost per hour, resulting in less total cost billed to the employer. Therefore, paralegal time at paralegal rates can reasonably be counted along with the attorney's time as 'attorney fees.'"); *accord LVMPD v. Yeghiazarian*, 129 Nev. 760, 770, 312 P.3d 503, 510 (2013) ("Further, the use of paralegals and other nonattorney staff reduces litigation costs, so long as they are billed at a lower rate.").



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

As further detailed in Exhibits A and B, in connection with the attorney's fees requested herein, counsel of MiCamp performed, *inter alia*, the following tasks:

- Initial, supplemental, and follow up investigations into Plaintiffs' factual allegations;
- Legal research and analyses of the underlying allegations and claims asserted in Sciara's original Complaint and Plaintiffs' FAC;
- Legal research and analyses relating to complex legal issues, such as personal jurisdiction, NV RICO, and shareholder derivative and direct claims;
- Legal research and analyses relating to CapFund's entity status and ability to bring/maintain actions in Nevada, applicable provisions of NRS 80, and corresponding Notices;
- Answer/Affirmative Defenses;
- Coordinating, conferring, and strategizing among MiCamp's co-counsel;
- Contemporaneous/ongoing investigations, evaluations, and follow ups concerning Sciara's conduct and violations in the federal matters to the extent relevant/applicable to this matter;
- Coordinating and conferring with counsel for other Defendants;
- Legal research and analyses of issues relating to privilege/confidentiality;
- Initial and supplemental disclosures, including reviewing/evaluating/effectuating corresponding document productions;
- Written discovery requests to Plaintiffs;
- Informal and formal efforts to notice (and re-notice), schedule (and re-schedule), and take depositions of Sciara and CapFund's Rule 30(b)(6) witness(es), including addressing/overcoming various baseless objections/refusals by Plaintiffs/Plaintiffs' counsel, as well as a Countermotion to Compel;
- Subpoenas for documents to third parties, including opposing and defeating objections and Motion for Protective Order by Plaintiffs, as well as reviewing/effectuating corresponding disclosures/productions of documents received therefrom;

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

- Responses to written discovery requests from Plaintiffs, including searching/reviewing/effectuating corresponding production of responsive documents;
- Multiple email correspondences, communications, and meet and confers with opposing counsel relating to various discovery-related issues and disputes;
- Oppositions to various motions filed by Plaintiffs;
- Defendants' Offer of Judgment and related settlement efforts, including legal research and analyses of NRS 68 and case strategy relating thereto;
- Three (3) rounds of dispositive motion practice (motions to dismiss Complaint; motions to dismiss FAC; motions for summary judgment) by Defendants and replies in support thereof;
- Preparation for and participation at the various underlying hearings;
- Preparation for trial and underling filings required in anticipation of the scheduled trial pending the Court's adjudication of Defendants' Motions for Summary Judgment;
- Preparation and submission of various proposed orders, findings of fact, conclusions of law, and judgments, including effectuating and completing review, revision, and approval process with counsel for other Defendants and counsel for Plaintiffs; and
- Mandatory Pretrial Disclosures and objections/challenges to Plaintiffs' pretrial disclosures.

*See generally* Ex. 1 to Kunimoto Aff.; Ex. 1 to Farhang Aff.

***4. The result.***

Counsel for the MiCamp Entities ultimately prevailed in defeating Plaintiffs' baseless action, obtaining summary judgment in favor of Defendants and against Plaintiffs on each of the eight claims asserted in Plaintiffs' FAC. *See* FFCL/Judgment.

Further, counsel for the MiCamp Entities were successful in defeating each of the following motions filed by Plaintiffs throughout the course of this action: Pls.' Mot. for Protective Order on OST (re SDT to Pack), dated Oct. 28, 2021 (Doc. 80); Pls.' Mot. to Extend Discovery & Cont. Trial (1st Req.) on OST, dated Oct. 28, 2021 (Doc. 81); Pls.' Mot. for Protective Order on OST (re taking of Plaintiffs' depositions), dated Nov. 15, 2021 (Doc. 87); and Pls.' Emergency Mot.

to Cont. Trial & Reopen Discovery on OST, dated Nov. 24, 2021 (Doc. 93, 94). *See* Section IV.C, *supra*.

Successfully defeating Plaintiffs' attempts to obstruct discovery, as well as extend discovery and continue trial, precluded further undue delays to MiCamp's ability to obtain judgment in their favor against Plaintiffs' baseless claims, including, but not limited to, the time and resources that would have been unnecessarily incurred by MiCamp had discovery been extended and/or this action proceeded to trial.

Accordingly, the Court should award fees to MiCamp in the reasonable amount of $334,495.50 and order Plaintiffs to pay the fee award in full.

## V. CONCLUSION

Based on the foregoing, the MiCamp Entities respectfully request that this Court award fees to MiCamp in the principal sum of **$334,495.50** against Plaintiffs pursuant to NRCP 68, NRS 17.117, NRS 18.010(2), and EDCR 7.60(b). Should the Court not be inclined to award fees under NRS 18.010(2) or EDCR 7.60(b), the MiCamp Entities are entitled to post-OOJ fees pursuant to NRCP 68 and NRS 17.117 and request that the Court award post-OOJ fees to MiCamp in the principal sum of **$137,634.00** against Plaintiffs.

DATED this 7th day of March 2022.

HOLLAND & HART LLP

*/s/ Bryce Kunimoto*

Bryce K. Kunimoto
Robert J. Cassity
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Ali J. Farhang *(pro hac vice)*
Adam T. Peterson *(pro hac vice)*
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# INDEX OF EXHIBITS

| Exhibit | Description | Page no. |
|---|---|---|
| A | Affidavit of Bryce K. Kunimoto, Esq., dated Mar. 4, 2022 | 1 – 8 |
| A-1 | Holland & Hart LLP's time entries | 9 – 35 |
| B | Affidavit of Ali J. Farhang, Esq., dated Mar. 3, 2022 | 36 – 42 |
| B-1 | Farhang & Medcoff's time entries | 43 – 53 |
| C | Defendants' Offer of Judgment, dated Nov. 17, 2021 | 54 – 59 |
| D | *Sciara v. Campbell*, no. 2:18-cv-01700-DJA, Order, dated Mar. 12, 2021, ECF No. 88 | 60 – 69 |

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of March 2022, a true and correct copy of the foregoing **MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR ATTORNEY'S FEES** was served by the following method(s):

☑ Electronic: by submitting electronically for filing and/or service with the Eighth Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Sigal Chattah, Esq.
CHATTAH LAW GROUP
5875 S. Rainbow Blvd., Suite 204
Las Vegas, NV 89118
chattahlaw@gmail.com

*Attorneys for Plaintiffs Brian Sciara and CapFund Enterprises, Inc..*

Kevin N. Anderson, Esq.
FABIAN VANCOTT
411 E. Bonneville Avenue, Suite 400
Las Vegas, NV 89101
kanderson@fabianvancott.com

*Attorneys for Shift4 Payments, LLC*

Lawrence J. Semenza, III, Esq.
Christopher D. Kircher, Esq.
Jarrod L. Rickard, Esq.
Katie L. Cannata, Esq.
SEMENZA KIRCHER RICKARD
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
ljs@skrlawyers.com
cdk@skrlawyers.com
jlr@skrlawyers.com
klc@skrlawyers.com

*Attorneys for Fiserv, Inc.*

Jason D. Smith, Esq.
Margarita Elias, Esq.
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
jsmith@santoronevada.com
melias@santoronevada.com

*Attorneys for EVO Payments, Inc.*

/s/ Valerie Larsen
An Employee of Holland & Hart LLP

# EXHIBIT A

EXHIBIT A

**AFFT**
Bryce K. Kunimoto
Nevada Bar No. 7781
Robert J. Cassity
Nevada Bar No. 9779
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
jlin@hollandhart.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701
Phone: 520.214.2000
Fax: 520.214.2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*



**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,

Plaintiffs,

v.

MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants,

Case No. A-20-824100-B
Dept. No. XXII

**AFFIDAVIT OF BRYCE K. KUNIMOTO, ESQ. IN SUPPORT OF MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR ATTORNEY'S FEES**

and

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

I, Bryce K. Kunimoto, Esq., being duly sworn, state as follows:

1. I am over 18 years of age and am competent to testify as to the matters set forth in this Affidavit based upon my own personal knowledge.

2. I am a partner at the law firm of Holland & Hart LLP ("H&H"), co-counsel of record for Defendants MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC (collectively, as the "MiCamp Entities" or "MiCamp") in the above-captioned matter.

3. I make this Affidavit in support of the MiCamp Entities' Motion for Attorney's Fees (the "Motion"), requesting that the Court award MiCamp fees in the amount of $334,495.50 against Plaintiffs Brian Sciara ("Sciara") and CapFund Enterprises, Inc. ("CapFund" and, together with Sciara, as "Plaintiffs") pursuant to NRCP 68, NRS 17.117, NRS 18.010(2), and EDCR 7.60(b).

4. On November 17, 2021, Defendants MiCamp, Fiserv, Inc. ("Fiserv"), EVO Payments, Inc. ("EVO"), and Shift4 Payments, LLC ("Shift4") (collectively, as "Defendants"), collectively, by and through their respective counsel of record, made a timely, good faith offer pursuant to NRCP 68 and NRS 17.117 to have judgment taken against Defendants and in favor of Plaintiffs in the amount of $40,000.00, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts offered (the "Offer of Judgment" or "OOJ"). A true and correct copy of Defendants' Offer of Judgment, dated Nov. 17, 2021, is attached to the Motion as **Exhibit C**.

5. Pursuant to NRCP 68(e), Plaintiffs rejected Defendants' Offer of Judgment by failing to accept and allowing the OOJ to expire on December 1, 2021.

6. On January 13, 2022, Defendants' respective Motions for Summary Judgment

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

came on for hearing before this Court and each were granted on the respective grounds set forth therein as to all claims asserted in Plaintiffs' Verified First Amended Complaint (the "FAC"), dated Mar. 15, 2021. *See* Jan. 13, 2022 Hearing Transcr., filed Jan. 26, 2022, at 18.

7. On February 24, 2022, the Court entered the corresponding Findings of Fact, Conclusions of Law, Order Granting Defendants' MSJs, and Judgment in favor of Defendants and against Plaintiffs as to all claims asserted in Plaintiffs' FAC (the "FFCL/Judgment"). (Doc. 136).

8. Based on the FFCL/Judgment, Defendants are the prevailing parties in this action and Plaintiffs failed to obtain a more favorable judgment after rejecting Defendants' OOJ.

9. Notice of Entry of the FFCL/Judgment was filed and served on all parties by the MiCamp Entities on February 24, 2022. (Doc. 137).

10. I am the attorney responsible for the billings with respect to H&H in this case.

11. Attached hereto as **Exhibit 1** are true and correct copies of H&H's pre- and post-OOJ time entries in connection with defending against and defeating Plaintiffs' claims in this action. Exhibit 1 provides an itemization of the time spent by each attorney, the respective amounts billed, proper adjustments to the time and amounts billed, and a detailed description of the work performed. Where applicable, all attorney-client and work product privilege information has also been redacted. Upon request of the Court, H&H will provide to the Court, in camera, the unredacted version of the time entries.

12. Below is a table summarizing and totaling the attorney's fees incurred from H&H's time entries:

| TIMEKEEPER | POSITION | TOTAL HOURS | RATES | TOTAL |
|---|---|---|---|---|
| Bryce Kunimoto | Partner | 65.5 | $475 (2021 discounted rate)<br>$525 (2022) | $30,986.50 |
| Bob Cassity | Partner | 58.3 | $415 (2021 discounted rate)<br>$465 (2022) | $24,449.50 |
| Jenapher Lin | Associate | 328.3 | $325 (2021)<br>$365 (2022) | $110,901.00 |
| Michelle Willoughby | Paralegal | 17.7 | $230 (2021)<br>$250 (2022) | $4,269.00 |
| Michael Labovitz | Paralegal | 8.1 | $200 | $1,620.00 |
| | **TOTAL** | **477.9** | **-** | **$172,226.00** |

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

13. The total amount incurred for attorney's fees from H&H is $172,226.00, $88,304.50 of which was incurred after November 17, 2021, the date of Defendants' Offer of Judgment. *See* Ex. 1. These fees are reasonable, economical, and customarily charged to clients of H&H.

14. H&H is a national AV-rated law firm with extensive experience in commercial litigation. The ability, training, education, experience, professional standing, and skill of the professionals representing the MiCamp Entities were demonstrated in the pleadings, motions, and other documents filed with the Court.

15. The H&H attorneys and staff working on this case have experience in civil litigation, which were instrumental in the success of defending against and defeating Plaintiffs' claims in this action.

16. I have approximately 20 years of commercial litigation experience and have received the following recognition and accolades:

a. *The Best Lawyers in America*© Lawyer of the Year, Litigation - Banking and Finance - Las Vegas, 2020;

b. *The Best Lawyers in America*© Litigation - Banking and Finance, 2016–2022; Commercial Litigation, 2018–2022;

c. Mountain States Super Lawyers®, Business Litigation, 2012–2020;

d. Mountain States Super Lawyers® Rising Stars, Business Litigation, 2011;

e. *Nevada Business Journal*, Nevada Legal Elite, 2010; and

f. *In Business Las Vegas*, Top 40 Under 40 Award, 2005.

17. Bob Cassity has approximately 16 years of commercial litigation experience and has received the following recognition and accolades:

a. Mountain States Super Lawyers®, Business Litigation, 2020–2021;

b. Mountain States Super Lawyers® Rising Stars, Business Litigation, 2012–2019;

c. The Best Lawyers in America© Litigation - Banking and Finance, 2016–2022; and

d. The Best Lawyers in America© Lawyer of the Year, Litigation - Banking and Finance – Las Vegas, 2022.

18. Jenapher Lin, an associate at H&H, is a 2016 graduate of William S. Boyd School of Law with approximately 5 years of commercial litigation experience and a former judicial law clerk to the Honorable James C. Mahan, U.S. District Court for the District of Nevada, and has received the following recognition and accolades:

a. Best Lawyers: Ones To Watch, Commercial Litigation, 2021, 2022;

b. Best Lawyers, Business Edition, 2021 Women In The Law: Ones To Watch, Commercial Litigation; and

c. Nevada Business Magazine, Nevada Legal Elite: Best Up & Coming Attorneys, 2021.

19. Michelle Willoughby is an experienced litigation paralegal at H&H with over 20 years of experience in litigation practice.

20. Michael Labovitz is a paralegal at H&H with approximately 15 years of experience in civil practice.

21. The attorney's fees have been necessarily incurred by the MiCamp Entities with respect to this matter.

22. At all relevant times, my colleagues and I have maintained contemporaneously completed time records in the form of daily time entries into a computer database to accurately reflect all work performed. The time for each discrete task is described in detail and billed in 1/10th of an hour increments. Bills are generated monthly and submitted electronically within three weeks of the close of the billing month.

23. As the responsible billing attorney, I have reviewed the information contained herein and in the accompanying Exhibits attached hereto and confirm that H&H's time entries were reviewed and edited and that the fees charged are reasonable to the best of my knowledge and belief.

24. It is my opinion that the total amount of time spent on this matter is reasonable, and that the services performed were necessary to adequately and successfully represent the MiCamp Entities in this matter, in light of the circumstances of this case and the scope and difficulty of the

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

legal issues involved.

25. I am generally familiar with the hourly billing rates of attorneys in the Las Vegas area. In my opinion, the hourly rates that H&H has charged for professional services in this matter are fair and reasonable considering: (a) my legal training and level of experience and that of my colleagues at H&H; (b) the nature and length of the firm's professional relationship with the MiCamp Entities; (c) the amount in dispute; and (d) the hourly billing rates charged by other legal professionals practicing in the Las Vegas area with similar education, background, and experience and with law firms of comparable size on matters of similar complexity during the relevant time periods. The H&H billing rates in effect for the case were and are consistent with the rates of other such lawyers. I hereby affirm the reasonableness of the attorney's fees incurred in connection with this case.

26. H&H believes that the fees sought are appropriate, and that the fees are reasonable and necessary in light of the circumstances of this case and the scope and difficulty of the business and legal issues involved.

27. H&H believes that every professional employed on behalf of its clients has a responsibility to control fees and expenses by providing services in an efficient and effective manner. To this end, H&H diligently works to coordinate and facilitate the efficient prosecution of the matters for which it is employed. Staffing of matters within the case is done with the objective of providing the level of representation appropriate to the significance, complexity, and difficulty of the particular matter.

28. As best appropriate, the attorneys coordinate tasks to avoid duplication of efforts and H&H reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided.

29. Therefore, the attorney's fees incurred in this matter are reasonable, appropriate, and warranted under the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969).

/ / /

/ / /

30. A true and correct copy of the Order, dated March 12, 2021 (ECF No. 88), filed in Sciara v. Campbell, no. 2:18-cv-01700-DJA, is attached to the Motion as **Exhibit D.**

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 4 day of March 2022.

[signature]

BRYCE K. KUNIMOTO, ESQ.

SUBSCRIBED and SWORN to before me this 4TH day of MARCH 2022.

[signature]

NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
JOYCE HEILICH
Appt. No. 15-2880-1
My Appt. Expires Aug. 19, 2023

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# EXHIBIT A-1

EXHIBIT A-1

Holland Hart LLP - Time Entries

*Sciara v. MiCamp et al.* - A-20-824100-B

| Date | TKPR Name | Amt Billed | Bl Hrs | Narrative |
|---|---|---|---|---|
| 11/2/2020 | Kunimoto, Bryce K. | $ 136.50 | 0 3 | Confcall with Ali Farhang, per request of Ali, communications with Stephen [redacted] |
| 11/3/2020 | Kunimoto, Bryce K. | $ 227.50 | 0 5 | Email from Ali regarding request [redacted]; email correspondence with Stephen regarding [redacted]; telephone VM to Atty. Charles Bishoto; confcall with Charles regarding [redacted]; |
| 11/4/2020 | Kunimoto, Bryce K. | $ 364.00 | 0 8 | Analyze Plaintiff Sciara's complaint; confcall with Ali; confcalls with Stephen. |
| 11/6/2020 | Willoughby, Michelle R. | $ 107.50 | 0.5 | Review pro hac vice rules with Nevada state bar, download pro hac vice packet for state court and communicate with Ms. Farhang and BKKunimoto regarding same; |
| 11/23/2020 | Kunimoto, Bryce K. | $ 227.50 | 0 5 | [redacted] confcall with Ali regarding MiCamp issues [redacted] |
| 11/24/2020 | Kunimoto, Bryce K. | $ 182.00 | 0.4 | Receipt of conference call from FISERV's counsel (Michael Malone) requesting to speak about case, [redacted]; confcall with Stephen regarding the same; email to Ali; |
| 11/25/2020 | Kunimoto, Bryce K. | $ 273.00 | 0.6 | Conference call with Ali Farhang and Adam Peterson regarding MiCamp case strategy, [redacted] conference call with Stephen regarding recap of call with Ali [redacted] |
| 11/30/2020 | Kunimoto, Bryce K. | $ 318.50 | 0.7 | Review fed ct pleadings involving [redacted] in prep for call with Ali; Conference call with Ali and Adam regarding case strategy [redacted] email to PLs counsel to request an extension; |
| 11/30/2020 | Willoughby, Michelle R. | $ 43.00 | 0.2 | Communicate with Ms. Thompson regarding certificates of good standing from Arizona bar (.1); communicate with Ms. Grams regarding case caption (.1); |
| 12/11/2020 | Kunimoto, Bryce K. | $ 91.00 | 0 2 | Confcall with Ali Farhang regarding case strategy; |
| 12/14/2020 | Kunimoto, Bryce K. | $ 1,001.00 | 2 2 | Work on drafting section to include in motion to dismiss based on [redacted] review Sciara's court filings to incorporate [redacted] issues into MTD argument; |
| 12/15/2020 | Kunimoto, Bryce K. | $ 136.50 | 0 3 | Confcall from Atty. Michael Malone, FISERV, regarding [redacted] case strategy; emails to Michael Malone; |
| 12/21/2020 | Kunimoto, Bryce K. | $ 864.50 | 1 9 | Voicecall with Ali and outside counsel for FISERV to discuss strategy including [redacted] .; continue to work on MTD argument section relating to [redacted] |
| 12/21/2020 | Lin, Jenapher | $ 93.00 | 0 3 | Draft request to transfer to business court; review/assess Complaint; |
| 12/22/2020 | Kunimoto, Bryce K. | $ 136.50 | 0 3 | Analyze business court transfer notice; draft email to Ali regarding [redacted] |
| 12/22/2020 | Willoughby, Michelle R. | $ 21.50 | 0.1 | Communicate with Ms. Grams regarding applications for pro hac vice; |
| 12/23/2020 | Kunimoto, Bryce K. | $ 227.50 | 0 5 | Analyze FISERV's draft motion to dismiss Sciara's complaint; |
| 12/26/2020 | Kunimoto, Bryce K. | $ 273.00 | 0.6 | Revise motion to dismiss section regarding [redacted]; emails with Ali; |
| 1/4/2021 | Kunimoto, Bryce K. | $ 712.50 | 1 5 | Receipt of telephone call from Atty. John Peterson and Michael Malone to discuss [redacted]; email and telephone message for Ali and Adam; confcall with Adam Peterson regarding MTD and Nevada Rico claim (which H&H will work on); receipt and analyze from Adam Peterson MiCamp's draft motion to dismiss and accompanying affidavit from Micah Kinsler, and work on redlines to the same; |
| 1/4/2021 | Lin, Jenapher | $ 617.50 | 1 9 | Review/evaluate allegations and claims set forth in Complaint; review/analyze allegations relevant to Nevada RICO claim (claim 4); legal research and analyses regarding Nevada civil RICO claims and applicable standards; outline key legal points and deficiencies in Complaint for legal argument section of Motion to Dismiss for dismissal of Nevada civil RICO claim; |
| 1/4/2021 | Lin, Jenapher | $ 1,267.50 | 3 9 | Draft legal argument section of Motion to Dismiss for dismissal of Nevada civil RICO claim; follow up legal research/analyses specific to arguments and underlying deficiencies in factual allegations set forth in Complaint; review/revise legal argument section; email correspondences with BKKunimoto regarding the same; |
| 1/5/2021 | Kunimoto, Bryce K. | $ 855.00 | 1 8 | Review JLin's proposed argument on dismissing Nevada RICO claims; revise and incorporate into draft MTD; forward draft motion to dismiss to Stephen Campbell; receipt of call from Stephen to discuss MiCamp's motion to dismiss; |

| | | | | | |
|---|---|---|---|---|---|
| 1/7/2021 | Kunimoto, Bryce K. | $ | 285.00 | 0.6 | Analyze MiCamp's revised motion to dismiss from Adam Peterson; |
| 1/7/2021 | Willoughby, Michelle R. | $ | 23 00 | 0.1 | Communicate with Ms. Grams regarding status of pro hac vice applications; |
| 1/8/2021 | Kunimoto, Bryce K. | $ | 475.00 | 1 | Conference call from Kevin Anderson at Fabian Vancott law firm, counsel for Shift4; email from Adam Peterson attaching Micah's affidavit in support of MTD; email correspondence to Ali and Adam regarding [redacted] review FISERV's motion to dismiss and joinder; analyze Shift4 answer; |
| 1/8/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Review/revise/finalize Motion to Dismiss with accompanying exhibit and approve for filing; |
| 1/11/2021 | Kunimoto, Bryce K. | $ | 47.50 | 0.1 | Analyze notice of hearing and email to Ali and Adam regarding the same; |
| 1/13/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Review and approve, and sign off on my certification agreeing to sponsor Ali and Adam with regard to their pro hac vice applications; email correspondence with Adam; |
| 1/15/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Receipt of and analyze Court Order Setting Mandatory NRCP 16 Conference; email correspondence to Ali and Adam regarding the same; receipt and analyze Shift4's Joinder to MTD; |
| 1/21/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Conference call with Alanna Brody, counsel for Sciara; |
| 1/22/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Conference call with Ali Farhang regarding case strategy; Analyze court order setting hearing on motions to dismiss and Rule 16 Conference; email to Ali regarding the same; |
| 1/24/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Review and approve draft motion to associate as counsel Al Farhang and motion to associate as counsel Adam Peterson, and proposed orders. |
| 1/24/2021 | Willoughby, Michelle R. | $ | 437.00 | 1.9 | Draft motions to associate and orders admitting to practice for counsel for Mr. Peterson and Mr. Farhang (1.5); pull and prepare exhibits for motions to associate for filing with the court (.4); |
| 1/25/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Work on issues regarding motions to associate counsel (Ali and Adam); email to Ali and Adam; |
| 2/5/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze Evo Payments motion to dismiss Sciara's Complaint; Email correspondence with Ali regarding the same; review PL's stip and order to extend Opposition deadline; |
| 2/8/2021 | Willoughby, Michelle R. | $ | 1,012.00 | 4.4 | Review plaintiffs document productions and responses to requests for production to determine [redacted] |
| 2/15/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Review/assess opposition to motion to dismiss and legal arguments/authorities asserted therein with respect to the RICO claim; |
| 2/16/2021 | Lin, Jenapher | $ | 747.50 | 2 3 | Draft RICO section of the Reply in support of Motion to Dismiss; continue to review/assess opposition to motion to dismiss and legal arguments/authorities asserted therein with respect to the RICO claim; legal research/analyses regarding issues relating to RICO; email correspondence to BKKunimoto regarding the same; |
| 2/17/2021 | Lin, Jenapher | $ | 1,072.50 | 3 3 | Review/revise Reply in support of Motion to Dismiss (with co-counsel's PJ additions); email correspondences with BKKunimoto regarding the same; legal research/analyses regarding authorities cited/relied upon in Opposition and Reply; |
| 2/18/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Review Fiserve's draft reply; review Adam's reply section on personal jx and JLIn's draft reply section on Nevada RICO; confcall with Adam Perterson regarding Mtn to dismiss hearings and Rule 16 conference; |
| 2/18/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Review/revise Reply in support of Motion to Dismiss; review/evaluate email correspondences with co-counsel and defendants' counsel regarding [redacted]; review/evaluate draft reply by Fiserv and arguments therein; review/evaluate motions to dismiss by Evo and Fiserv and joinders; email correspondences with BKKunimoto regarding the same; draft joinder to Evo motion and reply; draft joinder to Fiserv motion and reply; legal research/analyses relating to joinder; review/evaluate allegations in complaint relevant to replies; review/revise Reply to incorporate joinder arguments with respect to Evo and Fiserv motions/replies and relief sought therein; email correspondence to co-counsel attaching updated/revised Reply for review/approval; |
| 2/19/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate EVO's draft reply; email correspondences with defendants' counsel regarding draft replies and attaching MiCamp Entities' current draft reply; email correspondences with BKKunimoto regarding the same; |
| 2/22/2021 | Cassity, Bob J. | $ | 373.50 | 0 9 | Review and comment on reply brief in support of motion to dismiss; telephone conference with BKunimoto regarding same; review reply briefs filed by Fiserv; |
| 2/22/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Final review of Reply and approve for filing; |
| 2/22/2021 | Lin, Jenapher | $ | 617.50 | 1 9 | Draft oral narrative for hearing on motion to dismiss; |
| 2/24/2021 | Kunimoto, Bryce K. | $ | 665.00 | 1.4 | Review briefs and prepare for Monday's hearing on motion to dismiss; Email Adam regarding Rule 16 discovery issues |

| | | | | | |
|---|---|---|---|---|---|
| 2/25/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Strategize with BKunimoto regarding hearing on motion to dismiss, Rule 16 conference; |
| 2/25/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Email correspondence with other DFs counsel regarding discovery issues to address at next week's Rule 16 Conference; email correspondence with Plaintiff's counsel regarding proposed 9 months discovery plan; |
| 2/26/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Email correspondence with Adam P. and other DFs counsel regarding discovery plan; |
| 2/26/2021 | Kunimoto, Bryce K. | $ | 712.50 | 1 5 | Finalize oral argument presentation in support of motion to dismiss; continued prep to anticipate any questions court may ask of me regarding MiCamp's reasons for dismissal; |
| 3/1/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Strategize regarding hearing on motion to dismiss, discovery schedule and court's requirement for amendment of complaint; conference call with BKunimoto regarding same; |
| 3/1/2021 | Kunimoto, Bryce K. | $ | 570.00 | 1 2 | Prepare for hearing on motion to dismiss and Rule 16 conference; pre-hearing call with Adam Peterson; Participate in court hearing; post-hearing call with Adam Peterson; conference call with FISERV's counsel; |
| 3/2/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze court's scheduling and civil jury trial order; email to Ali and Adam; |
| 3/5/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Review Courts 3/1 hearing transcript; |
| 3/10/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to co-counsel attaching stipulated protective order for review/approval; email correspondence to counsel for other defendants attaching the same for review/approval; |
| 3/10/2021 | Lin, Jenapher | $ | 422.50 | 1 3 | Review/evaluate/respond to email correspondences with other counsel for other defendants regarding stipulated protective order; draft stipulated protective order regarding confidentiality; email correspondence and telephone conference with BKKunimoto regarding the same; |
| 3/11/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Emails to Plaintiff regarding draft SPO; emails with other DFs; |
| 3/11/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/respond to various email correspondences from counsel for other defendants regarding SPO; email correspondence to co-counsel following up on draft SPO; |
| 3/12/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Work on issues regarding SPO; emails with Plaintiff; confcall with JLin regarding Plaintiff's objections; |
| 3/12/2021 | Lin, Jenapher | $ | 520.00 | 1.6 | Email correspondences to counsel for all parties regarding review and approval of stipulated protective order; telephone conference with Plaintiff's counsel regarding status; legal research/analyses regarding confidentiality provision challenged by Plaintiff's counsel; telephone conference with BKKunimoto regarding the same; email correspondence to Plaintiff's counsel (cc all counsel) responding as to why the challenge fails and seeking approval of the SPO as is; follow up email correspondence to all counsel confirming SPO to be finalized and submitted to the Court; review/finalize SPO and communications with VLarsen regarding the same; |
| 3/14/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Per Adam's request, email him exemplar of NRCP 16.1 initial disclosures; |
| 3/15/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Confcall with Ali regarding [redacted]; |
| 3/15/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Analyze Brian Sciara's First Amended Verified Complaint and strategize regarding response to the same; |
| 3/15/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/analyze 3/1 Minutes and upcoming deadlines and issues relating to initial disclosures; |
| 3/16/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Telephone conference with BKKunimoto regarding follow up issues regarding amended complaint and renewed motion to dismiss; |
| 3/17/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Conference call with Ali and Adam regarding [redacted] |
| 3/18/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Telephone conference with BKKunimoto and EVO's counsel regarding issues relating to [redacted]; follow up call with BKKunimoto regarding the same; |
| 3/19/2021 | Lin, Jenapher | $ | 2,047.50 | 6 3 | Review/evaluate first amended complaint; compare against original complaint to determine any substantive changes to claims/allegations; review/analyze allegations relevant to RICO claim and reevaluate applicability of prior legal arguments and points of authority; review/convert original Motion to Dismiss into Renewed Motion to Dismiss and revise accordingly to update/maintain facts and arguments that remain applicable; legal research/analyses regarding new/follow up issues relating to Renewed Motion; review/draft/revise Renewed Motion regarding NV RICO section; |
| 3/22/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Review and revise draft renewed motion to dismiss Sciara/CapFund complaint; |
| 3/22/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Continue to draft/revise/revise Renewed Motion to Dismiss (regarding NV Rico section); email correspondence to BKKunimoto regarding the same; |

| | | | | | |
|---|---|---|---|---|---|
| 3/24/2021 | Kunimoto, Bryce K. | $ | 285.00 | 0.6 | Confcall with counsel for Evo, Shift4 and FISERV; |
| 3/25/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Follow up with BKKunimoto regarding Renewed Motion to Dismiss; review/revise Renewed Motion to Dismiss to add joinders to Motions to Dismiss by other defendants and other developments; email correspondence to co-counsel attaching redline Renewed Motion to Dismiss for review and to incorporate updated PJ arguments; |
| 3/26/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Review/evaluate email correspondences from counsel for other defendants regarding [redacted] initial review/assessment of draft motions to dismiss by EVO, Shift4, and Fiserv; |
| 3/26/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Legal research/analyses regarding [redacted]; legal research/cite checks of legal authority/arguments incorporated by co-counsel; review/revise renewed motion to dismiss to strengthen RICO section and incorporate research results and reconcile added legal authority/citations, as well as resolve issues with additional exhibits referenced; |
| 3/27/2021 | Kunimoto, Bryce K. | $ | 665.00 | 1.4 | Analyze draft motion to dismiss and revise the section on Claim Splitting to address [redacted]; incorporate Sciara's motion to dismiss declaration (fed ct action) into MTD brief; |
| 3/29/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Review and revise renewed motion to dismiss amended complaint; |
| 3/29/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel regarding initial disclosures due this Friday (4/2); |
| 3/29/2021 | Lin, Jenapher | $ | 845.00 | 2.6 | Review/evaluate co-counsel's redlines and BKKunimoto's redlines to Renewed Motion to Dismiss and reconcile all versions; review/revise Kinsler Affidavit for Renewed Motion to Dismiss; email correspondences with BKKunimoto, BCassity, JHeilich, and co-counsel regarding the same; telephone conference and email correspondences with co-counsel (Adam) regarding redlines and affidavit; review/revise Renewed Motion to resolve outstanding issues and finalize; review and approve for filing; |
| 3/31/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Telephone conference with BKKunimoto regarding follow up with EVO counsel relating to [redacted] email correspondences with EVO counsel following up on [redacted]; |
| 4/1/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/respond to email correspondences with BKKunimoto and counsel for other defendants regarding initial disclosures due 4/2; email correspondence to co-counsel following up as to the status of draft initial disclosures/documents; |
| 4/1/2021 | Lin, Jenapher | $ | 910.00 | 2 8 | Review/revise MiCamp Entities' Initial 16.1 Disclosures and note [redacted]; search/identify/incorporate supplemental details and information missing from draft; review/analyze accompanying document production for privilege/redactions; apply/effectuate first pass redactions; create corresponding privilege/redaction log; email correspondences and telephone conference with BKKunimoto regarding the resolution of the same; email correspondences to co-counsel attaching redlines to initial disclosure and proposed redactions to accompanying document production for review/approval [redacted]; |
| 4/2/2021 | Kunimoto, Bryce K. | $ | 475.00 | 1 | Work on issues regarding rule 16 disclosures; confcall with Stephen Campbell regarding [redacted] analyze FISERV and EVO payment document disclosures; analyze plaintiff's notice of early case conference and draft email response back to plaintiff seeing clarification of why this notice was sent given that the Court held a Rule 16 conference; |
| 4/2/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Review/evaluate/respond to email correspondences with co-counsel regarding issues relating to [redacted]; review/revise initial disclosures to accept redlines and incorporate co-counsel's confidentiality designations; review/apply redactions to revised set of documents and resolve issues arising therefrom; review/revise/update privilege/redaction log with applicable redaction and confidentiality entries and descriptions; telephone conference with BKKunimoto regarding outstanding issues relating to [redacted] review/revise initial disclosures to reconcile revised bates range and documents; review/finalize MiCamp Entities Initial 16.1 Disclosures with accompanying document production and Privilege/Redaction Log; email correspondences to BKKunimoto and JHeilich attaching finalized PDF and approving for e-service; |
| 4/12/2021 | Kunimoto, Bryce K. | $ | 47.50 | 0.1 | Confcall with Ali; |
| 4/13/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Emails with counsel for Evo Payments regarding revisions to SAO to extend hearing and briefing schedule; revise SAO and send redlines to counsel for Evo Payments; approve revised version; |

| | | | | | |
|---|---|---|---|---|---|
| 4/19/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze Sciara/CapFund's opposition to motion to dismiss; |
| 4/20/2021 | Lin, Jenapher | $ | 552.50 | 1.7 | Review/analyze Sciara's Opposition to Motions to Dismiss; draft RICO section of Reply; email correspondence to co-counsel regarding the same; |
| 5/4/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Review/revise draft Reply in search of Renewed Motion to Dismiss (draft by co-counsel); email correspondences with BKKunimoto and co-counsel regarding redlines to Reply; |
| 5/5/2021 | Lin, Jenapher | $ | 97.50 | 0.3 | Review/evaluate/respond to email correspondences with co-counsel regarding reply and hearing; review latest draft reply from co-counsel and confirm ready for filing; |
| 5/10/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with other defendants' counsel regarding reply; review/finalize and approval for filing; |
| 5/10/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with co-counsel regarding replies and oral argument for hearing on Monday 5/17; |
| 5/17/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze Court order denying motions to dismiss; |
| 5/17/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Telephone conference with BKKunimoto regarding Order denying Motions to Dismiss [redacted]; email correspondences with co-counsel regarding denial and strategy for answer; |
| 5/19/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Prepare for and conference call with Ali and Adam re Court's denial of motion to dismiss, and next steps; |
| 5/27/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze proposed draft order from plaintiff's counsel on MTD hearing; review and make edits to draft order; emails with Adam. |
| 5/27/2021 | Lin, Jenapher | $ | 1,170.00 | 3.6 | Review/redline draft proposed order denying motions to dismiss circulated by opposing counsel; review/compare against Court's Minute Order (re scope) and underlying motions, Opposition, and replies (re assertions/arguments) and revise/eliminate/replace/correct accordingly; [redacted] |
| 5/28/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences from opposing counsel regarding status of proposed order denying motions to dismiss; |
| 5/28/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Communications with BKKunimoto regarding redlines to proposed order denying motions to dismiss and strategy for [redacted]; email correspondences with co-counsel regarding initial and additional redlines to proposed order; email correspondence to counsel for other defendants [redacted] review redlines from co-counsel and flag for incorporation; |
| 5/28/2021 | Lin, Jenapher | $ | 747.50 | 2 3 | Review/revise Answer & Affirmative Defenses; communications with BKKunimoto regarding answer; research regarding certain affirmative defenses; email correspondences with co-counsel regarding the same and approval for filing (6/1); review/revise/finalize Answer for filing; |
| 6/1/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to opposing counsel attaching Defendants' collective redlines/edits to proposed order; |
| 6/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences with co-counsel regarding IAFD and 7.1 disclosures; review/revise the same and approve for filing contemporaneously with Answer; |
| 6/1/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Review/revise proposed order [redacted] email correspondences with other defendants' counse [redacted] |
| 6/1/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate opposing counsel's email response to Defendants' proposed redlines to draft order; review/revise/draft Defendants' competing order and notice of submission; email correspondence to BKKunimoto regarding proposed plan [redacted] email correspondence to co-counsel regarding the same; |
| 6/2/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Conference call and emails with Shift4's counsel's office re approval for proposed MTD order requested by the Court; |
| 6/2/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Email correspondences with co-counsel and then counsel for other defendants and then chambers regarding Defendants' Competing Order; communications with BKKunimoto and VLarsen regarding finalizing and submitting competing order per court email/instructions and issues relating to Anderson's approval; |
| 6/3/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze Court order denying MTD (where court adopted DFs version of proposed order); |
| 6/3/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review Order entered by the Court (adopting Defendants' version of competing order denying motions to dismiss) and compare against submission to identify deviations, if any; email correspondence to co-counsel regarding the same; |

| | | | | | |
|---|---|---|---|---|---|
| 6/4/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate email correspondence from opposing counsel seeking explanation for why they didn't receive a copy of Defendants' competing order prior to the Court's adoption and entry thereof; investigate the same; |
| 6/7/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/analyze potential grounds for dismiss of CapFund's claims [redacted]; communications with BKKunimoto regarding the same; email correspondences with co-counsel regarding the same; |
| 7/28/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Emails with Atty. Ricard regarding experts; |
| 8/6/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Review status of service of initial expert disclosures by Sciara; email correspondence to BKKunimoto regarding the same; |
| 8/10/2021 | Kunimoto, Bryce K. | $ | 427.50 | 0 9 | Prepare for and joint defense conference call with attys for FISERV, EVO and Shift4; separate call with Atty. Michael Malone, FISERV, to discuss [redacted] confcall with AdamPeterson re recap of call with other DFs and FISERV's position [redacted] |
| 8/13/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0.2 | Draft response email to Stephen regarding [redacted] |
| 8/16/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0.2 | Emails with Adam Peterson re [redacted] strategy; |
| 8/20/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Confcall with Atty. Adam Peterson, MiCamp's counsel, re [redacted]; conference call with Atty. Kevin Anderson, Shift4, regarding [redacted]; Telephone VM to Atty. Jason Smith, EVO Payments, re [redacted]; Email to Adam Peterson; |
| 8/23/2021 | Kunimoto, Bryce K. | $ | 712.50 | 1 5 | Confcall with Atty. Jason Smith, counsel for EVO Payments, re [redacted] emails to Ali/Adam re the same; separate email to Stephen re [redacted] confcall with Shift4's counsel, Atty Thomas Stockard, [redacted] lengthy confcall with Stephen to discuss [redacted] |
| 8/24/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Emails with Shift4's counsel re [redacted]; email to Adam/Ali re the same; |
| 8/26/2021 | Kunimoto, Bryce K. | $ | 332.50 | 0.7 | Emails with counsel for EVO Payments re [redacted] confcall with Ali, Adam, Micah and Stephen post call discussion with Stephen; |
| 8/30/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Telephone conference with Evo's counsel; email to Ali/Adam; |
| 9/1/2021 | Lin, Jenapher | $ | 422.50 | 1.3 | Review/revise MiCamp's First Set of discovery (RFPs/ROGs/RFAs) to Sciara and CapFund, including reviewing relevant portions of rules and underlying filings/documents; email correspondences with BKKunimoto regarding the same; |
| 9/15/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Court ECF notice; confcall with Jason Smith, counsel for EVO, regarding [redacted]; confcall with Adam Peterson, co-counsel; |
| 9/15/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences with co-counsel following up regarding approval of MiCamp Entities' First Set of RFPs, ROGs, and RFAs to Sciara for service; review/finalize First Set of RFPs, ROGs, and RFAs to Sciara and approve for service by JHeilich; |
| 9/17/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze RFPs and ROGS from EVO Payments; |
| 9/21/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Confcall with Shift4's counsel; email correspondence to Adam/Ali; |
| 9/23/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Analyze Sciara's discovery served on parties including MiCamp. Strategize re how [redacted] |
| 9/23/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences and communications with BKKunimoto regarding issues relating to Sciara's discovery requests and anticipated case strategy conference with co-counsel regarding the same, as well as on other case related issues; |
| 9/24/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Prep for call; telephone conference with Adam Peterson re Micamp discovery responses; |
| 9/24/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Telephone conference with co-counsel (and BKKunimoto) regarding case strategy [redacted] with respect to MiCamp Entities' responses to Sciara's/CapFund's First Set of RFPs and ROGs and other pending issues and developments; |
| 9/24/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate Sciara/CapFund's First Set of RFPs and First Set of ROGs to MiCamp Entities; prepare for telephone conference with co-counsel regarding the same; |
| 9/27/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze draft notice of CapFund's revoked status and request for dismissal; |
| 9/27/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Follow up on matters from last weeks case strategy call with co-counsel, including circulating tentative follow up call regarding [redacted] (10/8) and email correspondence to Shift4/EVO counsel regarding [redacted] |

| | | | | | |
|---|---|---|---|---|---|
| 9/27/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Draft notice of CapFund's inability to maintain any action in Nevada pursuant to NRS 80 055(2), including research/analyses of NRS 80 et seq.; email correspondences with co-counsel regarding review and approval of the same for filing; |
| 9/27/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Telephone conference with Campbell regarding issues relating to [redacted] and MiCamp Entities responses and responsive documents to Sciara's First Set of RFPs and ROGs (total call 1.6 ; total time split equally between MiCamp matter and federal matter); |
| 9/28/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel forwarding [redacted] |
| 9/29/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Work on issue re [redacted] and respond to Adam's email; conf with JLin re [redacted]; |
| 9/29/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences with Shift4 and EVO counsel regarding [redacted] |
| 9/29/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Begin to draft MiCamp Solution's Responses to Sciara's First Set of RFPs (regarding [redacted]), including reviewing/evaluating instructions, definitions, and requests in Sciara's RFPs and NRCP 26, 34; |
| 9/29/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Review/evaluate Requests and Interrogatories in Sciara's First Set of ROGs and First Set of RFPs and analyze/determine appropriate objections, including [redacted] |
| 9/29/2021 | Lin, Jenapher | $ | 910.00 | 2 8 | Review/draft first cut of [redacted] letter, [redacted] email correspondence to BKKunimoto and BCassity attaching the same for review/comment; |
| 9/30/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with client (Campbell) regarding draft [redacted] |
| 9/30/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review BKKunimoto's redlines to [redacted] letter; review/revise and clean up for circulation to co-counsel; email correspondence to co-counsel attaching draft letter for review/comment and detailing proposed plan/logistics [redacted] |
| 10/1/2021 | Cassity, Bob J. | $ | 166.00 | 0.4 | Review and comment on draft letter regarding [redacted] |
| 10/1/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Conf with JLin regarding Sciara depo scheduling; review emails regarding [redacted] letter; review Shift4 discovery on Sciara; |
| 10/1/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel following up regarding [redacted] letter; |
| 10/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/revise [redacted] letter to include [redacted] review/evaluate/respond to email correspondences with co-counsel attaching updated [redacted] letter and outlining key dates/issues relating [redacted] |
| 10/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to counsel for Fiserv/Evo/Shift4 attaching draft [redacted] letter and detailing timing and logistics with respect to [redacted] |
| 10/1/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/evaluate logistics regarding Sciara's/CapFund's depositions, including [redacted] brief telephone conference with BKKunimoto regarding scheduling and dates available for depo; |
| 10/5/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to counsel for Shift4/Evo/Fiserv following up on [redacted] letter and deposition logistics; |
| 10/6/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate/respond to various email correspondences with co-counsel and counsel for Fiserv, Evo, and Shift4 regarding deposition logistics/scheduling as well as approval/edits to the draft [redacted] letter; |
| 10/6/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Telephone conference with Malone (Fiserv counsel) addressing issues relating to [redacted] letter and deposition logistics; |

| | | | | | |
|---|---|---|---|---|---|
| 10/7/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/finalize [redacted] letter; email correspondence to Campbell attaching tentative fina [redacted] letter for review/approval; review/respond to email correspondences with co-counsel and counsel for Fiserv, Evo, and Shift4 attaching the same for respective execution and confirming potential deposition dates for Sciara and CapFund; |
| 10/8/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Telephone conference with BKKunimoto addressing issues and logistics relating noticing and scheduling depositions of Sciara and CapFund PMK; |
| 10/8/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to Campbell following up regarding approval of [redacted] letter; telephone call with Campbell regarding letter and forthcoming action; review/respond to approval by Campbell; |
| 10/8/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to opposing counsel attaching Confidential Settlement Letter to Sciara; email correspondence to Campbell forwarding and informing of the same; communications with VLarsen regarding mailing a copy of the same; |
| 10/11/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondence to co-counsel regarding details as to certain ROGs and RFPs; email correspondence to Campbell regarding the same; |
| 10/11/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Continue to review/draft MiCamp Solution's responses to Sciara's First Set of RFPs; |
| 10/12/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate Sciara's "Opposition" to Notice of CapFund's Inability to Bring/Maintain Action per NRS 80.055; |
| 10/13/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze Sciara's opposition to notice of inability to maintain NV action; |
| 10/13/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Investigate/research/review cases cited in Sciara's "Opposition" to Notice and entity information of CapFund (DE; NV) in light of [redacted] |
| 10/15/2021 | Cassity, Bob J. | $ | 249.00 | 0.6 | Review Sciara's and CapFund's responses to interrogatories, requests for production, and requests for admission; |
| 10/15/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences and telephone conference with Campbell regarding documents and issues relating to MiCamp Responses to Sciara's First Set of ROGs and RFPs; |
| 10/18/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Review and comment on draft NRCP 30(b)(6) topics of deposition of CapFund; |
| 10/18/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review all drafts and documents collectively; email correspondence to co-counsel attaching draft responses (to ROGs and to RFPs), first supplemental disclosures, and accompanying redacted documents and privilege/redaction log for review/approval, as well as details regarding logistics for the same; |
| 10/18/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Draft MiCamp Entities' First Supplemental Disclosures, including drafting accompanying first supplemental privilege/redaction log; |
| 10/18/2021 | Lin, Jenapher | $ | 455.00 | 1.4 | Draft depo notices for Sciara and PMK for CapFund, including definitions, instructions, and topics for CapFund; email correspondences (and brief telephone conference) with co-counsel regarding the same; email correspondences with counsel for other defendants [redacted] review/revise/finalize and approve the same for service; circulated e-serve stamped notices to co-counsel and Campbell; |
| 10/18/2021 | Lin, Jenapher | $ | 455.00 | 1.4 | Review/evaluate bated documents from co-counsel; review/evaluate documents provided by Campbell; combine and prepare documents for 1st Supplemental Disclosures; review/apply necessary redactions; brief telephone conference with BKKunimoto regarding certain email; |
| 10/18/2021 | Lin, Jenapher | $ | 747.50 | 2 3 | Continue to review/draft MiCamp Solutions Responses to Sciara's First Set of ROGs and RFPs, including [redacted]; review/revise responses to incorporate accompanying references to and reconcile with tentative bated set; |
| 10/19/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Review and comment on draft subpoena to Travis Pack; |
| 10/19/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Conference call with with Adam regarding upcoming depositions; conf with JLin regarding PMK depo topics; emails with Plaintiff's counsel; |
| 10/19/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences with co-counsel regarding potential notices/SDT/depo subpoenas to Sciara/CapFund CPA, including legal research/analyses regarding applicable provisions of NRCP 30 and NRCP 45; |
| 10/19/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Telephone conference with co-counsel addressing case strategy and logistics with respect to [redacted] |
| 10/19/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with co-counsel addressing logistics and case strategy regarding new opposing counsel at Sgro (Nick Scotti) [redacted] |

| | | | | | |
|---|---|---|---|---|---|
| 10/19/2021 | Lin, Jenapher | $ | 422.50 | 1 3 | Draft notice of SDT to Travis Pack and SDT to Travis Pack, including [redacted] email correspondences with co-counsel attaching the same for review/edits/approval; finalize and approve for service; |
| 10/20/2021 | Kunimoto, Bryce K. | $ | 142.50 | 0 3 | Emails regarding depos and Plaintiff's request for discovery extension; confcall with JLin regarding the same; |
| 10/20/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Telephone conference with Campbell regarding updates and confirming approval to proceed [redacted] |
| 10/20/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Telephone conference with M.Malone (Fiserv) regarding logistics and strategy/plan [redacted] follow up call with BKKunimoto regarding the same; email correspondences and telephone call with co-counsel updating and strategizing as to the same and next steps; |
| 10/20/2021 | Lin, Jenapher | $ | 617.50 | 1 9 | Multiple email correspondences with counsel for other defendants (and with co-counsel) addressing case strategy/logistics [redacted] telephone conference with contact regarding additional insight/background [redacted] review/evaluate potential responsive mechanisms and review/analyze risks and benefits with respect to [redacted] email correspondence to co-counsel summarizing risks and benefits, as well as initial research results and information obtained, for proposed course/next steps; |
| 10/21/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Review correspondence from Sciara's counsel regarding extension; strategize with defendants' counsel regarding [redacted] |
| 10/21/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Telephone conference with BKKunimoto regarding case strategy/plan in light of recent updates/developments (regarding [redacted] and coordinating with co-counsel regarding the same; |
| 10/21/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/evaluate/respond to email correspondences with co-counsel regarding revisions to/finalizing MiCamp Solutions, LLC's responses to Sciara's First Set of ROGs/RFPs; review/revise and tentatively finalize responses and circulate to co-counsel with updates/plan with respect to finalizing/serving in conjunction with supplemental disclosures/log/documents; email correspondences with Campbell regarding review/approval of the same and confirmation as to accuracy of responses/answers; |
| 10/21/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/evaluate recent email correspondences from opposing counsel (Scotti) regarding anticipated discovery during additional period requested, accountant privilege and meet and confer request relating to SDT to Pack, and various responses/related communications in those chains; review/evaluate/respond to email correspondences with co-counsel addressing SDT/meet and confer/accountant privilege issue, including [redacted]; |
| 10/21/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Final overall review/revisions to MiCamp Solutions' Responses/Answers to Sciara's First Set of RFPs/ROGs and MiCamp Entities' First Supplemental Disclosures (along with accompanying document production and supplemental privilege/redaction log); combine/finalize First Supplemental Disclosures with accompanying documents and log (service ready PDF); email correspondence to JHeilich attaching foregoing with instructions to finalize responses/answers and serve all three on 10/22; |
| 10/22/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Strategize regarding and work on NRCP 30(b)(6) deposition preparation for CapFund deposition; |
| 10/22/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Emails regarding Plaintiff's request for 90 day extension; |
| 10/22/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Emails/communications with JHeilich regarding finalizing/serving discovery responses and 1st supplemental disclosures; |
| 10/22/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences with counsel for other defendants regarding status/logistics as to [redacted]; |

| | | | | | |
|---|---|---|---|---|---|
| 10/22/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with counsel for other defendants regarding strategy/plan [redacted] |
| 10/22/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate/respond to email correspondences with co-counsel addressing strategy/plan relating to [redacted] |
| 10/22/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Telephone conference with co-counsel addressing case strategy/plan and recent updates and developments (regarding [redacted] |
| 10/22/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Preliminary legal research for caselaw regarding [redacted] |
| 10/22/2021 | Lin, Jenapher | $ | 422.50 | 1 3 | Review/analyze Sciara's responses to MiCamp Entities' First Set of RFPs/ROGs/RFAs and documents [redacted] |
| 10/22/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Legal research/analyses regarding accountant-client privilege [redacted] in preparation for upcoming meet and confer; draft/summarize relevant points/arguments and supporting authority regarding the same and circulate to co-counsel in advance of conference; |
| 10/25/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Follow up call with co-counsel to address results of meet and confer, confirmation email, and strategy regarding discovery letter; |
| 10/25/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Prepare for/attend telephonic meet and confer conference with opposing counsel (Scotti) and co-counsel (Peterson) regarding Sciara's objections/assertions of accountant client privilege with respect to requests 3-5 of SDT to Pack; |
| 10/25/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Begin to draft discovery letter to opposing counsel regarding demand/cure for Plaintiffs' deficient discovery responses and documents; |
| 10/26/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Review and comment on correspondence regarding failure to file motion for protective order; review correspondence from Sciara's counsel; |
| 10/26/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Revise and edit letter to Plaintiff Sciara's counsel regarding M&C discovery deficiencies; analyze Plaintiff's notice of objection to SDT and conf with JLin regarding the same; |
| 10/26/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Brief meeting with BKKunimoto addressing updates/developments and case strategy relating to discovery letter and SDT to Pack in light of objections filed; |
| 10/26/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate Plaintiffs' objections to SDT to Pack; review/analyze applicable rules/requirements of NRCP 45; review/evaluate/respond to email correspondences with co-counsel addressing Plaintiffs' failure to comply with Rule 45 and propose strategy/next steps with respect to serving SDT; |
| 10/26/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with opposing counsel and counsel for other defendants regarding [redacted] |
| 10/26/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/revise discovery letter to incorporate edits/comments by co-counsel/BKKunimoto; finalize and approve for service; email correspondence to VLarsen regarding the same; |
| 10/26/2021 | Lin, Jenapher | $ | 910.00 | 2 8 | Continue to draft discovery letter to opposing counsel regarding demand/cure for Plaintiffs' deficient discovery responses and documents, including reviewing/evaluating [redacted] email correspondence to co-counsel attaching/detailing the same for review/comment/approval; |
| 10/27/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Review/evaluate/respond to email correspondences with opposing counsel (Scotti) regarding 10/26 discovery letter and meet and confer therefor; circulate invites with tentative time for 11/1; |
| 10/27/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with co-counsel addressing case strategy/logistics relating to [redacted] |

| | | | | | |
|---|---|---|---|---|---|
| 10/27/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to opposing counsel addressing insufficiency of objections to Pack SDT; approve/confirm process server to proceed; email correspondence to co-counsel updating as to the same; |
| 10/27/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate email correspondences from process server regarding Pack SDT; email correspondences with co-counsel regarding preferred method to proceed and follow up email to paralegal (MWilloughby) instructing the same (regarding [redacted]); |
| 10/28/2021 | Cassity, Bob J. | $ | 498.00 | 1.2 | Strategize regarding service of subpoena duces tecum; emails regarding subpoena; review Sciara's motion for protective order; strategize regarding motion; |
| 10/28/2021 | Kunimoto, Bryce K. | $ | 1,045.00 | 2 2 | Analyze CapFund/Sciara's motion for protective order regarding accountant client privilege and identify arguments to include in opposition based on allegations in 1st Am. Comp and Plaintiff's written discovery responses [redacted] |
| 10/28/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondences with opposing counsel addressing scheduling conflicts relating to Monday's meet and confer about 10/26 discovery letter; |
| 10/28/2021 | Lin, Jenapher | $ | 65.00 | 0.2 | Meeting with BKKunimoto regarding strategy for Opposition to Motion for Protective Order; |
| 10/28/2021 | Lin, Jenapher | $ | 97.50 | 0.3 | Email correspondences and meeting with BKKunimoto addressing service of SDT on Pack in light of motion for protective order; email correspondence to VLLarsen for server to halt service efforts on Pack; |
| 10/28/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Initial review/assessment of Plaintiffs' Motion for Protective Order on OST (regarding Pack SDT); review/evaluate/respond to email correspondences with BKKunimoto and co-counsel regarding the same; create draft Opposition and incorporate initial outline and sections; email correspondence to co-counsel regarding logistics/coordinating regarding Opposition; |
| 10/28/2021 | Lin, Jenapher | $ | 292.50 | 0 9 | Begin draft declaration of ATP in support of Opposition to Plaintiffs' Motion for Protective Order, including relevant exhibits anticipated and incorporating relevant portions of the Opposition; |
| 10/28/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Review/draft Opposition to Plaintiffs' Motion for Protective Order, including reviewing/evaluating relevant [redacted] |
| 11/1/2021 | Cassity, Bob J. | $ | 954.50 | 2.3 | Review and comment on draft reply brief; strategize with BKunimoto regarding [redacted] |
| 11/1/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze Sciara's motion to extend discovery and continue trial on OST; strategize regarding arguments to include in opposition to the same; |
| 11/1/2021 | Kunimoto, Bryce K. | $ | 1,140.00 | 2.4 | Analyze motion for protective order and opposition; prepare oral argument for tomorrows hearing on plaintiff Sciara's motion for protective order based on the accountant client privilege; |
| 11/1/2021 | Lin, Jenapher | $ | 65.00 | 0.2 | Draft/revise amended notices of depos for Sciara and CapFund; email correspondences with counsel for other defendants regarding available dates for amended depos; |
| 11/1/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Brief call with BKKunimoto regarding amended notices of depo; email correspondence to all counsel confirming cancellation of this weeks depos and requesting alternative dates for CapFund and Sciara depos; |
| 11/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/revise opposition and declaration; review/draft appendix of exhibits in support of opposition; |
| 11/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with co-counsel regarding opposition, declaration, and upcoming opposition to motion to extend discovery cut off; |
| 11/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with co-counsel regarding final approval of opposition and declaration for filing; review/revise opposition [redacted]; email correspondences with VLarsen regarding the same; |
| 11/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Follow up call with co-counsel (Adam) regarding results of meet and confer; draft summary of meet and confer and email to Adam for thoughts and confirmation; email correspondence to opposing counsel with summary/confirmation of today's meet and confer; |
| 11/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Telephone conference with BCassity regarding CapFund's 30(b)(6) depo outline and case strategy relating to the same; |
| 11/1/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Attend telephonic meet and confer with opposing counsel (Scotti) regarding 10/28 discovery letter; |
| 11/1/2021 | Lin, Jenapher | $ | 390.00 | 1 2 | Initial review/assessment of Plaintiffs' Motion to Extend Discovery and Continue Trial; begin draft of Opposition; |
| 11/1/2021 | Lin, Jenapher | $ | 520.00 | 1.6 | Continue to review/draft opposition to motion for protective order and declaration in support; email correspondence to co-counsel attaching drafts and detailing the same; |

| | | | | | |
|---|---|---|---|---|---|
| 11/2/2021 | Cassity, Bob J. | $ | 1,203.50 | 2 9 | Strategize regarding amended subpoena to Pack; multiple emails regarding same; work on deposition outline for MiCamp 30(b)(6) deposition; strategize with JLin regarding same; |
| 11/2/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze Plaintiff's motion to extend discovery; |
| 11/2/2021 | Kunimoto, Bryce K. | $ | 1,045.00 | 2 2 | Final preparation for hearing on plaintiff's motion for protective order and participate in oral argument hearing; conference call with Ali and Adam to discuss case strategy; |
| 11/2/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/draft amended notice and amended SDT to Pack revising response deadline to 11/16 (in light of Court's ruling denying Plaintiffs' Motion for Protective Order); email correspondences with VLLarsen regarding finalizing serving and sending copies to process server with instructions to reinitiate efforts to serve Pack; |
| 11/2/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with counsel for other defendants to coordinate potential depo dates for Sciara/CapFund, as well as internally; track and note the same, pending response from opposing counsel (to be provided by 11/4); |
| 11/2/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Telephone conference with co-counsel (Ali; Adam; BKKunimoto) addressing case strategy and next steps in light of Court's denial of Plaintiffs' Motion for Protective Order regarding Pack SDT, including [redacted] |
| 11/2/2021 | Lin, Jenapher | $ | 292.50 | 0 9 | Attend/observe hearing on Sciara's/CapFund's Motion for Protective Order regarding Pack SDT; |
| 11/3/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Review MiCamp's document production; review and analysis of Sciara and CapFund's document production; |
| 11/3/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Begin to draft proposed order denying Plaintiffs' Motion for Protective Order on OST, including reviewing/evaluating underlying Motion and Opposition and other relevant documents/filings; |
| 11/4/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Review/evaluate/respond to email correspondences with co-counsel regarding logistics/scheduling for CapFund PMK deposition; review/revise/update notice of depo for CapFund PMK (to one day); |
| 11/4/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to counsel for other defendants regarding tentative depo dates based on availability provided thus far; review/revise amended depo notices for Sciara and CapFund PMK; email correspondence to co-counsel detailing and attaching the same and seeking confirmation regarding date/time for service; |
| 11/5/2021 | Kunimoto, Bryce K. | $ | 95.00 | 0 2 | Analyze draft notices of depos for CapFund and Sciara; |
| 11/5/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences/communications with VLLarsen regarding finalizing/serving amended notices of depos for Sciara and CapFund PMK; email correspondence to opposing counsel attaching the same and noting failure to respond with availability (second time); |
| 11/8/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Review and comment on draft order denying motion for protective order regarding accountant documents; review correspondence with court; |
| 11/8/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to opposing counsel attaching proposed order denying motion for protective order and requesting approval by 11/11; |
| 11/8/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Review/overall revisions and clean up of draft Opposition to Motion to Extend Discovery Cutoff and ATP declaration in support thereof; email correspondence to co-counsel attaching the same and reminding of the corresponding deadlines, as well as notes/details regarding the same; |
| 11/8/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Continue to draft/complete proposed order denying Plaintiffs' motion for protective order, including legal research for supporting caselaw; email correspondences with co-counsel regarding the same; |
| 11/8/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Draft ATP declaration in support of Opposition to Motion to Extend Discovery Cutoff, [redacted] |
| 11/8/2021 | Lin, Jenapher | $ | 1,885.00 | 5 8 | Continue to review/draft Opposition to Motion to Extend Discovery Cutoff, including [redacted] |
| 11/9/2021 | Cassity, Bob J. | $ | 996.00 | 2.4 | Revise and work on opposition to motion to extend discovery; review emails regarding same; review and comment on further revised draft; |
| 11/9/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Telephone call from Malone regarding logistics for opposition to motion to extend discovery and upcoming deposition; email correspondences with co-counsel addressing the same; |
| 11/9/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/tentatively finalize opposition, exhibits, and declaration to circulate to counsel for other defendants; email correspondences with VLLarsen regarding the same; |

| | | | | | |
|---|---|---|---|---|---|
| 11/9/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/respond to email correspondences with BCassity and review/revise draft opposition to address/reconcile corresponding comments/edits; email correspondence to co-counsel attaching updated/revised opposition and detailing the same; |
| 11/9/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Review/evaluate/respond to email correspondences with co-counsel regarding [redacted] in opposition; analyzing/addressing strategy regarding [redacted] wit BCassity; follow up legal research/analyses regarding [redacted] motion to extend analyses; review/revise opposition addressing/modifying to effectuate the same; |
| 11/10/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/respond to email correspondences with co-counsel regarding coordinating with other defendants (regarding [redacted] email correspondence to counsel for other defendants [redacted] |
| 11/11/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Emails regarding opposition to motion to extend discovery; analysis of Sciara's answers to Fiserv's interrogatories and requests for production of documents; analysis of CapFund's answers to Fiserv's interrogatories and requests for production; |
| 11/11/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/respond to email correspondences with opposing counsel regarding approval/finalization/submission of proposed order denying motion for protective order; email correspondence to VLLarsen attaching the same with instructions to finalize and submit to the Court; |
| 11/11/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences with Shift4 counsel (Thomas) and co-counsel regarding [redacted] |
| 11/11/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review email correspondences with opposing counsel regarding co-counsel's request for meet and confer to discuss issues relating to next week's depositions of Plaintiffs and confirm availability for the same; circulate calendar invite; email correspondences updating BCassity/BKKunimoto regarding the same; |
| 11/11/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Zoom conference with Shift4 counsel (Kevin; Thomas) and co-counsel addressing issues relating to [redacted] |
| 11/12/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Review multiple emails regarding Sciara failure to appear for deposition, countermotion to compel and for sanctions; strategize with BKunimoto and JLin regarding [redacted] |
| 11/12/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Work on issues regarding Sciara not appearing at depo; analyze emails regarding the same [redacted]; analyze OPP to plaintiff's motion to extend discovery; |
| 11/12/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email corresponding to co-counsel attaching discovery tracker and underlying details relating to the same; share link and access to shared folder of discovery documents; |
| 11/12/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate email correspondences among defense counsel (regarding [redacted] and with opposing counsel regarding today's meet and confer call (regarding depos next week); |
| 11/12/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Communications/coordinating with available paralegals regarding [redacted] depo prep; review/evaluate discovery tracker and corresponding shared folder; email correspondences and brief call with paralegal (Michelle; Reno) addressing bated document productions and edits to tracker; |
| 11/12/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Telephonic meet and confer with opposing counsel (Nick) and co-counsel addressing deposition dates noticed for 11/17 and 11/19 for Plaintiffs; follow up call with co-counsel to evaluate/analyze results of call and next steps, as well as other various issues pending/outstanding (regarding [redacted] |
| 11/12/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Legal research/analyses into issues relating to [redacted] |
| 11/13/2021 | Kunimoto, Bryce K. | $ | 237.50 | 0 5 | Analyze Sciara's supplemental disclosures and discovery responses; |
| 11/15/2021 | Kunimoto, Bryce K. | $ | 570.00 | 1 2 | Analyze Plaintiff's emergency motion for protective order and confer with JLin regarding arguments to include in opposition to the same; work on redlines to draft opposition; |
| 11/15/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Brief conferences with BKKunimoto and co-counsel regarding logistics/case strategy for upcoming hearing; |
| 11/15/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate email correspondences from Evo counsel regarding [redacted] email correspondences with co-counsel detailing the same and proposing thoughts; respond to email correspondence from Evo counsel informing as to the same; |

| | | | | | |
|---|---|---|---|---|---|
| 11/15/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate Plaintiffs' Motion for Protective Order (regarding depositions); outline initial thoughts, deficiencies, and counter arguments/points to be raised in Opposition/Countermotion to Compel; |
| 11/15/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Email correspondences with BKKunimoto regarding BKKunimoto's edits/redlines/comments to Opposition/Countermotion; review/revise Opposition/Countermotion to address/reconcile BKKunimoto's edits/comments; email correspondence to co-counsel for review/approval and detailing the same; |
| 11/15/2021 | Lin, Jenapher | $ | 1,560.00 | 4 8 | Draft/review MiCamp's Opposition to Motion for Protective Order and Countermotion to Compel and ATP declaration in support, including legal research/analyses as to issues/arguments set forth in opp/countermotion and review/evaluation of relevant filings/communications/discovery; email correspondence to BKKunimoto/BCassity for any initial comments/review/edits; |
| 11/16/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Revise and comment on opposition to motion to extend discovery deadlines; strategize with JLin regarding same; |
| 11/16/2021 | Kunimoto, Bryce K. | $ | 190.00 | 0.4 | Analyze Adam Peterson's revisions to opposition to Plaintiff's motion for protective order regarding Sciara deposition; conference with JLin regarding the same; |
| 11/16/2021 | Labovitz, Michael S. | $ | 340.00 | 1.7 | Review initial records received from Pack CPA to begin determining duplicative records, prepared all documents for disclosure in compliance with NRCP 16.1 and other Nevada discovery rules; |
| 11/16/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/respond to email correspondences with co-counsel regarding OOJ; email correspondence to counsel for other defendants [redacted] |
| 11/16/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review order entered by court; draft/approve notice of entry of order denying Plaintiffs' motion for protective order (regarding Pack SDT); |
| 11/16/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with co-counsel regarding additional comments/redlines to opposition and countermotion (regarding [redacted]); review/revise opposition/countermotion and ATP declaration to address and incorporate the same; |
| 11/16/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate redlines to opposition and countermotion by co-counsel; review/revise/finalize opposition and countermotion, ATP declaration, and exhibits for filing by tomorrow's 2pm deadline; email correspondence to VLLarsen regarding the same; |
| 11/16/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Draft MiCamp's 2nd Supplemental Disclosures for documents from Pack in response to SDT; email correspondences and communications with paralegal (Michael) regarding bates numbering and accompanying supplemental production of the same, as well as related issues (regarding thumbdrive set; hardcopy set; PPI; etc.); |
| 11/16/2021 | Lin, Jenapher | $ | 455.00 | 1.4 | Draft defendants' offer of judgment to plaintiffs [redacted] mail correspondences with BKKunimoto/BCassity and co-counsel regarding the same; |
| 11/16/2021 | Lin, Jenapher | $ | 617.50 | 1 9 | Initial overview and assessment of documents produced by Pack in response to SDT; |
| 11/17/2021 | Cassity, Bob J. | $ | 207.50 | 0.5 | Review and revise offers of judgment; emails with JLin; |
| 11/17/2021 | Kunimoto, Bryce K. | $ | 570.00 | 1 2 | Prepare for tomorrows hearing to oppose plaintiff's motion for protective order regarding Sciara deposition and countermotion to compel/fees. |
| 11/17/2021 | Labovitz, Michael S. | $ | 1,280.00 | 6.4 | Review remaining records received from Pack CPA to begin determining duplicative records, prepared all documents for disclosure in compliance with NRCP 16.1 and other Nevada discovery rules; |
| 11/17/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Approve opposition/countermotion to compel and for fees (regarding depos) for filing; email correspondences with VLLarsen regarding the same; |
| 11/17/2021 | Lin, Jenapher | $ | 97.50 | 0.3 | Email correspondences with VLLarsen regarding finalizing/serving OOJ and attaching email authorizations to keep for records; email correspondences with BCassity/VLLarsen regarding method of service and proposed method/instructing and confirming the same; |
| 11/17/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Email correspondences with counsel for other defendants following up regarding [redacted]; email correspondences with co-counsel regarding [redacted]; email correspondences with counsel for other defendants confirming [redacted] |
| 11/17/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate preliminary bated production; communications with paralegal (Michael) regarding issues to be addressed/fixed and documents requiring rebating; |
| 11/17/2021 | Lin, Jenapher | $ | 520.00 | 1.6 | Begin review for PPI and apply appropriate redactions regarding documents from Pack (1-1369); |
| 11/18/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Review emails regarding offer of judgment; strategize regarding possible [redacted]; conference call regarding same; |

| | | | | | |
|---|---|---|---|---|---|
| 11/18/2021 | Kunimoto, Bryce K. | $ | 522.50 | 1.1 | Hearing prep and attend VC hearing in plaintiff's discovery motions; post-discussion with Adam; emails regarding [redacted] |
| 11/18/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Telephone conference with client (Campbell) addressing results of hearing and issues relating to [redacted] next steps (.5 total; split); |
| 11/18/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondence to co-counsel attaching 2nd amended deposition notices (tentatively 12/3) for review/approval and if/when to serve and detailing availability among defense counsel; |
| 11/18/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate/respond to email correspondences with counsel for other defendants regarding 2nd amended depo notices and scheduling/logistics; email correspondences with co-counsel regarding the same; review/draft 2nd amended notices of depos for Sciara and CapFund tentatively for 12/3; |
| 11/18/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Upload tentative final docs (bated production of docs from Pack) and original docs to shared folder for co-counsel's review; email correspondence to co-counsel attaching 2nd Supplemental Disclosures and detailing the same for review/approval; |
| 11/18/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Legal research/analyses regarding OOJs, Rule 68, and NRS 17.117 [redacted] review/evaluate/respond to various email correspondences with counsel for other defendants, co-counsel, and clients regarding the same; |
| 11/18/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Attend hearing (telephonically) regarding trial readiness check, motion to extend discovery cutoff and continue trial, motion for protective order, and countermotion to compel and for fees; follow up call with BKKunimoto/co-counsel to discuss results and next steps; |
| 11/18/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Continue/complete review for PPI and apply appropriate redactions regarding documents from Pack (1-1369); review/tentatively finalize MiCamp's 2nd Supplemental Disclosures with Pack documents; |
| 11/19/2021 | Cassity, Bob J. | $ | 166.00 | 0.4 | Strategize regarding notices of deposition for Sciara and CapFund; emails regarding same; |
| 11/19/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with VLLarsen regarding finalizing/serving MiCamp's 2nd Supplemental Disclosures and accompanying document production via BDS (regarding docs from Pack SDT); |
| 11/19/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences and communications with VLLarsen regarding finalizing/serving 2nd amended notices of depositions (CapFund; Sciara) and instructions underlying the same (regarding after 5pm; calendaring; reserving court reporter; etc.); |
| 11/19/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Email correspondences with co-counsel regarding next steps if opposing counsel fails to confirm 12/3 depo date [redacted] |
| 11/19/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Begin to draft/review proposed order denying Plaintiffs' Motion to Extend Discovery Cutoff and Motion for Protective Order (regarding depos), including reviewing/evaluating relevant underlying filings/documents and details set forth in docket; |
| 11/22/2021 | Cassity, Bob J. | $ | 166.00 | 0.4 | Strategize regarding deposition of Sciara and CapFund; review emails regarding same; |
| 11/22/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondence to co-counsel detailing/attaching cases on certain Motion Summary Judgment issues discussed on prior strategy call; |
| 11/22/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate email correspondences from opposing counsel regarding scheduling conflict with depo; telephone conference with co-counsel addressing plan/logistics; |
| 11/22/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Telephone conference with co-counsel to address [redacted] and case strategy/plan and options/implications going forward; |
| 11/22/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Continue to review/draft proposed order denying Plaintiffs' Motion to Extend Discovery and Motion for Protective Order; email correspondence to co-counsel attaching the same for internal review and comment before circulation to other parties for the same; |
| 11/23/2021 | Cassity, Bob J. | $ | 166.00 | 0.4 | Review and comment on order denying plaintiffs' motion to extend discovery; emails regarding same; |
| 11/23/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to and send various email correspondences to co-counsel, defense counsel, and HH team addressing [redacted] |
| 11/23/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Email correspondences with co-counsel regarding proposed order denying plaintiffs' motion to extend discovery cut off and motion for protective order; review/revise proposed order to incorporate edits/comments by co-counsel; email correspondence to counsel for all parties attaching proposed order for review/approval and confirmation of e-signature authorization by 12/1; |
| 11/24/2021 | Kunimoto, Bryce K. | $ | 332.50 | 0.7 | Analyze Sciara's motion to extend discovery filed by his new counsel; strategize regarding response to same; |
| 11/24/2021 | Lin, Jenapher | $ | 65.00 | 0.2 | Review/respond to email correspondences with co-counsel regarding initial thoughts and strategy for opposition to Motion to Continue Trial and Reopen Discovery; |

| | | | | | |
|---|---|---|---|---|---|
| 11/24/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Strategy meeting with BKKunimoto regarding opposition to Motion to Continue Trial and Reopen Discovery on OST; |
| 11/24/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Draft notices of vacating of depositions of CapFund and Sciara; |
| 11/24/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Initial review/assessment of Plaintiffs' Motion to Continue Trial and Reopen Discovery on OST; preliminary legal research/analyses regarding points/issues raised in/by Motion (regarding [redacted] |
| 11/29/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with counsel for other parties regarding review/approval of proposed order denying Plaintiffs' Motion to Extend Discovery; review/revise proposed order to include signature block for Sciara's new counsel; email correspondence adding Sciara's new counsel to thread and attaching revised proposed order noting and detailing the same for review/approval; |
| 11/29/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Draft BKKunimoto Declaration in support of Opposition to Sciara's Emergency Motion to Continue Trial and Reopen Discovery, including [redacted] email correspondences with BCassity regarding review of the same prior to circulation to co-counsel; |
| 11/29/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Brief case strategy discussion with BKKunimoto and BCassity regarding Opposition, oral arguments, and other related issues; review/revise Opposition to incorporate argument regarding [redacted] email correspondence to co-counsel attaching Opposition/BKK declaration for review/approval and detailing/outlining related issues and logistics (regarding [redacted]; |
| 11/29/2021 | Lin, Jenapher | $ | 2,047.50 | 6 3 | Draft Opposition to Plaintiffs' Emergency Motion to Continue Trial and Reopen Discovery, including reviewing/evaluating [redacted] |
| 11/30/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Prepare and revise correspondence to opposing counsel regarding submission of order; review emails from opposing counsel regarding order on motion for protective order; review and revise correspondence to court regarding submission of competing order; work on opposition to motion to extend discovery and continue trial; |
| 11/30/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Review/evaluate email correspondences with defense counsel and co-counsel regarding Motion Summary Judgment strategy/logistics; |
| 11/30/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondences with defense counsel regarding Motion Summary Judgment [redacted] |
| 11/30/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with counsel for all parties regarding proposed Order denying Plaintiffs' Motion to Extend Discovery and Motion for Protective Order; review/evaluate email correspondences from Sciara's new counsel and CapFund's existing counsel and their respective improper refusals to approve the proposed order; |
| 11/30/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/revise/finalize notices of vacating of depositions of Sciara and CapFund; email correspondences with VLLarsen attaching and approving the same for service and confirming cancellation of reporters; |
| 11/30/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Telephone conference with co-counsel (Adam) to address case strategy and logistics for various pending/upcoming matters (e.g., [redacted] |
| 11/30/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Strategy meeting with BCassity regarding response email [redacted] |

| | | | | | |
|---|---|---|---|---|---|
| 11/30/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Email correspondence to all parties (directed to Plaintiffs' counsel) stating disagreement with position taken that Plaintiffs' counsel of record are unable to sign/approve proposed order and advising of submission of proposed order with note to the same effect to the Court; review/revise/finalize proposed Order denying Plaintiffs' Motion to Extend Discovery and Motion for Protective Order, noting refusals to sign by Plaintiffs' counsel, for submission to the Court; email correspondence with VLLarsen and BCassity regarding the same; draft and send email to the Court attaching proposed order for consideration and detailing circumstances underlying refusals of Plaintiffs' counsel to sign/approve; |
| 11/30/2021 | Lin, Jenapher | $ | 845.00 | 2.6 | Review/revise Opposition to Motion to Continue Trial and Reopen Discovery to [redacted] email correspondence to BCassity (and BKKunimoto) detailing updates/developments (regarding [redacted] and attaching the same for review/comment; |
| 12/1/2021 | Cassity, Bob J. | $ | 1,203.50 | 2 9 | Work on opposition to motion to reopen discovery and continue trial; |
| 12/1/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/revise Opposition to Motion to Continue Trial/Reopen Discovery to address/resolve/incorporate edits/comments from BCassity; email correspondences with BCassity regarding the same; |
| 12/1/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/analyze facts/circumstances/factors relevant to OOJ and consider/weigh [redacted] email correspondence to co-counsel (Adam) detailing the same for consideration; |
| 12/2/2021 | Cassity, Bob J. | $ | 207.50 | 0 5 | Emails regarding strategy on motion for summary judgment and joinders; confer with JLin regarding same; |
| 12/2/2021 | Kunimoto, Bryce K. | $ | 807.50 | 1.7 | Prep for VC to discuss Motion Summary Judgment with other counsel; participate in VC with DFs counsel to discuss [redacted] |
| 12/2/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Case strategy conference with RJCassity regarding Motion Summary Judgment/dispositive motions; |
| 12/2/2021 | Lin, Jenapher | $ | 325.00 | 1 | Joint defense/common interest webex conference regarding Motion Summary Judgment strategy; |
| 12/2/2021 | Lin, Jenapher | $ | 390.00 | 1 2 | Plan/prepare for joint defense/common interest call with defense counsel regarding Motion Summary Judgment [redacted] |
| 12/2/2021 | Lin, Jenapher | $ | 1,105.00 | 3.4 | Email correspondence to defense counsel summarizing/outlining and confirming strategy/logistics for MSJs/Joinders [redacted] |
| 12/3/2021 | Cassity, Bob J. | $ | 788.50 | 1 9 | Revise and work on opposition to motion to continue trial and reopen discovery; emails regarding joinder to EVO opposition; |
| 12/3/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Analyze opposition to Sciara's second motion to reopen discovery; analyze joinders; |
| 12/3/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Brief review/assessment of arguments set forth in EVO's Opposition to Motion to Continue Trial & Reopen Discovery; email correspondences with co-counsel addressing [redacted] |
| 12/3/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate hearing transcript from 11/2 motion for PO (regarding SDT to Pack) [redacted] |
| 12/3/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate/respond to email correspondences with co-counsel (Motion Summary Judgment team) [redacted] |
| 12/3/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Strategy/logistics call with co-counsel (Jacob; Robert) regarding logistics/coordinating on respective tasks/roles for MSJs/related filings to avoid overlap and maximize use of time, as well as answering/addressing certain issues; |
| 12/3/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/analyze follow up issues arising regarding CapFund's entity status [redacted] |
| 12/3/2021 | Lin, Jenapher | $ | 942.50 | 2 9 | Review/revise Opposition to Motion to Continue Trial/Reopen Discovery to address/resolve/incorporate edits/comments from strategy discussion with BCassity; review/finalize Opposition, declaration, and exhibits and approve for filing and submission of courtesy copy to chambers; communications with VLLarsen regarding the same; |
| 12/6/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Strategize regarding motion for summary judgment; confer with JLin regarding same; |

| | | | | | |
|---|---|---|---|---|---|
| 12/6/2021 | Kunimoto, Bryce K. | $ | 1,567.50 | 3 3 | Analyze pleadings and joinders; Prepare for oral argument on tomorrows hearing on Sciara's motion to reopen discovery and continue trial; draft oral argument; review prior briefs and court order on Sciara's 1st motion to extend discovery; |
| 12/6/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel regarding tomorrow's hearing on Sciara's Motion to Continue Trial and Reopen Discovery and attaching relevant underlying documents and dial in instructions; |
| 12/6/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel regarding NV caselaw/legal standard [redacted] |
| 12/6/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to co-counsel addressing analyses and proposed next steps with respect to CapFund entity status issue [redacted] |
| 12/7/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Conference regarding court ruling on motion to extend discovery and continue trial; strategize regarding [redacted] |
| 12/7/2021 | Kunimoto, Bryce K. | $ | 1,092.50 | 2 3 | Final prep for today's hearing on Sciara's 2nd motion to extend discovery; post-hearing call with Ali; emails regarding [redacted]; confcall with Jason Smith, counsel for EVO, regarding [redacted] work on and revise proposed [redacted] |
| 12/7/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to co-counsel (Jacob/Robert) checking in on status of MSJs and joint papers, as well as updating as to results of today's hearing; |
| 12/7/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences with defense counsel and co-counsel regarding [redacted] |
| 12/7/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences with co-counsel regarding Campbell's and Micah's decision regarding [redacted] |
| 12/7/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondences with defense counse [redacted] and logistics underlying the same; |
| 12/7/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Email correspondences and communications with BKKunimoto regarding his redlines/comments; review/revise settlement letter per BKKunimoto's instructions; email correspondences with co-counsel |
| 12/7/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Draft proposed Order denying Sciara's Motion to Continue Trial and Reopen Discovery on OST; |
| 12/7/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Webex conference with Campbell and Micah regarding [redacted] and outcome of hearing; |
| 12/7/2021 | Lin, Jenapher | $ | 325.00 | 1 | Draft global settlement offer [redacted] email correspondences and communications with BKKunimoto and RJCassity (as well as co-counsel) attaching the same with relevant details for approval to circulate to other defense counsel; |
| 12/7/2021 | Lin, Jenapher | $ | 390.00 | 1 2 | Attend (telephonically) hearing on Sciara's Motion to Continue Trial and Reopen Discovery; follow up call with co-counsel (and BKKunimoto) after to discuss results of hearing and next steps; |
| 12/8/2021 | Cassity, Bob J. | $ | 498.00 | 1 2 | Review emails regarding [redacted] offer; revise correspondence to Sciara's new counsel; review errata to notice of substitution of counsel; correspondence regarding same; |
| 12/8/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Work on issues regarding settlement letter; |
| 12/8/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Email correspondence to co-counsel addressing strategy/timing fo [redacted] |
| 12/8/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/clean up draft [redacted] letter (per Ali's approval); email correspondence to defense counsel attaching draft [redacted] letter for review/comment/approval and detailing outstanding issues; |
| 12/8/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate Notice of Errata filed by Sciara's new counsel regarding purported substitution of counsel for CapFund; review/analyze relevant provisions of EDCR; email correspondences with BKKunimoto/RJCassity regarding [redacted] |
| 12/8/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/revise [redacted] letter (regarding [redacted]); email correspondence to co-counsel attaching the same for review/approval and detailing proposed underlying logistics/plan; |
| 12/8/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Email correspondence to counsel for all parties attaching draft of proposed Order Denying Sciara's Motion to Continue Trial and Reopen Discovery for respective reviews/approvals; brief telephone call from EVO counsel regarding [redacted] |
| 12/8/2021 | Lin, Jenapher | $ | 162.50 | 0 5 | Review/revise/finalize settlement letter to Sciara & CapFund; email correspondence to defense counsel attaching final letter [redacted] email correspondence to Chattah and Sgro/Aldredge/Scotti (with defense counsel copied) attaching Confidential [redacted] Letter to Sciara & CapFund; |

| | | | | | |
|---|---|---|---|---|---|
| 12/8/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/analyze entity status issues and review/evaluate/respond to email correspondences with co-counsel (Jacob; Robert) regarding the same as pertinent to MSJs, including legal research/analyses of [redacted] |
| 12/9/2021 | Cassity, Bob J. | $ | 622.50 | 1 5 | Review draft motions for summary judgment from Fiserv and EVO; confer with JLin regarding same; |
| 12/9/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Email correspondences with various defense counsel regarding status check and logistics for filing; |
| 12/9/2021 | Lin, Jenapher | $ | 130.00 | 0.4 | Review/evaluate/respond to email correspondences with co-counsel (Ali; Jacob/Robert) regarding issues relating to draft Motion Summary Judgment; |
| 12/9/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate/respond to email correspondences and calls with defense counsel regarding MSJs and joint papers; |
| 12/9/2021 | Lin, Jenapher | $ | 1,885.00 | 5 8 | Initial review/evaluation of first cut of draft Motion Summary Judgment from co-counsel (Jacob; Robert); initial redlines/comments to draft Motion Summary Judgment; email correspondences with co-counsel (Ali); continue to review/revise/draft motion for summary judgment; |
| 12/10/2021 | Cassity, Bob J. | $ | 2,282.50 | 5 5 | Conference calls with JLin regarding motion for summary judgment; revise and extensive work on motion for summary judgment; |
| 12/10/2021 | Kunimoto, Bryce K. | $ | 380.00 | 0 8 | Revise Micamp Motion Summary Judgment arguments; |
| 12/10/2021 | Lin, Jenapher | $ | 227.50 | 0.7 | Review/evaluate/respond to email correspondences and calls with defense counsel regarding MSJs and joint papers; |
| 12/10/2021 | Lin, Jenapher | $ | 390.00 | 1 2 | Final review/finalize motion for summary judgment, JLin declaration in support of Motion Summary Judgment, exhibit list; review/finalize exhibits in support of Motion Summary Judgment, including combine and page stamp; final review of collective papers and exhibits; file; circulate file-stamped copy and confirm timely filing; |
| 12/10/2021 | Lin, Jenapher | $ | 520.00 | 1.6 | Review/evaluate/respond to email correspondences and calls (multiple) with co-counsel (Jacob; Robert) regarding issues relating to Motion Summary Judgment (eg [redacted] including reviewing/evaluating/incorporating/reconciling redlines/updates/edits provided by Jacob/Robert; |
| 12/10/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Telephone conferences (multiple) with co-counsel (Ali) and HH team (BKKunimoto; RJCassity) regarding issues relating to draft Motion Summary Judgment and necessary revisions, as well as issues outstanding to filing; |
| 12/10/2021 | Lin, Jenapher | $ | 682.50 | 2.1 | Review/evaluate redlines from BKKunimoito and RJCassity; review/revise Motion Summary Judgment to incorporate redlines and resolve comments (by BKKunitmoto; RJCassity), [redacted] |
| 12/10/2021 | Lin, Jenapher | $ | 1,267.50 | 3 9 | Legal research (and follow up)/analyses of caselaw/legal authorities relevant to Motion Summary Judgment arguments, including [redacted] |
| 12/10/2021 | Lin, Jenapher | $ | 3,022.50 | 9 3 | Review/draft/revise first cut of motion for summary judgment from co-counsel (Robert; Jacob), including reviewing/evaluating [redacted] |
| 12/14/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Review/evaluate/respond to email correspondence from co-counsel (secretary) regarding reply deadlines to Motion Summary Judgment; |
| 12/14/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to all counsel following up regarding proposed Order denying Sciara's Emergency Motion to Continue Trial & Reopen Discovery on OST; |
| 12/15/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/evaluate/respond to email correspondences with other parties regarding proposed Order denying Sciara's Emergency Motion to Continue Trial and Reopen Trial (regarding Sigal's response); |
| 12/16/2021 | Lin, Jenapher | $ | 32.50 | 0.1 | Email correspondence to defense counsel requesting responses to email attaching/seeking approval of proposed order; |
| 12/16/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/evaluate/respond to email correspondences with all counsel acknowledging approval of proposed order from all Defendants, seeking responses/redlines from Plaintiffs' counsel by COB 11/17, and advising as to intent to otherwise finalize/submit proposed order with Plaintiffs' refusals to sign and informing the court of the same; |
| 12/20/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Review/finalize and approve submission of proposed order deny Sciara's emergency motion to continue trial and reopen discovery to chambers; |
| 12/24/2021 | Cassity, Bob J. | $ | 290.50 | 0.7 | Review Sciara's request for judicial notice; review CapFund's third supplemental disclosure; emails regarding same; |
| 12/27/2021 | Cassity, Bob J. | $ | 622.50 | 1 5 | Review Sciara's omnibus opposition to Defendants' motions for summary judgment; strategize regarding reply brief; |
| 12/27/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Review/initial assessment of Sciara's 3rd Supplemental Disclosures and Request for Judicial Notice; |

| | | | | | |
|---|---|---|---|---|---|
| 12/28/2021 | Lin, Jenapher | $ | 65.00 | 0 2 | Email correspondence to counsel for all parties (directed at Plaintiffs' counsel - Sigal/Sgro & Roger) regarding designating time/place for pretrial conference and inquiring whether they intend on preparing a proper substitution of counsel for CapFund; |
| 12/28/2021 | Lin, Jenapher | $ | 97.50 | 0 3 | Brief case strategy/update meeting with BKKunimoto to address issues relating to [redacted] |
| 12/28/2021 | Lin, Jenapher | $ | 195.00 | 0.6 | Review/evaluate BCO and upcoming deadlines and action items for pretrial memorandum, calendar call, and pretrial conference, as well as applicable/relevant provisions of EDCR regarding the same; |
| 12/28/2021 | Lin, Jenapher | $ | 585.00 | 1 8 | Review/initial assessment of Sciara's Opposition to MSJs and accompanying exhibits, including [redacted] outline initial thoughts, counterpoints, and issues/deficiencies in Opposition; |
| 12/28/2021 | Lin, Jenapher | $ | 682.50 | 2.1 | Begin to draft reply in support of Motion Summary Judgment, outlining points and issues to be addressed and defects to Opposition and exhibits; |
| 12/30/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Prepare for conference call regarding case strategy/updates with co-counsel (ATP) (including [redacted] |
| 12/30/2021 | Lin, Jenapher | $ | 260.00 | 0 8 | Telephone conference with co-counsel (ATP) regarding updates/developments and case strategy regarding [redacted] |
| 1/3/2022 | Lin, Jenapher | $ | 73.00 | 0.2 | Telephone conference with RJCassity regarding case strategy/logistics regarding Reply iso MSJ and upcoming pretrial disclosures, memorandum, and conference; |
| 1/3/2022 | Lin, Jenapher | $ | 438.00 | 1 2 | Review/incorporate co-counsel's sections (re [redacted] into draft Reply iso MSJ; revise/revise the same |
| 1/3/2022 | Lin, Jenapher | $ | 985.50 | 2.7 | Continue to draft reply in support of MSJ, including follow up legal research/analyses regarding NV RICO; |
| 1/4/2022 | Lin, Jenapher | $ | 73.00 | 0.2 | Continue to draft reply in support of MSJ; |
| 1/5/2022 | Lin, Jenapher | $ | 1,241.00 | 3.4 | Continue to draft reply in support of MSJ, including [redacted] |
| 1/6/2022 | Cassity, Bob J. | $ | 1,203.50 | 2.9 | Revise and work on reply in support of motion for summary judgment; conference call with JLin regarding same; |
| 1/6/2022 | Lin, Jenapher | $ | 109.50 | 0.3 | Review/finalize reply, including general overview and proofing; communications with VLLarsen approving for filing/service; |
| 1/6/2022 | Lin, Jenapher | $ | 292.00 | 0.8 | Review/revise draft reply to incorporate/resolve edits/comments from co-counsel (ATP) and RJCassity, including [redacted] ; review/evaluate/respond to email correspondences with co-counsel/RJCassity regarding the same; |
| 1/6/2022 | Lin, Jenapher | $ | 2,445.50 | 6.7 | Continue to draft reply in support of MSJ, including reviewing/evaluating relevant underlying filings and documents; |
| 1/7/2022 | Cassity, Bob J. | $ | 913.00 | 2.2 | Revise and work on pretrial disclosures; conference call with JLin regarding same; review Pack response to correspondence regarding subpoena; |
| 1/7/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Initial review/assessment of Plaintiffs' Errata and Declaration (re Opposition to MSJs); |
| 1/7/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Telephone conference with M. Malone [redacted] regarding pretrial disclosures and memo; |
| 1/7/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Brief review/assessment of pretrial disclosures filed by other defendants; |
| 1/7/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Initial review/assessment of Sciara's pretrial disclosures; email correspondence to BKKunimoto/RJCassity attaching and providing initial thoughts as to the same; |
| 1/7/2022 | Lin, Jenapher | $ | 109.50 | 0.3 | Email correspondences with co-counsel and BKKunimoto/RJCassity following up regarding opposition to Sciara's Motion for Judicial Notice and confirming case strategy/decision regarding the same; |
| 1/7/2022 | Lin, Jenapher | $ | 109.50 | 0.3 | Telephone conference with co-counsel (ATP) regarding case strategy/plan relating to pretrial disclosures, [redacted] |
| 1/7/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Telephone conferences and communications with BKKunimoto/RJCassity regarding pretrial memorandum deadline and communications with clerk as to chamber's practices for the same, as well as related matters/deadlines; |
| 1/7/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Final overview/general proofing/edits and finalize MiCamp 16.1(a)(3) Pretrial Disclosures for filing/service; file/serve; |
| 1/7/2022 | Lin, Jenapher | $ | 255.50 | 0.7 | Review/investigate/assess pretrial memo dl and related issues, including [redacted] ; communications with VLLarsen regarding deadline for pre-trial memo and clarification from clerk; email summary to BKKunimoto/RJCassity; |

| | | | | | |
|---|---|---|---|---|---|
| 1/7/2022 | Lin, Jenapher | $ | 255.50 | 0.7 | Email correspondences to and review/evaluate/respond to email correspondences from defense counsel attaching [redacted] |
| 1/7/2022 | Lin, Jenapher | $ | 365.00 | 1 | Telephone conference with RJCassity regarding edits/comments to initial cut of MiCamp Pretrial Disclosures (re [redacted] as well as plan/strategy with respect to related/upcoming deadlines/matters (re [redacted] |
| 1/7/2022 | Lin, Jenapher | $ | 1,058.50 | 2 9 | Draft/review MiCamp NRCP 16.1(a)(3) pretrial disclosure of witness and documents, including [redacted] email correspondences with co-counsel (ATP) and RJCassity attaching initial draft for review/evaluation and addressing/resolving certain details and related follow up questions/issues regarding the same; |
| 1/7/2022 | Lin, Jenapher | $ | 1,387.00 | 3.8 | Review/revise MiCamp 16.1(a)(3) Pretrial Disclosures to incorporate/address/reconcile issues/comments by RJCassity per earlier call, including [redacted] |
| 1/11/2022 | Lin, Jenapher | $ | 36 50 | 0.1 | Email correspondence to co-counsel (Ali) touching base on strategy/logistics for upcoming MSJ hearing |
| 1/11/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Draft initial outline/draft of MiCamp Objections to Sciara's 16.1 pretrial disclosures and review/consider/evaluate potential issues and objections to be raised to Sciara's disclosures; |
| 1/11/2022 | Lin, Jenapher | $ | 219.00 | 0.6 | Review/analyze upcoming deadlines and action items from BCO and chambers rules/procedures, as well as local/state rules, in anticipation of upcoming calendar call and February trial stack; communications with VLLarsen to contact chambers/law clerk for clarification regarding the same; |
| 1/11/2022 | Willoughby, Michelle R. | $ | 550.00 | 2.2 | Begin drafting pretrial memorandum and communications with JLin regarding same (1.9); review and analyze EDCR 2.67 regarding requirements for a pretrial memorandum (.3); |
| 1/12/2022 | Lin, Jenapher | $ | 1,241.00 | 3.4 | Review/draft/revise tentative MiCamp individual/Defendants' joint pretrial memo, including [redacted] email correspondences with RJCassity regarding [redacted] and case strategy/analyses relating to the same; |
| 1/13/2022 | Lin, Jenapher | $ | 73.00 | 0.2 | Brief follow up call with EVO counsel (Jason Smith) regarding results of MSJ hearing and [redacted] |
| 1/13/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Follow up call with co-counsel (Ali) regarding results of hearing, proposed FFCL&O, and fee issue under rules and OOJ; email correspondences with BKKunimoto, RJCassity, and co-counsel regarding the same; |
| 1/13/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Telephone conference with RJCassity regarding results of MSJ hearing and case strategy/next steps with respect to proposed FFCL and judgment [redacted] |
| 1/13/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Review/evaluate/respond to email correspondences with co-counsel and respective paralegals regarding coordinating and obtaining necessary supporting documents for fees/costs; |
| 1/13/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Email correspondences with VLLarsen and MWilloughby regarding supporting documents for fees and costs, request for transcript from today's MSJ hearing, and other related action items; |
| 1/13/2022 | Lin, Jenapher | $ | 766.50 | 2.1 | Prepare for/attend hearing on motions for summary judgment, including communications with co-counsel during hearing relating to the same and noting key points/contentions for file; |
| 1/13/2022 | Lin, Jenapher | $ | 1,569.50 | 4 3 | Begin to draft/review proposed FFCL&O granting MSJs and judgment in favor of Defendants, including [redacted] |

| | | | | | |
|---|---|---|---|---|---|
| 1/14/2022 | Lin, Jenapher | $ | 328.50 | 0 9 | Continue to review/draft proposed FFCL&O granting MSJs and judgment in favor of Defendants, including [redacted] |
| 1/18/2022 | Lin, Jenapher | $ | 1,350.50 | 3.7 | Continue to review/draft proposed FFCL&O granting MSJs and judgment in favor of Defendants, including [redacted] email correspondence to RJCassity attaching first cut for review and comment; |
| 1/19/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Email correspondences with co-counsel regarding status of pro hac renewal and confirming payment of renewal fee to NV Bar; |
| 1/19/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Telephone conference with RJCassity addressing case strategy relating to proposed FFCL, as well as pro hac renewals, and motion for fees & costs; |
| 1/19/2022 | Lin, Jenapher | $ | 182.50 | 0 5 | Review/follow up/investigate status of pro hac renewal certification and fee payment, including [redacted] communications with MWilloughby regarding the same; |
| 1/19/2022 | Lin, Jenapher | $ | 474.50 | 1 3 | Review/revise proposed FFCL [redacted] |
| 1/19/2022 | Lin, Jenapher | $ | 1,423.50 | 3 9 | Begin to draft Motion for Attorney's Fees [redacted] |
| 1/20/2022 | Cassity, Bob J. | $ | 1,037.50 | 2 5 | Conference with JLin regarding findings of fact; revise and work on findings of fact and conclusions of law; |
| 1/20/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Review/evaluate redlines/comments by RJCassity to proposed FFCL and Judgment in favor of Defendants; |
| 1/21/2022 | Cassity, Bob J. | $ | 332.00 | 0 8 | Conference with J. Lin regarding findings of fact and conclusions of law, motion for attorneys' fees; |
| 1/21/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Telephone conference with paralegal (MWilloughby) regarding fee issues and back ups in support of motion for fees; |
| 1/21/2022 | Lin, Jenapher | $ | 219.00 | 0.6 | Email correspondences to co-cousnel and then separately to defense counsel attaching the same [redacted] |
| 1/21/2022 | Lin, Jenapher | $ | 255.50 | 0.7 | Telephone conference with RJCassity regarding issues relating to facts/findings/conclusions in proposed FFCL, as well as arguments and points for and as relating to Motion for Fees; |
| 1/21/2022 | Lin, Jenapher | $ | 292.00 | 0 8 | Clean up redlines and internal comments/revisions in new version of draft FFCL for purposes of circulation to co-counsel and defense counsel for review/comment (in anticipation of circulating to opposing counsel by EOB Monday or early Tuesday in light of Thursday's deadline); email correspondence to RJCassity attaching and detailing the same; |
| 1/21/2022 | Lin, Jenapher | $ | 1,168.00 | 3 2 | Continue to review/review draft FFCL [redacted] |
| 1/21/2022 | Lin, Jenapher | $ | 1,496.50 | 4.1 | Review/revise draft FFCL to incorporate/resolve edits/comments by RJCassity, including [redacted] |
| 1/24/2022 | Lin, Jenapher | $ | 36.50 | 0.1 | Review/respond to email correspondence with co-counsel regarding FFCL; |
| 1/24/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Review/update FFCL to incorporate Fiserv revisions; email correspondence to defense counsel with updated/revised FFCL; |
| 1/24/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Email correspondence to opposing counsel (with co-counsel and defense counsel copied) attaching Defendants' Proposed FFCL for review and approval by COB 1/26; |
| 1/24/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Review/evaluate/respond to email correspondence from defense counsel regarding edits/approval to/of FFCL; follow up email correspondences to defense counsel yet to respond regarding status of review/approval; |

| | | | | | |
|---|---|---|---|---|---|
| 1/24/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Review/update FFCL to incorporate Shift4 revisions; email correspondence to defense counsel with updated/revised FFCL and seeking response from Fiserv; |
| 1/25/2022 | Lin, Jenapher | $ | 1,387.00 | 3 8 | Continue to draft Motion for Attorney's Fees (regarding [redacted] |
| 1/25/2022 | Willoughby, Michelle R. | $ | 525.00 | 2.1 | Draft spreadsheet containing list of all costs and disbursements, and pull back-up regarding same for use as exhibits to memorandum of costs; |
| 1/26/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Review/respond to email correspondences with opposing counsel regarding status of review/approval of proposed FFCL/Judgment; |
| 1/26/2022 | Lin, Jenapher | $ | 985.50 | 2.7 | Continue to draft Motion for Attorney's Fees (regarding [redacted] |
| 1/26/2022 | Willoughby, Michelle R. | $ | 275.00 | 1.1 | Draft memorandum of costs and disbursements, and finalize exhibit a spreadsheet for attorney review and approval (.3); continue to draft and revise attorneys' fees spreadsheet, and calculate totals for all timekeepers for use as exhibit to motion for attorneys fees (.8); |
| 1/27/2022 | Kunimoto, Bryce K. | $ | 315.00 | 0.6 | Analyze FFCL; |
| 1/27/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Draft email to chambers to accompany submission of Defendants' proposed FFCL/Judgment (and advising regarding potential competing order submission by Plaintiffs); email correspondence to VLLarsen including the same [redacted] |
| 1/27/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Follow up/review status of pending proposed FFCL/Judgment; email correspondences with defense counsel following up on proposed FFCL/Judgment [redacted] |
| 1/27/2022 | Willoughby, Michelle R. | $ | 50.00 | 0.2 | Communicate with Ms. Wright via email regarding format for fees and costs recovery and provide sample regarding same; |
| 1/28/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Review/evaluate/respond to email from opposing counsel belatedly proposing redlines to proposed FFCL/Judgment, copying other defense counsel on the same, and attaching email submission to chambers for reference; |
| 1/31/2022 | Lin, Jenapher | $ | 1,022.00 | 2 8 | Continue to draft Motion for Attorney's Fees, including [redacted] |
| 2/1/2022 | Lin, Jenapher | $ | 985.50 | 2.7 | Continue to review/draft Motion for Fees/Costs (re [redacted] |
| 2/1/2022 | Lin, Jenapher | $ | 1,022.00 | 2 8 | Follow up legal research/analyses regarding [redacted] |
| 2/1/2022 | Lin, Jenapher | $ | 1,314.00 | 3.6 | Continue to review/draft/revise Motion for Attorney's Fees and Costs (re [redacted] |
| 2/1/2022 | Willoughby, Michelle R. | $ | 325.00 | 1.3 | Revise and finalize attorneys fees spreadsheet and calculate totals for all time keepers for use as exhibit to motion for fees for JLin review and approval; |
| 2/2/2022 | Kunimoto, Bryce K. | $ | 105.00 | 0 2 | work on issues re declaration in support of mtn for attys fees and confcall with JLin re the same; |

| | | | | | |
|---|---|---|---|---|---|
| 2/2/2022 | Lin, Jenapher | $ | 693.50 | 1 9 | Draft/review/revise BKKunimoto's Affidavit in support of Motion for Fees & Costs, including [redacted] |
| 2/2/2022 | Lin, Jenapher | $ | 985.50 | 2.7 | Continue to review/draft Motion for Fees/Costs to incorporate supporting statements from BKKunitmoto Affidavit and points/authorities/legal arguments as to [redacted] |
| 2/3/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Email correspondences and telephone conference with BKKunimoto regarding working draft affidavit in support of fees to be circulated to co-counsel, as well as other fee-related issues; |
| 2/3/2022 | Lin, Jenapher | $ | 109.50 | 0.3 | Email correspondences/communications with paralegal (MWilloughby) regarding [redacted] Motion for Fees/Costs; |
| 2/3/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Email correspondences with co-counsel regarding F&M's affidavit in support of fees [redacted] |
| 2/3/2022 | Lin, Jenapher | $ | 328.50 | 0.9 | Legal research/analyses regarding [redacted] |
| 2/3/2022 | Lin, Jenapher | $ | 1,168.00 | 3 2 | Continue to review/draft Motion for Fees/Costs (re [redacted] |
| 2/4/2022 | Cassity, Bob J. | $ | 651.00 | 1.4 | Review correspondence from the court regarding order on motion for summary judgment; strategize regarding revisions to order; review proposed revisions to the order; correspondence regarding same; |
| 2/4/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Brief strategy meeting with RJCassity regarding the statute of limitations issue and mental impressions/conclusions relating to proposed redlines; |
| 2/4/2022 | Lin, Jenapher | $ | 109.50 | 0.3 | Review/evaluate email correspondence from chambers/clerk regarding necessary redlines to proposed FFCL/Judgment and resubmission; |
| 2/4/2022 | Lin, Jenapher | $ | 365.00 | 1 | Email correspondence to RJCassity attaching proposed redlines to FFCL/Judgment for review/approval; email correspondence to co-counsel attaching and noting the same [redacted] |
| 2/4/2022 | Lin, Jenapher | $ | 584.00 | 1.6 | Review/revise proposed FFCL/Judgment in accordance with Court's instructions, [redacted] |
| 2/7/2022 | Lin, Jenapher | $ | 73 00 | 0.2 | Review/evaluate/respond to email correspondences with defense counsel regarding redlines to FFCL/Judgment [redacted]; respond to email correspondence from co-counsel regarding the same; |
| 2/7/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Review/finalize revised FFCL/Judgment; email correspondence to Dept 22 of Defendants' submission per 2-4-2022 email; response to Dept 22 email and to opposing counsel's proposing finding for inclusion; |
| 2/7/2022 | Lin, Jenapher | $ | 328.50 | 0.9 | Review/finalize first cut of Motion for Fees and Costs; email correspondence to RJCassity for review/approval of the same prior to circulation to co-counsel; |
| 2/8/2022 | Cassity, Bob J. | $ | 232.50 | 0.5 | Review correspondence from court regarding Chattah objection; review and comment on draft response to the Court regarding same; |
| 2/8/2022 | Lin, Jenapher | $ | 36 50 | 0.1 | Review/evaluate email correspondence from opposing counsel responding to FFCL/Judgment email submission to Dept 22; |

| | | | | | |
|---|---|---|---|---|---|
| 2/8/2022 | Lin, Jenapher | $ | 474.50 | 1 3 | Review/evaluate email correspondence from Dept 22 regarding incorporating Chattah's proposed finding and resubmitting jointly signed/approved FFCL/Judgment; telephone conference with RJCassity regarding the same; review/analyze underlying filings/exhibits relating to [redacted] |
| 2/9/2022 | Cassity, Bob J. | $ | 1,023.00 | 2 2 | Revise and work on draft motion for attorney's fees and costs; revise declaration of BKunimoto in support of motion for attorney's fees; |
| 2/9/2022 | Lin, Jenapher | $ | 73.00 | 0.2 | Review/respond to email correspondences with defense counsel [redacted] respond to Dept 22's email correspondence regarding submission of joint FFCL/Judgment with Chattah's proposed revisions; |
| 2/11/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Telephone conference with RJCassity regarding Motion for Fees (re [redacted]; |
| 2/11/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Review/evaluate F&M fees and costs spreadsheet and supporting documents; email correspondence with paralegal (MWilloughby) regarding [redacted] |
| 2/11/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Email correspondence to co-counsel summarizing updates/developments/pending items relating to fee request [redacted] |
| 2/11/2022 | Lin, Jenapher | $ | 328.50 | 0 9 | Legal research/analyses of follow up issues for Motion for Fees (including re RJCassity edits/comments); |
| 2/11/2022 | Lin, Jenapher | $ | 766.50 | 2.1 | Review/revise Motion for Fees and BKKunimoto Affidavit, addressing/resolving redlines/comments (RJCassity) [redacted] |
| 2/14/2022 | Willoughby, Michelle R. | $ | 50 00 | 0.2 | Communicate with Ms. Wright and JLin regarding motion for fees and costs and additional back-up needed; |
| 2/16/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Review/evaluate email correspondence from Dept 22 regarding suggested rework to Plaintiffs' proposed footnote [redacted] |
| 2/16/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Brief meeting with RJCassity/BKKunimoto addressing case strategy/responsive plan regarding Dept 22's suggested rework/request; |
| 2/16/2022 | Lin, Jenapher | $ | 292.00 | 0 8 | Email correspondence to defense counsel [redacted] in response to Dept 22's suggested rework, [redacted] |
| 2/17/2022 | Kunimoto, Bryce K. | $ | 105.00 | 0 2 | analyze email from Atty. Jason Smith re [redacted] |
| 2/17/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Email exchanges with opposing counsel (all parties copied) obtaining confirmation/approvals of FFCL/Judgment for both Sciara and CapFund; |
| 2/17/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Telephone call from Dept 22 regarding FFCL/Judgment submission; |
| 2/17/2022 | Lin, Jenapher | $ | 109.50 | 0 3 | Review/evaluate/respond to email communications (multiple) with other defense counsel's [redacted]; review/evaluate Dept 22's rejection email; |
| 2/17/2022 | Lin, Jenapher | $ | 146.00 | 0.4 | Review/finalize FFCL/Judgment with electronic signatures and attaching corresponding email authorizations; email correspondence to Dept 22 with all counsel copied and attaching proposed FFCL/Judgment for Court's consideration/entry; respond to email correspondence from Dept 22 (re rejecting prior FFCL/Judgment and preference for proposed order approved/signed by all parties) advising of resubmission and attaching the same; |
| 2/17/2022 | Lin, Jenapher | $ | 219.00 | 0.6 | Review/revise FFCL/Judgment to incorporate footnote on substitution and EVO's proposed addition; email correspondence to all parties attaching the same for review/approval and submission to the Court; |
| 2/18/2022 | Willoughby, Michelle R. | $ | 25.00 | 0.1 | Review and download Farhang Medcoff revised spreadsheet containing all fees and costs for use as exhibit to motion for fees; |
| 2/24/2022 | Cassity, Bob J. | $ | 232.50 | 0 5 | Review court order on motion for summary judgment; coordinate memorandum of costs; |
| 2/24/2022 | Lin, Jenapher | $ | 73.00 | 0 2 | Draft notice of entry of judgment, including reviewing/evaluating relevant provisions of NRCP regarding notice of entry of judgment and FFCL/Judgment entered; email correspondence to VLLarsen regarding finalizing/filing the same; |

| | | | | |
|---|---|---|---|---|
| 2/24/2022 | Lin, Jenapher | $ 219.00 | 0.6 | Review/evaluate e-notices regarding entry of FFCL/Judgment and status of pending drafts/items (re memo of costs; motion for fees) and next steps/deadlines triggered; email correspondences to co-counsel regarding entry of judgment and detailing deadlines triggered thereby (re memo of costs; motion for fees) and next steps for the same; email correspondence to MWilloughby to update memo of costs and exhibits; |
| 2/25/2022 | Lin, Jenapher | $ 36.50 | 0.1 | Telephone call to Tish (co-counsel paralegal) regarding back ups for costs and fees; |
| 2/25/2022 | Lin, Jenapher | $ 73.00 | 0 2 | Review/evaluate/respond to email correspondences from co-counsel and other defendants regarding fee motions; confer with RJCassity regarding the same; |
| 2/25/2022 | Willoughby, Michelle R. | $ 425.00 | 1.7 | Revise exhibit a to memorandum of costs to incorporate additional costs, and pull back-up documentation for same for Holland & Hart (1.4); revise and finalize memorandum of costs for attorney review and approval (.2); communicate with Ms. Wright regarding back-up for memorandum of costs (.1); |
| 2/28/2022 | Cassity, Bob J. | $ 232.50 | 0 5 | Confer with JLin regarding motion for attorney fees, memorandum of costs; |
| 2/28/2022 | Kunimoto, Bryce K. | $ 210.00 | 0.4 | analyze memo of costs, my declaration and backup documentation in support of the same; |
| 2/28/2022 | Lin, Jenapher | $ 36.50 | 0.1 | Brief discussion with RJCassity regarding motion for fees [redacted] |
| 2/28/2022 | Lin, Jenapher | $ 73.00 | 0 2 | Review/evaluate/respond to email correspondences with defense counsel regarding memo of costs and motions for attorneys fees; |
| 2/28/2022 | Lin, Jenapher | $ 146.00 | 0.4 | Review/evaluate/revise memo of costs; email correspondences with BKKunimoto regarding approval and execution of affidavit; email correspondence to co-counsel attaching memo of costs and back up exhibits for review, approval, and execution of affidavit; |
| 2/28/2022 | Willoughby, Michelle R. | $ 400.00 | 1.6 | Revise and finalize memorandum of costs to include Farhang & Medcoff additional costs (.3); review and download Farhang & Medcoff back-up documentation for costs, calculate costs by categories, redact all account numbers, and finalize exhibit ( 9); revise Holland & Hart spreadsheet for fees to incorporate attorney revisions, and finalize exhibit for memorandum of costs (.4); |
| | **TOTAL** | **$ 172,226.00** | **477.9** | |

# EXHIBIT B

EXHIBIT B

**AFFT**
Bryce K. Kunimoto
Nevada Bar No. 7781
Robert J. Cassity
Nevada Bar No. 9779
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
jlin@hollandhart.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701
Phone: 520.214.2000
Fax: 520.214.2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants, | Case No. A-20-824100-B<br>Dept. No. XXII<br><br>**AFFIDAVIT OF ALI J. FARHANG IN SUPPORT OF MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR ATTORNEY'S FEES** |

and

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

STATE OF ARIZONA )
) ss:
COUNTY OF PIMA )

I, Ali J. Farhang being duly sworn, state as follows:

1. I am over 18 years of age and am competent to testify as to the matters set forth in this Affidavit based upon my own personal knowledge.

2. I am the managing partner at the law firm of Farhang & Medcoff ("F&M"), co-counsel of record for Defendants MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC (collectively, as the "MiCamp Entities" or "MiCamp") in the above-captioned matter.

3. I make this Affidavit in support of the MiCamp Entities' Motion for Attorney's Fees (the "Motion"), requesting the Court award MiCamp fees in the amount of $162,269.50 against Plaintiffs Brian Sciara ("Sciara") and CapFund Enterprises, Inc. ("CapFund" and, collectively with Sciara, "Plaintiffs") pursuant to NRCP 68, NRS 17.117, NRS 18.010(2), and EDCR 7.60(b).

4. On November 17, 2021, Defendants MiCamp, Fiserv, Inc. ("Fiserv"), EVO Payments, Inc. ("EVO"), and Shift4 Payments, LLC ("Shift4") (collectively, "Defendants"), collectively, by and through their respective counsel of record, made a timely, good faith offer pursuant to NRCP 68 and NRS 17.117 to have judgment taken against Defendants and in favor of Plaintiffs in the amount of $40,000.00, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts offered (the "Offer of Judgment" or "OOJ"). A true and correct copy of Defendants' Offer of Judgment, dated Nov. 17, 2021, is attached to the Motion as **Exhibit C**.

5. Pursuant to NRCP 68(e), Plaintiffs rejected Defendants' Offer of Judgment by failing to accept and allowing the OOJ to expire on December 1, 2021.

6. On January 13, 2022, Defendants' respective Motions for Summary Judgment

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

came on for hearing before this Court and each were granted on the respective grounds set forth therein as to all claims asserted in Plaintiffs' Verified First Amended Complaint (the "FAC"), dated Mar. 15, 2021. *See* Jan. 13, 2022 Hearing Transcr., filed Jan. 26, 2022, at 18.

7. On February 24, 2022, the Court entered the corresponding Findings of Fact, Conclusions of Law, Order Granting Defendants' respective Motions for Summary Judgment, and Judgment in favor of Defendants and against Plaintiffs as to all claims asserted in Plaintiffs' FAC (the "FFCL/Judgment"). (Doc. 136).

8. Based on the FFCL/Judgment, Defendants are the prevailing parties in this action and Plaintiffs failed to obtain a more favorable judgment after rejecting Defendants' OOJ.

9. Notice of Entry of the FFCL/Judgment was filed and served on all parties by the MiCamp Entities on February 24, 2022. (Doc. 137).

10. I am the attorney responsible for billings with respect to F&M in the instant case.

11. Attached hereto as **Exhibit 1** are true and correct copies of F&M's pre- and post-OOJ time entries in connection with defending against and defeating Plaintiffs' claims in this action. Exhibit 1 provides an itemization of the time spent by each attorney and paralegal, the respective amounts billed, proper adjustments to the time and amounts billed, and a detailed description of the work performed. Where applicable, all attorney-client and work product privilege information has also been redacted. Upon request of the Court, F&M will provide to the Court, *in camera*, the unredacted version of the time entries.

12. Below is a table summarizing and totaling the attorney's fees incurred from F&M's time entries:

| TIMEKEEPER | POSITION | TOTAL HOURS | RATES | TOTAL |
|---|---|---|---|---|
| Ali J. Farhang | Partner | 222 | $375-$395 | $86,062.00 |
| Adam T. Peterson | Partner | 128.7 | $325-$370 | $46,323.00 |
| Jacob R. Valdez | Associate | 33.3 | $265-$285 | $9,456.50 |
| Patrick E. McCormick | Associate | 3.2 | $335 | $1,072.00 |
| Robert S. McManimon | Associate | 37 | $285 | $10,545.00 |
| Letitia Wright | Paralegal | 36.6 | $190-$210 | $7,572.00 |
| Jenna Lathrop | Paralegal | 5.9 | $210 | $1,239.00 |
| | **TOTAL** | **466.7** | | **$162,269.50** |

13. The total amount incurred for attorney's fees from F&M is $162,269.50, $49,330.00 of which was incurred after November 17, 2021, the date of Defendants' Offer of Judgment. *See* Ex. 1. These fees are reasonable, economical, and customarily charged to clients of F&M.

14. F&M is an AV-rated law firm with extensive experience in commercial litigation. The ability, training, education, experience, professional standing, and skill of the professionals representing the MiCamp Entities were demonstrated in the pleadings, motions, and other documents filed with the Court.

15. The F&M attorneys and staff working on this case have experience in civil litigation, which were instrumental in the success of defending against and defeating Plaintiffs' claims in this action.

16. I have approximately 25 years of commercial litigation experience and have received the following recognition and accolades:

a. The Best Lawyers in America, Labor & Employment Law, 2020-2022;

b. Southwest Super Lawyers®, 2022;

c. Arizona's Finest Lawyers® 2015-2022;

d. Top Lawyers, Tucson Lifestyle Magazine®, 2011;

e. AV-Rated by Martindale-Hubbell; and

f. Recipient of "40 Under 40 Award," Tucson Business Edge Magazine®, 2006.

17. Adam T. Peterson has approximately 14 years of commercial litigation experience and has received the following recognition and accolades:

a. Illinois Super Lawyers®, Rising Stars, Business Litigation 2015-2016; and

b. Southwest Super Lawyers®, Rising Stars, Business Litigation 2017-2021.

18. Robert McManimon, an associate at F&M, has approximately seven years of litigation experience, and has received the following recognition and accolades:

a. American Bar Association Distinguished Serve Award, 2017-2018; and

b. Navy and Marine Corps Commendation Medal for Exemplary Legal Services, 2019

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

19. Associates Jacob Valdez and Patrick McCormick have three and seven years of litigation experience respectively and have performed appropriate litigation support including legal research and drafting.

20. Jenna Lathrop and Letitia Wright are paralegals with F&M with two and 30 years of experience respectively.

21. The attorney's fees have been necessarily incurred and paid by the MiCamp Entities with respect to this matter.

22. At all relevant times, my colleagues and I have maintained contemporaneously completed time records in the form of daily time entries into a computer database to accurately reflect all work performed. The time for each discrete task is described in detail and billed in 1/10th of an hour increments. Bills are generated monthly and submitted electronically within three weeks of the close of the billing month.

23. As the responsible billing attorney, I have reviewed the information contained herein and in the accompanying Exhibits attached hereto and confirm that F&M's time entries were reviewed and edited and that the fees charged are reasonable to the best of my knowledge and belief.

24. It is my opinion that the total amount of time spent on this matter is reasonable, and that the services performed were necessary to adequately and successfully represent the MiCamp Entities in this matter, in light of the circumstances of this case and the scope and difficulty of the legal issues involved.

25. I am generally familiar with the hourly billing rates of attorneys in the Tucson, Arizona area. In my opinion, the hourly rates that F&M has charged for professional services in this matter are fair and reasonable considering: (a) my legal training and level of experience and that of my colleagues at F&M; (b) the nature and length of the firm's professional relationship with the MiCamp Entities; (c) the amount in dispute; and (d) the hourly billing rates charged by other legal professionals practicing in the Tucson, Arizona area with similar education, background, and experience and with law firms of comparable size on matters of similar complexity during the relevant time periods. The F&M billing rates in effect for the

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

case were and are consistent with the rates of other such lawyers. I hereby affirm the reasonableness of the attorney's fees incurred in connection with this case.

26. F&M believes the fees sought are appropriate, and the fees are reasonable and necessary in light of the circumstances of this case and the scope and difficulty of the business and legal issues involved.

27. F&M believes every professional employed on behalf of its clients has a responsibility to control fees and expenses by providing services in an efficient and effective manner. To this end, F&M diligently works to coordinate and facilitate the efficient prosecution of the matters for which it is employed. Staffing of matters within the case is done with the objective of providing the level of representation appropriate to the significance, complexity, and difficulty of the particular matter.

28. As best appropriate, the attorneys coordinate tasks to avoid duplication of efforts and F&M reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided.

29. Therefore, the attorney's fees incurred in this matter are reasonable, appropriate, and warranted under the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969).

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 3rd day of March 2022.

ALI J. FARHANG

SUBSCRIBED and SWORN to before me this 3rd day of March 2022 by Ali J. Farhang.

Melodee Grams

NOTARY PUBLIC

MELODEE GRAMS
Notary Public - Arizona
Pima County
Commission # 574906
My Comm. Expires Nov 1, 2023

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# EXHIBIT B-1

EXHIBIT B-1

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 09/01/2020 | AJF | Review and analyze complaint and allegations asserted; communications with client regarding same. | 1.60 | $375.00 | $600.00 |
| 09/02/2020 | AJF | Review and analyze strategy issues; communications with client; conference regarding matter; communications with B. Kunimoto. | 2.00 | $375.00 | $750.00 |
| 09/03/2020 | AJF | Review and analyze information; multiple communications with counsel and client. | 2.30 | $375.00 | $862.50 |
| 09/04/2020 | AJF | Review Sprouts AZ Complaint; communications with client; communications with B. Kunimoto; communications with counsel for Sciara; review and analyze litigation strategy issues and matters relating to representation. | 1.80 | $375.00 | $675.00 |
| 09/04/2020 | ATP | Receipt and review Complaint against Sciara and telephone conference with counsel for Campbell regarding Sciara lawsuit threat. (NC) | 1.00 | $325.00 | $325.00 |
| 09/08/2020 | AJF | Review and communications regarding multiple status and strategy issues; review and analyze PA. | 2.50 | $375.00 | $937.50 |
| 09/09/2020 | AJF | Communications with client and B. Kunimoto; review strategy issues. | 1.10 | $375.00 | $412.50 |
| 09/11/2020 | AJF | Communications with opposing counsel; review strategy issues. (NC) | 0.50 | $375.00 | $187.50 |
| 09/11/2020 | ATP | Review and analysis of [redacted] and evaluate [redacted] | 0.80 | $325.00 | $260.00 |
| 09/14/2020 | AJF | Communications regarding status issues; communications with B. Kunimoto. | 0.70 | $375.00 | $262.50 |
| 09/14/2020 | ATP | Conference to address [redacted] and call with [redacted]egarding same. (.4); Email exchange with [redacted] of MiCamp entities and email exchange with Micah regarding same (.6). | 1.00 | $325.00 | $325.00 |
| 09/14/2020 | LW | Online search of Maricopa County and surrounding area courts [redacted] | 0.50 | $190.00 | $95.00 |
| 09/15/2020 | AJF | Review and analyze strategy issues and communications with client; communications with B. Kunimoto; review operating agreement. | 1.80 | $375.00 | $675.00 |
| 09/15/2020 | ATP | Receive email from [redacted] regarding [redacted] (.2); Review and analysis of [redacted] and interplay with [redacted] (1.2); Email with counsel for Sciara regarding telephone conference to discuss threatened litigation (.2). | 1.60 | $325.00 | $520.00 |
| 09/16/2020 | AJF | Review strategy issues and confer regarding same; communications with opposing counsel. | 1.00 | $375.00 | $375.00 |
| 09/16/2020 | ATP | Prepare for and attend telephone conference with opposing counsel regarding allegations in Complaint (1.0); Telephone call with Micah regarding indemnification issues. (.3). | 1.30 | $325.00 | $422.50 |
| 09/17/2020 | AJF | Communications with B. Kunimoto; analyze attorney issue and communications with Bar ethics counsel. | 1.30 | $375.00 | $487.50 |
| 09/17/2020 | ATP | Call with counsel for Stephen Campbell regarding [redacted] (NC) | 0.50 | $325.00 | $162.50 |
| 09/18/2020 | ATP | Email to Micah with status update on conversation with Sciara's attorney and [redacted] issues. (NC) | 0.30 | $325.00 | $97.50 |
| 09/22/2020 | AJF | Review information and communications with client regarding [redacted] issue; communications regarding strategy issues. | 1.40 | $375.00 | $525.00 |
| 09/22/2020 | ATP | Email exchange with Stephen's attorney regarding update on indemnification issues. | 0.20 | $325.00 | $65.00 |
| 09/23/2020 | AJF | Review multiple strategy issues; communications with client and B. Kunimoto; communications with P. Lundvall; communications with [redacted] | 2.20 | $375.00 | $825.00 |
| 09/23/2020 | ATP | Multiple calls with [redacted] and [redacted] regarding Sciara complaint and [redacted] | 1.00 | $325.00 | $325.00 |
| 09/24/2020 | AJF | Conference with B. Kunimoto; continue analysis of [redacted] issues; communications with client; review deposition; review Sciara pleadings. | 2.70 | $375.00 | $1,012.50 |
| 09/24/2020 | ATP | Telephone conference with [redacted] regarding strategy moving forward and [redacted] issues (.8); Confer and call with Micah regarding same (.2). | 1.00 | $325.00 | $325.00 |
| 09/25/2020 | AJF | Communications with client. (NC) | 0.50 | $375.00 | $187.50 |
| 09/25/2020 | ATP | Telephone conference with client | 0.50 | $325.00 | $162.50 |
| 09/28/2020 | AJF | Review and revise [redacted] letter; review communications from B. Kunimoto; regarding representation; analyze status and strategy issues; communications with client. | 1.50 | $375.00 | $562.50 |
| 09/28/2020 | ATP | Draft [redacted] to Stephen Campbell. | 1.50 | $325.00 | $487.50 |
| 09/29/2020 | AJF | Communications with potential local counsel; review status issues. | 0.50 | $375.00 | $187.50 |
| 09/30/2020 | AJF | Communications with potential local counsel in Nevada; confer regarding status and strategy issues. (NC) | 1.00 | $375.00 | $375.00 |
| 09/30/2020 | ATP | Telephone call and email with [redacted] regarding retention as local counsel on behalf of MiCamp. (.8); Draft revisions to proposed ESI protocol (1.2). | 2.00 | $325.00 | $650.00 |
| 10/01/2020 | AJF | Communications with [redacted]; communications with client regarding same; confer regarding same. | 0.80 | $375.00 | $300.00 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 10/01/2020 | ATP | Draft additions and revisions to [redacted] letter (.8); Multiple emails with counsel for Stephen regarding [redacted] issues (.5); Conference to address [redacted] (.4). | 1.70 | $325.00 | $552.50 |
| 10/02/2020 | AJF | Review and confer regarding multiple issues; communications with client and B. Kunimoto. | 1.00 | $375.00 | $375.00 |
| 10/02/2020 | ATP | Review engagement letter from [redacted]. (NC) | 0.30 | $325.00 | $97.50 |
| 10/05/2020 | AJF | Review [redacted] response correspondence and communications regarding same. | 0.80 | $375.00 | $300.00 |
| 10/05/2020 | ATP | Legal research regarding personal jurisdiction in Nevada and draft letter to opposing counsel regarding same. | 1.30 | $325.00 | $422.50 |
| 10/07/2020 | AJF | Review and communications regarding multiple issues. | 1.00 | $375.00 | $375.00 |
| 10/08/2020 | AJF | Communications with [redacted] regarding multiple corporate issues related to matter, including those relating to [redacted]. | 1.00 | $375.00 | $375.00 |
| 10/09/2020 | AJF | Multiple communications regarding [redacted] and defense issues; review invoice; review [redacted] issues. | 1.50 | $375.00 | $562.50 |
| 10/09/2020 | ATP | Receipt and review redacted invoice from B. Kunimoto and email exchange with Micah regarding same. (NC) | 0.40 | $325.00 | $130.00 |
| 10/12/2020 | AJF | Communications with potential local counsel; review issues related to allegations asserted in complaint and communications regarding same; Send communication to [redacted]. | 0.80 | $375.00 | $300.00 |
| 10/12/2020 | ATP | Telephone call and email with [redacted] regarding potential local counsel representation. | 0.40 | $325.00 | $130.00 |
| 10/13/2020 | AJF | Communications with B. Kunimoto; review status issues.; Communications with M. Kinsler. | 1.00 | $375.00 | $375.00 |
| 10/20/2020 | AJF | Communications with client regarding matter; review issues regarding claims asserted and defense strategies. (NC) | 1.00 | $375.00 | $375.00 |
| 10/21/2020 | AJF | Review and communications regarding [redacted] issues; communications with [redacted]; review information. | 1.70 | $375.00 | $637.50 |
| 10/22/2020 | AJF | Communications regarding [redacted] issues and follow up information requested from client; Review communications regarding [redacted] on Merchant Statement and information provided by client. | 1.50 | $375.00 | $562.50 |
| 10/23/2020 | AJF | Multiple communications with client and B. Kunimoto regarding matter; confer regarding strategy issues. | 1.00 | $375.00 | $375.00 |
| 10/28/2020 | AJF | Review information and communications with client and [redacted] regarding [redacted] issues; review information from G. Jeppsen. | 1.30 | $375.00 | $487.50 |
| 11/02/2020 | AJF | Communications with [redacted] and B. Kunimoto; review strategy issues. | 1.40 | $375.00 | $525.00 |
| 11/03/2020 | AJF | Communications regarding matter; review issue preclusion issue. | 1.00 | $375.00 | $375.00 |
| 11/04/2020 | AJF | Review revised complaint and communications regarding same. | 1.00 | $375.00 | $375.00 |
| 11/05/2020 | AJF | Attend meeting with [redacted]; review issues and communications regarding same. | 1.30 | $375.00 | $487.50 |
| 11/06/2020 | AJF | Communications regarding litigation and representation issues; review pro hoc vice application; communications with B. Kunimoto. | 1.00 | $375.00 | $375.00 |
| 11/09/2020 | AJF | Communications regarding mediation issues. | 0.50 | $375.00 | $187.50 |
| 11/16/2020 | AJF | Review status issues. (NC) | 0.50 | $375.00 | $187.50 |
| 11/18/2020 | AJF | Communications regarding [redacted] and related litigation issues. | 0.50 | $375.00 | $187.50 |
| 11/23/2020 | AJF | Communications with B. Kunimoto; review issues related to dismissal motion; review engagement letter. | 1.30 | $375.00 | $487.50 |
| 11/24/2020 | AJF | Review and communications regarding [redacted] issues; communications with [redacted]. | 0.80 | $375.00 | $300.00 |
| 11/25/2020 | AJF | Communications with B. Kunimoto regarding [redacted] and representation issues; confer regarding dismissal arguments; communications regarding service. | 1.10 | $375.00 | $412.50 |
| 11/25/2020 | ATP | Call with Bryce regarding strategy with proceeding to respond to Complaint. (NC) | 0.40 | $325.00 | $130.00 |
| 11/30/2020 | AJF | Communications regarding extension to file responsive pleading and review issues regarding motion to dismiss; communications with [redacted] and client; review summons and complaint issues. | 1.40 | $375.00 | $525.00 |
| 11/30/2020 | ATP | Call with Bryce regarding strategy. | 0.40 | $325.00 | $130.00 |
| 12/02/2020 | AJF | Communications with [redacted] and B. Kunimoto regarding matter. | 0.60 | $375.00 | $225.00 |
| 12/07/2020 | ATP | Begin drafting Motion to Dismiss. | 1.20 | $325.00 | $390.00 |
| 12/09/2020 | AJF | Review Nevada dismissal issues; multiple communications regarding same. | 2.00 | $375.00 | $750.00 |
| 12/10/2020 | AJF | Communications with B. Kunimoto and client regarding matter; review motion for sanctions. | 1.20 | $375.00 | $450.00 |
| 12/11/2020 | AJF | Communications with B. Kunimoto and counsel for Fiserv regarding matter; review issues regarding 12(b)(6) grounds for substantive claims. | 1.50 | $375.00 | $562.50 |
| 12/15/2020 | AJF | Review information provided by [redacted]; communications regarding same. | 1.00 | $375.00 | $375.00 |
| 12/16/2020 | AJF | Communications with counsel for all Defendant parties regarding litigation. | 0.60 | $375.00 | $225.00 |
| 12/21/2020 | AJF | Conference with counsel regarding status and strategy issues; review legal issues regarding motion to dismiss. | 2.20 | $375.00 | $825.00 |
| 12/21/2020 | JRV | Being drafting Motion to Dismiss. | 1.40 | $265.00 | $371.00 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 12/22/2020 | AJF | Review Transfer to Business Court and the assigned business court judge; analyze same; communications with B. Kunimoto; review status of motion to dismiss. | 1.50 | $375.00 | $562.50 |
| 12/22/2020 | JRV | Finalize draft of Motion to Dismiss. | 0.20 | $265.00 | $53.00 |
| 12/23/2020 | AJF | Review Fiserv draft motion to dismiss. | 0.60 | $375.00 | $225.00 |
| 12/26/2020 | AJF | Review 9th Circuit opinion on jurisdiction and analyze and communications regarding impact on our motion to dismiss to be filed. | 1.30 | $375.00 | $487.50 |
| 12/28/2020 | AJF | Review and revise draft motion to dismiss and issues regarding same. | 1.50 | $375.00 | $562.50 |
| 12/28/2020 | ATP | Begin drafting Motion to Dismiss (3.5); Email exchange with Micah regarding factual background to support Motion to Dismiss (.3). | 3.80 | $325.00 | $1,235.00 |
| 12/29/2020 | LW | Make revisions to Motion to Dismiss. | 0.60 | $190.00 | $114.00 |
| 12/30/2020 | ATP | Draft Motion to Dismiss. | 3.50 | $325.00 | $1,137.50 |
| 12/30/2020 | LW | Review and revise Motion to Dismiss (1.8), begin drafting affidavit of Micah Kinsler (.4). | 2.20 | $190.00 | $418.00 |
| 01/01/2021 | AJF | Review and finalize motion to dismiss. and affidavit. | 2.00 | $375.00 | $750.00 |
| 01/04/2021 | AJF | Review and communications regarding motion to dismiss; Communications with B. Kunimoto | 1.00 | $375.00 | $375.00 |
| 01/04/2021 | ATP | Call with B. Kunimoto regarding Motion to Dismiss and developments from his call with [redacted] (.3); Draft revisions to Motion to Dismiss in light of call with B. Kunimoto (.4); Email drafts of Motion to Dismiss to Bryce and Micah for review and comment. (.3). | 1.00 | $325.00 | $325.00 |
| 01/05/2021 | AJF | Review and communications regarding invoice (NC). | 1.00 | $375.00 | $375.00 |
| 01/05/2021 | AJF | Review redlines and comments to the draft MTD; review argument section that PL's Nevada RICO claim (4th Claim for Relief) should be dismissed for failure to state a claim and failure to plead with particularity. | 1.20 | $375.00 | $450.00 |
| 01/05/2021 | ATP | Receipt and review additions to Motion to Dismiss regarding Nevada-RICO claim and draft additions to Kinsler Affidavit (.8). | 0.80 | $325.00 | $260.00 |
| 01/06/2021 | AJF | Review and finalize MTD; communications regarding same (NC). | 1.00 | $375.00 | $375.00 |
| 01/06/2021 | JRV | Cite checks for draft Motion to Dismiss. | 0.10 | $265.00 | $26.50 |
| 01/06/2021 | LW | Review and revise Motion to Dismiss and Affidavit of Micah Kinsler in support thereof. | 1.90 | $190.00 | $361.00 |
| 01/07/2021 | ATP | Finalize Motion to Dismiss and Affidavit of Micah Kinsler. | 0.90 | $325.00 | $292.50 |
| 01/08/2021 | AJF | Review Shift4 and multiple litigation strategy issues; Communications with B. Kunimoto. | 1.00 | $375.00 | $375.00 |
| 01/11/2021 | AJF | Review and communications regarding MTD and briefing schedule; confer regarding strategy issues. | 0.70 | $375.00 | $262.50 |
| 01/12/2021 | AJF | Review status and strategy issues; communications regarding same. | 1.30 | $375.00 | $487.50 |
| 01/12/2021 | LW | Review motion to dismiss (.2), review Nevada rules of civil procedure relating to motion practice (.3). | 0.50 | $190.00 | $95.00 |
| 01/13/2021 | AJF | Review and confer regarding status of motion for sanctions and other litigation strategy issues. | 1.00 | $375.00 | $375.00 |
| 01/14/2021 | AJF | Review pro hac vice applications; review and communications regarding litigation issues. | 1.00 | $375.00 | $375.00 |
| 01/15/2021 | AJF | Review Shift4 pleading and litigation issues; review Court's Business Court Order setting a Rule 16 Conference. | 1.10 | $375.00 | $412.50 |
| 01/19/2021 | AJF | Review and communications regarding litigation status and strategy issues. | 0.50 | $375.00 | $187.50 |
| 01/21/2021 | AJF | Review and communications regarding reply to MTD and Rule 16 Conference; review related litigation strategy issues. | 0.50 | $375.00 | $187.50 |
| 01/22/2021 | AJF | Review stipulation and order; review substitution of counsel; communications regarding strategy issues. | 1.50 | $375.00 | $562.50 |
| 02/02/2021 | AJF | Review and confer regarding revised ESI and related litigation issues. | 0.50 | $395.00 | $197.50 |
| 02/04/2021 | AJF | Review litigation scheduling status; communications with B. Kunimoto. | 0.70 | $395.00 | $276.50 |
| 02/05/2021 | AJF | Review EVO Payments, Inc.'s Motion to Dismiss and confer regarding joinder on conspiracy claims. | 1.00 | $395.00 | $395.00 |
| 02/08/2021 | AJF | Review and communications with B. Kunimoto regarding strategy issues. | 0.50 | $395.00 | $197.50 |
| 02/11/2021 | AJF | Multiple communications regarding case status and strategy issues; review same; review responses to multiple motions to dismiss | 2.00 | $395.00 | $790.00 |
| 02/12/2021 | AJF | Review issues related to reply and concurrent motions for sanctions; communications regarding same. | 1.00 | $395.00 | $395.00 |
| 02/12/2021 | ATP | Receipt and review Response in Opposition to Motion ot Dismiss and evaluate case law regarding same. | 1.20 | $370.00 | $444.00 |
| 02/15/2021 | ATP | Complete draft version of Reply Brief in Support of Motion to Dismiss. (4.3); Email exchange with local counsel regarding same. (.2). | 4.50 | $370.00 | $1,665.00 |
| 02/16/2021 | AJF | Review and modify draft Reply with the RICO argument section; confer regarding personal jurisdiction argument. | 1.20 | $395.00 | $474.00 |
| 02/16/2021 | ATP | Draft Reply in Support of Motion to Dismiss for lack of personal jurisdiction. | 5.50 | $370.00 | $2,035.00 |
| 02/17/2021 | AJF | Review and analyze draft reply brief; communications regarding same. | 1.50 | $395.00 | $592.50 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 02/17/2021 | LW | Review and revise reply in support of motion to dismiss | 0.50 | $210.00 | $105.00 |
| 02/18/2021 | AJF | Review revised and finalized Reply Brief. | 0.50 | $395.00 | $197.50 |
| 02/18/2021 | ATP | Receipt and review revised Reply Brief in Support of Motion to Dismiss (1.0); Call with Bryce regarding hearing on Motion to Dismiss (.5). | 1.50 | $370.00 | $555.00 |
| 02/22/2021 | AJF | Review Shift4, Fiserv and EVO's replies in support of dismissal. | 0.80 | $395.00 | $316.00 |
| 02/22/2021 | ATP | Draft additions/revisions to final version of Reply brief in support of motion to dismiss. | 0.90 | $370.00 | $333.00 |
| 02/24/2021 | ATP | Multiple emails with local counsel regarding Monday's hearing and Rule 16 Scheduling Conference. | 0.20 | $370.00 | $74.00 |
| 02/26/2021 | AJF | Communications regarding scheduling order and discovery schedule. | 0.50 | $395.00 | $197.50 |
| 03/01/2021 | ATP | Prepare for and attend motion hearing and scheduling conference (1.0); Call with Micah regarding update following hearing and plan to proceed (1.0). | 2.00 | $370.00 | $740.00 |
| 03/02/2021 | AJF | Review Business Court Scheduling Order and Order Setting Trial; confer regarding same. | 0.60 | $395.00 | $237.00 |
| 03/05/2021 | AJF | Review hearing transcript; confer regarding strategy issues. | 1.20 | $395.00 | $474.00 |
| 03/08/2021 | AJF | Communications with B. Kunimoto regarding status and strategy issues; review claim preclusion issue. | 1.10 | $395.00 | $434.50 |
| 03/10/2021 | AJF | Review and confer regarding protective order. | 1.00 | $395.00 | $395.00 |
| 03/10/2021 | LW | Discussion regarding initial disclosure | 0.20 | $210.00 | $42.00 |
| 03/15/2021 | AJF | Review and analyze verified amended complaint; review and analyze sanctions order; multiple communications regarding litigation strategy issues. | 2.20 | $395.00 | $869.00 |
| 03/15/2021 | LW | Prepare litigation hold letter (.8), prepare litigation hold notice (.5). | 1.30 | $210.00 | $273.00 |
| 03/16/2021 | AJF | Review, analyze and communications regarding motion to dismiss pleading to first amended complaint. | 1.00 | $395.00 | $395.00 |
| 03/16/2021 | ATP | Receipt, review, and analysis of First Amended Complaint (.8); Email exchange with local counsel regarding revisions to Motion to Dismiss for lack of personal jurisdiction and failure to state a RICO claim (.1). | 0.90 | $370.00 | $333.00 |
| 03/17/2021 | AJF | Communications with B. Kunimoto regarding developing information, review same and confer regarding litigation strategy; research and review claim/issue preclusion law in Nevada in relation to motion to dismiss. | 2.20 | $395.00 | $869.00 |
| 03/17/2021 | ATP | Receipt, review, and analysis of sanctions order by federal court (.3); Conference to address [redacted] (.4); Call with Bryce regarding strategy (.3). | 1.00 | $370.00 | $370.00 |
| 03/18/2021 | AJF | Communications with co-counsel regarding strategy issues. | 0.60 | $395.00 | $237.00 |
| 03/22/2021 | ATP | Draft Renewed Motion to Dismiss regarding Successive Litigation and Anti-Claim Splitting. | 4.40 | $370.00 | $1,628.00 |
| 03/22/2021 | JRV | Review relevant deadline sand confer with T. Wright regarding same (.3); critically review first amended complaint and second motion to dismiss regarding same (.4). | 0.70 | $285.00 | $199.50 |
| 03/24/2021 | AJF | Review pleadings and strategy issues; conference with all co-defense counsel regarding motion to dismiss and litigation issues; review hearing transcript. | 2.30 | $395.00 | $908.50 |
| 03/24/2021 | ATP | Call with all defense counsel regarding defense strategy on Motion to Dismiss (.6); Receipt and review email from Fiserv Counsel regarding comity and first to file case law and argument and incorporate same into MiCamp's Motion to Dismiss (2.5). | 3.10 | $370.00 | $1,147.00 |
| 03/24/2021 | LW | Review and revise motion to dismiss first amended complaint (1.5), Draft MiCamp Entities' Initial Disclosure Statement (1.6). | 2.10 | $210.00 | $441.00 |
| 03/25/2021 | AJF | Legal research regarding doctrine of comity and issue precluding in relation to motion to dismiss; review and revise motion. | 2.00 | $395.00 | $790.00 |
| 03/25/2021 | LW | Make revisions to motion to dismiss. | 1.40 | $210.00 | $294.00 |
| 03/26/2021 | AJF | Review and revise MTD; review motions from other defendants. | 2.00 | $395.00 | $790.00 |
| 03/26/2021 | ATP | Finalize draft of Motion to dismiss and circulate to all defense counsel. | 1.20 | $370.00 | $444.00 |
| 03/26/2021 | JRV | Confer with A. Peterson regarding renewed Motion to Dismiss. | 0.20 | $285.00 | $57.00 |
| 03/26/2021 | JRV | Shepard and research case law regarding renewed Motion to Dismiss (1.4); combine arguments from B. Kunimoto (2.7). | 4.10 | $285.00 | $1,168.50 |
| 03/29/2021 | AJF | Review revised MTD; modify and communications regarding same; review finalized MTD's from defendants; review scheduling order. | 2.10 | $395.00 | $829.50 |
| 03/29/2021 | JRV | Critically review and revise Renewed Motion to Dismiss. | 2.30 | $285.00 | $655.50 |
| 03/29/2021 | LW | Download documents and review file documents and emails documents to be produced (1.3), compile documents for possible production (1.4). | 2.70 | $210.00 | $567.00 |
| 03/30/2021 | AJF | Review issues regarding MTD hearing and communications regarding same. | 0.50 | $395.00 | $197.50 |
| 03/30/2021 | ATP | Multiple emails with local counsel regarding hearing date on MTD. | 0.40 | $370.00 | $148.00 |
| 03/31/2021 | LW | Make revisions to initial disclosure statement. | 1.00 | $210.00 | $210.00 |
| 04/01/2021 | AJF | Review and communications regarding initial disclosures. | 1.00 | $395.00 | $395.00 |
| 04/01/2021 | ATP | Draft Initial Disclosures. | 2.80 | $370.00 | $1,036.00 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 04/01/2021 | LW | Make revisions to documents to be produced (.2), review and revise initial disclosure statement (.3). | 0.50 | $210.00 | $105.00 |
| 04/02/2021 | AJF | Communications with co-counsel and review pleadings and disclosures. | 0.80 | $395.00 | $316.00 |
| 04/02/2021 | ATP | Draft additions and revisions to disclosures and multiple emails with local counsel regarding same. | 1.10 | $370.00 | $407.00 |
| 04/02/2021 | LW | Review emails relating to disclosure statement (.2), remove redacted emails and replace with originals for disclosure (.7), remove bates numbers from emails (.3) re-bates number emails (.3), redact bates numbers from merchant applications (.3), re-bates number merchant applications, include confidential designation (.4). | 2.20 | $210.00 | $462.00 |
| 04/05/2021 | AJF | Communications with counsel regarding discovery issues. | 0.50 | $395.00 | $197.50 |
| 04/12/2021 | AJF | Review issues regarding motions; communications with defense counsel regarding hearing. | 0.70 | $395.00 | $276.50 |
| 04/13/2021 | AJF | Review stipulation; communications with counsel regarding case status issues. | 0.50 | $395.00 | $197.50 |
| 04/13/2021 | ATP | Multiple emails with all counsel regarding revising briefing schedule and moving hearing date on Motion to Dismiss. | 0.30 | $370.00 | $111.00 |
| 04/16/2021 | AJF | Multiple communications regarding status and strategy issues; review same. | 1.00 | $395.00 | $395.00 |
| 04/20/2021 | AJF | Review Plaintiff's opposition to MTD; review and analyze RICO arguments regarding reply to MTD. | 1.60 | $395.00 | $632.00 |
| 04/23/2021 | AJF | Communications with client regarding case status issues. | 0.30 | $395.00 | $118.50 |
| 04/26/2021 | JRV | Confer regarding Reply Motion to Dismiss (.2); critically review prior pleadings and begin drafting Reply in Support of Renewed Motion to Dismiss (2.5). | 2.70 | $285.00 | $769.50 |
| 04/28/2021 | JRV | Continue drafting reply to response to Motion to Dismiss (.6). | 0.60 | $285.00 | $171.00 |
| 04/29/2021 | AJF | Review issues regarding MTD and case strategy issues; communications with B. Kunimoto. | 1.00 | $395.00 | $395.00 |
| 04/30/2021 | JRV | Continue drafting Reply to Motion to Dismiss. | 0.40 | $285.00 | $114.00 |
| 05/03/2021 | ATP | Draft Reply Brief in Support of Motion to Dismiss. | 6.50 | $370.00 | $2,405.00 |
| 05/04/2021 | AJF | Review reply to MTD. | 1.10 | $395.00 | $434.50 |
| 05/04/2021 | ATP | Draft additions and revision to Reply Brief and send to local counsel. | 2.00 | $370.00 | $740.00 |
| 05/04/2021 | LW | Review and revise reply to motion to dismiss. | 1.50 | $210.00 | $315.00 |
| 05/05/2021 | AJF | Communications regarding MTD hearing; finalization of reply in support of MTD motion. | 1.00 | $395.00 | $395.00 |
| 05/05/2021 | ATP | Final additions and revisions to Reply Brief in Support of MTD. | 0.80 | $370.00 | $296.00 |
| 05/10/2021 | AJF | Review Evo, Fiserv and Shift4 Replies ISO Motions to Dismiss. | 1.10 | $395.00 | $434.50 |
| 05/13/2021 | AJF | Review minute order regarding hearing on MTD; communications regarding strategy issues | 0.40 | $395.00 | $158.00 |
| 05/17/2021 | AJF | Review Order denying motion to dismiss; communications regarding same and strategy issues. | 0.80 | $395.00 | $316.00 |
| 05/17/2021 | ATP | Receipt, review, and analysis of [redacted] order from Court denying Motions to Dismiss [redacted] | 0.40 | $370.00 | $148.00 |
| 05/18/2021 | JRV | Review pleadings and begin drafting Answer to First Amended Complaint. | 1.30 | $285.00 | $370.50 |
| 05/19/2021 | AJF | Review and communications regarding strategy issues; review fee order and judgement; communications with client. | 1.30 | $395.00 | $513.50 |
| 05/19/2021 | ATP | Multiple emails and calls with local counsel regarding strategy following denial of Motion to Dismiss (.5); Multiple calls and emails with Micah regarding update following denial of motion to dismiss and discovery strategy (.4). | 0.90 | $370.00 | $333.00 |
| 05/19/2021 | JAL | Begin drafting Answer, confer with A. Peterson regarding same. | 1.50 | $210.00 | $315.00 |
| 05/20/2021 | AJF | Review status and litigation strategy issues; communications regarding same. | 0.60 | $395.00 | $237.00 |
| 05/21/2021 | JAL | Continue drafting Answer. | 2.10 | $210.00 | $441.00 |
| 05/21/2021 | JRV | Continue researching defenses regarding Answer. | 0.90 | $285.00 | $256.50 |
| 05/24/2021 | ATP | Draft additions/revisions to Answer to First amended complaint. | 0.90 | $370.00 | $333.00 |
| 05/24/2021 | JAL | Finish drafting Answer to Complaint; confer with A. Peterson regarding same. | 0.80 | $210.00 | $168.00 |
| 05/25/2021 | JRV | Review and revise Answer to First Amended Complaint and confer regarding same. | 1.30 | $285.00 | $370.50 |
| 05/27/2021 | AJF | Review plaintiff's proposed order and communications regarding objections to same; review and confer regarding proposed alternative order. | 1.00 | $395.00 | $395.00 |
| 05/27/2021 | ATP | Receipt and review proposed Order drafted by Plaintiff denying Motion to Dismiss. | 0.40 | $370.00 | $148.00 |
| 05/28/2021 | AJF | Review Evo Payments Answer to Verified Fist Amended Complaint; review and revise MiCamp answer; communications regarding same. | 1.30 | $395.00 | $513.50 |
| 05/28/2021 | ATP | Multiple emails with local counsel regarding edits to Answer and Proposed Order denying MTD. | 0.70 | $370.00 | $259.00 |
| 06/01/2021 | AJF | Review and confer regarding Competing Order and Notice of Submission. | 0.70 | $395.00 | $276.50 |
| 06/01/2021 | AJF | Review and finalize MiCamp Answer to the Complaint along with MiCamp's initial fee disclosure and rule 7.1 disclosure; review Fiserv's Answers to the Complaint. | 1.00 | $395.00 | $395.00 |
| 06/02/2021 | AJF | Review finalize competing order issued collectively by defendants; communications regarding litigation strategy issues. | 0.70 | $395.00 | $276.50 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 06/07/2021 | AJF | Review and analyze potential dismissal of CapFund's claims under NRS 80.055(2); communications regarding same. | 1.10 | $395.00 | $434.50 |
| 06/07/2021 | ATP | Multiple emails with local counsel regarding CapFund not being in good standing and conference to discuss merits of pressing issue. | 0.30 | $370.00 | $111.00 |
| 06/15/2021 | AJF | Review and communications regarding litigation status and strategy issues. | 0.70 | $395.00 | $276.50 |
| 06/18/2021 | AJF | Review and communications regarding status issues. | 0.50 | $395.00 | $197.50 |
| 06/29/2021 | AJF | Review litigation status issues. | 0.50 | $395.00 | $197.50 |
| 07/07/2021 | AJF | Review litigation status and strategy issues. | 1.00 | $395.00 | $395.00 |
| 07/09/2021 | AJF | Review issues regarding sanctions hearing; multiple communications regarding same; review related strategy issues. | 1.20 | $395.00 | $474.00 |
| 07/27/2021 | LW | Review Nevada Rules of Civil Procedure regarding discovery (.3), review first amended complaint while drafting MiCamp Defendants' first set of Interrogatories to Plaintiff (2.3), draft MiCamp Defendants' first set of requests for production to Plaintiff (.5), draft MiCamp Defendants' first set of requests for admission to Plaintiff (.4). | 3.10 | $210.00 | $651.00 |
| 08/10/2021 | AJF | Review status and strategy issues; disclosures. | 0.60 | $395.00 | $237.00 |
| 08/16/2021 | AJF | Review status and strategy issues; communications with co-counsel. | 0.70 | $395.00 | $276.50 |
| 08/16/2021 | ATP | Call with Micah and Stephen regarding [redacted] and email Bryce regarding same. | 0.40 | $370.00 | $148.00 |
| 08/16/2021 | JRV | Begin drafting written discovery and confer regarding same. | 1.80 | $285.00 | $513.00 |
| 08/20/2021 | ATP | Multiple calls and emails with local counsel regarding status and strategy issues. | 0.80 | $370.00 | $296.00 |
| 08/23/2021 | AJF | Review and confer regarding status and strategy issues. | 0.50 | $395.00 | $197.50 |
| 08/24/2021 | AJF | Review and confer regarding settlement proposal. | 0.50 | $395.00 | $197.50 |
| 08/25/2021 | AJF | Conference with client regarding status and strategy issues; review and analyze discovery issues. | 1.20 | $395.00 | $474.00 |
| 08/25/2021 | ATP | Review First Amended Complaint and previous motion practice and draft First Set of Interrogatories, Requests for Production and Requests for Admission to Sciara. | 3.00 | $370.00 | $1,110.00 |
| 08/26/2021 | AJF | Conference with clients regarding strategy issues; confer regarding same. | 0.50 | $395.00 | $197.50 |
| 08/26/2021 | ATP | Call with Bryce, Micah and Stephen regarding [redacted]. | 0.60 | $370.00 | $222.00 |
| 08/30/2021 | AJF | Review and revise initial discovery pleading to plaintiff. | 1.00 | $395.00 | $395.00 |
| 08/30/2021 | ATP | Revise preliminary written discovery to Plaintiffs and send to local counsel for review. | 0.40 | $370.00 | $148.00 |
| 08/30/2021 | LW | Revise Interrogatories to Plaintiffs (.5), revise requests for production to Plaintiffs (.4), revise requests for admission to Plaintiffs (.4). | 1.30 | $210.00 | $273.00 |
| 09/01/2021 | AJF | Review revised discovery to plaintiff; confer regarding related discovery issues. | 0.80 | $395.00 | $316.00 |
| 09/09/2021 | AJF | Review multiple status and strategy issues and communications regarding same. | 1.00 | $395.00 | $395.00 |
| 09/09/2021 | ATP | Email exchange and call with local counsel regarding update on ESI search results. | 0.40 | $370.00 | $148.00 |
| 09/10/2021 | AJF | Review information from ESI vendor regarding certain Campbell/Sprout/MiCamp confidential documents which were provided by Sciara to unauthorized persons under the Court's Protective Order; analyze and confer regarding same. | 1.20 | $395.00 | $474.00 |
| 09/10/2021 | ATP | Call with local counsel regarding update on ESI searches in federal lawsuit. | 0.40 | $370.00 | $148.00 |
| 09/15/2021 | AJF | Review and communications regarding discovery to plaintiff. | 1.00 | $395.00 | $395.00 |
| 09/15/2021 | ATP | Call with Bryce regarding update on ESI searches (.4); Draft additions and revisions to initial discovery to Plaintiff. | 0.40 | $370.00 | $148.00 |
| 09/21/2021 | AJF | Review and confer regarding discovery and potential global settlement offer; review status and correspondence regarding protective order violations. | 0.70 | $395.00 | $276.50 |
| 09/21/2021 | ATP | Multiple emails with local counsel and review correspondence to Sciara's attorney regarding ESI protocol issues in federal case. | 0.40 | $370.00 | $148.00 |
| 09/22/2021 | AJF | Review status issues regarding forensic review. | 0.30 | $395.00 | $118.50 |
| 09/23/2021 | ATP | Receipt, review, and analysis of discovery to MiCamp (.4); Call with Micah regarding same (.2); Emails with local counsel regarding initial discovery responses (.3). | 0.80 | $370.00 | $296.00 |
| 09/24/2021 | ATP | Call with local counsel regarding [redacted]. | 0.80 | $370.00 | $296.00 |
| 09/27/2021 | AJF | Review Notice of CapFund's Inability to Maintain Any Action in Nevada; confer regarding litigation issues. | 0.70 | $395.00 | $276.50 |
| 09/27/2021 | ATP | Receipt and review Notice of CapFund's Inability to Pursue Cause of Action. | 0.20 | $370.00 | $74.00 |
| 09/28/2021 | AJF | Review strategy issues regarding potential [redacted] offer; communications with co-defense counsel. | 0.70 | $395.00 | $276.50 |
| 09/29/2021 | ATP | Multiple calls and emails with counsel for Fiserv and local counsel regarding settlement and depositions. | 0.60 | $370.00 | $222.00 |
| 09/30/2021 | AJF | Review and communications regarding [redacted] letter to Sciara. | 0.70 | $395.00 | $276.50 |
| 10/01/2021 | AJF | Review revised draft walk away letter to Sciara; communications with co-defense counsel; review joinder motions; Shift4 discovery. | 1.40 | $395.00 | $553.00 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 10/06/2021 | AJF | Review and confer regarding multiple status and strategy issues. | 0.50 | $395.00 | $197.50 |
| 10/06/2021 | ATP | Multiple email with all defense counsel regarding settlement offer and scheduling deposition of Brian Sciara. | 0.40 | $370.00 | $148.00 |
| 10/07/2021 | ATP | Receipt and review proposed Offer letter to Sciara, draft additions and revisions and multiple emails with all defense counsel regarding same. | 1.20 | $370.00 | $444.00 |
| 10/11/2021 | AJF | Review and communications regarding discovery responses to plaintiff's requests. | 1.00 | $395.00 | $395.00 |
| 10/11/2021 | LW | Review draft answers to Sciara's first set of interrogatories (.2), review draft responses to Sciara's first set of requests for production (.2). | 0.40 | $210.00 | $84.00 |
| 10/12/2021 | AJF | Review and confer regarding multiple litigation status and strategy issues; discovery matters. | 0.60 | $395.00 | $237.00 |
| 10/12/2021 | ATP | Review discovery and multiple emails with Micah regarding information needed to complete discovery responses. | 0.80 | $370.00 | $296.00 |
| 10/13/2021 | AJF | Review Sciara's Opposition to Notice of Plaintiff CapFund Enterprises, Inc.'s Inability to Maintain Any Action in the State of Nevada Pursuant to NRS 80.055(2); communications regarding litigation strategy issues. | 0.50 | $395.00 | $197.50 |
| 10/15/2021 | AJF | Review discovery responses. | 1.00 | $395.00 | $395.00 |
| 10/18/2021 | AJF | Review and communications regarding discovery and deposition issues; review initial draft of discovery responses. | 1.20 | $395.00 | $474.00 |
| 10/18/2021 | ATP | Draft Answers to Rogs and RPDs based on information provided by MiCamp and organize additional emails and correspondence to supplemental disclosure statement. (1.7); Multiple calls with local counsel and draft 30(b)(6) topics to CapFund Enterprises, Inc. (1.6). | 3.30 | $370.00 | $1,221.00 |
| 10/18/2021 | JAL | Sort and bates label emails. | 1.50 | $210.00 | $315.00 |
| 10/19/2021 | AJF | Review plaintiff's responses to Evo Payments' Discovery; review communications from opposing counsel seeking more time; confer regarding same. | 1.30 | $395.00 | $513.50 |
| 10/19/2021 | ATP | Multiple calls with local counsel regarding depositions, rotating cast of characters from plaintiff's counsel's office, and subpoena to Travis Pack, CPA (.4); Review Sciara's supplemental document production and draft subpoena to Travis Pack (.9); Multiple emails with new plaintiff's counsel regarding logistics, request for extension of time, and overall case status (.3). | 1.60 | $370.00 | $592.00 |
| 10/20/2021 | AJF | Review communications regarding objections to accountant subpoena and other discovery disputes; confer regarding same. | 1.00 | $395.00 | $395.00 |
| 10/20/2021 | ATP | Multiple calls and emails with co-defense counsel and plaintiff's counsel regarding requested extension of time to conduct discovery and status of settlement discussions. | 0.90 | $370.00 | $333.00 |
| 10/21/2021 | ATP | Draft additions/revisions to discovery responses (.5); Multiple emails with opposing counsel and local counsel regarding request for extension and subpoena to Pack CPA (.4). | 0.90 | $370.00 | $333.00 |
| 10/22/2021 | AJF | Review MiCamp and Fiserv discovery responses; multiple communications with co-defense counsel regarding discovery issues; review draft responses to plaintiff's discovery. | 1.50 | $395.00 | $592.50 |
| 10/22/2021 | ATP | Multiple emails and phone calls with defense counsel, local counsel, and opposing counsel regarding status of discovery, requests for extension, status of settlement and meet and confer regarding accountant-client privilege. | 0.80 | $370.00 | $296.00 |
| 10/25/2021 | ATP | Meet and confer with opposing counsel regarding Pack subpoena and extending deadline for discovery (.5); Call with local counsel and draft email to opposing counsel regarding same (.4). | 0.90 | $370.00 | $333.00 |
| 10/26/2021 | AJF | Communications with co-counsel regarding multiple status issues; review objections to subpoena. | 1.00 | $395.00 | $395.00 |
| 10/26/2021 | ATP | Multiple emails with opposing counsel and all defense counsel regarding Plaintiff's request for 90-day extension and Pack CPA subpoena. (.6). Receipt and review Objection to Pack CPA subpoena (.8). | 1.40 | $370.00 | $518.00 |
| 10/28/2021 | AJF | Review motion for protective order; review and communications regarding litigation issues and potential dispositive motion; communications with co-counsel. | 1.40 | $395.00 | $553.00 |
| 11/01/2021 | AJF | Review and confer regarding multiple discovery and litigation strategy and status issues; review pleadings regarding requested protective order and discuss pending hearing issues. | 1.10 | $395.00 | $434.50 |
| 11/02/2021 | AJF | Communications with opposing counsel regarding discovery disputes; review issues regarding CPA subpoena; confer regarding same. | 0.80 | $395.00 | $316.00 |
| 11/02/2021 | ATP | Hearing on Motion to Quash (1.0); Call with co-defense counsel regarding hearing, strategy, and completion of discovery (.5); Email with opposing counsel regarding depositions of Sciara (.2). | 1.70 | $370.00 | $629.00 |
| 11/03/2021 | AJF | Communications with co-counsel regarding deposition of plaintiff, discovery and related litigation issues; review and confer regarding same. | 0.70 | $395.00 | $276.50 |
| 11/05/2021 | AJF | Review EVO discovery responses and supplemental disclosure. | 0.70 | $395.00 | $276.50 |
| 11/05/2021 | LW | Review emails relating to Plaintiff's discovery responses (.2), review Plaintiff's response to requests for production (.2). | 0.20 | $210.00 | $42.00 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 11/08/2021 | AJF | Review and modify Opposition to Plaintiffs' Motion to Extend Discovery Cutoff and Continue Trial; confer regarding strategy issues. | 1.10 | $395.00 | $434.50 |
| 11/09/2021 | AJF | Review declaration to opposition to motion to extend discovery and motion; communications regarding residual payments and review same. | 1.50 | $395.00 | $592.50 |
| 11/09/2021 | ATP | Draft additoins/revisions to Brief in Opposition to Motion to Extend Discovery. | 1.60 | $370.00 | $592.00 |
| 11/10/2021 | AJF | Communications with client; work on multiple litigation issues. | 1.00 | $395.00 | $395.00 |
| 11/11/2021 | AJF | Review and communications regarding opposition to motion to extend discovery; review pleading. | 1.50 | $395.00 | $592.50 |
| 11/12/2021 | AJF | Review and communications regarding Offer of Judgement and deposition issues. | 0.60 | $395.00 | $237.00 |
| 11/12/2021 | ATP | Call with opposing counsel regarding depositions of Plaintiff and call with local counsel regarding next steps in light of same (1.5); Multiple emails exchange with opposing counsel and defense counsel regarding Offer of Judgment and upcoming depositions (.4). | 1.90 | $370.00 | $703.00 |
| 11/15/2021 | AJF | Review and communications regarding discovery and deposition issues; review draft opposition to motion for protective order & counter-motion to compel; review hearing transcript for motion for protective order. | 1.20 | $395.00 | $474.00 |
| 11/16/2021 | AJF | Review and communications regarding draft OOJ and attached declaration; communications regarding case status issues. | 1.00 | $395.00 | $395.00 |
| 11/16/2021 | ATP | Draft additions and revisions to Response to Motion for Protective Order and Countermotion to Compel and multiple emails with local counsel regarding same (.8); Call with counsel for Fiserv regarding Offer of Judgment and Response to Motion for Protective Order (.2); Draft additions and revisions to Offer of Judgment (.2). | 1.10 | $370.00 | $407.00 |
| 11/17/2021 | ATP | Prepare for hearing on Motion to Extend discovery and Motion for Protective order. | 1.30 | $370.00 | $481.00 |
| 11/18/2021 | AJF | Communications regarding deposition and discovery issues; review matters related to MSJ motion; attend hearing and communications regarding same. | 1.00 | $395.00 | $395.00 |
| 11/18/2021 | ATP | Hearing on Motion to Extend Discovery and Motion for Protective Order. (1.0); Multiple emails with opposing counsel and clients regarding offer of judgment and dispositive motion plans (.4). | 1.40 | $370.00 | $518.00 |
| 11/19/2021 | AJF | Review and confer regarding status issues and review 2nd supplemental disclosure. | 0.60 | $395.00 | $237.00 |
| 11/22/2021 | AJF | Communications with client regarding multiple issues; review multiple litigation issues. | 1.40 | $395.00 | $553.00 |
| 11/22/2021 | PEM | Confer with A. Peterson regarding [redacted]; perform research of the same; draft email memo to A. Peterson regarding the same. | 3.20 | $335.00 | $1,072.00 |
| 11/23/2021 | AJF | Review draft of the proposed order denying Plaintiffs' motion to extend discovery cutoff and motion for protective order; communications with co-defense counsel. | 0.80 | $395.00 | $316.00 |
| 11/24/2021 | AJF | Review motion to continue trial and reopen discovery; communications regarding same and general litigation strategy issues. | 1.00 | $395.00 | $395.00 |
| 11/25/2021 | AJF | Review and analyze summary judgment issues and communications regarding same. | 1.00 | $395.00 | $395.00 |
| 11/29/2021 | AJF | Review and analyze draft Opposition to Sciara's Motion to Continue Trial and Reopen Discovery. | 1.00 | $395.00 | $395.00 |
| 11/29/2021 | RSM | MTD research and drafting. Disco review. | 0.70 | $285.00 | $199.50 |
| 11/30/2021 | AJF | Communications regarding summary judgment and litigation strategy issues. | 1.00 | $395.00 | $395.00 |
| 11/30/2021 | RSM | Motion for Summary Judgment research and drafting. | 3.30 | $285.00 | $940.50 |
| 12/01/2021 | JRV | Attention to email with A. Peterson, confer regarding MSJ, and follow-up to same (.3) | 0.40 | $285.00 | $114.00 |
| 12/02/2021 | AJF | Meeting with all counsel regarding motion for summary judgment; review strategy and communications regarding same. | 2.20 | $395.00 | $869.00 |
| 12/02/2021 | JRV | Begin review of case file, disclosures, and prior correspondence (1.1) attention to emails regarding MSJ strategy and follow-up to same (.6); participate in conference call with local counsel and confer regarding same (.8). | 2.50 | $285.00 | $712.50 |
| 12/02/2021 | RSM | MSJ Drafting and research; Phone Call: regarding strategy. | 0.60 | $285.00 | $171.00 |
| 12/03/2021 | AJF | Communications regarding responses discovery and pleading issues; conference regarding summary judgment motion; review issues regarding same. | 1.20 | $395.00 | $474.00 |
| 12/03/2021 | JRV | Call with J. Lin regarding MSJ strategy and follow-up to same (.5); attention to emails regarding same (.2). | 0.70 | $285.00 | $199.50 |
| 12/03/2021 | RSM | Continued drafting of Motion for Summary judgment. Determined that opposing party's legal entity was defunct in Delaware (state of incorporation). Additional research to determine whether or not this would impact standing of opposing party (who wrongfully stated that entity was in good standing). | 4.00 | $285.00 | $1,140.00 |
| 12/05/2021 | RSM | MSJ Nevada Drafting - Draft Sent to Co-author for review. | 7.50 | $285.00 | $2,137.50 |
| 12/06/2021 | JRV | Review and revise MSJ and follow-up to same (1.3); attention to emails with J. Lin regarding same (.2). | 1.50 | $285.00 | $427.50 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 12/06/2021 | RSM | Drafting of Motion for Summary Judgment, revised sections pertaining to specificity of pleading vis-à-vis Nevada Rico Statute. Case law research to support position. | 4.50 | $285.00 | $1,282.50 |
| 12/07/2021 | AJF | Attend hearing; communications with client and co-defense counsels regarding same and multiple strategy issues; review status of summary judgment motion; review settlement letter. | 2.70 | $395.00 | $1,066.50 |
| 12/07/2021 | JRV | Confer with R. McManimon regarding MSJ arguments and judicial notice request (.3); attention to emails with defense counsel regarding settlement and follow-up to same (.3); continue revising MSJ and confer regarding same (2.1). | 2.70 | $285.00 | $769.50 |
| 12/07/2021 | LW | Discussion regarding motion for summary judgment (.2), review and revise MiCamp Entities' motion for summary judgment (1.4). | 1.60 | $210.00 | $336.00 |
| 12/07/2021 | RSM | MSJ, appendix, SOF. | 3.50 | $285.00 | $997.50 |
| 12/08/2021 | AJF | Communications regarding multiple litigation strategy issues; review settlement letter and draft summary judgment motion and issues related to same. | 1.70 | $395.00 | $671.50 |
| 12/08/2021 | JRV | Attention to emails with co-counsel regarding settlement offer and follow-up to same (.3). | 0.30 | $285.00 | $85.50 |
| 12/08/2021 | RSM | Motion for Summary Judgment final draft created, Joint Appendix and statement of facts drafted. Coordinated with co-counsel to ensure accuracy and supporting documentation was consistent with strategic intent. Received additional feedback and incorporated feedback. | 1.50 | $285.00 | $427.50 |
| 12/09/2021 | AJF | Review summary judgment arguments provided by co-defense counsel; review and multiple communications regarding same; review our pleadings. | 3.00 | $395.00 | $1,185.00 |
| 12/09/2021 | JRV | Review MSJ, attention to emails with J. Lin, and follow-up with R. McManimon regarding same (1.1). | 1.10 | $285.00 | $313.50 |
| 12/09/2021 | RSM | Finalized Motion for Summary Judgment, reviewed and consolidated global Statement of Facts. Submitted to co-counsel for review and approval. Submitted to Senior Partner for review and approval. All documents finalized and submitted. | 1.20 | $285.00 | $342.00 |
| 12/10/2021 | AJF | Multiple review and communications regarding finalization of summary judgment motion. | 3.50 | $395.00 | $1,382.50 |
| 12/10/2021 | JRV | Review case file regarding potential exhibits; attention to emails with J. Lin regarding same; and follow-up with R. McManimon regarding same (1.4); call with J. Lin regarding misc. issues and confer with A. Farhang and R. McManimon regarding same (.7); review and revise MSJ and confer with A. Farhang and J. Lin regarding same (2.5). | 4.60 | $285.00 | $1,311.00 |
| 12/10/2021 | RSM | MSJ revision, Consolidation of Joint Documents | 10.20 | $285.00 | $2,907.00 |
| 12/11/2021 | JRV | Review final MSJ and follow-up to same (.4). | 0.40 | $285.00 | $114.00 |
| 12/16/2021 | AJF | Review and revise summary judgment motion. | 1.00 | $395.00 | $395.00 |
| 12/23/2021 | AJF | Review, analyze and multiple communications regarding status and strategy issues. | 1.00 | $395.00 | $395.00 |
| 12/27/2021 | AJF | Review and analyze opposition to motion for summary judgment. | 1.00 | $395.00 | $395.00 |
| 12/29/2021 | ATP | Multiple emails with local counsel regarding strategy for proceeding with Reply in Support of Summary Judgment. | 0.40 | $370.00 | $148.00 |
| 12/30/2021 | ATP | Review and analysis of Omnibus Brief in Opposition to Motion for Summary Judgment and call with local counsel regarding Replying to same. | 1.40 | $370.00 | $518.00 |
| 01/03/2022 | AJF | Review case status and strategy issues; review scheduling order; communications with co-counsel. | 0.60 | $395.00 | $237.00 |
| 01/03/2022 | ATP | Draft argument section of Reply Brief in Support of Summary Judgment. | 6.00 | $370.00 | $2,220.00 |
| 01/05/2022 | ATP | Multiple emails and calls with local counsel regarding Revisions to Reply in Support of Motion for Summary Judgment and upcoming hearing. | 1.10 | $370.00 | $407.00 |
| 01/06/2022 | AJF | Review and revise reply in support of motion for summary judgment. | 3.00 | $395.00 | $1,185.00 |
| 01/06/2022 | ATP | Review and analysis of Co-Defendants' Reply Briefs in support of Summary Judgment (.5); Review and finalize Reply Brief in Support of Summary Judgment obo MiCamp (1.4). | 1.90 | $370.00 | $703.00 |
| 01/07/2022 | AJF | Review pre-trial disclosures and related litigation issues. | 0.80 | $395.00 | $316.00 |
| 01/08/2022 | AJF | Review co-defendants' Replies in Support of Summary Judgment. | 2.30 | $395.00 | $908.50 |
| 01/10/2022 | AJF | Summary Judgment Preparation. | 2.50 | $395.00 | $987.50 |
| 01/10/2022 | ATP | Prepare for Oral Argument on MSJ and draft memo to A. Farhang regarding same (4.5); Call with M. Kinsler with update (.4); Receipt and review Fiserv's Suppl Reply in Support of MSJ (.6). | 5.50 | $370.00 | $2,035.00 |
| 01/11/2022 | AJF | Summary Judgment Preparation. | 2.50 | $395.00 | $987.50 |
| 01/12/2022 | AJF | Final preparation for oral argument on all motions for summary judgment. | 6.00 | $395.00 | $2,370.00 |
| 01/12/2022 | ATP | Final prep for hearing on MSJ and draft updated memo regarding background of Sciara / Campbell dispute. | 3.40 | $370.00 | $1,258.00 |
| 01/12/2022 | LW | Review multiple emails and attachments from Valerie Larson regarding supplemental reply to motion for summary judgment. | 0.30 | $210.00 | $63.00 |
| 01/13/2022 | AJF | Attend and participate in oral argument on all motions for summary judgment; communications regarding same. | 3.50 | $395.00 | $1,382.50 |
| 01/19/2022 | AJF | Review Nevada law and communications regarding request for attorneys' fees. | 1.10 | $395.00 | $434.50 |

| Date | Prof | Matter ID/Client Sort<br>Matter Description<br>Narrative | Units | Rate | Fee |
|---|---|---|---|---|---|
| 01/22/2022 | AJF | Review and communications regarding draft of our proposed Findings of Fact, Conclusions of Law, and Order Granting MSJ and Judgment in favor of Defendants. | 1.20 | $395.00 | $474.00 |
| 01/24/2022 | AJF | Review revisions to Draft FFCL granting MSJ; communications with co-defense counsel. | 0.80 | $395.00 | $316.00 |
| 01/25/2022 | LW | Review attorney fees and costs and prepare fee statement to be filed with pending motion for attorney's fees. | 1.50 | $210.00 | $315.00 |
| 01/26/2022 | LW | Cursory review of transcript of oral argument on motions for summary judgment. | 0.20 | $210.00 | $42.00 |
| 01/27/2022 | AJF | Review and confer regarding Defendants' proposed Findings of Fact, Conclusions of Law, Order Granting Defendants' Motions for Summary Judgment, and Judgment in favor of Defendants and against Plaintiffs. | 1.00 | $395.00 | $395.00 |
| 01/27/2022 | LW | Continued preparation of fee and cost statements. | 2.50 | $210.00 | $525.00 |
| 01/28/2022 | AJF | Review MSJ hearing transcript; review issue regarding request for costs and attorney fees. | 1.10 | $395.00 | $434.50 |
| 01/31/2022 | LW | Revise fee and costs statements (.2), email to M. Willoughby regarding fee and costs statement (.1). | 0.30 | $210.00 | $63.00 |
| 02/03/2022 | JRV | Attention to email with J. Lin and confer regarding Motion for Attorney Fees (.9). | 0.90 | $285.00 | $256.50 |
| 02/06/2022 | ATP | Review email from court with revisions to Proposed Judgment and review revisions to Proposed Judgment from local counsel. | 0.60 | $370.00 | $222.00 |
| 02/07/2022 | AJF | Review court approved revised version of Defendants' proposed Findings of Fact, Conclusions of Law, Order Granting Defendants' Motions for Summary Judgment, and Judgment in favor of Defendants. | 0.50 | 395.00 | $197.50 |
| 02/08/2022 | AJF | Communications regarding judgment issues and review same. | 0.50 | 395.00 | $197.50 |
| 02/08/2022 | ATP | Multiple emails with all counsel regarding proposed Judgment. | 0.40 | 370.00 | $148.00 |
| 02/09/2022 | ATP | Multiple emails with all defense counsel regarding revisions to Proposed Judgment. | 0.40 | 370.00 | $148.00 |
| 02/14/2022 | LW | Substantial revisions to statements of fees and costs. | 3.00 | 210.00 | $630.00 |
| 02/16/2022 | LW | Revise fee and cost spreadsheet (.4), email to M. Willoughby regarding fees and costs (.1) | 0.50 | 210.00 | $105.00 |
| 02/25/2022 | ATP | Receipt, review, and revise Motion for Attorneys Fees. | 1.10 | 370.00 | $407.00 |
| 02/25/2022 | JRV | Revise Motion for Atty Fees (.2) | 0.20 | 285.00 | $57.00 |
| 02/25/2022 | LW | Conversation regarding cost statement (.2), compile remaining documentation to prove costs, email to Holland and Hart regarding same (.4), draft affidavit of Ali J. Farhang in support of motion for attorneys' fees (1.2) | 1.80 | 210.00 | $378.00 |
| 02/28/2022 | ATP | Draft additions and revisions to Affidavit of Ali Farhang and Motion for Attorney Fees. | 2.30 | 370.00 | $851.00 |
| 03/01/2022 | ATP | Finalize Motion for Fees and Revise Memorandum of Costs. | 1.10 | 370.00 | $407.00 |
| 03/01/2022 | LW | Break down hours and fees by individual timekeeper | 0.80 | 210.00 | $168.00 |
| | | | | | $162,269.50 |

# EXHIBIT C

EXHIBIT C

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**OOJ**

Bryce K. Kunimoto
Nevada Bar No. 7781
Robert J. Cassity
Nevada Bar No. 9779
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
bcassity@hollandhart.com
jlin@hollandhart.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 South Church Avenue
Tucson, AZ 85701
Phone: 520.214.2000
Fax: 520.214.2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,

Plaintiffs,

v.

MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants,

Case No. A-20-824100-B
Dept. No. XXII

**OFFER OF JUDGMENT**

and

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

TO: PLAINTIFFS BRIAN SCIARA AND CAPFUND ENTERPRISES, INC.

Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC (collectively, as the "MiCamp Entities" or "MiCamp"), Fiserv, Inc. ("Fiserv"), EVO Payments, Inc. ("EVO"), and Shift4 Payments, LLC ("Shift4") (collectively, as "Defendants"), by and through their respective undersigned counsel of record, and pursuant to NRCP 68 and NRS 17.117, hereby offer to have judgment entered in favor of Plaintiff Brian Sciara and Plaintiff/Nominal Defendant CapFund Enterprises, Inc. (collectively, as "Plaintiffs") and against Defendants in the total amount of **Forty Thousand and 00/100 Dollars ($40,000.00)** for all claims asserted in Plaintiffs' Verified First Amended Complaint, dated March 15, 2021, inclusive of attorney fees, costs and expenses, and prejudgment interest, and no additional amounts are offered.

This offer is made for the purposes specified in NRCP 68 and NRS 17.117 only and is not to be construed as an admission as to the existence or extent of liability or damages. A judgment entered in accordance with this Offer of Judgment is intended to fully and finally resolve all claims asserted in this action and any similar claims thereto that could have been alleged. This offer is conditioned upon acceptance by both Sciara and CapFund.

Under NRCP 68(c)(3) and NRS 17.117(5), an offer made to multiple plaintiffs will invoke the penalties of this rule only if: (A) the damages claimed by all the offeree plaintiffs are solely derivative, such as where the damages claimed by some offerees are entirely derivative of an injury to the others or where the damages claimed by all offerees are derivative of an injury to another; and (B) the same entity, person, or group is authorized to decide whether to settle the claims of the offerees. Here, these elements apply to Sciara and CapFund.

Plaintiffs must accept this offer and give written notice by filing proof of service of notice and acceptance. If this offer is accepted, Plaintiffs should send the original of their written

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

acceptance to Defendants' counsel of record: MiCamp Entities: Holland & Hart LLP, 9555 Hillwood Drive, 2nd Floor, Las Vegas, NV 89134; Fiserv: Semenza Kircher Rickard, 10161 Park Run Dr., Suite 150, Las Vegas, NV 89145; Shift4: Fabian VanCott, 411 E. Bonneville Avenue, Suite 400, Las Vegas, NV 89101; and EVO: Santoro Whitmire, 10100 W. Charleston Blvd., Suite 250, Las Vegas, NV 89135.

In accordance with NRCP 68, if Plaintiffs do not accept this Offer of Judgment within fourteen (14) days after service of the Offer of Judgment, then the Offer of Judgment shall be deemed rejected and withdrawn, and evidence of this Offer of Judgment will be inadmissible except in any proceeding to recover Defendants' attorney fees and costs. Under NRCP 68 and NRS 17.117, if Plaintiffs does not accept this Offer of Judgment, and the judgment they obtain against Defendants in this action is not more favorable than this Offer of Judgment, then (1) Plaintiffs cannot recover any costs or attorney fees and shall not recover interest for the period after the service of the offer and before the judgment; and (2) Plaintiffs must pay Defendants' post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by Defendants for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment, and reasonable attorney fees actually incurred by Defendants from the date of service of this Offer of Judgment.

DATED this 17th day of November 2021.

HOLLAND & HART LLP

/s/ *Bryce Kunimoto*
Bryce K. Kunimoto
Robert J. Cassity
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Ali J. Farhang *(pro hac vice)*
Adam T. Peterson *(pro hac vice)*
FARHANG & MEDCOFF
4801 East Broadway Boulevard, Suite 311
Tucson, AZ 85711

*Attorneys for MiCamp Solutions, LLC and MiCamp Holdings, LLC*

SANTORO WHITMIRE

/s/ *Jason D. Smith*
Jason D. Smith, Esq. (NBN 9691)
Margarita Elias, Esq. (NBN 14867)
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
Telephone: 702.948.8771
jsmith@santoronevada.com
melias@santoronevada.com

*Attorneys for EVO Payments, Inc.*

SEMENZA KIRCHER RICKARD

*/s/ Jarrod L. Rickard*

Lawrence J. Semenza, III (NBN 7174)
Christopher D. Kircher, Esq. (NBN 11176)
Jarrod L. Rickard, Esq. (NBN 10203)
Katie L. Cannata, Esq. (NBN 14848)
10161 Park Run Dr., Sutie 150
Las Vegas, NV 89145
Telephone: 702.935.6803
ljs@skrlawyers.com
cdk@skrlawyers.com
jlr@skrlawyers.com
klc@skrlawyers.com

*Attorneys for Fiserv, Inc.*

FABIAN VANCOTT

*/s/ Kevin N. Anderson*

Kevin N. Anderson, Esq. (NBN 4512)
411 E. Bonneville Avenue, Suite 400
Las Vegas, NV 89101
Telephone: 702.233.4444
kanderson@fabianvancott.com

*Attorneys for Shift4 Payments, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# CERTIFICATE OF SERVICE

I hereby certify that, on the 17th day of November 2021, a true and correct copy of the foregoing **OFFER OF JUDGMENT** was served by the following method(s):

☑ Electronic: by submitting electronically for filing and/or service with the Eighth Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Anthony P. Sgro, Esq.
Jennifer Willis Arledge, Esq.
SGRO & ROGER
720 S. Seventh Street, Third Floor
Las Vegas, NV 89101
tsgro@sgroandroger.com
jarledge@sgroandroger.com

*Attorneys for Plaintiffs*

Kevin N. Anderson, Esq.
FABIAN VANCOTT
411 E. Bonneville Avenue, Suite 400
Las Vegas, NV 89101
kanderson@fabianvancott.com

*Attorneys for Defendant Shift4 Payments, LLC*

Lawrence J. Semenza, III
Christopher D. Kircher, Esq.
Jarrod L. Rickard, Esq.
Katie L. Cannata, Esq.
SEMENZA KIRCHER RICKARD
10161 Park Run Dr., Suite 150
Las Vegas, Nevada 89145
ljs@skrlawyers.com
cdk@skrlawyers.com
jlr@skrlawyers.com
klc@skrlawyers.com

*Attorneys for Defendant Fiserv, Inc.*

Jason D. Smith, Esq.
Margarita Elias, Esq.
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
jsmith@santoronevada.com
melias@santoronevada.com

*Attorneys for Defendant EVO Payments, Inc.*

*/s/ Valerie Larsen*
An Employee of Holland & Hart LLP

17752533_v2

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# EXHIBIT D

EXHIBIT D

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRIAN SCIARA,<br>Plaintiff,<br>v.<br>STEPHEN CAMPBELL,<br>Defendant. | Case No. 2:18-cv-01700-DJA<br><br>**ORDER** |

Presently before the Court is Defendant Stephen Campbell's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt of Court for Violating the Protective Order (ECF No. 59), filed on December 23, 2020. Plaintiff Brian Sciara filed a Response (ECF No. 73) on February 3, 2021. Defendant filed a Reply (ECF No. 75) on February 10, 2021. The Court held a hearing on March 9, 2021.

**I. BACKGROUND**

The parties and the Court are familiar with the facts of this matter so they will only be restated here as necessary. There is an active protective order approved on February 7, 2019, that governs the exchange of confidential discovery information. (ECF No. 22). Campbell claims that Sciara willfully violated the protective order by disclosing Campbell's confidential Bank of America financial records for his company, MiCamp, to an unrelated third-party doing business with MiCamp, Fiserv. (ECF No. 59). The disclosures occurred in September of 2020.

Sciara claims that Campbell does not have standing because the confidential documents belong to MiCamp. He also contends that the disclosure was an inadvertent mistake because he was not advised by prior counsel of the existence of the protective order or that it governed the financial records. Sciara obtained new counsel who substituted into this case on January 25,

2021. (ECF No. 72). Further, Sciara and his current counsel submit declarations that contend they were not aware of the active protective order and the disclosures were inadvertent. (ECF No. 73). Sciara also argues that Campbell failed to notify his counsel of the unauthorized disclosure prior to filing this Motion. Additionally, Sciara claims that Campbell suffered no harm because the documents would have been discoverable in the Clark County action (Case No. A-20-824100-B) in which MiCamp is named and in which he disclosed the documents for the purposes of settlement negotiations with Fiserv. Sciara's counsel also indicates that Fiserv has been directed to delete and destroy the information and no other disclosures to third parties have been made.

Campbell disputes Sciara's credibility and contends that a variety of sanctions are warranted for the disclosures. (ECF No. 75). Campbell seeks limited discovery into the disclosures to determine the extent of them – to be paid for by Sciara. He wants a forensic inspection of Sciara's devices and email accounts to determine if Sciara took additional photos of confidential document and he or his attorneys transmitted them by email or text to any other recipients. Campbell also wants to depose Sciara and his attorneys to determine the extent of their disclosures. At the end of the limited discovery period, an evidentiary hearing may be requested for the Court to assess the alleged disclosures. Campbell acknowledges that although he claims his business has been harmed by halting the sale of his interest in the parent company of MiCamp and his joint venture with Fiserv was terminated, the damages are unquantifiable at this point. Campbell also requests that Sciara be held in contempt. Finally, Campbell claims that Sciara's repeated and willful violation of the protective order warrants dismissal or even less severe discovery sanctions.

## II. DISCUSSION

A district court possesses inherent power over the administration of its business, including the promulgation and enforcement of rules for the management of litigation. *Great–West Life & Annuity Ins. Co. v. American Economy Ins. Co.*, 2013 WL 5332410 (D. Nev. 2013) citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Thomas v. Arn*, 474 U.S. 140, 146 (1985). Specifically, courts have inherent power to enforce their orders through civil contempt. *See*

*Spallone v. United States*, 493 U.S. 265, 276 (1990) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *General Ins. Co. v. Eastern Consol. Util., Inc*., 126 F.3d 215 (3d Cir.1997); Fed.R.Civ.P. 37(b). A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). Further, Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a party's motion or on its own motion, including any sanction authorized by Rule 37(b)(2), if a party or its attorney fails to obey a scheduling order or other pretrial order. Sanctions for failure to obey a discovery order include, among other things, attorney's fees. Fed.R.Civ.P. 37; *see also Carter v. Otis Elevator Co*., 2014 WL 1309192 (D. Nev. Mar. 28, 2014) (ordering sanctions for violation of protective order).

For consideration by the Court are two issues: (1) Did Sciara disclose Campbell's financial records in violation of the Protective Order? (2) If so, what is the appropriate sanction? At the hearing, Campbell and Sciara were not present and also, Sciara's new counsel directly involved in the disclosure, Alanna Bondy, did not appear. Without being able to directly question these individuals, the Court is left to rely on their declarations that were submitted with the briefing. In addition, the Court carefully considered the arguments of counsel at the March 9, 2021 hearing along with all of the arguments and exhibits submitted to the Court in the briefing.

Preliminarily, the Court addresses Sciara's argument that Campbell lacks standing to bring the instant Motion and should have raised the violation with Sciara's counsel prior to filing this Motion. This contention lacks merit. First, Campbell – not MiCamp – is a party to the Protective Order. Second, Campbell is the one that designated the subject documents as confidential. Third, under the express language of the Protective Order, Campbell as a party is subject to its terms and therefore, can enforce its terms. (ECF No. 22). Fourth, as Campbell highlights, Sciara served document requests for the subject documents, which Campbell complied with by producing the identified financial documents as part-owner and manager of MiCamp. (ECF No. 75, Exh. 2, RFP No. 18). Finally, Campbell is not required to provide Sciara with an opportunity to cure his violation of a Court Order prior to filing the instant Motion. Therefore,

the Court finds that the Motion is properly brought by Campbell and is ripe for the Court's decision.

Next, the Court finds that Sciara violated the Protective Order – by his and his counsel's own admissions – and more importantly, is unable to find Sciara's contention that the disclosures were inadvertent to be credible. Rather, the evidence presented shows that Sciara's unauthorized disclosures were willful; this determination impacts the appropriate sanction to be imposed. The Court bases its conclusion that Sciara's violation of the Protective Order was willful on the following findings of fact:

- Campbell designated the MiCamp Bank of America bank statements as confidential in accordance with the Protective Order as they were non-public financial information and commercially sensitive business information. He then produced them to Sciara after receiving a request for production from Sciara in this case. Sciara never objected to their confidential designation. (ECF No. 59).
- Sciara also designated his own documents as confidential under the Protective Order in this case when he served his Third Supplemental Disclosures on May 3, 2019. (ECF No. 75, Exh. 4).
- Sciara concedes in his deposition that he would not have any problem ruining Campbell financially. (ECF No. 75, Exh. 1).
- Sciara was previously represented by the law firm of McDonald Carano, LLP. He was present for the deposition of Micah Kinsler and heard discussion about designating the deposition transcript as confidential under the Protective Order. (ECF No. 75, Exh. 5).
- Violation #1: Sciara took a photo of MiCamp's May 2014 bank statement. (ECF No. 59, Exh. 2). Sciara provided the photo to his counsel – Jennifer Arledge and Bondy – for use in his November 20, 2020 Clark County District Court lawsuit against MiCamp. His counsel were not yet attorneys of record in this case and thus, were unauthorized third parties.

- Violation #2: On September 10, 2020, Sciara's counsel - Bondy - emailed the third party, Fiserv, who was one of MiCamp's business partners, the photo that Sciara took of the May 2014 bank statement and noted that "I am attaching a couple of items to this email that my client received as part of discovery in his other lawsuit against Stephen Campbell." (ECF No. 59, Exh. 2).
- Violation #3: On September 14, 2020, Sciara's counsel – Bondy - sent another email to Fiserv and attached a scan of the May 2014 bank statement that is identified by bates numbers and is marked confidential at the bottom middle of the page. (ECF No. 59, Exh. 4).
- Violation #4: On September 21, 2020, Sciara's counsel – Bondy - emailed a February 2019 bank statement to Fiserv marked with bates numbers and confidential label. (ECF No. 59, Exh. 5).
- In total, the unauthorized disclosures included about seven pages of MiCamp's partial bank statements from 2014, 2018, and 2019 that were disseminated by Sciara to the first unauthorized recipients – Arledge and Bondy – and then the second unauthorized recipient, Fiserv.
- Sciara admits that he provided these documents to his counsel for use in the Clark County Case. (ECF No. 73-2, Exh. 1).
- Bondy declares that she has not provided any third party with any other documents that are the subject of the Protective Order. (ECF No. 73-3, Exh. 2).

Accordingly, there is no dispute that disclosures were made by Sciara in violation of the Protective Order. Sciara and his counsel dispute that the disclosures were made willfully, as Campbell claims. Sciara mainly relies on his argument that he was not advised by his former counsel of the Protective Order's coverage and/or existence. (ECF No. 73-2, Exh. 1). Campbell requests limited discovery into this contention. The Court takes the attorney-client privilege extremely seriously. It cannot find that limited discovery to invade the attorney-client privilege is necessary under these circumstances. Rather, there is sufficient evidence presented to the Court to find that Sciara's contention that he was not aware of the Protective Order's existence and/or

coverage of these subject financial documents – such that their disclosure for his purposes in another litigation was permitted – is disingenuous.

Indeed, as outlined above, not only did Sciara request the subject financial documents in discovery in this case, but they were served with the confidential label and bates-stamp conspicuously noted on them. He then produced his own documents with a confidential label pursuant to the same Protective Order. Further, Sciara sat through a deposition in which the confidentiality coverage of the Protective Order was discussed. He may not have paid attention to the confidential label on the documents or his attorney's discussions about confidential documents, but this deliberate ignorance is no excuse. Moreover, blaming former counsel for alleged insufficient legal advice may give rise to a separate claim of legal malpractice (and the Court expresses no opinion on the value or merit of such a belief/claim), but it does not provide a ground for violating the Protective Order or justify the avoidance of a sanction for his violation.

Moreover, Sciara specifically provided the financial documents to attack Campbell's business, MiCamp, in another lawsuit that Sciara initiated. This was not simply an authorized disclosure to an expert not properly identified. It was clearly a calculated move to further his goals in a separate litigation designed to attack Campbell's busines. It is not credible that Sciara, a sophisticated businessman who has been actively involved in this litigation along with two other related cases, is unaware of what confidential means or, at the very least, would believe that utilizing these documents as a sword in another litigation is permissible. When you consider the context of Sciara's actions – his admission that he would have no problem ruining Campbell financially – and utilization of the confidential documents to terminate a joint venture between Fiserv and MiCamp, they do not equate to an inadvertent mistake. Notably, Sciara's former counsel submitted no declaration or otherwise commented on whether Sciara was advised by them of the existence of the Protective Order. Sciara's contention that they did not advise him as such is not persuasive. Therefore, the Court does not require further evidence to find that Sciara's unauthorized disclosures were willful.

As for Campbell's additional request for limited discovery in order to establish monetary damages from the willful disclosure, the Court finds it is not needed to resolve this Motion. With

the wide range of sanctions available to the Court for a violation of its order, it finds that the injunctive relief and monetary sanction of attorney's fees are appropriate and all that is needed here. The Court is also aware that Campbell is unable to quantify any damages as a result of the unauthorized disclosures. The claims at issue in this litigation, and more so in the related case of 2:21-cv-309-JAD-NJK given that MiCamp is pursuing tort damages for interference with business relations, will naturally give rise to discovery on monetary damages. MiCamp will be able to conduct the necessary discovery to support its claims during that discovery process. As such, given Campbell's clear admission that his monetary damages for the halt of the sale of his interest in MiCamp and the dissolution of his joint venture with Fiserv are intangible and unquantifiable at this point, the Court does not find that limited discovery on this specific issue is necessary at this time.

As for injunctive relief, the Court finds credible Sciara's and his counsel's declarations that there have been no other disclosures at this time. To the extent that any further violations of the Protective Order come to light, then the Court may revisit the need for limited discovery on this issue – including a forensic examination. In fact, the Court wants to make it clear that any future violations of the Protective Order will not be treated as leniently as this and may result in dispositive sanctions after full consideration of the circumstances. It finds that an injunction enforcing the Protective Order's terms regarding unauthorized disclosure of confidential discovery material is sufficient at this time to partially remedy the harm. Sciara's counsel has confirmed that Fiserv was instructed to destroy the unauthorized disclosure and no other third parties have to date received any confidential discovery material. As such, the Court will grant Campbell's request for an injunction to ensure the protections of the Protective Order (ECF No. 22) remain intact for the rest of this litigation.

Finally, the Court finds that Sciara's position was not substantially justified and an award of attorney's fees for the instant motion would not be unjust. Additionally, Sciara's counsel are complicit in the unauthorized disclosures in violation of the Protective Order. The Court understands the timing of the disclosures such that his counsel were not substituted in as counsel of record for this case until after the unauthorized disclosures were made. However, their

diligence in ensuring that they were not violating a Court Order was lacking here. Contrary to Arledge's argument at the hearing, the size of the confidential label on the financial documents is not too small to make it inconspicuous. Moreover, the confidential label that is clearly included at the bottom of the page along with the bates-stamp is sufficient for any attorney to realize that the document was a document produced in discovery in a case. Then, the fatal flaw in Sciara's counsel's claim that this is simply an inadvertent mistake is Bondy's email that expressly states that she knows these documents were provided in discovery in another case and there are more such documents. At that very least, Sciara's counsel were negligent in their duty to investigate the source of these documents and whether they were subject to protection as confidential. They missed obvious red flags in that these were financial records of a defendant that Sciara was suing and had not yet been obtained in that case, they were labeled confidential, and they were bates-stamped. That is why the Court must find that Sciara's counsel is jointly and severally liable for the monetary sanction that is being imposed.

Significantly, sanctions pursuant to Rule 37(a)(5) may be issued against a party, a party's attorney, or both. *See* Rule 37(a)(5) (allowing for recovery of expenses, including attorneys' fees, against "the party or attorney advising that conduct, or both"). Hence, the Court has the authority to award fees under Rule 37 against a party and counsel jointly and severally. *See, e.g., Toth v. Trans World Airlines, Inc*., 862 F.2d 1381, 1387 (9th Cir. 1988). Awarding sanctions against a party and counsel jointly and severally is appropriate where it is unclear from the record which is less blameworthy than the other. *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 338 (D. Nev. 2016) (collecting cases); *see also Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720, at *10 (D. Nev. July 11, 2013), affirmed, 2013 WL 5278518 (D. Nev. Sept. 13, 2017).

As is the Court's typical allowance, it will order the parties to meet and confer in an effort to resolve the attorney fee issue. To the extent that they cannot agree on an amount, then Campbell shall have 14 days to file a motion setting forth the attorney's fees he seeks for the briefing and hearing of this motion along with the fees for drafting the fee request. Sciara will have 14 days to respond after the motion has been filed. Campbell shall have 7 days to file a

reply. The Court will then decide the fee award after full consideration of the arguments. It is only deciding that attorney's fees for Campbell having to bring this Motion are warranted at this point as Sciara's actions were neither substantially justified nor would it be unjust to award fees for a willful violation of a Court order – it is not determining the fee amount now.

## III. CONCLUSION

IT IS HEREBY ORDERED that Defendant Stephen Campbell's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt of Court for Violating the Protective Order (ECF No. 59) is **granted in part and denied in part**.

IT IS FURTHER ORDERED that Plaintiff Brian Sciara is enjoined from violating the Protective Order (ECF No. 22) in the future by disseminating any Discovery Material designated as Confidential or Highly Confidential to anyone other than those persons identified in Sections 11-12 of the Protective Order.

IT IS FURTHER ORDERED that the parties shall meet and confer in good faith to sincerely agree upon an amount of attorney's fees for the instant Motion briefing and hearing time that shall be awarded to Campbell. To the extent that no agreement can be reached, then Campbell shall file his Motion for fees within 14 days, a Response is permitted 14 days thereafter, with a Reply permitted 7 days later.

DATED: March 12, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 14

**Order Re: MiCamp Solutions, LLC's And MiCamp Holdings, LLC's Motion For Attorney's Fees**
**[EJDC 167]**

Electronically Filed
05/31/2022 11:28 AM
CLERK OF THE COURT

**ORDR**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| **BRIAN SCIARA, an individual; and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,**<br><br>**Plaintiffs,**<br><br>**Vs.**<br><br>**MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERVE, INC. fka FIRST DATA MERCHANG SERVICES, LLC, a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,**<br><br>**Defendants**<br><br>***And***<br><br>**CAPFUND ENTERPRISES, INC., a corporation,**<br><br>***Nominal Defendant.*** | **Case No. A-20-824100-B**<br>**Dept. No. XXII** |

**ORDER RE: MICAMP SOLUTIONS, LLC'S AND MICAMP HOLDINGS, LLC'S MOTION FOR ATTORNEY'S FEES**

This matter concerning Defendants MICAMP SOLUTIONS, LLC'S and MICAMP HOLDINGS, LLC'S Motion for Attorney's Fees filed March 7, 2022 came on for hearing on the 12th day of May 2022 at the hour of 9:00 a.m. before Department XXII of the Eighth Judicial

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

District Court, in and for Clark County, Nevada with JUDGE SUSAN JOHNSON presiding;[1] Plaintiffs BRIAN SCIARA and CAPFUND ENTERPRISES, INC. appeared by and through their attorney, TERI T. PHAM, ESQ. of the law firm, ENENSTEIN PHAM & GLASS; and Defendants MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC appeared by and through their attorneys, COLIN P. CAVANAUGH, ESQ. of the law firm, PLANTE LEBOVIC; and Defendant EVO PAYMENTS, INC. appeared by and through its attorney, JASON D. SMITH, ESQ. of the law firm, SANTORO WHITMIRE. Having reviewed the papers and pleadings on file herein, heard oral arguments of the lawyers and taken this matter under advisement, this Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT AND PROCEDURAL HISTORY**

**1.** Plaintiffs BRIAN SCIARA, individually and derivatively on behalf of CAPFUND ENTERPRISES, INC., and CAPFUND ENTERPRISES, INC. instituted this litigation on November 2, 2020 against Defendants MICAMP SOLUTIONS, MICAMP HOLDINGS, LLC, FISERV, INC., EVO PAYMENTS, INC. and SHIFT4PAYMENTS, LLC based upon the latters' alleged misappropriation and wrongful use of CAPFUND ENTERPRISES, INC.'S employer identification number or "EIN" to open merchant accounts for a non-party, SPROUT FINANCIAL, INC., without MR. SCIARA'S approval or even knowledge. MR. SCIARA alleged he first became aware of the misappropriation in late 2018 or 2019.[2] Such conduct assertedly resulted in Plaintiffs sustaining damages in excess of $15,000.00. As set forth within the First Amended Complaint filed March 15, 2021, Plaintiffs made the following claims for relief: (1) Conversion as to MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC), (2) Civil Conspiracy as against all Defendants, (3) Unjust

---

[1]The other Motions for Attorneys' Fees filed by Defendants EVO PAYMENTS, INC., FISERV, INC. and SHIFT4PAYMENTS, LLC were resolved prior to hearing and vacated.

[2]*See* Complaint, p. 8, paragraph 36, filed November 2, 2020, and First Amended Complaint, p. 11, paragraph 48, filed March 15, 2021.

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

Enrichment as against all Defendants, (4) Violation of Nevada's RICO statutes, (5) Negligence as to FISERV, INC., EVO PAYMENTS, INC. and SHIFT4PAYMENTS, LLC, (6) Fraudulent Concealment as to FISERV, INC., EVO PAYMENTS, INC. and SHIFT4PAYMENTS, LLC, (7) Shareholder Derivative Claims as against all Defendants and (8) Shareholder Direct Claims as against all Defendants.

**2.** After discovery closed on November 5, 2021, Defendants collectively served Plaintiffs with an Offer of Judgment pursuant to Rule 68 of the Nevada Rules of Civil Procedure (NRCP) and NRS 17.117 on November 17, 2021, offering to allow judgment to be taken against them in the total amount of $40,000 which was inclusive of Plaintiffs' attorney fees, costs, expenses and pre-judgment interest. The Offer of Judgment was not accepted within the time frame set forth by NRCP 68(e).

**3.** After the Offer of Judgment was deemed rejected, Defendants filed their Motions for Summary Judgment which were heard on January 13, 2022. After hearing the parties' arguments, this Court granted summary judgment upon the bases: (1) Plaintiffs did not provide evidentiary support for their claims either in discovery or at the time the Motions were filed, (2) the evidence demonstrated at least the first four of Plaintiffs' claims were time-barred by the pertinent Statutes of Limitations as MR. SCIARA was aware of facts supporting his claims in 2014 and 2015, (3) pursuant to NRS 80.055(2), CAPFUND ENTERPRISES, INC. could not commence or maintain any legal action as it failed or neglected to comply with the provisions of NRS 80.010 to 80.040, and (4) Plaintiffs failed to show any genuine issue of material fact remained with respect to each claim. *See* Findings of Fact, Conclusions of Law and Judgment filed February 24, 2022.

**4.** MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC now moves this Court for an award of attorney's fees, costs and interest pursuant to NRCP 68, NRS 17.117, NRS 18.010(2) and EDCR 7.60 in the amounts of $137,634.00 and $334,495.50, respectively. In their

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

view, they obtained a judgment more favorable than that expressed within their Offer of Judgment, and thus, they are entitled to $137,634.00 in attorney's fees and costs incurred after the Offer was made in light of the factors set forth in Beattie v. Thomas, 99 Nev. 579. 588-589, 668 P.2d 268, 274 (1983), as well as those outlined in Brunzell v. Golden Gate National Bank, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). Notwithstanding that premise, MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC claim entitlement to attorney's fees and costs they incurred pre-Offer of Judgment as (1) they are the prevailing parties who did not recover more than $20,000 and (2) the claims brought by MR. SCIARA and CAPFUND ENTERPRISES, INC. were brought and maintained without reasonable ground and/or to harass these Defendants and their principals. MR. SCIARA and CAPFUND ENTERPRISES, INC. oppose, noting, *first,* the Offer of Judgment was collective and not apportioned among the Defendants; as the damages sought were not entirely derivative; that is, the requirement needed to make such an Offer of Judgment under NRCP 68(c)(3) and NRS 17.117(5) was not met *Second,* Defendants did not demonstrate application of the ***Beattie*** factors in this case weigh in their favor. *Third,* Defendants are not entitled to attorney's fees under NRS 18.010(2) as there was no money judgment in favor of them. *Fourth,* Defendants failed to demonstrate Plaintiffs brought or maintained their litigation without reasonable ground or to harass the prevailing party.

## CONCLUSIONS OF LAW

**1.** Generally speaking, the district court may not award attorney fees absent authority under a statute, rule, or contract. *See* Albios v. Horizon Communities, Inc., 122 Nev. 409, 132 P.3d 1022, 1028 (2006), *citing* State Department of Human Resources v. Fowler, 109 Nev. 782, 784, 858 P.2d 375, 376 (1993). In this case, MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC seek an award under NRCP 68 and NRS 17.117, and alternatively, under NRS 18.010(2) and EDCR 7.60.

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

**2.** NRCP 68 provides in salient part:

(a) *The Offer:* At any time more than 21 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions. Unless otherwise specified, an offer made under this rule is an offer to resolve all claims in the action between the parties to the date of the offer, including costs, expense, interest, and if attorney fees are permitted by law or contract, attorney fees.

. . .

(c) *Joint Unapportioned Offers.*

(1) *Multiple Offerors.* A joint offer may be made by multiple offerors.

. . .

(3) *Offers to Multiple Plaintiffs.* An Offer made to multiple plaintiffs will involve the penalties of this rule only if:

(A) the damages claimed by all the offeree plaintiffs are solely derivative, much as where the damages claimed by some offerees are entirely derivative of an injury to the others or where the damages claimed by all offerees are derivative of an injury to another; and

(B) the same entity, person, or group is authorized to decide whether to settle the claims of the offerees.

. . .

(e) *Failure to Accept Offer.* If the offer is not accepted within 14 days after service, it will be considered rejected by the offeree and deemed withdrawn by the offeror. Evidence of the offer is not admissible except in a proceeding to determine costs, expenses, and fees. The fact that an offer is made but not accepted does not preclude a subsequent offer. With offers to multiple offerees, each offeree may serve a separate acceptance of the apportioned offer, but if the offer is not accepted by all offerees, the action will proceed as to all. Any offeree who fails to accept the offer may be subject to the penalties of this rule.

(f) *Penalties for Rejection of Offer:*

(1) *In General.* If the offeree rejects an offer and fails to obtain a more favorable judgment:

(A) the offeree cannot recover any costs, expenses, or attorney fees and may not recover interest for the period after the service of the offer and before the judgment; and

(B) the offeree must pay the offeror's post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer. If the offeror's attorney is collecting a contingent fee, the amount of any attorney fees awarded to the party for whom the offer is made must be deducted from that contingent fee.

. . .

(g) *How Costs, Expenses, Interest, and Attorney Fees Are Considered.* To invoke the penalties of this rule, the court must determine if the offeree failed to obtain a more favorable judgment. If the offer provided that costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees, would be added by the court, the court must compare the amount of the offer with the principal amount of the judgment, without

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

inclusion of costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees. If a party made an offer in a set amount that precluded a separate award of costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees, the court must compare the amount of the offer, together with the offeree's pre-offer taxable costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees, with the principal amount of the judgment.

**3.** The provisions of NRS 17.117 are substantially similar to that set forth in NRCP 68.

This statute reads in pertinent part:

> 1. At any time more than 21 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with the terms and conditions of the offer. Unless otherwise specified, an offer made under this section is an offer to resolve all claims in the action between the parties to the date of the offer, including costs, expenses, interest and, if attorney's fees are permitted by law or contract, attorney's fees.
>
> . . .
>
> 3. A joint offer may be made by multiple offerors.
>
> . . .
>
> 5. An offer made to multiple plaintiffs will invoke the penalties of this section only if:
>
> (a) The damages claimed by all the offeree plaintiffs are solely derivative, such as where the damages claimed by some offerees are entirely derivative of an injury to the others or where the damages claimed by all offerees are derivative of an injury to another; and
>
> (b) The same entity, person or group is authorized to decide whether to settle the claims of the offerees.
>
> . . .
>
> 9. If the offer is not accepted within 14 days after service, the offer will be considered rejected by the offeree and deemed withdrawn by the offeror. …
>
> 10. If the offeree rejects an offer and fails to obtain a more favorable judgment:
>
> (a) The offeree may not recover any costs, expenses or attorney's fees and may not recover interest for the period after the service of the offer and before the judgment; and
>
> (b) The offeree must pay the offeror's post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of the entry of the judgment and reasonable attorney's fees, if any allowed, actually incurred by the offeror from the time of the offer. If the offeror's attorney is collecting a contingent fee, the amount of any attorney's fees awarded to the party for whom the offer is made must be deducted from that contingency fee.
>
> . . .
>
> 12. To invoke the penalties of this section, the court must determine if the offeree failed to obtain a more favorable judgment. If the offer provided that costs, expenses, interests and, if attorney's fees are permitted by law or contract, attorney's fees would be added by the court, the court must compare the amount of the offer with the principal amount

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

of the judgment, without inclusion of costs, expenses, interest and, if attorney's fees are permitted by law or contract, attorney's fees. If a party made an offer in a set amount that precluded a separate award of costs, expenses, interest and, if attorney's fees are permitted by law or contract, attorney's fees, the court must compare the amount of the offer, together with the offeree's pre-offer taxable costs, expenses, interest and, if attorney's fees are permitted by law or contract, attorney's fees with the principal amount of the judgment.

**4.** Case law, interpreting NRCP 68, provides this rule was designed to facilitate and encourage settlement. It does so by placing the risk of loss on the non-accepting offeree, with no risk to the offeror, thus encouraging both offers and acceptances of offers. Matthews v. Collman, 110 Nev. 940, 950, 878 P.2d 971, 978 (1994). NRCP 68 invests the court with discretion to allow attorney fees when the judgment obtained by the offeror is more favorable than the offer. Armstrong v. Riggi, 92 Nev. 280, 281, 549 P.2d 753 (1976). The court's discretion will not be disturbed absent a clear abuse. Bidart v. American Title Insurance Co., 103 Nev. 175, 179, 734 P.2d 732, 735 (1987).

**5.** The factors to consider in making a discretionary award of attorney fees under NRCP 68 are whether:

(1) the plaintiff's claim was brought in good faith;

(2) the defendant's offer of judgment was reasonable and in good faith in both its timing and amount;

(3) the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and

(4) the fees sought by the offeror are reasonable and justified in amount.

After weighing the foregoing factors, the district court may, where warranted, award up to the full amount of fees requested. On the other hand, where the court has failed to consider these factors, and has made no findings based upon the evidence the attorney fees sought are reasonable and . . .

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

justified, it is an abuse of discretion for the court to award the full amount of fees requested. Beattie, 99 Nev. at 588, 668 P.2d at 274; *also see* Frazier v. Drake, 131 Nev. 632, 642, 357 P.3d 365 (2015).[3]

**6.** Should the court exercise its discretion in granting attorney's fees, it must consider certain factors in determining the amount awarded. *See* Schouweiler v. Yancy Company, 101 Nev. 827, 832, 712 P.2d 786, 790 (1985). Such factors include:

(1) the qualities of the advocate: his ability, training, education, experience, professional standing and skill;

(2) the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation;

(3) the work actually performed by the lawyer: the skill, time and attention given to the work; and

(4) the result: whether the attorney was successful and what benefits were derived.

*See* Brunzell, 85 Nev. at 349, 455 P.2d at 33 (1969), *quoting* Schwartz v. Schwerin, 85 Ariz. 242, 336 P.2d 144, 146 (1959).

**7.** NRS 18.010(2) states as follows:

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> (a) When the prevailing party has not recovered more than $20,000; or
> (b) Without regard to the recovery sought, when the court finds that the claim, counter-claim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees

[3] *But see* MRO Communications, Inc. v. AT&T Co., 197 F.3d 1276, 1284 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124, 120 S.Ct. 1995, 146 L.Ed.2d 820 (2000)(where affidavits and exhibits submitted in support of, and in opposition to, the motion for attorney's fees were sufficient to enable the court to consider each of the four factors outlined in *Beattie* and conclude the amount of fees was reasonable and justified, the court did not abuse its discretion in awarding attorney's fees without making specific findings on the four factors).

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

> in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

**8.** EDCR 7.60 states in pertinent part:

> (b) The court may, after notice and an opportunity to be heard, impose upon an attorney or a party any and all sanctions which may, under the facts of the case, be reasonable, including the imposition of fines, costs or attorney's fees when an attorney or a party without just cause:
>
> (1) Presents to the court a motion or an opposition to a motion which is obviously frivolous, unnecessary or unwarranted.
>
> (2) Fails to prepare for a presentation.
>
> (3) So multiplies the proceedings in a case as to increase costs unreasonably and vexatiously.
>
> (4) Fails or refuses to comply with these rules.
>
> (5) Fails or refuses to comply with any order of a judge of the court.

**9.** The first issue this Court addresses is whether MR. SCIARA and CAPFUND ENTERPRISES, INC. failed to obtain a judgment more favorable than the $40,000.00 Offer of Judgment which was inclusive of their attorney fees, costs, expenses and pre-judgment interest incurred. As set forth in NRCP 68(g) and NRS 17.117(12), as the term "inclusive" was used in the Offer of Judgment, this Court must add Plaintiffs' attorney fees, costs, expenses and pre-judgment interest to the judgment received and compare that total to the $40,000.00. Here, MR. SCIARA and CAPFUND ENTERPRISES, INC. received a defensive judgment or zero. The pre-judgment interest earned, therefore, is zero. The comparison this Court must make, then, is the extent of attorney's fees, costs and expenses incurred by Plaintiffs to the $40,000.00 by the time the Offer was made. Here, neither party produced information regarding the attorney fees, costs and expenses that had been incurred by MR. SCIARA and CAPFUND ENTERPRISES, INC. from the time litigation was instituted on November 2, 2020 to when the Offer of Judgment was made over a year later, November 5, 2021. In this Court's view, the burden is upon MICAMP SOLUTIONS, LLC and

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

MICAMP HOLDINGS, LLC to demonstrate the $40,000.00 exceeded the amount MR. SCIARA and CAPFUND ENTERPRISES, INC. incurred in attorney's fees, costs and expenses by November 5, 2021. These Defendants did not meet that burden, and thus, their Motion for Attorney's Fees as it seeks attorney fees under NRCP 68 and NRS 17.117 is denied. Therefore, this Court need not address whether the damages claimed by the multiple Plaintiffs were "solely derivative" or the application of the *Beattie* factors.

**10.** The next question is whether this Court may award MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC attorney fees where they were prevailing parties who recovered less than $20,000.00 under NRS 18.010(2)(a). Here, the recovery received was zero or judgment for the defense. Case law in Nevada provides when attorney's fees sought are based upon NRS 18.010(2)(a), an award of a money judgment is a prerequisite to an award of attorney's fees. Key Bank v. Donnels, 106 Nev. 49, 53 787 P.2d 382, 385 (1990); *also see* Smith v. Crown Financial Services of America, 111 Nev. 277, 285, 890 P.2d 76 (1995). When it does not award a party a monetary judgment, the district court cannot properly award attorney's fees. Singer v. Chase Manhattan Bank, 111 Nev. 289, 294, 890 P.2d 1305, 1308 (1995). In short, this Court cannot award MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC attorney fees pursuant to NRS 18.010(2)(a).

**11.** This Court must next decide whether MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC are entitled to an award of reasonable attorney fees as a sanction under NRS 18.010(2)(b). In this regard, the Court finds the claims brought and maintained by MR. SCIARA and CAPFUND ENTERPRISES, INC. were without reasonable ground for several reasons. *First,* and for example, the undisputed evidence showed Plaintiffs' claims for conversion, civil conspiracy, unjust enrichment and violation of Nevada's RICO statutes were time-barred by virtue of the pertinent Statutes of Limitations. Indeed, contrary to the Complaint's and First Amended

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

Complaint's allegations MR. SCIARA became aware of the alleged misappropriation in late 2018 or 2019, the evidence presented showed MR. SCIARA knew, in October 2015, of facts suggesting misappropriation of CAPFUND ENTERPRISES, INC.'S EIN which supposedly occurred as early as June 2014.[4] In other words, the evidence showed MR. SCIARA may have misrepresented the timing of his awareness of the misappropriation within his pleadings to avoid Statutes of Limitations issues. Plaintiffs did not file their Complaint until November 2020, over five (5) years after MR. SCIARA became aware of facts suggesting the alleged misappropriation took place. *Second,* throughout the litigation, CAPFUND ENTERPRISES, INC. had not complied with the provisions of NRS 80.010 through 80.040, and thus, it was a revoked entity that could not have commenced or maintained litigation until it had fulfilled its obligations. *See* NRS 80.055. CAPFUND ENTERPRISES, INC. and MR. SCIARA could have corrected that problem at any time during the litigation but never did. A third example is MR. SCIARA could provide no evidence to support the premise he or CAPFUND ENTERPRISES, INC. conferred a benefit upon any of the Defendants or they had a reasonable expectation of payment from Defendants which are key elements of an "unjust enrichment" cause of action. *Also see* Findings of Fact, Conclusions of Law and Judgment filed February 24, 2022 for other examples. Accordingly, this Court concludes MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC are entitled to reimbursement of reasonable attorney fees under NRS 18.010(2)(b) as against MR. SCIARA and CAPFUND ENTERPRISES, INC. To determine reasonableness, this Court considers the factors set forth in Brunzell, 85 Nev. at 349, 455 P.2d at 33.

**12.** The first ***Brunzell*** factor this Court considers is the qualities of the advocate: his ability, training, education, experience, professional standing and skill. Here, MICAMP

[4] *See* Exhibit H attached to MICAMP SOLUTIONS, LLC'S and MICAMP HOLDINGS, LLC'S Motion for Summary Judgment filed December 10, 2021.

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

SOLUTIONS, LLC and MICAMP HOLDINGS, LLC were represented by two law firms, i.e. HOLLAND & HART, LLP (as local counsel) and FARHANG & MEDCOFF (Defendants' Arizona attorneys). In this Court's view, the credentials of both firms are stellar. Both law firms are A-V rated by Martindale Hubbell with extensive experience in commercial litigation. Both firms are long-standing and their lawyers have received numerous national, regional and state awards for being "top" and "best."[5] The lawyers from HOLLAND & HART have appeared before this Court on numerous occasions and in every instance they have been professional, prepared and demonstrated their high level of advocacy. There is no question the first *Brunzell* factor is met.

**13.** The second *Brunzell* factor this Court considers is the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation. Here, MR. SCIARA and CAPFUND ENTERPRISES, INC. made claims as against MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC for conversion, civil conspiracy, unjust enrichment, violation of Nevada's RICO statutes, as well as shareholder derivative and direct claims as a result of the alleged misappropriation of CAPFUND ENTERPRISES, INC.'S EIN. The facts and claims are complicated and defending against them proved difficult, especially in light of the discovery problems encountered. However, given the credentials and high qualities possessed by the law offices and lawyers representing MICAMP SOLUTUIONS, LLC and MICAMP HOLDINGS, LLC, this Court questions the need for these two firms to be actively defending this matter. In this Court's view, the character of the work could have been completed by local counsel with perhaps some supportive help from the Arizona law firm given the institutional knowledge that office may have had.

---

[5] *See* Affidavits of BRYCE K. KUNIMOTO, ESQ. and ALI J. FARHANG attached to MICAMP SOLUTIONS, LLC'S and MICAMP HOLDINGS, LLC'S Motion for Attorney's Fees.

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

**14.** The third *Brunzell* factor to be considered is the work actually performed by the lawyer: the skill, time and attention given to the work. In this regard, the Court reviewed the lawyers' time billings attached as exhibits to the Motion for Attorney's Fees. In all, these Defendants' lawyers charged $334,495.50 for 944.60 hours of legal work with rates ranging from $190 to $525 per hour. This Court initially concludes the lawyers' and their paralegals' billing rates are reasonable and customary in light of the attorneys' experience and the prevailing charges of similar counsel practicing business and/or commercial litigation in Clark County, Nevada. With respect to the job performed, this Court appreciates there was legal work conducted and fees incurred prior to the Complaint's filing on November 2, 2020. NRS 18.010(2)(b), however, contemplates awarding attorney fees as a sanction when the lawsuit was *brought* or *maintained* without reasonable ground. This Court, therefore, declines to award attorney fees generated by FARHANG & MEDCOFF *before* the action was brought, i.e. $20,858.00. This Court also notes what appears to be duplication of work and charges between the two law firms such as .80 hour spent by BRYCE K. KUNIMOTO, ESQ. and 1 hour by ALI J. FARANG, ESQ. to review the 15-page original Complaint on November 3 and 4, 2020, respectively. There were several lengthy telephone calls between the two law firms, as well as internal meetings of the lawyers, to communicate and strategize, which were charged by both firms as opposed to one. There were two law offices actively drafting or working on the same motions. Again, given its analysis of the second *Brunzell* factor above, this Court questions the need for two law firms to be active participants in the defense of MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC. to the point $334,495.50 was charged. Hence, while this Court finds both law firms and their lawyers performed legal work, it concludes the number of hours incurred and fees billed were excessive.

**15.** The fourth *Brunzell* factor is the result: whether the attorney was successful and what benefits were derived. Here, there is no question both law firms were successful as they obtained

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

summary judgment in the favor of MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC with respect to MR. SCIARA'S and CAPFUND ENTERPRISES, INC.'S Complaint. The fourth *Brunzell* factor is met.

**16.** All in all, this Court concludes sanctions by way of attorneys' fees are appropriate, but not to the extent sought by MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC. This Court awards $156,818.75 which represents an equal division of $313,637.50, the attorneys' fees incurred after November 2, 2020 ($334,495.50 - $20,858.00 or fees incurred before November 2, 2020). As this Court awards attorney's fees under NRS 18.010(2)(b), it declines making an analysis under NRCP 7.60.

Accordingly, based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** Defendants MICAMP SOLUTIONS, LLC'S and MICAMP HOLDINGS, LLC'S Motion for Attorney's Fees filed March 7, 2022 is granted in part, denied in part. Of the $334,495.50 these Defendants sought as a sanction under NRS 18.010(2)(b), MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC is awarded $156,818.75 in attorneys' fees as against BRIAN SCIARA and CAPFUND ENTERPRISES, INC.

**Dated this 31st day of May, 2022**

SUSAN H. JOHNSON, DISTRICT COURT JUDGE

**118 A26 37BB 4A7E**
**Susan Johnson**
**District Court Judge**

SUSAN H. JOHNSON
DISTRICT JUDGE
DEPARTMENT XXII

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Brian Sciara, Plaintiff(s)<br>vs.<br>Micamp Solutions, LLC, Defendant(s) | CASE NO: A-20-824100-B<br>DEPT. NO. Department 22 |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 5/31/2022

| | |
|---|---|
| Robert Rabbat | rrabbat@enensteinlaw.com |
| Valerie Larsen | vllarsen@hollandhart.com |
| Bryce Kunimoto | bkunimoto@hollandhart.com |
| Jarrod Rickard | jlr@skrlawyers.com |
| Christopher Kircher | cdk@skrlawyers.com |
| Olivia Kelly | oak@skrlawyers.com |
| Lawrence Semenza, III | ljs@skrlawyers.com |
| Robert Cassity | bcassity@hollandhart.com |
| Jason Smith | jsmith@santoronevada.com |
| Joyce Heilich | jeheilich@hollandhart.com |
| Angie Barreras | alb@skrlawyers.com |

| | |
|---|---|
| Kevin Anderson | kanderson@fabianvancott.com |
| Katie Cannata | klc@skrlawyers.com |
| Jennifer Arledge | jarledge@sgroandroger.com |
| E File | efile@sgroandroger.com |
| Thomas Stockard | tstockard@fabianlaw.com |
| John Peterson | john.peterson@polsinelli.com |
| Michael Malone | MMalone@Polsinelli.com |
| Mary Dewitt | mdewitt@fabianvancott.com |
| Jenna Lathrop | jlathrop@farhangmedcoff.com |
| Tish Wright | twright@farhangmedcoff.com |
| Adam Peterson | apeterson@farhangmedcoff.com |
| Melodee Grams | mgrams@farhangmedcoff.com |
| Michelle Donohoo | mdonohoo@fabianvancott.com |
| Teri Pham | tpham@enensteinlaw.com |
| Jennifer Schamberger | jschamberger@enensteinlaw.com |
| Alvaro Montenegro | amontenegro@enensteinlaw.com |
| Ali Farhang | afarhang@farhangmedcoff.com |
| Nick Scotti | nscotti@sgroandroger.com |
| Jenapher Lin | jlin@hollandhart.com |
| Colin Cavanaugh | ccavanaugh@plantelebovic.com |
| Margarita Elias | melias@santoronevada.com |
| Anita Montoya | amontoya@fabianvancott.com |
| Rachel Jenkins | rjenkins@santoronevada.com |

Sigal Chattah chattahlaw@gmail.com

# EXHIBIT 15

**Judgment Regarding Attorney's Fees**
**[EJDC 186]**

Electronically Filed
12/01/2022 12:40 PM
CLERK OF THE COURT

**JUDG**

PLANTE LEBOVIC LLP
Colin P. Cavanaugh
Nevada Bar No. 13842
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148
Telephone: (702) 793-4362
ccavanaugh@plantelebovic.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
Phone: (520) 214-2000
Fax: (520) 214-2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants.<br><br>-and-<br><br>CAPFUND ENTERPRISES, INC., a corporation,<br><br>Nominal Defendant. | Case No. A-20-824100-B<br>Dept. No. XXII<br><br>**JUDGMENT REGARDING ATTORNEY'S FEES** |

The Court having entered its Order Re: MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Attorney's Fees on May 31, 2022, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that JUDGMENT is entered in favor of MiCamp Solutions, LLC and MiCamp Holdings, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc., jointly and severally in the principal amount of $156,818.75.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that JUDGMENT is entered in favor of MiCamp Solutions, LLC and MiCamp Holdings, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc., jointly and severally for pre-judgment interest from May 31, 2022 to November 14, 2022 (167 days) at the legal rate of 5.25% in the amount of $3,766.87.

Post-judgment interest on the principal amount of $156,818.75 shall accrue pursuant to NRS 99.040.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2022

**DISTRICT COURT JUDGE**

23B 82B 15B8 AA3E
Susan Johnson
District Court Judge

*Respectfully submitted by:*

PLANTE LEBOVIC LLP

Colin P. Cavanaugh
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148

Ali J. Farhang (*pro hac vice*)
Adam T. Peterson (*pro hac vice*)
FARHANG & MEDCOFF, PLLC
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
*Attorneys for MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Brian Sciara, Plaintiff(s) | CASE NO: A-20-824100-B |
| vs. | DEPT. NO. Department 22 |
| Micamp Solutions, LLC, Defendant(s) | |

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Judgment was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 12/1/2022

| | |
|---|---|
| Robert Rabbat | rrabbat@enensteinlaw.com |
| Valerie Larsen | vllarsen@hollandhart.com |
| Bryce Kunimoto | bkunimoto@hollandhart.com |
| Jarrod Rickard | jlr@skrlawyers.com |
| Christopher Kircher | cdk@skrlawyers.com |
| Olivia Kelly | oak@skrlawyers.com |
| Lawrence Semenza, III | ljs@skrlawyers.com |
| Robert Cassity | bcassity@hollandhart.com |
| Jason Smith | jsmith@santoronevada.com |
| Joyce Heilich | jeheilich@hollandhart.com |
| Angie Barreras | alb@skrlawyers.com |

| | |
|---|---|
| Kevin Anderson | kanderson@fabianvancott.com |
| Katie Cannata | klc@skrlawyers.com |
| Jennifer Arledge | jarledge@sgroandroger.com |
| E File | efile@sgroandroger.com |
| Nick Scotti | nscotti@sgroandroger.com |
| Jenapher Lin | jlin@hollandhart.com |
| Colin Cavanaugh | ccavanaugh@plantelebovic.com |
| Margarita Elias | melias@santoronevada.com |
| Thomas Stockard | tstockard@fabianlaw.com |
| John Peterson | john.peterson@polsinelli.com |
| Michael Malone | MMalone@Polsinelli.com |
| Mary Dewitt | mdewitt@fabianvancott.com |
| Jenna Lathrop | jlathrop@farhangmedcoff.com |
| Tish Wright | twright@farhangmedcoff.com |
| Adam Peterson | apeterson@farhangmedcoff.com |
| Melodee Grams | mgrams@farhangmedcoff.com |
| Michelle Donohoo | mdonohoo@fabianvancott.com |
| Teri Pham | tpham@enensteinlaw.com |
| Jennifer Schamberger | jschamberger@enensteinlaw.com |
| Alvaro Montenegro | amontenegro@enensteinlaw.com |
| Ali Farhang | afarhang@farhangmedcoff.com |
| Colleen Sweeney | csweeney@plantelebovic.com |
| Anita Montoya | amontoya@fabianvancott.com |

| | |
|---|---|
| Rachel Jenkins | rjenkins@santoronevada.com |
| Sigal Chattah | chattahlaw@gmail.com |
| Paulyna Garcia | pgarcia@plantelebovic.com |

# EXHIBIT 16

**State Court Docket, Reference to EJDC 190 (Writ Issued Electronically) (01/09/2023) [EJDC 190]**

## Case Information

A-20-824100-B | Brian Sciara, Plaintiff(s) vs. Micamp Solutions, LLC, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-20-824100-B | Department 9 | Gall, Maria |
| File Date | Case Type | Case Status |
| 11/02/2020 | Other Business Court Matters | Closed |

## Party

Plaintiff
Sciara, Brian

Address
C/O 720 South 7th Street, 3rd Floor
Las Vegas NV 89101

Active Attorneys

Attorney
Scotti, Nicholas V
Retained

Lead Attorney
Rabbat, Robert A.
Retained

Attorney
Pham, Teri T.
Retained

Plaintiff
Capfund Enterprises Inc

Active Attorneys

Attorney
Sgro, Anthony P.
Retained

Attorney
Arledge, Jennifer Willis
Retained

Attorney
Scotti, Nicholas V
Retained

Lead Attorney
Rabbat, Robert A.
Retained

Attorney
Pham, Teri T.
Retained

Other Defendant
Capfund Enterprises Inc

Defendant
Micamp Solutions, LLC

Active Attorneys

Attorney
Kunimoto, Bryce K.
Retained

Attorney
Cassity, Robert J.
Retained

Attorney
Farhang, Ali J.
Retained

Attorney
Peterson, Adam Thomas
Retained

Attorney
Lin, Jenapher
Retained

Lead Attorney
Cavanaugh, Colin
Retained

Defendant
Micamp Holdings, LLC

Active Attorneys

Attorney
Kunimoto, Bryce K.
Retained

Attorney
Cassity, Robert J.
Retained

Attorney
Farhang, Ali J.
Retained

Attorney
Peterson, Adam Thomas
Retained

Attorney
Lin, Jenapher
Retained

Lead Attorney
Cavanaugh, Colin
Retained

## Disposition Events

02/24/2022 Judgment

Judicial Officer
Johnson, Susan

Judgment Type
Summary Judgment

Monetary Judgment

Debtors: Brian Sciara (Plaintiff), Capfund Enterprises Inc (Plaintiff)

Creditors: Micamp Solutions, LLC (Defendant), Micamp Holdings, LLC (Defendant)

Judgment: 02/24/2022 Docketed: 02/25/2022

05/31/2022 Judgment

Judicial Officer
Johnson, Susan

Judgment Type
Order

Monetary Judgment

Debtors: Brian Sciara (Plaintiff), Capfund Enterprises Inc (Plaintiff)

Creditors: Micamp Solutions, LLC (Defendant), Micamp Holdings, LLC (Defendant)

Judgment: 05/31/2022 Docketed: 06/01/2022

Total Judgment: $156,818.75

12/01/2022 Judgment

Judicial Officer
Johnson, Susan

Judgment Type
Judgment for Attorney's Fees

Monetary Judgment

Debtors: Brian Sciara (Plaintiff), Capfund Enterprises Inc (Plaintiff)

Creditors: Micamp Solutions, LLC (Defendant), Micamp Holdings, LLC (Defendant)

Judgment: 12/01/2022 Docketed: 12/02/2022

Total Judgment: $156,818.75

01/03/2023 Judgment

Judicial Officer
Johnson, Susan

Judgment Type
Order of Dismissal With Prejudice

Monetary Judgment

Creditors: Brian Sciara (Plaintiff), Capfund Enterprises Inc (Plaintiff)

Judgment: 01/03/2023 Docketed: 01/04/2023

## Events and Hearings

11/02/2020 Complaint

Complaint - COMP (CIV)

Comment
[1] Complaint

11/02/2020 Demand for Jury Trial

Demand for Jury Trial - DMJT (CIV)

Comment
[2] Demand for Jury Trial

11/02/2020 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[3] Initial Appearance Fee Disclosure

11/02/2020 Summons Electronically Issued - Service Pending

Comment
[4] Summons Micamp Solutions, LLC.

11/02/2020 Summons Electronically Issued - Service Pending

Comment
[5] Summons Micamp Holdings, LLC

11/02/2020 Summons Electronically Issued - Service Pending

Comment
[6] Summons Fiserv, Inc. (Formerly First Data Merchant Services, LLC)

11/02/2020 Summons Electronically Issued - Service Pending

Comment
[7] Summons Evo Payments, Inc.

11/02/2020 Summons Electronically Issued - Service Pending

Comment
[8] Summons Shift4 Payments, LLC.

11/04/2020 Clerk's Notice of Nonconforming Document

Clerk's Notice of Nonconforming Document - CNND (CIV)

Comment
[9] Clerk's Notice of Nonconforming Document

11/12/2020 Clerk's Notice of Nonconforming Document and Curative Action

Clerk's Notice of Nonconforming Document and Curative Action - CNNDCA (CIV)

Comment
[10] Clerk's Notice of Curative Action

12/21/2020 Request to Transfer to Business Court

Request to Transfer to Business Court - RTBC (CIV)

Comment
[11] Request for Assignment to Business Court

12/22/2020 Notice of Department Reassignment

Notice of Department Reassignment - NODR (CIV)

Comment
[12] Notice of Department Reassignment

12/28/2020 Proof of Service

Proof of Service - PSER (CIV)

Comment
[13] Proof of Service

01/04/2021 Notice of Appearance

Notice of Appearance - NOTA (CIV)

Comment
[14] Notice of Appearance

01/08/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[15] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion to Dismiss For Lack of Personal Jurisdiction, Failure to State a Claim, and Lack of Standing

01/08/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[16] Defendant Fiserv, Inc.'s Motion to Dismiss and Joinder to Defendant Micamp Solutions, LLC's Motion to Dismiss

01/08/2021 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[17] Defendant Fiserv, Inc's Initial Appearance Fee Disclosure

01/08/2021 Answer

Answer - ANS (CIV)

Comment
[18] Shift4 Payments, LLC's Answer to Complaint

01/11/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[19] znotice of Hearing

01/11/2021 Filing Fee Remittance

Comment
[20] Filing Fee Remittance

01/15/2021 Order Setting Hearing

Order Setting Hearing - OSH (CV)

Comment
[21] Business Court Order Scheduling a Mandatory Rule 16 Conference for 02-22-21

01/15/2021 Joinder To Motion

Joinder To Motion - JMOT (CIV)

Comment
[22] Defendant Shift4 Payments, LLC's Joinder to Motions to Dismiss

01/22/2021 Stipulation and Order

Stipulation and Order - SAO (CIV)

Comment
[23] Stipulation and Order to Extend Briefing and Continue Hearings

01/25/2021 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
[24] Motion to Associate Counsel (Ali John Farhang)

01/25/2021 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
[25] Motion to Associate Counsel (Adam Thomas Peterson)

01/26/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[26] Notice of Hearing

01/29/2021 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
[27] Motion to Associate John W. Peterson as Counsel

02/02/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[28] Notice of Hearing

02/05/2021 Joinder To Motion

Motion to Dismiss - MDSM (CIV)

Comment
[29] Defendant EVO Payments, Inc.'s: (a) Motion to Dismiss; and (b) Joinders to Defendant Fiserv, Inc.'s and Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motions to Dismiss

02/05/2021 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[30] Initial Appearance Fee Disclosure

02/05/2021 Disclosure Statement

Disclosure Statement - DSST (CIV)

Comment
[31] Defendant's NRCP 7.1 Disclosure Statement

02/06/2021 Stipulation and Order

Stipulation and Order - SAO (CIV)

Comment
[32] Stipulation and Order to Extend Briefing 2nd Request

02/09/2021 Opposition to Motion to Dismiss

Opposition - OPPS (CIV)

Comment
[33] Plaintiff's Opposition to Defendants' Motions to Dismiss & Joinders to Dismiss

02/22/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[34] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Reply In Support of Motion to Dismiss For Lack of Personal Jurisdiction, Failure to State a Claim, and Lack of Standing

02/22/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[35] Defendant Fiserv, Inc.'s Reply in Support of its Motion to Dismiss and Joinder to Defendant Micamp Solutions, LLC's Motion to Dismiss

02/22/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[36] Defendant Shft4 Payments, LLC's reply in Support of Motion to Dismiss

02/22/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[37] Defendannt EVO Payments, Inc.'s: (a) Reply in Support of Motin to Dismiss; and (b) Joinders to Defendant Fiserv, Inc.'s and Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Replies in Support of Motions to Dismiss

02/23/2021 Disclosure Statement

Disclosure Statement - DSST (CIV)

Comment
[38] Defendant Shift4 Payments, LLC's NRCP 7.1 Disclosure Statement

02/23/2021 Change of Address

Change of Address - COA (CIV)

Comment
[39] Notice of Correction of Address

02/25/2021 Motion to Associate Counsel

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
3:00 AM

Result
Granted

Comment
Defendant's Motion to Associate Counsel (Ali John Farhang)

02/25/2021 Motion to Associate Counsel

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
3:00 AM

Result
Granted

Comment
Defendant's Motion to Associate Counsel (Adam Thomas Peterson)

02/25/2021 Motion to Associate Counsel

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
3:00 AM

Result
Granted

Comment
Defendant's Motion to Associate John W. Peterson as Counsel

02/25/2021 All Pending Motions

All Pending Motions

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
3:00 AM

Result
Minute Order - No Hearing Held

02/26/2021 Order

Order - ORDR (CIV)

Comment
[40] Order Granting Motion to Associate J Peterson as Counsel

02/26/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[41] Notice of Entry of Order

03/01/2021 Motion to Dismiss

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Vacate

Comment
MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion to Dismiss For Lack of Personal Jurisdiction, Failure to State a Claim, and Lack of Standing

03/01/2021 Joinder

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant Fiserv, Inc.'s Motion to Dismiss and Joinder to Defendant Micamp Solutions, LLC's Motion to Dismiss

03/01/2021 Mandatory Rule 16 Conference

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

03/01/2021 Joinder

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant Shift4 Payments, LLC's Joinder to Motions to Dismiss

03/01/2021 Joinder

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant EVO Payments, Inc.'s: (a) Motion to Dismiss; and (b) Joinders to Defendant Fiserv, Inc.'s and Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motions to Dismiss

03/01/2021 All Pending Motions

All Pending Motions

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

Parties Present
Defendant

Attorney: Kunimoto, Bryce K.

Defendant

Attorney: Kunimoto, Bryce K.

Plaintiff

Attorney: Arledge, Jennifer Willis

03/02/2021 Scheduling and Trial Order

Scheduling and Trial Order - SCHTO (CIV)

Comment
[42] Business Court Scheduling Order and Order Setting Civil Jury Trial, Calendar Call and Pre-Trial Conference 02-07-22

03/05/2021 Transcript of Proceedings

Transcript of Proceedings - TRANS (CIV)

Comment
[43] Transcript of Proceedings: Motions to Dismiss and Mandatory Rule 16 Conference

03/12/2021 Status Check

Status Check

Judicial Officer
Roohani, Ellie

Hearing Time
3:00 AM

Result
Off Calendar

Comment
Status Check: Proposed Stipulated Protective Order

03/15/2021 Stipulated Protective Order

Stipulated Protective Order - SPO (CIV)

Comment
[44] Stipulated Protective Order re Confidentiality

03/15/2021 Amended Complaint

Amended Complaint - ACOM (CIV)

Comment
[45] Verified First Amended Complaint

03/29/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[46] Defendant Fiserv, Inc. s Motion To Dismiss And Joinder To Defendant Micamp Solutions, Llc S; Evo Payments, Llc S; And Shift4 Payments, Llc S Motions To Dismiss

03/29/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[47] Notice of Hearing

03/29/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[48] Defendant Shift4 Payments, LLC's Motion to Dismiss Plaintiffs' Amended Negligence Claim and Joinder to Motions to Dismiss

03/29/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[49] Notice of Hearing

03/29/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[50] Defendant EVO Payments, Inc. s: (a) Motion to Dismiss; and (b) Joinders to Defendant Fiserv, Inc. s, MiCamp Solutions, LLC s and MiCamp Holdings, LLC s, and SHIFT4 Payments, LLC s Motions to Dismiss Verified First Amended Complaint

03/29/2021 Motion to Dismiss

Motion to Dismiss - MDSM (CIV)

Comment
[51] MiCamp Solutions, LLC s and MiCamp Holdings, LLC s Renewed Motion to Dismiss For Lack of Personal Jurisdiction, Failure to State a Claim, and Duplicative Litigation & Joinder to Motions to Dismiss Filed by Defendants Fiserv, Inc., Evo Payments, Inc., and Shift4 Payments, LLC

03/30/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[52] Notice of Hearing

03/30/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[53] Notice of Hearing

04/13/2021 Order Admitting to Practice

Order - ORDR (CIV)

Comment
[54] Order Admitting to Practice - Adam Peterson

04/13/2021 Order

Order - ORDR (CIV)

Comment
[55] Order Admitting to Practice - Ali Farhang

04/14/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[56] Notice of Entry of Order Admitting to Practice (Adam Thomas Peterson)

04/14/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[57] Notice of Entry of Order Admitting to Practice (Ali John Farhang)

04/14/2021 Stipulation and Order

Stipulation and Order - SAO (CIV)

Comment
[58] Stipulation and Order to Continue Hearings on Defendants' Motions to Dismiss Plaintiffs' Verified First Amended Complaint (First Request)

04/14/2021 Notice of Entry of Stipulation and Order

Notice of Entry of Stipulation and Order - NTSO (CIV)

Comment
[59] Notice of Entry of Stipulation and Order to Continue Hearing on Defendants Motion to Dismiss Plaintiffs Verified First Amended Complaint (First Request)

04/19/2021 Opposition

Opposition - OPPS (CIV)

Comment
[60] Plaintiffs' Opposition to Defendants' Motions to Dismiss & Joinders to Motions to Dismiss

05/10/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[61] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Reply In Support of Renewed Motion to Dismiss For Lack of Personal Jurisdiction, Failure to State a Claim, and Lack of Standing

05/10/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[62] Defendant Shift4 Payments, LLC's Reply in Support of Motion to Dismiss Plaintiffs' Amended Negligence Claim and Joinder to Replies

05/10/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[63] Defendant Fiserv, Inc.'s Reply in Support of it's Motion to Dismiss

05/10/2021 Reply in Support

Reply in Support - RIS (CIV)

Comment
[64] Defendant EVO Payments, Inc. s: (a) Reply in Support of Motion to Dismiss; and (b) Joinders to Defendant Fiserv, Inc. s, MiCamp Solutions, LLC s, MiCamp Holdings, LLC s, and Shift4 Payments, LLC s Replies in Support of Motions to Dismiss

05/17/2021 Vacated - Previously Heard

Original Type
All Pending Motions

Minutes - All Pending Motions

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
3:00 AM

Result
Vacate

05/17/2021 Motion to Dismiss

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Defendant Fiserv, Inc. s Motion To Dismiss And Joinder To Defendant Micamp Solutions, Llc S; Evo Payments, Llc S; And Shift4 Payments, Llc S Motions To Dismiss

05/17/2021 Motion to Dismiss

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Defendant Shift4 Payments, LLC's Motion to Dismiss Plaintiffs' Amended Negligence Claim and Joinder to Motions to Dismiss

05/17/2021 Motion to Dismiss

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Defendant EVO Payments, Inc. s: (a) Motion to Dismiss; and (b) Joinders to Defendant Fiserv, Inc. s, MiCamp Solutions, LLC s and MiCamp Holdings, LLC s, and SHIFT4 Payments, LLC s Motions to Dismiss Verified First Amended Complaint

05/17/2021 Motion to Dismiss

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Renewed Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Duplicative Litigation & Joinder to Motions to Dismiss Filed by Defendants Fiserv, Inc., Evo Payments, Inc. and Shift4 Payments, LLC

05/17/2021 All Pending Motions

All Pending Motions

Judicial Officer
Gonzalez, Elizabeth

Hearing Time
9:00 AM

Result
Matter Heard

05/28/2021 Answer to Amended Complaint

Answer - ANS (CIV)

Comment
[65] Defendant EVO Payments, Inc.'s Answer to Verified First Amended Complaint

06/01/2021 Answer

Answer - ANS (CIV)

Comment
[66] Defendant Fiserv, Inc.'s Answer and Defenses to Plaintiffs Verified First Amended Complaint

06/01/2021 Initial Appearance Fee Disclosure

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[67] Initial Appearance Fee Disclosure

06/01/2021 Disclosure Statement

Disclosure Statement - DSST (CIV)

Comment
[68] Rule 7.1 Disclosure Statement

06/01/2021 Answer

Answer - ANS (CIV)

Comment
[69] Defendant's MiCamp Solutions, LLC and MiCamp Holdings LLC's Answer and Affirmative Defenses

06/03/2021 Order

Order

Comment
[70] Order Denying (1) Defendants Micamp Solutions, Llc s And Micamp Holdings, Llc s Renewed Motion To Dismiss For Lack Of Personal Jurisdiction, Failure To State A Claim, And Duplicative Litigation & Joinder To Motions To Dismiss Filed By Defendants Fiserv, Inc., Evo Payments, Inc., And Shift4 Payments, Llc; (2) Defendant Fiserv s Motion To Dismiss And Joinder To Micamp Entities , Evo s, And Shift4 s Motions To Dismiss (3) Defendant Shift4 s Motion To Dismiss Plaintiffs Amended

Negligence Claim And Joinder To Motions To Dismiss; And (4) Defendant Evo s Motion To Dismiss And Joinders To Fiserv s And Micamp Entities And Shift4 s Motions To Dismiss Verified First Amended Complaint

06/03/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[71] Notice Of Entry Of Order Denying (1) Defendants Micamp Solutions, Llc s And Micamp Holdings, Llc s Renewed Motion To Dismiss For Lack Of Personal Jurisdiction, Failure To State A Claim, And Duplicative Litigation & Joinder To Motions To Dismiss Filed By Defendants Fiserv, Inc., Evo Payments, Inc., And Shift4 Payments, Llc; (2) Defendant Fiserv s Motion To Dismiss And Joinder To Micamp Entities , Evo s, And Shift4 s Motions To Dismiss (3) Defendant Shift4 s Motion To Dismiss Plaintiffs Amended Negligence Claim And Joinder To Motions To Dismiss; And (4) Defendant Evo s Motion To Dismiss And Joinders To Fiserv s And Micamp Entities And Shift4 s Motions To Dismiss Verified First Amended Complaint

06/08/2021 Answer

Answer - ANS (CIV)

Comment
[72] Shift4 Payments, LLC's Answer to Amended Complaint

09/07/2021 Case Reassigned to Department 22

Comment
From Judge Elizabeth Gonzalez to Judge Susan Johnson

09/28/2021 Notice

Notice - NOTC (CIV)

Comment
[73] Notice of Plaintiff CapFund Enterprises, Inc.'s Inability to Maintain Any Action in the State of Nevada Pursuant to NRS 80.055(2)

10/01/2021 Joinder

Joinder - JOIN (CIV)

Comment
[74] EVO Payments, Inc.'s Joinder to Notice of Plaintiff CapFund Enterprises, Inc.'s Inability to Maintain Any Action in the State of Nevada Pursuant to NRS 80.055(2)

10/05/2021 Joinder

Joinder - JOIN (CIV)

Comment
[75] Defendant Shift4 Payments, LLC's Joinder to Notice of Plaintiff Capfund Enterprises, Inc.'s Inability to Maintain any Action In the State of Nevada Pursuant to NRS 80.055(2)

10/12/2021 Response

Opposition - OPPS (CIV)

Comment
[76] Brian Sciara' Response in Opposition to Notice of Inability to Maintain Action in the State of Nevada Pursuant to NRS 80.055(2) and Joinder Thereto

10/18/2021 Response

Response - RSPN (CIV)

Comment
[77] Plaintiff Brian Sciara and Plaintiff Capfund Enterprises, Inc.'s Responses to Defendant EVO Payments Inc.'s First Set of Request for Production of Documents

10/18/2021 Response

Response - RSPN (CIV)

Comment
[78] Plaintiff Brian Sciara and Plaintiff Capfund Enterprises, Inc.'s Responses to Defendant EVO Payments Inc.'s First Set of Interrogatories

10/26/2021 Objection

Objection - OBJ (CIV)

Comment
[79] Plaintiffs' Objection to Defendants' MiCamp Solutions, LLC and MiCamp Holdings, LLC's Notice of Subpoena Duces Tecum to Travis Pack

10/28/2021 Order Shortening Time

Motion for Protective Order

Comment
[80] Plaintiff's Motion for Protective Order on Order Shortening Time

10/28/2021 Order Shortening Time

Motion to Extend Discovery

Comment
[81] Plaintiffs' Motion to Extend Discovery and Continue Trial (First Request) on Order Shortening Time

11/01/2021 Appendix

Appendix - APEN (CIV)

Comment
[82] Appendix to Opposition to Plaintiffs' Motion for Protective Order on OST

11/01/2021 Opposition to Motion For Protective Order

Opposition to Motion - OPPM (CIV)

Comment
[83] Opposition to Plaintiffs' Motion For Protective Order on OST

11/02/2021 Motion for Protective Order

Minutes - Motion for Protective Order

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Result
Denied

Comment
Plaintiff's Motion for Protective Order on Order Shortening Time

Parties Present
Plaintiff

Attorney: Scotti, Nicholas V

Defendant

Attorney: Kunimoto, Bryce K.

Attorney: Peterson, Adam Thomas

Defendant

Attorney: Kunimoto, Bryce K.

Attorney: Peterson, Adam Thomas

Plaintiff

Attorney: Scotti, Nicholas V

11/12/2021 Opposition

Opposition - OPPS (CIV)

Comment
[84] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Opposition to Plaintiffs' Motion to Extend Discovery and Continue Trial (First Request) on OST

11/12/2021 Joinder to Opposition to Motion

Joinder to Opposition to Motion - JOPP (CIV)

Comment
[85] Defendant Fiserv, Inc.'s Joinder to Micamp Solutions, LLC's and Micamp Holdings, LLC's Opposition to Plaintiffs' Motion to Extend Discovery and Continue Trial (First Request) on OST

11/12/2021 Opposition to Motion

Opposition to Motion - OPPM (CIV)

Comment
[86] Defendant EVO Payments, Inc. s: (a) Opposition To Plaintiffs Motion To Extend Discovery And Continue Trial On OST; AND (b) Joinders To Micamp Solutions, LLC And Micamp Holdings, LLC s Opposition To Plaintiffs Motion, And Fiserv Inc. s Opposition To Plaintiffs Motion

11/15/2021 Order Shortening Time

Order Shortening Time

Comment
[87] Plaintiffs' Motion for Protective Order on Order Shortening Time

11/15/2021 Recorders Transcript of Hearing

Recorders Transcript of Hearing - RTRAN (CIV)

Comment
[88] Recorder's Transcript Re: Plaintiff's Motion for Protective Order November 2, 2021

11/16/2021 Order Denying Motion

Order Denying Motion

Comment
[89] Order Denying Motion for Protective Order

11/16/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[90] Notice of Entry of Order Denying Plaintiffs Brian Sciara's and CapFund Enterprises, Inc.'s Motion for Protective Order on Order Shortening Time

11/17/2021 Opposition and Countermotion

Opposition and Countermotion - OPPC (CIV)

Comment
[91] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Opposition to Plaintiffs' Motions for Protective Order on OST & CounterMotion to Compel

11/18/2021 Status Check: Trial Readiness

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Matter Heard

11/18/2021 Motion to Extend Discovery

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Denied

Comment
Plaintiffs' Motion to Extend Discovery and Continue Trial (First Request) on Order Shortening Time

11/18/2021 Motion for Protective Order

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Denied

Comment
Plaintiffs' Motion for Protective Order on Order Shortening Time

11/18/2021 All Pending Motions

Minutes - All Pending Motions

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Matter Heard

Parties Present

Plaintiff

Attorney: Scotti, Nicholas V

Defendant

Attorney: Kunimoto, Bryce K.

Attorney: Peterson, Adam Thomas

Defendant

Attorney: Kunimoto, Bryce K.

Attorney: Peterson, Adam Thomas

Plaintiff

Attorney: Scotti, Nicholas V

11/18/2021 Opposition and Countermotion

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Matter Heard

Comment
MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Opposition to Plaintiffs' Motions for Protective Order on OST & CounterMotion to Compel

11/24/2021 Notice of Appearance

Notice of Appearance - NOTA (CIV)

Comment
[92] Notice of Appearance of Counsel

11/24/2021 Motion to Continue Trial

Motion to Continue Trial - MTCT (CIV)

Comment
[93] Plaintiff's Motion to Continue Trial and Reopen Discovery

11/24/2021 Order Shortening Time

Order Shortening Time

Comment
[94] Emergency Motion to Continue Trial and Reopen Discovery - Oral Argument/Hearing Requested

11/29/2021 Substitution of Attorney

Substitution of Attorney - SUBT (CIV)

Comment
[95] Substitution of Counsel

11/29/2021 Substitution of Attorney

Substitution of Attorney - SUBT (CIV)

Comment
[96] (Duplicate) Substitution of Counsel

12/03/2021 Opposition to Motion

Opposition to Motion - OPPM (CIV)

Comment
[97] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Opposition to Plaintiff Brian Sciara's Emergency Motion to Continue Trial and Reopen Discovery (Second Request) on OST

12/03/2021 Order Denying Motion

Order Denying Motion

Comment
[98] Order Denying Plaintiffs Brian Sciara's and CapFund Enterprises, Inc.'s (1) Motion to Extend Discovery and Continue Trial (First Request) on OST & (2) Motion for Protective Order on OST

12/03/2021 Opposition to Motion

Opposition to Motion - OPPM (CIV)

Comment
[99] Defendant EVO Payments, Inc. s: (a) Opposition to Brian Sciara s Emergency to Continue Trial and Reopen Discovery; and (b) Joinders to Opposition Briefs by MiCamp Solutions, LLC, MiCamp Holdings, LLC, FiServ Inc., and Shift4 Payments, LLC

12/03/2021 Joinder to Opposition to Motion

Joinder to Opposition to Motion - JOPP (CIV)

Comment
[100] Defendant Fiserv, Inc.'s Joinder to Micamp Solutions, LLC and Micamp Holdings, LLC's Opposition to Plaintiff Brian Sciara's Emergency Motion to Continue Trial and Reopen Discovery (Second Request) on Order Shortening Time

12/03/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[101] Notice of Entry of Order Denying Plaintiffs Brian Sciara's and CapFund Enterprises, Inc.'s (1) Motion to Extend Discovery and Continue Trial (First Request) on OST & (2) Motion for Protective Order on OST

12/03/2021 Joinder To Motion

Joinder To Motion - JMOT (CIV)

Comment
[102] Defendant Shift4 Payments, LLC's Joinder to Oppositions to Plaintiffs Emergency Motion to Continue Trial and Reopen Discovery (Second Request) On OST

12/07/2021 Motion to Continue Trial

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Result
Denied

Comment
Plaintiff's Motion to Continue Trial and Reopen Discovery

Parties Present ▲

Plaintiff: Sciara, Brian

Attorney: Scotti, Nicholas V

Defendant

Attorney: Kunimoto, Bryce K.

Defendant

Attorney: Kunimoto, Bryce K.

Plaintiff

Attorney: Scotti, Nicholas V

12/07/2021 Joinder ▼

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Result
Denied

Comment
[102] Defendant Shift4 Payments, LLC s Joinder to Oppositions to Plaintiffs Emergency Motion to Continue Trial and Reopen Discovery (Second Request) On OST

12/07/2021 All Pending Motions ▼

All Pending Motions

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Result
Matter Heard

Parties Present ▲

Plaintiff: Sciara, Brian

Attorney: Scotti, Nicholas V

Defendant

Attorney: Kunimoto, Bryce K.

Defendant

Attorney: Kunimoto, Bryce K.

Plaintiff

Attorney: Scotti, Nicholas V

12/08/2021 Errata ▼

Errata - ERR (CIV)

Comment
[103] Notice of Errata of Correction

12/10/2021 Motion for Partial Summary Judgment

Motion for Partial Summary Judgment - MPSJ (CIV)

Comment
[104] Defendant Shift4 Payments, LLC's Motion for Summary Judgment on Plaintiffs Amended Negligence & Unjust Enrichment Claims and Joinder to Micamp, Evo, and Fiserv Motions for Summary Judgment

12/10/2021 Appendix

Appendix - APEN (CIV)

Comment
[105] Defendant Shift4 Payments LLC's Appendix of Exhibits to Motion for Summary Judgment and Joinders to Co-Defendants Motions for Summary Judgment (Hearing Requested)

12/10/2021 Motion for Summary Judgment

Motion for Summary Judgment - MSJD (CIV)

Comment
[106] Defendant EVO Payments, Inc.'s (a) Motion for Summary Judgment as to Plaintiffs Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC

12/10/2021 Appendix

Appendix - APEN (CIV)

Comment
[107] Appendix to Defendant EVO Payments, Inc.'s (a) Motion for Summary Judgment as to Plaintiffs Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC (Business Court)

12/10/2021 Motion for Summary Judgment

Motion for Summary Judgment - MSJD (CIV)

Comment
[108] Defendant Fiserv, Inc.'s Motion for Summary Judgment and Joinder in Motions for Summary Judgment

12/10/2021 Appendix

Appendix - APEN (CIV)

Comment
[109] Appendix of Exhibits in Support of Defendant Fiserv Inc's Motion for Summary Judgment and Joinder in Motions for Summary Judgment

12/10/2021 Motion for Summary Judgment

Motion for Summary Judgment - MSJD (CIV)

Comment
[110] MiCamp Solutions, LLC s and MiCamp Holdings, LLC s Motion for Summary Judgment & Joinder to Motions for Summary Judgment filed by Defendants Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC

12/13/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[111] Notice of Hearing

12/13/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[112] Notice of Hearing

12/13/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[113] Notice of Hearing

12/13/2021 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[114] Notice of Hearing

12/23/2021 Order Denying Motion

Order Denying Motion

Comment
[115] Order Denying Plaintiff Brian Sciara's Emergency Motion to Continue Trial and Reopen Discovery on OST

12/23/2021 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[116] Notice of Entry of Order Denying Plaintiff Brian Sciara's Emergency Motion to Continue Trial and Reopen Discovery on OST

12/24/2021 Request for Judicial Notice

Request for Judicial Notice - RFJN (CIV)

Comment
[117] Plaintiffs Request for Judicial Notice

12/27/2021 Opposition to Motion For Summary Judgment

Opposition to Motion For Summary Judgment - OMSJ (CIV)

Comment
[118] Plaintiffs' Omnibus Opposition to Motions for Summary Judgment

12/27/2021 Appendix

Appendix - APEN (CIV)

Comment
[119] Plaintiffs' Appendix in Support of Omnibus Opposition to Motion for Summary Judgment

01/06/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[120] Defendant Fiserv, Inc.'s Reply in Support of Motion for Summary Judgment and Joinder in Motions for Summary Judgment

01/06/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[121] Defendant EVO Payments, Inc.'s: (a) Reply in Support of Motion for Summary Judgment as to Plaintiffs' Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Replies in Support of Motions for Summary Judgment filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC

01/06/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[122] Defendant Shift4 Payments, LLC's Reply in Support of Motion for Summary Judgment on Plaintffs' Unjust Enrichment and Negligence Claim and Joinder to Replies

01/06/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[123] Micamp Solutions, LLC's and Micamp Holdings, LLC's Reply in Support of Motion for Summary Judgment & Joinder to Replies in Support of Motions for Summary Judgment Filed By Defendants Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC

01/07/2022 Errata

Errata - ERR (CIV)

Comment
[124] Plaintiffs' Notice of Errata

01/07/2022 Declaration

Declaration - DECL (CIV)

Comment
[125] Plaintiff Declaration

01/07/2022 Declaration

Declaration - DECL (CIV)

Comment
[126] Plaintiffs Declaration with Errata

01/07/2022 Mandatory Pretrial Disclosure

Mandatory Pretrial Disclosure - MPTD (CIV)

Comment
[127] Defendant Fiserv, Inc.'s Pretrial Disclosures Pursuant to NRCP 16.1(a) (3)

01/07/2022 Mandatory Pretrial Disclosure

Mandatory Pretrial Disclosure - MPTD (CIV)

Comment
[128] MiCamp Solutions, LLC s and MiCamp Holdings, LLC s Pre-Trial Disclosures pursuant to NRCP 16.1(a)(3)

01/07/2022 Pre-Trial Disclosure

Pre-Trial Disclosure - PTD (CIV)

Comment
[129] Plaintiffs' Mandatory Pretrial Disclosures

01/07/2022 Mandatory Pretrial Disclosure

Mandatory Pretrial Disclosure - MPTD (CIV)

Comment
[130] Defendant Shift4 Payments LLC Rule 16.1(a)(3) Pre-Trial Disclosures

01/10/2022 Supplement

Supplement - SUPPL (CIV)

Comment
[131] Defendant Fiserv, Inc.'s Supplement to Reply in Support of Motion for Summary Judgment and Joinder in Motions for Summary Judgment

01/11/2022 Recorders Transcript of Hearing

Recorders Transcript of Hearing - RTRAN (CIV)

Comment
[132] Plaintiffs' Motion to Extend Discovery and Continue Trial [First Request] on Order Shortening Time November 18, 2021

01/11/2022 Recorders Transcript of Hearing

Recorders Transcript of Hearing - RTRAN (CIV)

Comment
[133] Plaintiffs' Motion to Continue Trial and Reopen Discovery December 7, 2021

01/11/2022 Notice of Hearing

Notice of Hearing - NOH (CIV)

Comment
[134] Instructions for BlueJeans Videoconferencing

01/13/2022 Motion for Summary Judgment

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Granted

Comment
[104] Defendant Shift4 Payments, LLC s Motion for Summary Judgment on Plaintiffs Amended Negligence & Unjust Enrichment Claims and Joinder to Micamp, Evo, and Fiserv Motions for Summary Judgment

01/13/2022 Motion for Summary Judgment

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Granted

Comment
[106] Defendant EVO Payments, Inc.'s (a) Motion for Summary Judgment as to Plaintiffs Claims for Fraudulent Concealment and Civil Conspiracy; and (b) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC

01/13/2022 Motion for Summary Judgment

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Granted

Comment
Defendant Fiserve, Inc.'s (a) Motion for Summary Judgment and (b) Joinders to Motions for Summary Judgment Filed by Defendants Micamp Solutions, Micamp Holdings LLC, Evo Payments, Inc. and Shift4 Payments

01/13/2022 Motion for Summary Judgment

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Granted

Comment
[110] MiCamp Solutions, LLC s and MiCamp Holdings, LLC s Motion for Summary Judgment & Joinder to Motions for Summary Judgment filed by Defendants Fiserv, Inc., EVO Payments, Inc., and Shift4 Payments, LLC

01/13/2022 All Pending Motions

Minutes - All Pending Motions

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Matter Heard

Parties Present
Defendant

Attorney: Farhang, Ali J.

Attorney: Lin, Jenapher

Defendant

Attorney: Farhang, Ali J.

Attorney: Lin, Jenapher

01/13/2022 Pre Trial Conference

Judicial Officer
Johnson, Susan

Hearing Time
9:15 AM

Cancel Reason
Vacated - Case Reassigned

01/26/2022 Pretrial/Calendar Call

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Cancel Reason
Vacated - per Judge

01/26/2022 Recorders Transcript of Hearing

Recorders Transcript of Hearing - RTRAN (CIV)

Comment
[135] Defendant Shift4 Payments, LLC's Motion for Summary Judgment on Plaintiffs' Amended Negligence and Unjust Enrichment Claims and Joinder to Micamp, Evo, and Fiserv Motions for Summary Judgment January 13, 2022

02/07/2022 Jury Trial

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Cancel Reason
Vacated - per Judge

02/24/2022 Findings of Fact, Conclusions of Law and Judgment

Findings of Fact, Conclusions of Law and Judgment

Comment
[136] Findings of Facts, Conclusions of Law, and Order Granting (1) Defendants Micamp Solutions, LLC's and Micamp Holdings, LLC's Motion for Summary Judgment & Joinder to Motions for Summary Judgment Filed by Defendants Fiserv, Inc., Evo Payments, Inc., and Shift4 Payments, LLC (Doc. 110), (2) Defendant Fiserv, Inc.'s Motion for Summary Judgment and Joinder in Motions for Summary Judgment (Doc. 108, 109), (3) Defendant Evo Payments, Inc.'s (A) Motion for Summary Judgment as to Plaintiffs' Claims for Fraudulent Concealment and Civil Conspiracy; and (B) Joinders to Motions for Summary Judgment filed by Defendants Micamp Solutions, LLC Micamp Holdings, LLC Fiserv, Inc., and Shift4 Payments, LLC (DOC. 106,107), and (4) Defendant Shift4 Payments, LLC's Motion for

Summary Judgment on Plaintiffs' Amended Negligence & Unjust Enrichment Claims And Joinder To Micamp, Evo, And Fiserv Motions For Summary Judgment (Doc.104, 105) & Judgment In Favor Of Defendants And Against Plaintiffs

02/24/2022 Notice of Entry of Judgment

Notice of Entry of Judgment - NJUD (CIV)

Comment
[137] Notice of Entry of Findings of Facts, Conclusions of Law, and Order Granting (1) Defendants MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Summary Judgment & Joinder to Motions for Summary Judgment Filed by Defendants Fiserv, Inc., Evo Payments, Inc., and Shift4 Payments, LLC (Doc. 110), (2) Defendant Fiserv, Inc.'s Motion for Summary Judgment and Joinder in Motions for Summary Judgment (Doc. 108, 109), (3) Defendant Evo Payments, Inc.'s (A) Motion for Summary Judgment as to Plaintiffs' Claims for Fraudulent Concealment and Civil Conspiracy; and (B) Joinders to Motions for Summary Judgment Filed by Defendants MiCamp Solutions, LLC, MiCamp Holdings, LLC, Fiserv, Inc., and Shift4 Payments, LLC (Doc. 106, 107), and (4) Defendant Shift4 Payments, LLC's Motion for Summary Judgment on Plaintiffs' Amended Negligence & Unjust Enrichment Claims and Joinder to MiCamp, Evo, and Fiserv Motions for Summary Judgment (Doc. 104, 105) & Judgment In Favor of Defendants and Against Plaintiffs;

03/01/2022 Memorandum of Costs and Disbursements

Memorandum of Costs and Disbursements - MEMC (CIV)

Comment
[138] Defendant EVO Payments, Inc.'s Verified Memorandum of Costs and Disbursements

03/01/2022 Memorandum of Costs and Disbursements

Memorandum of Costs and Disbursements - MEMC (CIV)

Comment
[139] MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Verified Memorandum of Costs and Disbursements

03/01/2022 Memorandum

Memorandum - MEMO (CIV)

Comment
[140] Defendant Shift4 Payments LLC's Memorandum of Costs and Disbursements

03/01/2022 Memorandum of Costs and Disbursements

Memorandum of Costs and Disbursements - MEMC (CIV)

Comment
[141] Defendant Fiserv, Inc.'s Verified Memorandum of Costs

03/07/2022 Motion for Attorney Fees and Costs

Motion for Attorney Fees and Costs - MAFC (CIV)

Comment
[142] MICamp Solutions, LLC's and MICamp Holdings, LLC's Motion for Attorney's Fees

03/07/2022 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[143] Notice of Hearing

03/07/2022 Motion for Attorney Fees and Costs

Motion for Attorney Fees and Costs - MAFC (CIV)

Comment
[144] Defendant EVO Payments, Inc.'s Motion for Attorneys' Fees and Costs

03/08/2022 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[145] Notice of Hearing

03/17/2022 Motion for Attorney Fees

Motion for Attorney Fees - MATF (CIV)

Comment
[146] Defendant Fiserv, Inc.'s Motion for Attorneys' Fees

03/17/2022 Motion for Attorney Fees and Costs

Motion for Attorney Fees and Costs - MAFC (CIV)

Comment
[147] Defendant Shift 4 Payments, LLC's Motion for Attorneys' Fees and Costs and Joinder to Motion by Co-Defendants

03/17/2022 Errata

Errata - ERR (CIV)

Comment
[148] Defendant Fiserv, Inc.'s Errata to Motion for Attorney's Fees

03/18/2022 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[149] Notice of Hearing

03/21/2022 Substitution of Attorney

Substitution of Attorney - SUBT (CIV)

Comment
[150] Plaintiffs Substitution of Attorney

03/22/2022 Stipulation and Order

Stipulation and Order

Comment
[151] Stipulation and Order to Continue/Re-Set Motions for Attorneys' Fees and Costs

03/25/2022 Notice of Appeal

Notice of Appeal - NOAS (CIV)

Comment
[152] Notice of Appeal

03/25/2022 Case Appeal Statement

Case Appeal Statement - ASTA (CIV)

Comment
[153] Case Appeal Statement

03/31/2022 Opposition to Motion

Opposition to Motion - OPPM (CIV)

Comment
[154] Plaintiff's Consolidated Opposition to Defendant's Micamp Solutions LLC, Micamp Holdings LLC; Fiserv Inc LLC; Evo Payments Inc; and Shift 4 Payments LLC's Motion for Attorney's Fees

04/01/2022 Notice of Hearing

Notice of Hearing - NOH (CIV)

Comment
[155] Instructions for BlueJeans Videoconferencing

04/06/2022 Stipulation and Order

Stipulation and Order

Comment
[156] Stipulation and Order to Extend Briefing and Continue Hearing

04/06/2022 Notice of Hearing

Notice of Hearing - NOH (CIV)

Comment
[157] Instructions for BlueJeans Videoconferencing

04/07/2022 Substitution of Attorney

Substitution of Attorney - SUBT (CIV)

Comment
[158] Substitution of Attorney

04/12/2022 Joinder

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Cancel Reason
Vacated - Duplicate Entry

Comment
Joinder to Motion by Co-Defendants

04/12/2022 Joinder

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Cancel Reason
Vacated - Duplicate Entry

Comment
Joinder to Motion by Co-Defendants

04/26/2022 Reply in Support

Reply - RPLY (CIV)

Comment
[159] Micamp Entities Reply in Support of Motion for Attorneys Fees

04/26/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[160] Defendant EVO Payments, Inc.'s Reply in Support of its Motion for Attorneys' Fees and Costs

04/26/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[161] Defendant Shift4 Payments, LLCs Reply in Support of Motion for Attorneys' Fees

04/26/2022 Reply in Support

Reply in Support - RIS (CIV)

Comment
[162] Defendant Fiserv, Inc.'s Reply in Support of Motion for Attorneys Fees

05/09/2022 Notice of Hearing

Notice of Hearing - NOH (CIV)

Comment
[163] Instructions for BlueJeans Videoconferencing

05/11/2022 Stipulation and Order

Stipulation and Order

Comment
[164] Stipulation and Order to Vacate Settling Defendants' EVO Payments, Inc., Defendant Fiserv, Inc., and Shift4 Payments, LLC's Individual Motions for Attorney's Fees and Costs Pending the Court's Ruling on the Forthcoming Good Faith Settlement Motion

05/12/2022 Motion for Attorney Fees

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Granted in Part

Comment
MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Attorney's Fees

05/12/2022 Motion for Attorney Fees and Costs

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant EVO Payments, Inc.'s Motion for Attorneys' Fees and Costs

05/12/2022 Motion for Attorney Fees

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant Fiserv, Inc.'s Motion for Attorneys' Fees

05/12/2022 Joinder

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant Shift4 Payments, LLC's Joinder to Motions by Co-Defendants

05/12/2022 Motion for Attorney Fees and Costs

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Vacate

Comment
Defendant Shift 4 Payments, LLC's Motion for Attorneys' Fees and Costs and Joinder to Motion by Co-Defendants

05/12/2022 All Pending Motions

Minutes - All Pending Motions

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Result
Matter Heard

Parties Present
Plaintiff: Sciara, Brian

Defendant

Attorney: Peterson, Adam Thomas

Attorney: Cavanaugh, Colin

Defendant

Attorney: Peterson, Adam Thomas

Attorney: Cavanaugh, Colin

05/17/2022 Motion to Associate Counsel

Motion to Associate Counsel - MASS (CIV)

Comment
[165] Plaintiffs' Motion to Associate Counsel

05/18/2022 Clerk's Notice of Nonconforming Document

Clerk's Notice of Nonconforming Document - CNND (CIV)

Comment
[166] Clerks Notice of Nonconforming Document

05/31/2022 Order

Order

Comment
[167] Order Re: MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Attorney's Fees

06/02/2022 Notice of Entry of Judgment

Notice of Entry of Judgment - NJUD (CIV)

Comment
[168] Notice of Entry of Order and Judgment in Favor of MiCamp Solutions

06/06/2022 Request

Request - REQT (CIV)

Comment
[169] Plaintiffs' Request for Hearing on Teri T. Pham's Motion to Associate Counsel

06/07/2022 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[170] Notice of Hearing

06/29/2022 Minute Order

Minutes - Minute Order

Judicial Officer
Johnson, Susan

Hearing Time
3:00 AM

Result
Minute Order - No Hearing Held

06/29/2022 Notice of Appeal

Notice of Appeal - NOAS (CIV)

Comment
[171] Notice of Appeal

06/29/2022 Case Appeal Statement

Case Appeal Statement - ASTA (CIV)

Comment
[172] Case Appeal Statement

07/01/2022 Notice of Appeal

Notice of Appeal - NOAS (CIV)

Comment
[173] Notice of Appeal

07/01/2022 Case Appeal Statement

Case Appeal Statement - ASTA (CIV)

Comment
[174] Notice of Appeal

07/06/2022 Order Admitting to Practice

Order Admitting to Practice

Comment
[175] Order Admitting to Practice

07/12/2022 Motion to Associate Counsel

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Cancel Reason
Vacated

Comment
Plaintiffs' Motion to Associate Counsel

07/20/2022 Request

Request - REQT (CIV)

Comment
[176] REQUEST FOR TRANSCRIPT OF PROCEEDINGS

09/07/2022 Court Recorders Invoice for Transcript

Court Recorders Invoice for Transcript

Comment
[177]

09/07/2022 Request

Request - REQT (CIV)

Comment
[178] Plaintiffs Request for Transcipts

09/12/2022 Recorders Transcript of Hearing

Recorders Transcript of Hearing - RTRAN (CIV)

Comment
[179] Defendant EVO Payments, Inc.'s Motion for Attorney's Fees and Costs / Defendant Shift 4 Payments, LLC's Motion for Attorney's Fees and Costs and Joinder to Motion By Co-Defendants May 12, 2022

11/10/2022 Motion for Good Faith Settlement

Motion for Good Faith Settlement - MFGF (CIV)

Comment
[180] Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Motion for Good Faith Settlement with Defendants EVO Payments, Inc. Fiserv, Inc., and Shift 4 Payments, LLC

11/10/2022 Declaration

Declaration - DECL (CIV)

Comment
[181] Declaration . of Teri T.Pham in Support of Plaintiffs Brian Sciara and Capfund Enterprises, Inc's Motion for Good Faith Settlement with Defendants Evo Payments Inc. Fiserv Inc and Shift4Payments, LLC

11/16/2022 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[182] Notice of Hearing

11/16/2022 Joinder To Motion

Joinder To Motion - JMOT (CIV)

Comment
[183] EVO Payments, Inc.'s Joinder to Motion for Determination of Good Faith Settlement

11/17/2022 Joinder To Motion

Joinder To Motion - JMOT (CIV)

Comment
[184] Defendant Fiserv, Inc.'s Joinder to Motion for Determination of Good Faith Settlement

11/28/2022 Minute Order

Minute Order

Judicial Officer
Johnson, Susan

Hearing Time
3:00 AM

Result
Minute Order - No Hearing Held

11/29/2022 Order Granting Motion

Order Granting Motion

Comment
[185] Order Granting Plaintiffs Brian Sciara and Capfund Enterprises, Inc. s Motion for Good Faith Settlement with Defendants Evo Payments, Inc. Fiserv, Inc., and Shift4 Payments, LLC

12/01/2022 Judgment

Judgment

Comment
[186] Judgment Regarding Attorney's Fees

12/01/2022 Notice of Entry of Judgment

Notice of Entry of Judgment - NJUD (CIV)

Comment
[187] Notice of Entry of Judgment

12/22/2022 Motion for Good Faith Settlement

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Cancel Reason
Vacated

Comment
Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Motion for Good Faith Settlement with Defendants EVO Payments, Inc. Fiserv, Inc., and Shift 4 Payments, LLC

12/22/2022 Joinder

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Cancel Reason
Vacated

Comment
EVO Payments, Inc.'s Joinder to Motion for Determination of Good Faith Settlement

12/22/2022 Joinder

Judicial Officer
Johnson, Susan

Hearing Time
9:00 AM

Cancel Reason
Vacated

Comment
Defendant Fiserv, Inc.'s Joinder to Motion for Determination of Good Faith Settlement

01/03/2023 Stipulation and Order for Dismissal With Prejudice

Stipulation and Order for Dismissal With Prejudice

Comment
[188] Stipulation and Order to Dismiss Evo Payments, Inc., Fiserv, Inc., SHIFT4 Payments, LLC with Prejudice

01/06/2023 Notice of Association of Counsel

Notice of Association of Counsel - NOAC (CIV)

Comment
[189] Notice of Association of Counsel

01/09/2023 Writ Electronically Issued

Comment
[190] Writ of Execution

05/17/2023 Affidavit of Publication

Affidavit of Publication - AFFP (CIV)

Comment
[191] Affidavit of Publication

06/14/2023 Ex Parte

Ex Parte - EXPT (CIV)

Comment
[192] Plaintiff Brian Sciara and Capfund Enterprises, Inc.'s Ex Parte Application for an Order to Stay Enforcement of Judgment Pending Appeal or, in the Alternative, for an Order Shortening Time to Hear Motion for Same; Declaration of Teri T. Pham

06/14/2023 Motion to Stay

Motion to Stay - MSTY (CIV)

Comment
[193] Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Motion to Stay Enforcement of Judgment Pending Appeal

06/14/2023 Appendix

Appendix - APEN (CIV)

Comment
[194] Appendix of Exhibits in Support of Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Ex Parte Application for an Order to Stay Enforcement of Judgment Pending Appeal, or in the Alternative, for an Order Shortening Time to Hear Motion for Same and Motion to Stay Enforcement of Judgment Pending Appeal

06/15/2023 Clerk's Notice of Hearing

Clerk's Notice of Hearing - CNOC (CIV)

Comment
[195] Clerk's Notice of Hearing

06/15/2023 Order Shortening Time

Order Shortening Time

Comment
[196] Order Granting Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Ex Parte Application for an Order to Stay Enforcement of Judgment Pending Appeal or, in the Alternative, for an Order Shortening Time to Hear Motion for Same

06/20/2023 Instructions for Bluejeans Conference

Instructions for Bluejeans Conference - IBC (CIV)

Comment
[197] Instructions for BlueJeans Conference

06/20/2023 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[198] Notice of Entry of Order Shortening Time to Hear Motion to Stay Enforcement of Judgment Pending Appeal

06/20/2023 Opposition to Motion

Opposition - OPPS (CIV)

Comment
[199] Opposition to Plaintiffs' Motion for Stay of Enforcement of Judgment Pending Appeal

06/22/2023 Notice

Notice - NOTC (CIV)

Comment
[200] Notice of Sheriff's Sale

06/22/2023 Affidavit of Posting

Affidavit of Posting - AOP (CIV)

Comment
[201] Affidavit of Posting

06/22/2023 Reply in Support

Reply in Support - RIS (CIV)

Comment
[202] Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Reply in Support of Motion to Stay Enforcement of Judgment Pending Appeal

06/22/2023 Declaration

Declaration - DECL (CIV)

Comment
[203] Declaration of Brian Sciara in Support of Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Reply in Support of Motion to Stay Enforcement of Judgment Pending Appeal

06/23/2023 Notice of Change of Firm Name

Notice of Change of Firm Name - NCFN (CIV)

Comment
[204] Notice of Change of Firm

06/26/2023 Affidavit of Posting

Affidavit of Posting - AOP (CIV)

Comment
[205] Affidavit of Posting

06/27/2023 Minute Order

Minute Order

Judicial Officer
Johnson, Susan

Hearing Time
3:00 AM

Result
Minute Order - No Hearing Held

06/27/2023 Motion to Stay

Minutes - Motion to Stay

Judicial Officer
Johnson, Susan

Hearing Time
8:30 AM

Result
Denied

Comment
Plaintiffs Brian Sciara and Capfund Enterprises, Inc.'s Motion to Stay Enforcement of Judgment Pending Appeal

Parties Present
Plaintiff

Attorney: Rabbat, Robert A.

Attorney: Pham, Teri T.

Defendant

Attorney: Cassity, Robert J.

Defendant

Attorney: Cassity, Robert J.

Plaintiff

Attorney: Rabbat, Robert A.

Attorney: Pham, Teri T.

06/27/2023 Affidavit of Publication

Affidavit of Publication - AFFP (CIV)

Comment
[206] Affidavit of Publication

06/27/2023 Affidavit of Publication

Affidavit of Publication - AFFP (CIV)

Comment
[207] Affidavit of Publication

06/27/2023 Supplemental Brief

Supplemental Brief - SB (CIV)

Comment
[208] Supplemental Brief in Support of Plaintiffs' Brian Sciara and Capfund Enterprises, Inc.'s Motion to Stay Enforcement of Judgment Pending Appeal

06/27/2023 Response

Response - RSPN (CIV)

Comment
[209] Response to Plaintiffs' Supplemental Brief in Support of Motion for Stay of Enforcement of Judgment Pending Appeal

07/06/2023 Certificate

Certificate - CRTF (CIV)

Comment
[210] Sheriff's Certificate of Sale

07/12/2023 Order Denying

Order Denying

Comment
[211] Order Denying Plaintiffs' Motion for Stay of Enforcement of Judgment Pending Appeal

07/12/2023 Affidavit of Service

Affidavit of Service - AOS (CIV)

Comment
[212] Affidavit of Service

07/12/2023 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[213] Notice of Entry of Order Denying Plaintiffs' Motion for Stay of Enforcement of Judgment Pending Appeal

07/20/2023 Notice

Notice - NOTC (CIV)

Comment
[214] Notice of Assignment

08/01/2023 Writ of Execution

Writ of Execution - WTEX (CIV)

Comment
[215] Writ of Execution

08/04/2023 Notice of Bankruptcy

Notice of Bankruptcy - BANK (CIV)

Comment
[216] NOTICE OF FILING CHAPTER 11 BANKRUPTCY

08/14/2023 Notice of Entry of Order

Notice of Entry of Order - NEOJ (CIV)

Comment
[217] Notice of Entry of Order Granting Motion to Withdraw

01/08/2024 Administrative Reassignment

Comment
Pursuant to Administrative Order 23-05

05/24/2024 NV Supreme Court Clerks Certificate/Judgment - Dismissed

NV Supreme Court Clerks Certificate/Judgment - Dis

Comment
[218] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Dismissed

02/10/2025 NV Supreme Court Clerks Certificate/Judgment - Dismissed

NV Supreme Court Clerks Certificate/Judgment - Dis

Comment
[219] Nevada Supreme Court Clerk's Certificate/Remittitur Judgment - Dismissed

05/04/2025 Order

Order

Comment
[220] Order to Release Bond

## Financial

Sciara, Brian

| | |
|---|---|
| Total Financial Assessment | $349.50 |
| Total Payments and Credits | $349.50 |

| | | | | |
|---|---|---|---|---|
| 11/3/2020 | Transaction Assessment | | | $270.00 |
| 11/3/2020 | Efile Payment | Receipt # 2020-62181-CCCLK | Sciara, Brian | ($270.00) |
| 3/25/2022 | Transaction Assessment | | | $24.00 |
| 3/25/2022 | Efile Payment | Receipt # 2022-18365-CCCLK | Sciara, Brian | ($24.00) |
| 6/29/2022 | Transaction Assessment | | | $31.50 |
| 6/29/2022 | Payment (Window) | Receipt # 2022-36737-CCCLK | Sciara, Brian | ($31.50) |
| 7/1/2022 | Transaction Assessment | | | $24.00 |
| 7/1/2022 | Efile Payment | Receipt # 2022-37297-CCCLK | Sciara, Brian | ($24.00) |

Micamp Solutions, LLC

| | |
|---|---|
| Total Financial Assessment | $1,952.20 |
| Total Payments and Credits | $1,952.20 |

| | | | | |
|---|---|---|---|---|
| 12/21/2020 | Transaction Assessment | | | $1,263.50 |
| 12/21/2020 | Efile Payment | Receipt # 2020-71705-CCCLK | Micamp Solutions, LLC | ($1,263.50) |
| 1/8/2021 | Transaction Assessment | | | $3.50 |
| 1/8/2021 | Efile Payment | Receipt # 2021-01347-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 1/25/2021 | Transaction Assessment | | | $3.50 |
| 1/25/2021 | Efile Payment | Receipt # 2021-04491-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 2/22/2021 | Transaction Assessment | | | $3.50 |

| | | | | |
|---|---|---|---|---|
| 2/22/2021 | Efile Payment | Receipt # 2021-10316-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 3/29/2021 | Transaction Assessment | | | $3.50 |
| 3/29/2021 | Efile Payment | Receipt # 2021-18801-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 4/14/2021 | Transaction Assessment | | | $3.50 |
| 4/14/2021 | Efile Payment | Receipt # 2021-22760-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 5/10/2021 | Transaction Assessment | | | $3.50 |
| 5/10/2021 | Efile Payment | Receipt # 2021-28790-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 6/1/2021 | Transaction Assessment | | | $256.50 |
| 6/1/2021 | Efile Payment | Receipt # 2021-33985-CCCLK | Micamp Solutions, LLC | ($256.50) |
| 6/3/2021 | Transaction Assessment | | | $3.50 |
| 6/3/2021 | Efile Payment | Receipt # 2021-34609-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 9/28/2021 | Transaction Assessment | | | $3.50 |
| 9/28/2021 | Efile Payment | Receipt # 2021-60214-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 11/1/2021 | Transaction Assessment | | | $3.50 |
| 11/1/2021 | Efile Payment | Receipt # 2021-67300-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 11/12/2021 | Transaction Assessment | | | $3.50 |
| 11/12/2021 | Efile Payment | Receipt # 2021-69711-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 11/16/2021 | Transaction Assessment | | | $3.50 |
| 11/16/2021 | Efile Payment | Receipt # 2021-70581-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 11/17/2021 | Transaction Assessment | | | $3.50 |

| | | | | |
|---|---|---|---|---|
| 11/17/2021 | Efile Payment | Receipt # 2021-70694-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 12/3/2021 | Transaction Assessment | | | $3.50 |
| 12/3/2021 | Efile Payment | Receipt # 2021-73707-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 12/3/2021 | Transaction Assessment | | | $3.50 |
| 12/3/2021 | Efile Payment | Receipt # 2021-73886-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 12/10/2021 | Transaction Assessment | | | $203.50 |
| 12/10/2021 | Efile Payment | Receipt # 2021-75494-CCCLK | Micamp Solutions, LLC | ($203.50) |
| 12/23/2021 | Transaction Assessment | | | $3.50 |
| 12/23/2021 | Efile Payment | Receipt # 2021-78003-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 1/6/2022 | Transaction Assessment | | | $3.50 |
| 1/6/2022 | Efile Payment | Receipt # 2022-01020-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 1/7/2022 | Transaction Assessment | | | $3.50 |
| 1/7/2022 | Efile Payment | Receipt # 2022-01322-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 2/24/2022 | Transaction Assessment | | | $3.50 |
| 2/24/2022 | Efile Payment | Receipt # 2022-11377-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 3/1/2022 | Transaction Assessment | | | $3.50 |
| 3/1/2022 | Efile Payment | Receipt # 2022-12313-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 3/7/2022 | Transaction Assessment | | | $3.50 |
| 3/7/2022 | Efile Payment | Receipt # 2022-13780-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 6/29/2022 | Transaction Assessment | | | $24.00 |

| | | | | |
|---|---|---|---|---|
| 6/29/2022 | Efile Payment | Receipt # 2022-36743-CCCLK | Micamp Solutions, LLC | ($24.00) |
| 9/7/2022 | Transaction Assessment | | | $93.20 |
| 9/12/2022 | Online Payment | Receipt # 2022-52668-CCCLK | Suzanne Launi | ($93.20) |
| 1/9/2023 | Transaction Assessment | | | $3.50 |
| 1/9/2023 | Efile Payment | Receipt # 2023-01325-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 1/19/2023 | Transaction Assessment | | | $13.50 |
| 1/19/2023 | Efile Payment | Receipt # 2023-03673-CCCLK | Micamp Solutions, LLC | ($13.50) |
| 6/22/2023 | Transaction Assessment | | | $3.50 |
| 6/22/2023 | Efile Payment | Receipt # 2023-53025-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 6/26/2023 | Transaction Assessment | | | $3.50 |
| 6/26/2023 | Efile Payment | Receipt # 2023-54174-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 6/27/2023 | Transaction Assessment | | | $3.50 |
| 6/27/2023 | Efile Payment | Receipt # 2023-54563-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 7/6/2023 | Transaction Assessment | | | $3.50 |
| 7/6/2023 | Efile Payment | Receipt # 2023-57413-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 7/12/2023 | Transaction Assessment | | | $3.50 |
| 7/12/2023 | Efile Payment | Receipt # 2023-59107-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 7/12/2023 | Transaction Assessment | | | $3.50 |
| 7/12/2023 | Efile Payment | Receipt # 2023-59324-CCCLK | Micamp Solutions, LLC | ($3.50) |
| 7/20/2023 | Transaction Assessment | | | $3.50 |

| | | | | |
|---|---|---|---|---|
| 7/20/2023 | Efile Payment | Receipt # 2023-62132-CCCLK | Micamp Solutions, LLC | ($3.50) |

Micamp Holdings, LLC

| | |
|---|---|
| Total Financial Assessment | $3.50 |
| Total Payments and Credits | $3.50 |

| | | | | |
|---|---|---|---|---|
| 6/20/2023 | Transaction Assessment | | | $3.50 |
| 6/20/2023 | Efile Payment | Receipt # 2023-52460-CCCLK | Micamp Holdings, LLC | ($3.50) |

Fiserv, Inc.

| | |
|---|---|
| Total Financial Assessment | $1,683.00 |
| Total Payments and Credits | $1,683.00 |

| | | | | |
|---|---|---|---|---|
| 1/8/2021 | Transaction Assessment | | | $1,483.00 |
| 1/8/2021 | Efile Payment | Receipt # 2021-01351-CCCLK | Fiserv, Inc. | ($1,483.00) |
| 12/10/2021 | Transaction Assessment | | | $200.00 |
| 12/10/2021 | Efile Payment | Receipt # 2021-75488-CCCLK | Fiserv, Inc. | ($200.00) |

Evo Payments, Inc.

| | |
|---|---|
| Total Financial Assessment | $1,683.00 |
| Total Payments and Credits | $1,683.00 |

| | | | | |
|---|---|---|---|---|
| 2/5/2021 | Transaction Assessment | | | $1,483.00 |
| 2/5/2021 | Efile Payment | Receipt # 2021-07148-CCCLK | Evo Payments, Inc. | ($1,483.00) |
| 12/10/2021 | Transaction Assessment | | | $200.00 |
| 12/10/2021 | Efile Payment | Receipt # 2021-75477-CCCLK | Evo Payments, Inc. | ($200.00) |

Shift4 Payments, LLC

| | |
|---|---|
| Total Financial Assessment | $1,906.00 |
| Total Payments and Credits | $1,906.00 |

| | | | | |
|---|---|---|---|---|
| 1/8/2021 | Transaction Assessment | | | $223.00 |
| 1/8/2021 | Efile Payment | Receipt # 2021-01467-CCCLK | Shift4 Payments, LLC | ($223.00) |
| 1/11/2021 | Transaction Assessment | | | $1,483.00 |

| | | | | |
|---|---|---|---|---|
| 1/11/2021 | Efile Payment | Receipt # 2021-01850-CCCLK | Shift4 Payments, LLC | ($1,483.00) |
| 12/10/2021 | Transaction Assessment | | | $200.00 |
| 12/10/2021 | Efile Payment | Receipt # 2021-75463-CCCLK | Shift4 Payments, LLC | ($200.00) |

## Documents

Complaint - COMP (CIV)
Demand for Jury Trial - DMJT (CIV)
Initial Appearance Fee Disclosure - IAFD (CIV)
Clerk's Notice of Nonconforming Document - CNND (CIV)
Clerk's Notice of Nonconforming Document and Curative Action - CNNDCA (CIV)
Request to Transfer to Business Court - RTBC (CIV)
Notice of Department Reassignment - NODR (CIV)
Proof of Service - PSER (CIV)
Notice of Appearance - NOTA (CIV)
Motion to Dismiss - MDSM (CIV)
Motion to Dismiss - MDSM (CIV)
Initial Appearance Fee Disclosure - IAFD (CIV)
Answer - ANS (CIV)
Clerk's Notice of Hearing - CNOC (CIV)
Order Setting Hearing - OSH (CV)
Joinder To Motion - JMOT (CIV)
Stipulation and Order - SAO (CIV)
Motion to Associate Counsel - MASS (CIV)
Motion to Associate Counsel - MASS (CIV)
Clerk's Notice of Hearing - CNOC (CIV)
Motion to Associate Counsel - MASS (CIV)
Clerk's Notice of Hearing - CNOC (CIV)
Motion to Dismiss - MDSM (CIV)
Initial Appearance Fee Disclosure - IAFD (CIV)
Disclosure Statement - DSST (CIV)

Stipulation and Order - SAO (CIV)

Opposition - OPPS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Disclosure Statement - DSST (CIV)

Change of Address - COA (CIV)

All Pending Motions

Order - ORDR (CIV)

Notice of Entry of Order - NEOJ (CIV)

All Pending Motions

Scheduling and Trial Order - SCHTO (CIV)

Transcript of Proceedings - TRANS (CIV)

Stipulated Protective Order - SPO (CIV)

Status Check

Amended Complaint - ACOM (CIV)

Motion to Dismiss - MDSM (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion to Dismiss - MDSM (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion to Dismiss - MDSM (CIV)

Motion to Dismiss - MDSM (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Order - ORDR (CIV)

Order - ORDR (CIV)

Notice of Entry of Order - NEOJ (CIV)

Notice of Entry of Order - NEOJ (CIV)

Stipulation and Order - SAO (CIV)

Notice of Entry of Stipulation and Order - NTSO (CIV)

Opposition - OPPS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

All Pending Motions

Minutes - All Pending Motions

Answer - ANS (CIV)

Answer - ANS (CIV)

Initial Appearance Fee Disclosure - IAFD (CIV)

Disclosure Statement - DSST (CIV)

Answer - ANS (CIV)

Order

Notice of Entry of Order - NEOJ (CIV)

Answer - ANS (CIV)

Notice - NOTC (CIV)

Joinder - JOIN (CIV)

Joinder - JOIN (CIV)

Opposition - OPPS (CIV)

Response - RSPN (CIV)

Response - RSPN (CIV)

Objection - OBJ (CIV)

Motion for Protective Order

Motion to Extend Discovery

Appendix - APEN (CIV)

Opposition to Motion - OPPM (CIV)

Opposition - OPPS (CIV)

Joinder to Opposition to Motion - JOPP (CIV)

Opposition to Motion - OPPM (CIV)

Order Shortening Time

Recorders Transcript of Hearing - RTRAN (CIV)

Order Denying Motion

Notice of Entry of Order - NEOJ (CIV)

Opposition and Countermotion - OPPC (CIV)

Notice of Appearance - NOTA (CIV)

Motion to Continue Trial - MTCT (CIV)

Order Shortening Time

Substitution of Attorney - SUBT (CIV)

Substitution of Attorney - SUBT (CIV)

Opposition to Motion - OPPM (CIV)

Order Denying Motion

Opposition to Motion - OPPM (CIV)

Joinder to Opposition to Motion - JOPP (CIV)

Notice of Entry of Order - NEOJ (CIV)

Joinder To Motion - JMOT (CIV)

Errata - ERR (CIV)

Motion for Partial Summary Judgment - MPSJ (CIV)

Appendix - APEN (CIV)

Motion for Summary Judgment - MSJD (CIV)

Appendix - APEN (CIV)

Motion for Summary Judgment - MSJD (CIV)

Appendix - APEN (CIV)

Motion for Summary Judgment - MSJD (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Minutes - Motion for Protective Order

Order Denying Motion

Notice of Entry of Order - NEOJ (CIV)

Request for Judicial Notice - RFJN (CIV)

Opposition to Motion For Summary Judgment - OMSJ (CIV)

Appendix - APEN (CIV)

All Pending Motions

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Errata - ERR (CIV)

Declaration - DECL (CIV)

Declaration - DECL (CIV)

Mandatory Pretrial Disclosure - MPTD (CIV)

Mandatory Pretrial Disclosure - MPTD (CIV)

Pre-Trial Disclosure - PTD (CIV)

Mandatory Pretrial Disclosure - MPTD (CIV)

Supplement - SUPPL (CIV)

Recorders Transcript of Hearing - RTRAN (CIV)

Recorders Transcript of Hearing - RTRAN (CIV)

Notice of Hearing - NOH (CIV)

Minutes - All Pending Motions

Recorders Transcript of Hearing - RTRAN (CIV)

Findings of Fact, Conclusions of Law and Judgment

Notice of Entry of Judgment - NJUD (CIV)

Minutes - All Pending Motions

Memorandum of Costs and Disbursements - MEMC (CIV)

Memorandum of Costs and Disbursements - MEMC (CIV)

Memorandum - MEMO (CIV)

Memorandum of Costs and Disbursements - MEMC (CIV)

Motion for Attorney Fees and Costs - MAFC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion for Attorney Fees and Costs - MAFC (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Motion for Attorney Fees - MATF (CIV)

Motion for Attorney Fees and Costs - MAFC (CIV)

Errata - ERR (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Substitution of Attorney - SUBT (CIV)

Stipulation and Order

Notice of Appeal - NOAS (CIV)

Case Appeal Statement - ASTA (CIV)

Opposition to Motion - OPPM (CIV)

Notice of Hearing - NOH (CIV)

Stipulation and Order

Notice of Hearing - NOH (CIV)

Substitution of Attorney - SUBT (CIV)

Reply - RPLY (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Reply in Support - RIS (CIV)

Notice of Hearing - NOH (CIV)

Stipulation and Order

Motion to Associate Counsel - MASS (CIV)

Minutes - All Pending Motions

Clerk's Notice of Nonconforming Document - CNND (CIV)

Order

Notice of Entry of Judgment - NJUD (CIV)

Request - REQT (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Notice of Appeal - NOAS (CIV)

Case Appeal Statement - ASTA (CIV)

Minutes - Minute Order

Notice of Appeal - NOAS (CIV)

Case Appeal Statement - ASTA (CIV)

Order Admitting to Practice

Request - REQT (CIV)

Court Recorders Invoice for Transcript

Request - REQT (CIV)

Recorders Transcript of Hearing - RTRAN (CIV)

Motion for Good Faith Settlement - MFGF (CIV)

Declaration - DECL (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Joinder To Motion - JMOT (CIV)

Joinder To Motion - JMOT (CIV)

Minute Order

Order Granting Motion

Judgment

Notice of Entry of Judgment - NJUD (CIV)

Stipulation and Order for Dismissal With Prejudice

Notice of Association of Counsel - NOAC (CIV)

Affidavit of Publication - AFFP (CIV)

Ex Parte - EXPT (CIV)

Motion to Stay - MSTY (CIV)

Appendix - APEN (CIV)

Clerk's Notice of Hearing - CNOC (CIV)

Order Shortening Time

Instructions for Bluejeans Conference - IBC (CIV)

Notice of Entry of Order - NEOJ (CIV)

Opposition - OPPS (CIV)

Notice - NOTC (CIV)

Affidavit of Posting - AOP (CIV)

Reply in Support - RIS (CIV)

Declaration - DECL (CIV)

Notice of Change of Firm Name - NCFN (CIV)

Affidavit of Posting - AOP (CIV)

Affidavit of Publication - AFFP (CIV)

Affidavit of Publication - AFFP (CIV)

Supplemental Brief - SB (CIV)

Response - RSPN (CIV)

Minute Order

Minutes - Motion to Stay

Certificate - CRTF (CIV)

Order Denying

Affidavit of Service - AOS (CIV)

Notice of Entry of Order - NEOJ (CIV)

Notice - NOTC (CIV)

Writ of Execution - WTEX (CIV)

Notice of Bankruptcy - BANK (CIV)

Notice of Entry of Order - NEOJ (CIV)

NV Supreme Court Clerks Certificate/Judgment - Dis

NV Supreme Court Clerks Certificate/Judgment - Dis

Order

# EXHIBIT 17

**Writ of Execution (08/01/2023)**
**[EJDC 215]**

Electronically Filed
8/1/2023 10:51 AM
Steven D. Grierson
CLERK OF THE COURT

Colin P. Cavanaugh
Nevada Bar No. 13842
PRINCE LAW GROUP
10801 W. Charleston Blvd., Ste. 560
Las Vegas, NV 89135
Phone: 702-534-7600
Fax: 702-534-7601
ccavanaugh@thedplg.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
Phone: 520-214-2000
Fax: 520-214-2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,

Plaintiffs,

v.

MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants.

-and-

CAPFUND ENTERPRISES, INC., a corporation,

Nominal Defendant.

Case No. A-20-824100-B
Dept. No. XXII

**WRIT OF EXECUTION**

☐ EARNINGS
☒ BANK ACCOUNT
☐ OTHER PROPERTY

**THE PEOPLE OF THE STATE OF NEVADA:**

To the Sheriff of Clark County – Greetings:

This Writ of Execution is in furtherance of collection of a judgment, for the recovery of money for Defendants MICAMP SOLUTIONS, LLC and MICAMP HOLDINGS, LLC (the "Judgment Creditors").

On December 1, 2022, a Judgment Regarding Attorney's Fees[1] (the "Judgment") was entered by the above-entitled court in the above-entitled action in favor of Judgment Creditors and against Plaintiffs BRIAN SCIARA and CAPFUND ENTERPRISES, INC. (the "Judgment Debtors"), jointly and severally, as follows:

| **JUDGMENT BALANCE** | | **AMOUNTS TO BE COLLECTED BY LEVY** | |
|---|---|---|---|
| Principal (Judgment) | $156,818.75 | NET BALANCE | **$169,293.97** |
| Pre-Judgment Interest (05/31/22 – 11/14/22) | $3,766.87 | For this Writ | |
| | | Garnishment Fee | |
| Awarded Costs | $0 | Mileage | |
| | | Levy Fee | |
| JUDGMENT TOTAL | **$160,585.62** | Advertising | |
| | | Storage | |
| Post-Judgment Interest at Statutory Rate[2] | $9,208.37 | Interest from 7/13/23 | |
| | | Issuance | |
| Less Any Satisfaction Received to Date | ($500.00) | SUB-TOTAL | |
| NET BALANCE | $169,293.97 | Commission | |
| | | Total Levy | $ |

**NOW THEREFORE**, you are commanded to satisfy the Judgment for the total amount due out of the following described personal property (choses in action) of Judgment Debtors to wit:

> **All claims for relief, causes of action, things in action, and choses in action against anyone in any lawsuit pending in the State of Nevada, including, but not limited to, Eighth Judicial District Court Case No. A-20-824100-B and Nevada Supreme Court Case No. 84458, as well as any and all rights of Brian Sciara and Capfund Enterprises, Inc. in any action pending in the United States District**

[1] A copy of the Judgment is attached hereto as Exhibit "A".

[2] Attached hereto as Exhibit "B" is a copy of the Post Judgment Interest Calculations.

**Court, District of Nevada, including, but not limited to, Case No. 2:18-cv-01700-DJA.**

**EXEMPTIONS WHICH APPLY TO THIS LEVY**

Except that for any workweek, 75 percent of the disposable earnings of the debtor during that week or 50 times the minimum hourly wage prescribed by section 6(a)(1) of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 206(a)(1), and in effect at the time the earnings are payable, whichever is greater, is exempt from any levy of execution pursuant to this writ, and if sufficient personal property cannot be found, then out of the real property belonging to the debtor in the aforesaid county, and make return to this writ within not less than 10 days or more than 60 days endorsed.

__X__ Property Other Than Wages. The exemption set forth in NRS 21.090 or in other applicable Federal Statutes may apply. Consult an attorney.

______ Earnings
The amount subject to garnishment and this writ shall not exceed for any one pay period the lessor of:
A. 25% of the disposable earnings due the judgment debtor for the pay period, or
B. the difference between the disposable earnings for the period and $100.50 per week for each week of the pay period

______ Earnings (Judgment or Order for Support)
______ A Judgment was entered for amounts due under a decree or order entered on ____ day of _____, 20___, by the , for the support of for the period from , 20___, through _____, 20__, in installments of $ .

The amount if disposable earnings subject to Garnishment and this writ shall not exceed for any one pay period: (check appropriate box)

☐ A maximum of 50 percent of the disposable earnings of such judgment debtor who is supporting a spouse or dependent child other than the dependent named above;

☐ A maximum of 60 percent of the disposable earnings of such judgment debtor who is not supporting a spouse or dependent child other than the dependent named above;

☐ Plus an additional 5 percent of the disposable earnings of such judgment debtor if an to extent that the judgment is for support due for a period of time more than 12 weeks prior to the beginning of the work period of the judgment debtor during which the levy is made upon the disposable earnings.

**NOTE:** Disposable earnings are defined as gross earnings less deductions for Federal Income Tax Withholding, Federal Social Security Tax and Withholding for any State, County or City Taxes.

You are required to return this Writ from date of issuance not less than 10 days or more than 60 days with the results of your levy endorsed thereon.

Issued at the direction of: CLERK OF THE COURT

/s/ *Colin P. Cavanaugh* ____________________________

DEPUTY CLERK DATE

Colin P. Cavanaugh
PLANTE LEBOVIC LLP
Nevada Bar No. 13842
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148

Ali J. Farhang (pro hac vice)
Arizona Bar No. 019456
Adam T. Peterson (pro hac vice)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**RETURN**

I hereby certify that I have this date returned the foregoing Writ of Execution with the results of the levy endorsed thereon

CLARK COUNTY SHERIFF

______________________________
SHERIFF DATE

| | | |
|---|---|---|
| ____ | Not satisfied | $ |
| ____ | Satisfied in the sum of | $ |
| ____ | Costs retained | $ |
| ____ | Commission retained | $ |
| ____ | Costs incurred | $ |
| ____ | Commission incurred | $ |
| ____ | Costs received | $ |
| REMITTED TO JUDGMENT CREDITOR | | $ |

# EXHIBIT A

Electronically Filed
12/01/2022 12:40 PM
CLERK OF THE COURT

**JUDG**

PLANTE LEBOVIC LLP
Colin P. Cavanaugh
Nevada Bar No. 13842
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148
Telephone: (702) 793-4362
ccavanaugh@plantelebovic.com

Ali J. Farhang (*pro hac vice*)
Arizona Bar No. 019456
Adam T. Peterson (*pro hac vice*)
Arizona Bar No. 033043
FARHANG & MEDCOFF
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
Phone: (520) 214-2000
Fax: (520) 214-2001
afarhang@farhangmedcoff.com
apeterson@farhangmedcoff.com

*Attorneys for Defendants MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRIAN SCIARA, an individual, and derivatively on behalf of CAPFUND ENTERPRISES, INC., a corporation; CAPFUND ENTERPRISES, INC., a corporation; ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>MICAMP SOLUTIONS, LLC, a limited liability company; MICAMP HOLDINGS, LLC, a limited liability company; FISERV, INC. (formerly First Data Merchant Services LLC), a corporation; EVO PAYMENTS, INC., a corporation; SHIFT4 PAYMENTS, LLC, a limited liability company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants.<br><br>-and-<br><br>CAPFUND ENTERPRISES, INC., a corporation,<br><br>Nominal Defendant. | Case No. A-20-824100-B<br>Dept. No. XXII<br><br>**JUDGMENT REGARDING ATTORNEY'S FEES** |

The Court having entered its Order Re: MiCamp Solutions, LLC's and MiCamp Holdings, LLC's Motion for Attorney's Fees on May 31, 2022, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that JUDGMENT is entered in favor of MiCamp Solutions, LLC and MiCamp Holdings, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc., jointly and severally in the principal amount of $156,818.75.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that JUDGMENT is entered in favor of MiCamp Solutions, LLC and MiCamp Holdings, LLC and against Plaintiffs Brian Sciara and CapFund Enterprises, Inc., jointly and severally for pre-judgment interest from May 31, 2022 to November 14, 2022 (167 days) at the legal rate of 5.25% in the amount of $3,766.87.

Post-judgment interest on the principal amount of $156,818.75 shall accrue pursuant to NRS 99.040.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2022

**DISTRICT COURT JUDGE**

**23B 82B 15B8 AA3E**
**Susan Johnson**
**District Court Judge**

*Respectfully submitted by:*

PLANTE LEBOVIC LLP

Colin P. Cavanaugh
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89148

Ali J. Farhang (*pro hac vice*)
Adam T. Peterson (*pro hac vice*)
FARHANG & MEDCOFF, PLLC
100 S. Church Ave., Ste. 100
Tucson, AZ 85701
*Attorneys for MiCamp Solutions, LLC and MiCamp Holdings, LLC*

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Brian Sciara, Plaintiff(s) | CASE NO: A-20-824100-B |
| vs. | DEPT. NO. Department 22 |
| Micamp Solutions, LLC, Defendant(s) | |

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Judgment was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 12/1/2022

| | |
|---|---|
| Robert Rabbat | rrabbat@enensteinlaw.com |
| Valerie Larsen | vllarsen@hollandhart.com |
| Bryce Kunimoto | bkunimoto@hollandhart.com |
| Jarrod Rickard | jlr@skrlawyers.com |
| Christopher Kircher | cdk@skrlawyers.com |
| Olivia Kelly | oak@skrlawyers.com |
| Lawrence Semenza, III | ljs@skrlawyers.com |
| Robert Cassity | bcassity@hollandhart.com |
| Jason Smith | jsmith@santoronevada.com |
| Joyce Heilich | jeheilich@hollandhart.com |
| Angie Barreras | alb@skrlawyers.com |

| | |
|---|---|
| Kevin Anderson | kanderson@fabianvancott.com |
| Katie Cannata | klc@skrlawyers.com |
| Jennifer Arledge | jarledge@sgroandroger.com |
| E File | efile@sgroandroger.com |
| Nick Scotti | nscotti@sgroandroger.com |
| Jenapher Lin | jlin@hollandhart.com |
| Colin Cavanaugh | ccavanaugh@plantelebovic.com |
| Margarita Elias | melias@santoronevada.com |
| Thomas Stockard | tstockard@fabianlaw.com |
| John Peterson | john.peterson@polsinelli.com |
| Michael Malone | MMalone@Polsinelli.com |
| Mary Dewitt | mdewitt@fabianvancott.com |
| Jenna Lathrop | jlathrop@farhangmedcoff.com |
| Tish Wright | twright@farhangmedcoff.com |
| Adam Peterson | apeterson@farhangmedcoff.com |
| Melodee Grams | mgrams@farhangmedcoff.com |
| Michelle Donohoo | mdonohoo@fabianvancott.com |
| Teri Pham | tpham@enensteinlaw.com |
| Jennifer Schamberger | jschamberger@enensteinlaw.com |
| Alvaro Montenegro | amontenegro@enensteinlaw.com |
| Ali Farhang | afarhang@farhangmedcoff.com |
| Colleen Sweeney | csweeney@plantelebovic.com |
| Anita Montoya | amontoya@fabianvancott.com |

| | |
|---|---|
| Rachel Jenkins | rjenkins@santoronevada.com |
| Sigal Chattah | chattahlaw@gmail.com |
| Paulyna Garcia | pgarcia@plantelebovic.com |

# EXHIBIT B

## POST JUDGMENT INTEREST CALCULATION

| | | | | | |
|---|---|---|---|---|---|
| 12/1/22 - Judgment | | | $156,818.75 | | |
| Pre-Judgment Interest (5/31/22 - 11/14/22) | | | $3,766.85 | | |
| | | | **$160,585.60** | | |
| 1. Post Judgment Interest Rate in Judgment (12/01/22 – 12/31/22) = 6.75% (.0675)<br>Post Judgment Interest Rate in Judgment (01/01/23 – 07/13/23) = 9.5% (.095) | | | | | |
| 2. Multiply Judgment amount ($156,818.75) times the Interest Rate Percentage (.0675) (this is the 2022 Annual Interest Amount) | | | $160,585.60 | 0.0675 | $10,839.53 |
| Multiply Judgment amount ($2,639,135.33) times the Interest Rate Percentage (.095) (this is the 2023 Annual Interest Amount) | | | $160,585.60 | 0.095 | $15,255.63 |
| 3. Divide Annual Interest Amount by the days in a year (this is the daily interest amount for 2022): | | | $10,839.53 | 365 | $29.70 |
| Divide Annual Interest Amount by the days in a year (this is the daily interest amount for 2023): | | | $15,255.63 | 365 | $41.80 |
| 4. Multiply the daily rate of interest by the number of days from the date of the Judgment (December 1, 2022 through December 31, 2022) (Execution of Writ) = 30 days | 12/31/2022 | 12/1/2022 | $29.70 | 30 | $890.92 |
| Multiply the daily rate of interest by the number of days for 2023 (January 1, 2023 through July 13, 2023 (Execution of Writ) = 199 days | 7/19/2023 | 1/1/2023 | $41.80 | 199 | $8,317.45 |
| 5. Total Post Judgment Interest through January 13, 2023 due is: | | | | | |
| **POST JUDGMENT INTEREST** | | | | | **$9,208.37** |
| **NET BALANCE** | | | | | **$169,793.97** |
| Satisfaction received | | | | | -$500.00 |
| | | | | | **$169,293.97** |

# NOTICE OF EXECUTION AFTER JUDGMENT

**(Per NRS 21.075)**

## READ THIS NOTICE CAREFULLY

**It provides information on how the law may allow you to protect your property or money from being attached to pay the judgment against you.**

## *YOUR PROPERTY IS BEING ATTACHED OR YOUR WAGES ARE BEING GARNISHED*

A court has determined that you owe money to the person or company (the "judgment creditor") listed on the Writ of Execution included with this Notice of Execution. The judgment creditor has begun the procedure to collect that money by garnishing your wages, bank account and other personal property held by third persons or by taking money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.
2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.
3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.
4. Proceeds from a policy of life insurance.
5. Payments of benefits under a program of industrial insurance.
6. Payments received as disability, illness or unemployment benefits.
7. Payments received as unemployment compensation.
8. Veteran's benefits.
9. A homestead in a dwelling or a mobile home, not to exceed $605,000 unless:

   (a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.

   (b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.
10. All money reasonably deposited with a landlord by you to secure an agreement to rent or lease a dwelling that is used by you as your primary residence, except that such money is not exempt with respect to a landlord or landlord's successor in interest who seeks to enforce the terms of the agreement to rent or lease the dwelling.
11. A vehicle, if your equity in the vehicle is less than $15,000.
12. At least eighty-two percent of the take-home pay for any workweek if your gross weekly salary or wage was $770 or less on the date the most recent writ of garnishment was issued; or seventy-five percent of the take-home pay for any workweek if your gross weekly salary or wage exceeded $770 on the date the most recent writ of garnishment was issued; or if the weekly take-home pay is less than 50 times the federal minimum hourly wage, the entire amount may be exempt.
13. Money, not to exceed $1,000,000 in present value, held in:

   (a) An individual retirement arrangement which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. §§ 408 and 408A, including, without limitation, an inherited individual retirement arrangement;

**ADDITIONAL INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** in this matter may be obtained from the *Civil Law Self-Help Center*, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.





© 2019 Civil Law Self-Help Center

(b) A written simplified employee pension plan which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408, including, without limitation, an inherited simplified employee pension plan;

(c) A cash or deferred arrangement plan which is qualified and maintained pursuant to the Internal Revenue Code, including, without limitation, an inherited cash or deferred arrangement plan;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan which is qualified and maintained pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. §§ 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 259, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

14. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

15. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

16. Regardless of whether a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a contingent interest, if the contingency has not been satisfied or removed;

(b) A present or future interest in the income or principal of a trust for which discretionary power is held by a trustee to determine whether to make a distribution from the trust, if the interest has not been distributed from the trust;

(c) The power to direct dispositions of property in the trust, other than such a power held by a trustee to distribute property to a beneficiary of the trust;

(d) Certain powers held by a trust protector or certain other persons; and

(e) Any power held by the person who created the trust.

17. If a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a mandatory interest in which the trustee does not have discretion concerning whether to make the distribution from the trust, if the interest has not been distributed from the trust; and

(b) A present or future interest in the income or principal of a trust that is a support interest in which the standard for distribution may be interpreted by the trustee or a court, if the interest has not been distributed from the trust.

18. A vehicle for use by you or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

19. A prosthesis or any equipment prescribed by a physician or dentist for you our your dependent.

20. Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

21. Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

22. Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

23. Payments received as restitution for a criminal act.

24. Personal property, not to exceed $10,000 in total value, if the property is not otherwise exempt from execution.

25. A tax refund received from the earned income credit provided by federal law or a similar state law.

26. Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.



*© 2019 Civil Law Self-Help Center*

These exemptions may not apply in certain cases such as a proceeding to enforce a judgment for support of a person or a judgment of foreclosure of a mechanic's lien. You should consult an attorney immediately to assist you in determining whether your property or money is exempt from execution. If you cannot afford an attorney, you may be eligible for assistance through:

*Legal Aid Center of Southern Nevada*
725 E. Charleston Blvd.
Las Vegas, NV 89104
(702) 386-1070
www.lacsn.org

*Senior Law Project* (60 years or older only)
530 Las Vegas Blvd. S. #310
Las Vegas, NV 89101
(702) 229-6596
www.snslp.org

*Nevada Legal Services*
530 S. 6th Street
Las Vegas, NV 89101
(702) 386-0404
www.nlslaw.net

If you do not wish to consult an attorney or receive legal services from an organization that provides assistance to persons who qualify, you may obtain the form to be used to claim an exemption free of charge at the *Civil Law Self-Help Center*, 200 Lewis Avenue, on the first floor of the Regional Justice Center, downtown Las Vegas, Nevada, or on the Civil Law Self-Help Center's website at www.civillawselfhelpcenter.org.

## PROCEDURE FOR CLAIMING EXEMPT PROPERTY

If you believe that the money or property taken from you is exempt, you must complete and file with the clerk of the court an executed claim of exemption. A copy of the claim of exemption must be served upon the sheriff, the garnishee and the judgment creditor within 10 days after the notice of execution or garnishment is served on you by mail pursuant to NRS 21.076 which identifies the specific property that is being levied on. The property must be released by the garnishee or the sheriff within 9 judicial days after you serve the claim of exemption upon the sheriff, garnishee and judgment creditor, unless the sheriff or garnishee receives a copy of an objection to the claim of exemption and a notice for a hearing to determine the issue of exemption. If this happens, a hearing will be held to determine whether the property or money is exempt.

The objection to the claim of exemption and notice for the hearing to determine the issue of exemption must be filed by the judgment creditor within 8 judicial days after the claim of exemption is served on the judgment creditor by mail or in person and served on the judgment debtor, the sheriff and any garnishee not less than 5 judicial days before the date set for the hearing. The hearing to determine whether the property or money is exempt must be held within 7 judicial days after the objection to the claim of exemption and notice for the hearing is filed.

You may be able to have your property released more quickly if you mail to the judgment creditor or the attorney of the judgment creditor written proof that the property is exempt. Such proof may include, without limitation, a letter from the government, an annual statement from a pension fund, receipts for payments, copies of checks, records from financial institutions or any other document which demonstrates that the money in your account is exempt.

**IF YOU DO NOT FILE THE EXECUTED CLAIM OF EXEMPTION WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.**



© 2019 *Civil Law Self-Help Center*

## CHECKLIST FOR FILING A "CLAIM OF EXEMPTION"

☐ 1. Read the list of exemptions in this notice to determine whether any of your property or money is exempt from execution (in other words, protected from being taken to pay the judgment against you).

☐ 2. Obtain a "Claim of Exemption" form from the clerk at the court where the judgment against you was issued or from the Civil Law Self-Help Center, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

☐ 3. Fill out the Claim of Exemption form. If you have documentation that proves the exemptions you are claiming, attach the documentation to the Claim of Exemption form (but be sure to black out any personal information, such as Social Security numbers, bank account numbers, etc.).

☐ 4. Take the completed Claim of Exemption form to the court where the judgment against you was issued, and file the Claim of Exemption with the court clerk.

NOTE: You must file your Claim of Exemption with the court within ten days after the Sheriff or Constable serves the Writ of Execution or Writ of Garnishment on you by mail, identifying the specific property that is subject to execution or garnishment, or within ten days after your wages are withheld if you are being garnished.

☐ 5. After your Claim of Exemption has been filed with the court, mail a copy of your file-stamped Claim of Exemption to the following three parties:
- ☐ The Constable or Sheriff who mailed you the Writ of Execution or served your bank or employer;
- ☐ The judgment creditor's attorney (or the judgment creditor directly if no attorney is involved);
- ☐ Any garnishee (likely your employer, if your wages are being garnished; your bank, if your bank account has been attached; or some other third-party, if money or assets in the third-party's possession have been executed against).

☐ 6. Watch your mail. After receiving your Claim of Exemption, the judgment creditor has eight days to file an objection. If an objection is filed, a hearing will be set. You will receive a copy of the objection and a notice of the hearing in the mail.

☐ 7. Attend the court hearing if one is set. Before the hearing, collect whatever documentation you need to show that you are entitled to the exemptions you have claimed. Take your documentation to the hearing, along with a proposed order for the judge to sign. (You can obtain a form order from the clerk of the court or on the Civil Law Self-Help Center's website, www.civillawselfhelpcenter.org.) At the hearing, it will be your responsibility to prove to the judge that your claimed exemptions are appropriate.



© 2019 *Civil Law Self-Help Center*