# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: **BRIAN SEBASTIAN SCIARA**, Debtor. | Case No. BK-S-23-13265-ABL<br>Chapter 7<br>Adv. Case No. 24-01121-ABL<br>Hearing: October 22, 2026 at 9:30 a.m. |
| **SHELLEY D. KROHN, TRUSTEE**, Plaintiff,<br>v.<br>**BRIAN SEBASTIAN SCIARA**; and **GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022**, Defendants. | **DECLARATION OF BRIAN SEBASTIAN SCIARA IN SUPPORT OF OPPOSITION AND RULE 9006 MOTION** |

1. I am the Defendant in this adversary proceeding and have personal knowledge of the matters stated here unless I identify a matter as coming from the court record.

2. My Schedule A/B listed the residence at 712 Pont Chartrain Drive and identified it as community property. Plaintiff identifies that disclosure in ECF 130, UF 32.

3. My Statement of Financial Affairs disclosed the transfer of the Property to the B.S.A.P. Irrevocable Trust. Plaintiff identifies that disclosure in ECF 130, UF 35.

4. I did not intentionally conceal from the bankruptcy court either the existence of the Property or the fact that it had been transferred to the Trust.

5. On December 2, 2024, I received an email from Glenn Truitt stating that he would resign as trustee effective December 31, 2024 and that he was not exercising his right to name a successor. Exhibit H identifies and reproduces the substantive text of that correspondence with formatting normalized.

6. On January 11, 2025, I received a forwarded email chain containing January 10 correspondence between Mr. Truitt and Plaintiff's counsel. In that correspondence Mr. Truitt stated that he had resigned effective December 31, had not designated a successor, was unaware of any successor appointment, and no longer had authority to respond for the Trust. Plaintiff's counsel responded that the Complaint had been served while Mr. Truitt was trustee, that the response was due before his resignation became effective, and that Plaintiff would proceed with default. Exhibit H identifies and reproduces the substantive text of that correspondence with formatting normalized.

7. After receiving that correspondence, I sought assistance from my then-bankruptcy counsel concerning the Trust litigation. I do not disclose in this declaration the substance of legal advice or privileged attorney-client communications.

8. On February 10, 2025, after the Entry of Default was received at Mr. Truitt's office, Mr. Truitt emailed me that he had understood that I would respond through my own counsel and/or that a replacement trustee would respond. Exhibit H identifies and reproduces the substantive text of that email with formatting normalized.

9. I recognize the Exhibit H correspondence as emails I received in my Gmail account. Exhibit H is not represented as a native .eml export; it is a normalized print/transcription for identification and review. Before signing this declaration, I will compare Exhibit H to the corresponding emails in my account and sign only if it fairly and accurately reflects them.

10. I do not presently possess an executed document appointing a successor trustee for the Trust for the period immediately following Mr. Truitt's resignation. I do not represent that no such document exists; I state only what I presently possess and know.

11. On September 14, 2026, I attempted to submit opposition papers through the court's electronic filing system but did not have a filing menu available to me as a self-represented party.

12. At approximately 12:05 a.m. on September 15, 2026, I emailed Plaintiff's counsel then-current versions of my Opposition to ECF 128, LR 7056 response to ECF 130, and declaration. I expressly stated that I did not represent the email as a substitute for filing with the Court. Exhibit A identifies that email.

13. I contacted the Bankruptcy Court Help Desk. On September 15 the Help Desk advised me that a pro se party cannot e-file documents in a bankruptcy or adversary case in the District of Nevada. Exhibit A identifies that response.

14. Plaintiff's counsel confirmed receipt of my September 15 email and attachments. Exhibit A identifies that confirmation.

15. The papers emailed on September 15 were earlier versions. After receiving the Help Desk response, I continued correcting and assembling the operative papers, including record citations, the LR 7056 response, this declaration, the narrow trustee-capacity issue, and supporting source materials. I did not treat the September 15 email as a court filing or represent that the later revisions had already been filed.

16. I am submitting the present corrected packet through an authorized paper-filing method. I request that the Court accept it through the date the Clerk receives it.

17. I am not offering Patterson attorney-client communications or the substance of my communications with Peter Mortenson as merits evidence in this filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: 9/18, 2026

**BRIAN SEBASTIAN SCIARA**
Defendant, In Proper Person
712 Pont Chartrain Drive
Las Vegas,
Telephone: (702) 592-5778
Email: bsci