**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

RECEIVED
AND FILED
SEP 21 2026 MAG
U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

In re: **BRIAN SEBASTIAN SCIARA**, Debtor.
Case No. BK-S-23-13265-ABL Chapter 7
Adv. Case No. 24-01121-ABL
Hearing: October 22, 2026 at 9:30 a.m.

**SHELLEY D. KROHN, TRUSTEE**, Plaintiff,
v.
**BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022**, Defendants.

# MOTION TO ACCEPT OPPOSITION AS TIMELY OR, ALTERNATIVELY, FOR ENLARGEMENT OF TIME UNDER FED. R. BANKR. P. 9006(b)(1)(B)

## RELIEF REQUESTED

Defendant Brian Sebastian Sciara, in proper person, requests that the Court accept the accompanying Opposition to ECF 128 and LR 7056 response as timely. Alternatively, if the Court determines that the papers were not timely filed, Defendant requests a brief enlargement under Fed. R. Bankr. P. 9006(b)(1)(B) based on excusable neglect.

## TIMING

LR 7056(c) allows an opposing party twenty-one (21) days after service of the moving party's points and authorities to file and serve an opposition. ECF 133 establishes that Plaintiff served ECF 128-132 on Defendant by United States First Class Mail on August 20, 2026. The 21-day period ended September 10; the additional three days for service by mail extended the period to September 13; and because September 13 was a Sunday, Rule 9006(a) carried the deadline to Monday, September 14, 2026.

## FILING-ACCESS AND POST-DEADLINE FACTS

On September 14, Defendant attempted to submit the opposition papers through the Court's electronic filing system, but his self-represented account did not provide a filing menu. At 12:05 a.m. on September 15, Defendant sent Plaintiff's counsel courtesy copies of then-current versions of the Opposition, LR 7056 response, and declaration, expressly stating that the email was not a substitute for filing with the Court. Defendant then contacted the Bankruptcy Court Help Desk.

On September 15, the Help Desk advised Defendant that a pro se party cannot e-file documents in a bankruptcy or adversary case in the District of Nevada. Plaintiff's counsel thereafter confirmed receipt of Defendant's September 15 email and attachments. Exhibit A preserves the material filing-access and receipt correspondence.

The September 15 attachments were preliminary courtesy-service versions, not a representation that they had been filed with the Court. After receiving the filing instructions, Defendant continued correcting and assembling the operative package. Defendant respectfully requests that the Court treat the papers submitted to the Clerk with this Motion as the operative versions. The September 15 transmission remains relevant only to notice, service, the filing-access problem, and the chronology of Defendant's attempted compliance.

One correction is expressly identified for clarity. The preliminary September 15 LR 7056 response to UF 20 stated that the deed did not reflect monetary consideration. The recorded deed instead recites one U.S. dollar ($1.00) and/or other good and valuable consideration. Defendant withdraws only that inaccurate description of the deed's wording. The recital itself does not establish that consideration was actually paid or that reasonably equivalent value was received.

The present filing also clarifies UF 13. Defendant does not dispute the instrument's text stating that the 'lifetime beneficiaries' are 'my wife, me, and my children.' Defendant disputes only any broader characterization of the nature, extent, ownership attributes, control, or statutory consequence of that defined status under the complete Trust instrument.

## ALTERNATIVE RELIEF UNDER RULE 9006(b)(1)(B)

If the Court determines that the September 14 attempted submission did not constitute timely filing, Rule 9006(b)(1)(B) permits a post-expiration extension when the failure to act resulted from excusable neglect. Under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Court considers prejudice, the length and impact of the delay, the reason for the delay including whether it was within the movant's reasonable control, and good faith.

Those factors support the requested relief: Plaintiff had the merits papers immediately after the attempted filing; counsel confirmed receipt; Defendant promptly sought filing instructions; the delay is short relative to the October 22 hearing;

Defendant has distinguished the earlier emailed drafts from the corrected operative packet; and no open-ended extension is requested.

## REQUEST

Defendant respectfully requests that the Court accept the accompanying Opposition and LR 7056 response as timely or, alternatively, find excusable neglect and enlarge the filing period through the date the Clerk receives the corrected papers, with the corrected docketed papers treated as the operative versions.

DATED: 9/18/2026, 2026

**BRIAN SEBASTIAN SCIARA**
Defendant, In Proper Person
712 Pont Chartrain Drive
Las Vegas, Nevada 89145
Telephone: (702) 592-5778
Email: bsciara@gmail.com