**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re: **BRIAN SEBASTIAN SCIARA**, Debtor.
Case No. BK-S-23-13265-ABL Chapter 7
Adv. Case No. 24-01121-ABL
Hearing: October 22, 2026 at 9:30 a.m.

**SHELLEY D. KROHN, TRUSTEE**, Plaintiff,
v.
**BRIAN SEBASTIAN SCIARA; and GLENN H. TRUITT, TRUSTEE OF THE B.S.A.P. IRREVOCABLE TRUST DATED SEPTEMBER 16, 2022**, Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS [ECF 130]

Defendant responds under LR 7056 solely for ECF 128. Defendant does not waive any appellate argument concerning ECF 119. Defendant does not offer evidence contradicting financial-condition matters expressly precluded by ECF 119. Plaintiff's numbering omits 16 and 19 and repeats item 9; Defendant preserves Plaintiff's numbering. Where Defendant admits document text, the admission is limited to the text itself and does not concede every characterization or legal consequence Plaintiff attributes to it.

**UF 7.** Response: ADMIT.

**UF 8.** Response: ADMIT DOCUMENT. The complete instrument speaks for itself.

**UF 9(a).** Response: ADMIT DOCUMENT / DISPUTE INFERENCE. The quoted language exists; Defendant disputes that it alone establishes every element of actual fraudulent intent.

**UF 9(b).** Response: ADMIT DOCUMENT / DISPUTE INFERENCE.

**UF 9(c).** Response: ADMIT DOCUMENT / DISPUTE INFERENCE.

**UF 10.** Response: ADMIT.

**UF 11.** Response: ADMIT.

**UF 12.** Response: ADMIT AS TO THE RELEVANT PERIOD.

**UF 13.** Response: ADMIT DOCUMENT TEXT / DISPUTE LEGAL CHARACTERIZATION. Article Two states that the 'lifetime beneficiaries' are 'my wife, me, and my children.' ECF 6, PDF p. 29. Defendant admits that the instrument contains that language. Defendant does not admit Plaintiff's characterization of the nature, extent, ownership attributes, control, or legal consequences of Defendant's status under the complete Trust instrument.

**UF 14.** Response: ADMIT DOCUMENT. The complete instrument speaks for itself.

**UF 15.** Response: ADMIT DOCUMENT.

**UF 17.** Response: ADMIT.

**UF 18.** Response: ADMIT.

**UF 20.** Response: CORRECTED RESPONSE: PARTIALLY ADMIT DOCUMENT / DISPUTE INFERENCE. Defendant's preliminary September 15 courtesy-service response inaccurately stated that the deed did not reflect monetary consideration. The recorded deed recites one U.S. dollar ($1.00) and/or other good and valuable consideration. ECF 6, Exhibit 2, PDF p. 127. Defendant withdraws only the inaccurate description of the deed's wording. The recital itself does not establish actual payment or reasonably equivalent value. Defendant does not concede Plaintiff's legal conclusion or remedy, subject to ECF 119.

**UF 21.** Response: ADMIT.

**UF 22.** Response: ADMIT EXISTENCE / DISPUTE ANY UNSTATED MOTIVE INFERENCE.

**UF 23.** Response: ADMIT EXISTENCE AND DOCKETED STATUS; the order speaks for itself.

**UF 24.** Response: ADMIT.

**UF 25.** Response: ADMIT.

**UF 26.** Response: ADMIT DOCUMENT. The order speaks for itself.

**UF 27.** Response: ADMIT DOCUMENT / PROCEDURAL HISTORY.

**UF 28.** Response: ADMIT PROCEDURAL HISTORY.

**UF 29.** Response: ADMIT PROCEDURAL HISTORY.

**UF 30.** Response: ADMIT.

**UF 31.** Response: ADMIT.

**UF 32.** Response: ADMIT. Defendant relies on Plaintiff's UF 32 as affirmative disclosure evidence relevant to concealment and scienter.

**UF 33.** Response: ADMIT FACTS / RESERVE LEGAL ENTITLEMENT.

**UF 34.** Response: ADMIT THE SCHEDULE ENTRY. Defendant disputes an inference of complete concealment because UF 35 acknowledges disclosure of the transfer and UF 32 acknowledges disclosure of the Property.

**UF 35.** Response: ADMIT. Defendant relies on Plaintiff's UF 35 as affirmative disclosure evidence relevant to intent and scienter.

**UF 36.** Response: ECF 119 PRECLUSION APPLIES. Defendant does not offer contrary financial-condition evidence and preserves his appellate challenge.

**UF 37.** Response: ADMIT FILED RECORD / ECF 119 PRECLUSION. Defendant offers no contrary financial-condition evidence.

**UF 38.** Response: ADMIT.

**UF 39.** Response: ADMIT.

**UF 40.** Response: ADMIT.

**UF 41.** Response: ADMIT PROCEDURAL HISTORY. Plaintiff's supporting record identifies the Entry of Default as Adv. ECF 13.

**UF 42.** Response: ADMIT PROCEDURAL HISTORY. The motion speaks for itself.

**UF 43.** Response: ADMIT THE ENTRY AND TERMS OF ECF 119. Defendant disputes only any legal contention that ECF 119 automatically establishes every allegation, mental-state element, legal conclusion, remedy, or amount beyond its lawful effect.

## ADDITIONAL MATERIAL FACTS

**AF 1.** Plaintiff's UF 32 acknowledges that Schedule A/B listed the Property and marked it as community property. Source: ECF 130, UF 32; ECF 34 as cited by Plaintiff.

**AF 2.** Plaintiff's UF 35 acknowledges that the SOFA disclosed the transfer of the Property to the B.S.A.P. Irrevocable Trust. Source: ECF 130, UF 35; ECF 17 and ECF 34 as cited by Plaintiff.

**AF 3.** ECF 6, Exhibit 2, PDF p. 127 recites consideration of one U.S. dollar ($1.00) and/or other good and valuable consideration. This fact addresses the wording of the deed only; it does not by itself establish actual payment or reasonably equivalent value.

**AF 4.** The September 15 courtesy-service version contained an inaccurate description of the deed's wording in UF 20. The present response corrects that wording and is intended as the operative LR 7056 response filed with the Court.

DATED: 9/15/2026, 2026

**BRIAN SEBASTIAN SCIARA**
Defendant, In Proper Person
712 Pont Chartrain Drive
Las Vegas, Nevada 89145
Telephone: (702) 592-5778
Email: bsciara@gmail.com